Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               swilliams@saverilawfirm.com
               czirpoli@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@buttericklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>                               Defendants. | Case No. 4:22-cv-06823-KAW<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12, 7-11)** |
| J. DOE 3, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>                               Defendants. | Case No. 3:22-cv-07074-LB<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12, 7-11)** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs J. Doe 3 and J. Doe 4, submit this administrative motion to consider whether *Doe 1 et al v. GitHub, Inc. et al* No. 4:22-cv-06823-KAW (N.D. Cal.) (the "*Doe 1* Action") filed in this district on November 3, 2022 should be related to *Doe 3 et al v. GitHub, Inc. et al*, No. 3:22-cv-07074-LB (N.D. Cal.) (the "*Doe 3* Action"), now pending in this District before this Court.

## INTRODUCTION

The *Doe 3* Action should be related to the *Doe 1* Action. The *Doe 3* Action concerns substantially the same parties, transaction and events at issue in the *Doe 1* Action. Saveri Decl., Ex. A (*Doe 3* Complaint)[1] In both actions, the Plaintiffs Doe 1, Doe 2, Doe 3, and Doe 4 ("Plaintiffs") all allege GitHub, Inc. ("GitHub"); Microsoft Corporation; OpenAI, Inc.; OpenAI, L.P.; OpenAI GP, L.L.C.; OpenAI Startup Fund GP I, L.L.C.; OpenAI Startup Fund I, L.P.; and OpenAI Startup Fund Management, LLC[2] ("Defendants") engaged in actions related to the creation and operation of the GitHub Copilot product and OpenAI Codex product that violated Plaintiffs' rights under, *inter alia*, the Digital Millennium Copyright Act (17 U.S.C. §§ 1201–1205) (the "DMCA"), the Lanham Act (15 U.S.C. § 1125), Unfair Competition law (*Cal. Bus. & Prof. Code* §§ 17200, *et seq.*), and the California Consumer Privacy Act (*Cal. Civ. Code* § 1798.150) (the "CCPA"). Plaintiffs have also asserted claims against GitHub and OpenAI for Breach of Contract regarding the Suggested Licenses and against GitHub for Breach of its Privacy Statement and its Terms of Service under *Cal. Bus. & Prof. Code* §§ 22575–22579 and *Cal. Civ. Code* § 1798.150. Judicial economy and efficiency favor the Court finding that the cases are related; if the cases are not related, then it is likely to result in duplication of efforts, increased burden on the courts, and expense for the parties. The Plaintiffs in the *Doe 1* Action do not

---

[1] "Saveri Decl." refers to the Declaration of Joseph R. Saveri in Support of Plaintiff's Administrative Motion to Consider Whether Cases Should be Related, concurrently filed herewith.

[2] As in the complaints, OpenAI, Inc.; OpenAI, L.P.; OpenAI GP, L.L.C.; OpenAI Startup Fund GP I, L.L.C.; OpenAI Startup Fund I, L.P.; and OpenAI Startup Fund Management, LLC are referred collectively herein as "OpenAI").

oppose this motion to relate. Saveri Decl., ¶ 4. All defendants in the *Doe 1* Action have been served but have not yet appeared. *Id.*

## DISCUSSION

The *Doe 3* and *Doe 1* Actions fall squarely within the definition of "Related Cases" under the Civil Local Rules. Civil Local Rule 3-12(a) provides that actions are related when "(1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both parts (1) and (2) of the definition of a related case apply here.

*First*, the *Doe 3* and *Doe 1* Actions concern substantially the same parties, products, and events. Both are class actions with the same causes of action, as set forth above. Both complaints focus on the same actions by Defendants, such as the creation, training, operation, and distribution of GitHub Copilot and Codex. Both actions assert Defendants violated Plaintiffs' rights under the DMCA as well as the attendant licenses by removing Copyright Management Information ("CMI") from their licensed works and redistributing those works without that CMI and/or with false CMI. Both actions request damages, declaratory judgment, and injunctive relief.

*Second*, "burdensome duplication of labor and expense" will result if the matters proceed before different courts. Civil L.R. 3-12(a)(2). This Court, as part of the *Doe 1* Action, will already have to adjudicate the antitrust claim of the *Doe 1* plaintiff. That adjudication will require a detailed factual examination of how GitHub Copilot and Codex were created, trained, modified, and operated. A different court would not have the same familiarity with the predicate facts, meaning that the other court and the parties would need to expend significant time and resources to duplicate the efforts that this Court will undertake. Furthermore, the parties in the *Doe 3* and *Doe 1* Actions will need to brief similar issues, and produce similar expert reports, which require significant time and money that would be better spent through coordinated efforts.

Courts in this District also routinely order that cases are related when they involve the same types of claims against the same defendants brought by different plaintiffs. *See, e.g.*, Order

Relating Cases, *Reece v. Altria Group, Inc., et al.*, No. 20-cv-02345-WHO (N.D. Cal. May 7, 2020), ECF No. 27.

## CONCLUSION

Adjudication of these actions before separate judges would create both an unduly burdensome duplication of labor and expense and the possibility of conflicting results, given the common parties, allegations, and requested relief. Relating the *Doe 3* Action with the pending *Doe 1* Action will help eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

For the reasons set for above, Plaintiffs Doe 3 and Doe 4 respectfully request that the Court relate the *Doe 3* Action to the *Doe 1* Action, pursuant to Local Rule 3-12(a).

Dated: November 15, 2022                By:      */s/ Joseph R. Saveri*
                                                 Joseph R. Saveri


Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               swilliams@saverilawfirm.com
               czirpoli@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@buttericklaw.com

*Counsel for Plaintiffs and the Proposed Class*

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, I served a copy of

- PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12, 7-11);
- DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12, 7-11); and
- [PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND RELATING CASES

via U.S. mail on the counsel listed below.

*/s/ Amara Getzell*
Amara Getzell

GITHUB, INC., a Delaware corporation
c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO, CA  95833

MICROSOFT CORPORATION, a Washington corporation
c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO, CA  95833

OPENAI, INC., a Delaware nonprofit corporation
c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO, CA  95833

OPENAI, L.P., a Delaware limited partnership
c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO, CA  95833

OPENAI GP, L.L.C., a Delaware limited liability company
c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO, CA  95833

OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited liability company
c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N

SACRAMENTO, CA  95833

OPENAI STARTUP FUND I, L.P., a Delaware limited partnership
c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO, CA  95833

OPENAI STARTUP FUND MANAGEMENT, LLC, a Delaware limited liability company
c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO, CA  95833