ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

WILLIAM W. OXLEY (SBN 136793)
woxley@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue
Los Angeles, CA 90071
Telephone:    +1 213 629 2020
Facsimile:    +1 213 612 2499

*Attorneys for GitHub, Inc. and Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al., | Case No. 4:22-cv-6823-JST |
| Individual and Representative Plaintiffs, | Consolidated with Case No. 4:22-cv-7074-JST |
| v. | **[PROPOSED] ORDER GRANTING DEFENDANTS GITHUB AND MICROSOFT'S MOTIONS TO DISMISS OPERATIVE COMPLAINT IN CONSOLIDATED ACTIONS** |
| GITHUB, INC., et al., | |
| Defendants. | |
| AND CONSOLIDATED ACTION | |

This matter came before the Court upon the Motions to Dismiss by Defendants GitHub, Inc. ("GitHub") and Microsoft Corporation ("Microsoft"), pursuant to Federal Rules of Civil Procedure 9, 10, 12(b)(1) and 12(b)(6). The Court, having considered the papers submitted in connection with the motions, including the responses and replies thereto, and all parties having had the opportunity to be heard, concludes as follows.

Plaintiffs fail to plead an actual controversy. The allegations of the Complaint are not sufficient to give rise to a plausible inference that the unnamed Plaintiffs have been or will be harmed by Copilot. Plaintiffs exacerbate the hypothetical nature of their injury by failing to identify themselves, and have not offered a basis upon which the action can be maintained anonymously as required by Rule 10(a). The Complaint therefore is dismissed pursuant to Rules 10 and 12(b)(1). Plaintiffs may not file an amended complaint anonymously or pseudonymously without first seeking permission of the Court and satisfying the standard of *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

Plaintiffs fail to state a claim under 17 U.S.C. § 1202. Count I is improperly pled to encompass multiple types of violations and multiple theories of liability, without identifying which Defendant is alleged to be liable for what actions and on what theory. Plaintiffs fail to allege facts giving rise to a plausible inference that Copilot, a CMI-neutral technology, meets the requirements to violate § 1202 as articulated in *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018). Nor have Plaintiffs alleged facts showing that GitHub or Microsoft intentionally or knowingly removes or alters CMI under § 1202(b)(1) and (3), or provides, distributes, or imports for distribution any false CMI under § 1202(a)(1)-(2) and (b)(2).

Plaintiffs fail to state a claim for breach of open-source licenses against GitHub or Microsoft. Plaintiffs fail to plead the "specific provisions in the contract … the defendant is said to have breached." *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011). Plaintiffs do not articulate the who, how, and what of the claimed breaches. Additionally, GitHub's Terms of Service expressly authorize its use of material in public repositories for analysis, and any breach claim is foreclosed to the extent inconsistent with that express authorization.

Plaintiffs' tort and UCL claims also must be dismissed. These claims are preempted by the Copyright Act, 17 U.S.C. § 301(a), because they concern the "subject matter" of copyright and the rights Plaintiffs seek to protect "are equivalent" to those listed in the Copyright Act. *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017). Plaintiffs do not plead facts showing the "extra element" required to avoid preemption. *Id*. at 1019.

Count III independently fails to state a claim for tortious interference because Plaintiffs identify no contractual relationship or business expectancy between themselves and anyone else with which GitHub or Microsoft knowingly interfered. Nor do they plausibly allege how each of GitHub and Microsoft interfered with those relationships as required by *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1141 (2020).

The Complaint also fails to state a claim for fraud against GitHub (Count IV). Federal Rule of Civil Procedure 9(b) requires Plaintiffs to "state with particularity the circumstances constituting fraud." Plaintiffs do not allege any element of fraud with sufficient particularity to comply with Rule 9. Their vague assertions do not allege misrepresentations made by GitHub with "knowledge of falsity" or "intent to defraud," or to "induce [unjustified] reliance," as required. *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996). To the extent the fraud claim is coextensive with a claim of breach of GitHub's Terms of Service, it cannot proceed as a tort claim. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

Plaintiffs lack standing to bring a UCL claim (Count VII). The "UCL's standing requirements" are even "more stringent than the federal standing requirements." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 324 (2011). Plaintiffs do not plausibly allege "lost money or property," as required by California's UCL statute. Cal. Bus. & Prof. Code § 17204. The UCL claim also fails because it is predicated on Plaintiffs' other claims of legal wrongdoing, which are defective. *See Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 976 (N.D. Cal. 2020).

Plaintiffs' reverse passing off claim under the Lanham Act (Count V) is barred by the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003).

Regarding the privacy claims, the Complaint fails to state a claim against GitHub for

breach of contract (Count VIII), violation of the California Consumer Privacy Act (Count IX), or negligent data handling (Count X), because it lacks allegations of facts identifying what personal information is involved (even by type of information), what GitHub allegedly did with such information, and how that resulted or is likely to result in concrete injury.  Count IX also lacks allegations showing that that personal information as defined in California Civil Code § 1798.81.5(d)(1)(A) was accessed or stolen, or that such access or theft was the result of unreasonable security measures.

The unjust enrichment (Count VI), civil conspiracy (Count XI), and declaratory relief (Count XII) claims must also be dismissed.  There are no claims for unjust enrichment or civil conspiracy recognized by California law.  Because Plaintiffs have failed to identify how they are harmed by Copilot, there is no controversy over which this Court is prepared to assume jurisdiction for purposes of a declaratory relief claim.

Accordingly, Defendants' motions to dismiss are hereby **GRANTED** and the operative Complaint is hereby dismissed in its entirety and both consolidated actions are terminated.  To the extent Plaintiffs wish to file an amended operative complaint in these consolidated actions, they must identify all named plaintiffs in such pleading or seek advance leave of Court to file anonymously or pseudonymously under Rule 10(a).  Further, all such amendments must be otherwise consistent with this Order.  Plaintiffs have thirty days from the date of this Order to serve any amended pleading.

**IT IS SO ORDERED.**


DATED: _____        _____
                                   JON S. TIGAR
                                   United States District Judge