1  MICHAEL A. JACOBS (SBN 111664)
   MJacobs@mofo.com
2  JOSEPH C. GRATZ (SBN 240676)
   JGratz@mofo.com
3  TIFFANY CHEUNG (SBN 211497)
   TCheung@mofo.com
4  Morrison & Foerster LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone:   (415) 268-7000
6  Facsimile:    (415) 268-7522
   [CAPTION PAGE CONTINUED ON NEXT
7  PAGE]

8  Attorneys for Defendants OPENAI, INC., a
   Delaware nonprofit corporation, OPENAI, L.P., a
9  Delaware limited partnership, OPENAI GP,
   L.L.C., a Delaware limited liability company,
10 OPENAI STARTUP FUND GP I, L.L.C., a
   Delaware limited liability company, OPENAI
11 STARTUP FUND I, L.P., a Delaware limited
   partnership, OPENAI STARTUP FUND
12 MANAGEMENT, LLC, a Delaware limited
   liability company

13

14                    **UNITED STATES DISTRICT COURT**

15                  **NORTHERN DISTRICT OF CALIFORNIA**

16                       **SAN FRANCISCO DIVISION**

17 J. DOE 1 and J. DOE 2, individually and on       Case Nos. 4:22-cv-06823-JST
   behalf of all others similarly situated,                    4:22-cv-07074-JST
18
                     Plaintiffs,                   Hon. Jon S. Tigar
19
        v.                                         **CLASS ACTION**
20
   GITHUB, INC., a Delaware corporation;           **DECLARATION OF MICHAEL A.**
21 MICROSOFT CORPORATION, a Washington             **JACOBS IN SUPPORT OF**
   corporation; OPENAI, INC., a Delaware nonprofit **DEFENDANTS OPENAI, INC.,**
22 corporation; OPENAI, L.P., a Delaware limited    **OPENAI, L.P., OPENAI GP, L.L.C.,**
   partnership; OPENAI GP, L.L.C., a Delaware       **OPENAI STARTUP FUND GP I,**
23 limited liability company; OPENAI STARTUP        **L.L.C., OPENAI STARTUP FUND**
   FUND GP I, L.L.C., a Delaware limited liability  **I, L.P AND OPENAI STARTUP**
24 company; OPENAI STARTUP FUND I, L.P., a          **FUND MANAGEMENT, LLC'S**
   Delaware limited partnership; OPENAI             **MOTION TO DISMISS**
25 STARTUP FUND MANAGEMENT, LLC, a                  **COMPLAINT**
   Delaware limited liability company,
26 Defendants.                                      Date:     May 4, 2023
                                                    Time:  2:00 p.m.
27                                                  Courtroom: 6

28

ROSE S. LEE (SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:     (213) 892-5200
Facsimile:     (213) 892-5454

I, MICHAEL A. JACOBS, hereby declare as follows:

1.      I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.  I am submitting this declaration in support of Defendants OpenAI, Inc.'s, OpenAI, L.P.'s, OpenAI GP, L.L.C.'s, OpenAI Startup Fund GP I, L.L.C.'s, OpenAI Startup Fund I, L.P.'s, and OpenAI Startup Fund Management, LLC's (hereinafter "OpenAI Entities") Notice of Motion and Motion to Dismiss Complaint and the Memorandum of Points and Authorities thereto.

2.      I am a Partner at the law firm of Morrison & Foerster LLP.  I am counsel for the OpenAI Entities in this litigation.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of a letter from me to Joseph Saveri, counsel for Plaintiffs, dated January 11, 2023.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of a letter from Joseph Saveri to me, dated January 13, 2023.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 26th day of January, 2023, in San Francisco, California.

_*Michael A. Jacobs*_____
Michael A. Jacobs

# Exhibit 1

**ᴍᴏʀʀɪsᴏɴ ꜰᴏᴇʀsᴛᴇʀ**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

January 11, 2023

Writer's Direct Contact
+1 (415) 268-7455
MJacobs@mofo.com

*Via Email*
jsaveri@saverilawfirm.com

Re:  *Doe 1 v. GitHub, Inc.*, No 4:22-cv-06823-JST (N.D. Cal.) & *Doe 3 v. GitHub, Inc.*,
No. 4:22-cv-07074-JST (N.D. Cal.) – FRCP Rule 10(a) Deficiency

Dear Joseph:

We write to inform you that the operative Complaint in this consolidated action is deficient
because it fails to identify the named plaintiffs.  Pursuant to Federal Rule of Civil Procedure
10(a)," [t]he title of [a] complaint must name all the parties."  Plaintiffs have not done so
here, in violation of Rule 10(a).

To the extent Plaintiffs wish to proceed under a pseudonym, they have not established that
they are entitled to do so.  A party may proceed anonymously only where "special
circumstances justify secrecy."  *Does 1 Thru XXIII v. Advanced Textile Corp.*, 214 F.3d
1058, 1067 (9th Cir. 2000).  Courts "must balance the need for anonymity against the general
presumption that parties' identities are public information and the risk of unfairness to the
opposing party."  *Id.* at 1068.  Under this balancing test, the Ninth Circuit has identified three
situations in which parties may proceed anonymously: (1) "when identification creates a risk
of retaliatory physical or mental harm"; (2) "when anonymity is necessary to 'preserve
privacy in a matter of a sensitive and highly personal nature"; or (3) "when the anonymous
party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby
risking criminal prosecution.'"  *Id.* at 1068 (citations omitted).

Plaintiffs have not made allegations demonstrating that any of these situations apply, nor
have you provided any such information in our repeated efforts to meet and confer on this
subject.  Instead, you proposed that we must treat the identities of the Plaintiffs as
confidential information that cannot even be shared with our clients.  The ongoing secrecy
not only violates Rule 10(a); it also interferes with the ability of the Court and our law firms
to maintain an appropriate posture with respect to the named plaintiffs under applicable
judicial ethical canons and lawyer rules of professional conduct.  It also impairs our ability to
investigate the case.

Accordingly, we request that Plaintiffs promptly amend their Complaint to identify the
named plaintiffs in this action.  Provided that you make no other changes, we are prepared to
proceed on the existing schedule for our anticipated motions to dismiss.

# ⅢORRISON ⸱OERSTER

January 11, 2023
Page Two


Sincerely,

Michael A. Jacobs
Partner


SF:5039378

# Exhibit 2

# JOSEPH SAVERI
## LAW FIRM

601 CALIFORNIA STREET
SUITE 1000
SAN FRANCISCO CA 94108

TEL  415.500.6800
FAX  415.395.9940

January 13, 2023

**Via Electronic Mail**

Michael A. Jacobs
425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482
MJacobs@mofo.com

Re:     *Doe 1 v. GitHub, Inc.*; Case No 4:22-cv-06823-JST (N.D. Cal.);
         *Doe 3 v. GitHub, Inc.*, Case No. 4:22-cv-07074-JST (N.D. Cal.)

Dear Mr. Jacobs:

Thank you for your letter of January 11.

I am writing to clarify and correct a few items and reiterate our invitation to meet and confer.

For the record, we have made substantial efforts to meet and confer on this topic. Your statements to the contrary are incorrect.

- During the first two weeks of December 2022, Annette Hurst and Joe Gratz corresponded on this issue with Travis Manfredi in my office. Ms. Hurst made it clear that Defendants wanted us to provide the identities of the Plaintiffs.

- We agreed to do so under the terms of a standard protective order. On December 13, Mr. Manfredi circulated a draft protective order and stipulation, based on the Northern District model.

- Ms. Hurst expressed unwillingness or disinterest in these efforts. As she wrote "we will consider [the protective order] in due course but I am not going to rush that in with the other issues . . .."

- Nonetheless, Plaintiffs pursued efforts to meet and confer and to provide the requested information. On December 14, Mr. Manfredi wrote again to determine whether Defendants would negotiate or

Michael A. Jacobs
January 13, 2023
Page 2

discuss the proposal, again providing a draft of the protective order.

- Defendants have not responded to any of these requests.

Plaintiffs reasonably took the fact Defendants rebuffed our efforts to meet and confer as an indication that they were not willing to do so or had lost interest in the issue and would proceed consistent with the schedule the parties had negotiated.

Thus, we were surprised to receive your letter.

Nonetheless, we remain willing to meet and confer. We reiterate our request for you to provide us comments to the proposed protective order under which we would disclose the names, as you requested. If you are unwilling to do so, please advise.

It is important to note that we believe that the facts in the case confirm the use of pseudonyms in this case. Your statements to the contrary are incorrect. We are prepared to make the requisite showing to the Court.

Finally, your letter refers to your "ability to investigate the case." We would be happy to discuss that as well. Some time ago, we asked you to schedule the Rule 26 conference. We haven't heard back from you regarding this either. Please advise.

Sincerely,

*/s/ Joseph R. Saveri*

Joseph R. Saveri