Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                    swilliams@saverilawfirm.com
                    czirpoli@saverilawfirm.com
                    cyoung@saverilawfirm.com
                    eabuchanan@saverilawfirm.com
                    tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>        Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>                        Defendants. | Case Nos.   4:22-cv-06823-JST<br>                  4:22-cv-07074-JST<br><br>**OMNIBUS DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' RESPONSES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

Case No. 4:22-cv-06823-JST

OMNIBUS DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' RESPONSES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

I, Joseph R. Saveri, declare as follows:

1. I am an attorney duly licensed to practice in the State of California. I am a partner and founder of the Joseph Saveri Law Firm, LLP ("JSLF"), counsel of record for Plaintiffs Does 1–4 in this action. I have personal knowledge of the matters stated herein and, if called upon, I could competently testify thereto. I make this declaration pursuant to 28 U.S.C. Section 1746 in support of Plaintiffs' Responses in Opposition to Defendants' Motions to Dismiss.

2. Plaintiffs recognize that proceeding anonymously is unusual. Plaintiffs, however, filed under pseudonyms because they reasonably feared they would be subject to threats of retaliation and physical violence. Unfortunately, these fears turned out to be well-founded. Indeed, the threats of physical violence predate the filing of Plaintiffs' operative complaint.

3. Attached hereto as **Exhibit 1** is a true and correct copy of a threatening and disturbing message sent to counsel for Plaintiffs on October 27, 2022, prior to the filing of the initial complaint in this action.

4. Attached hereto as **Exhibit 2** is a true and correct copy of another threatening and disturbing message sent to counsel for Plaintiffs on November 4, 2022.

5. Attached hereto as **Exhibit 3** is a true and correct copy of a threatening and disturbing message sent to the email address counsel for Plaintiffs set up for inquiries regarding this case on November 5, 2022.

6. Notwithstanding the legitimate fears of physical violence, Plaintiffs have from the outset of this litigation been willing to provide their true names to Defendants subject to appropriate protections.

7. On November 23, 2022, at my direction, Counsel for Plaintiffs met and conferred with counsel for Defendants in this case, regarding various initial case matters. On this call, the Parties disagreed on whether the Plaintiffs' true names should be immediately shared with Defendants. Counsel for OpenAI suggested that the issue could be resolved by entering a stipulated protective order so that the names could be disclosed under an appropriate confidentiality designation. This course of action was agreeable to Counsel for Plaintiffs.

8. On December 14, 2022, Counsel for Plaintiffs transmitted a draft protective order to Counsel for Defendants. Counsel for Plaintiffs never received a response to this message. Attached hereto as **Exhibit 4** is a true and correct copy of the transmittal email dated December 14, 2022.

9. Five weeks later, on January 20, 2023, Counsel for Plaintiffs again transmitted Plaintiffs' draft stipulated protective order to Counsel for Defendants, and indicated Plaintiffs' intent to file a motion for entry of the protective order should Defendants' again fail to respond. Defendants did not respond to this message. Attached hereto as **Exhibit 5** is a true and correct copy of the transmittal email message dated January 20, 2023.

10. On January 23, 2023, Plaintiffs filed a motion for entry of a protective order. The protective order Plaintiffs sought to be entered was identical in all respects to the draft protective order circulated to Counsel for Defendants. That motion appears in the docket as ECF No. 49.

11. Only after Defendants filed their motions to dismiss did Counsel for Defendants agree to meet and confer with respect to a protective order. Thereafter, the Parties agreed upon a stipulated protective order. The stipulated protective order was entered by the Court on March 7, 2023. ECF No. 63.

12. Following the entry of the Stipulated Protective Order (ECF No. 63), Plaintiffs' counsel provided the identities of Does 1–4 to Defendants marked as Highly Confidential—Attorneys' Eyes Only, pursuant to the terms of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of March, 2023.

                                                            *Joseph R. Saveri*
                                                            Joseph R. Saveri