# EXHIBIT 5



Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700

**orrick.com**

**Annette L. Hurst**

E ahurst@orrick.com
D +1 415 773 4585
F +1 415 773 5759

January 18, 2023

*Via E-Mail*

Joseph R. Saveri, Esq.
Joseph Saveri Law Firm
601 California Street, Suite 1000
San Francisco, CA  94108

**Re:**    *Doe 1 v. GitHub et al.*, No. 4:22-cv-06823-JST
          *Doe 3 v. GitHub et al.*, No. 4:22-cv-07074-JST

Dear Mr. Saveri:

The surprise you express in your letter of January 13 is baffling.  As your letter describes, I repeatedly made it clear in December that I was not willing to discuss a protective order in connection with the issue of identifying the named plaintiffs.  On December 15, I wrote:  "Without waiver of our ongoing concerns over plaintiffs' failure to name themselves, *which we continue to view as inappropriate and without legal basis*, Microsoft and GitHub are willing to agree to this stipulation for consolidation." (emphasis added.)

Mr. Jacobs's letter of January 11 again confirms that Defendants will not agree to restrictions on the identity of the plaintiffs absent demonstration of circumstances that meet the standard of the *Advanced Textile* case.  You keep injecting the issue of a protective order whenever we request that Plaintiffs identify themselves, and we keep telling you that is a separate issue.  There is no connection other than the one you are trying unsuccessfully to create.

And, your response of January 13 again omits any facts that could justify anonymity for the named plaintiffs, simply stating that "we believe the facts in the case confirm the use of pseudonyms in this case."  *What facts*?  In multiple video conferences and numerous items of correspondence spanning six weeks, you and your colleagues have never identified any set of facts that are relevant to the high standard set in the *Advanced Textile* case, which reflects the public interest in all judicial proceedings.  Instead of amending the Complaint to provide that information, or even filing a motion under Rule 10(a), you proposed to disclose the identity of Plaintiffs only to Defendants' counsel and not to Defendants themselves.  This is absurd.

The Complaint alleges that the Plaintiffs are users who have accounts with GitHub, and that relationship is seemingly the entire basis of all of the claims for relief, yet *we cannot investigate those allegations because you refuse to give GitHub their names.*  As law firms, we cannot put appropriate protections in place in our conflicts databases because we do not know the names of the Plaintiffs.  Judge Tigar cannot assess whether he or his court staff have any conflict of interest in this matter because they do not know the names of the Plaintiffs.



Joseph R. Saveri, Esq.
January 18, 2023
Page 2

We certainly cannot prepare to conduct a Rule 26(f) conference without disclosing to our clients the identity of the named plaintiffs so that we can investigate the case.

Therefore, we again demand that Plaintiffs amend the operative Complaint to name themselves.

Sincerely yours,

Orrick, Herrington & Sutcliffe LLP

Annette L. Hurst

cc:   Michael Jacobs, Esq.