ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

WILLIAM W. OXLEY (SBN 136793)
woxley@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue
Los Angeles, CA 90071
Telephone:   +1 213 629 2020
Facsimile:    +1 213 612 2499

*Attorneys for GitHub, Inc. and Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>v.<br><br>GITHUB, INC., et al.,<br><br>    Defendants.<br><br>AND CONSOLIDATED ACTION | Case No. 4:22-cv-06823-JST<br>Consolidated with Case No. 4:22-cv-07074-JST<br><br>**DECLARATION OF ANNETTE L. HURST IN SUPPORT OF DEFENDANTS GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS FOR PLAINTIFFS' TRUE NAMES**<br><br>Date:         May 4, 2023<br>Time:         2:00 p.m.<br>Courtroom:  6, 2d Floor<br>Judge:        Hon. Jon S. Tigar<br><br>Complaint Filed:    December 7, 2022 |

Hurst Decl. ISO GitHub and Microsoft's Opp.
to Plaintiffs' Confidentiality motion
4:22-cv-06823-JST

I, Annette L. Hurst, hereby declare:

1. I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendants GitHub, Inc. and Microsoft Corporation in this action. I am a member of the California State Bar and am admitted to practice before this Court. I have personal knowledge of the facts stated in this declaration unless otherwise stated, and if called to testify to those facts, I could and would competently do so.

2. Attached as **Exhibit 1** is a true and correct copy of a letter from Joseph Saveri to Annette Hurst, dated March 8, 2023, providing Plaintiffs' true names and designating them as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY. Despite months of meet and confer on the issue, including numerous emails, letters, and at least two video conferences among counsel, this was the first time that Plaintiffs' counsel disclosed Plaintiffs' true names to Defendants.

3. Attached as **Exhibit 2** is a true and correct copy of a letter from Annette Hurst to Joseph Saveri, dated March 9, 2023, objecting to the AEO designation. I sent this letter by e-mail at approximately 11:37 a.m. on that day. Later that day, Plaintiffs served their Oppositions to Defendants' Motions to Dismiss, for the first time disclosing to Defendants the nasty emails that are the basis for their position that Plaintiffs' names should be kept confidential.

4. On Monday, March 27, 2023, I met by video conference with Joseph Saveri and Travis Manfredi, counsel for Plaintiffs, and Joseph Gratz, counsel for OpenAI, to discuss the issue of the AEO designation of Plaintiffs' true names. During the discussion, I asked whether Plaintiffs' counsel had any authority for the proposition that Rule 23 permitted Plaintiffs' names to be withheld from the public. I also asked whether Plaintiffs had any evidence they intended to rely upon with respect to the AEO designation of Plaintiffs' names other than the three emails they had supplied in connection with the Oppositions to the Motions to Dismiss. During the conference, Plaintiffs' counsel did not provide any cases or other communications that they intended to rely upon. At the end of the discussion, the parties agreed that any motion practice regarding the AEO designation of Plaintiffs' names should be set for hearing at the same time as motions to dismiss, since they involved a related issue.

1

Hurst Decl. ISO GitHub and Microsoft's Opp. to
Plaintiffs' Confidentiality motion
4:22-cv-06823-JST

5.      On Wednesday, March 29, 2023, I followed up with Plaintiffs' counsel by e-mail, asking "were there any other communications Plaintiffs would like us to consider, or Rule 23 precedents, in connection with this issue?"  Mr. Saveri responded by email asking me to explain what would convince us to his point of view, and indicating that in the absence of a response from me "we have made our point and you don't agree."  No further information was provided.

6.      Subsequent to the dates of the emails provided in connection with the Motion, Mr. Butterick has continued to make public statements about this lawsuit.  On November 4, Messrs. Butterick and Saveri issued a press release about the lawsuit.  Mr. Butterick was quoted in a February 10, 2023 piece about AI in the *New Yorker*.  He was quoted in a February 24, 2023 article published by Axios about generative AI.  Episode #347 of the *Lawyerist* podcast aired on March 30, 2023 featuring a lengthy interview with Mr. Butterick that included a number of statements about this case.  Mr. Butterick also continues to publish his websites.

7.      The designation of Plaintiffs' names as AEO impairs our ability to conduct a full investigation of Plaintiffs' claims and to conduct discovery regarding Plaintiffs.  The AEO designation limits the personnel at the Defendants to whom the names can be disclosed to only supervising counsel.  We also need to enlist the assistance of technical personnel to fully investigate the claims, and we cannot obtain the necessary assistance from those technical personnel without disclosing Plaintiffs' names to them.  That disclosure is prohibited by the AEO designation.  For months we were unable to fully investigate Plaintiffs' claims, indeed we could not even perform a complete conflicts check, because we did not have Plaintiffs' names at all.  Then, when we finally got the names, we still could not conduct a complete investigation because we could not disclose the names to technical personnel.

8.      In addition, if any claims eventually survive the motions to dismiss and discovery commences, we intend to investigate Plaintiffs' claims using third-party subpoenas.  For example, we intend to gather information from third parties about whether Plaintiffs authored and/or own any code they deposited in public GitHub repositories that they assert is the basis for their claims.  In order to gather such information about Plaintiffs' code using third-party subpoenas, we need to be able to disclose their names in the subpoenas.  Yet doing so is prohibited by the AEO

designation. There are undoubtedly other subjects relevant to Plaintiffs' status as putative class representatives that we would typically investigate using third-party subpoenas, and such an investigation is also foreclosed by the AEO designation.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 13th day of April, 2023 in San Francisco, California.

By:    */s/ Annette L. Hurst*
        ANNETTE L. HURST