# EXHIBIT 2



Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700

orrick.com

Annette L. Hurst

E  ahurst@orrick.com
D  +1 415 773 4585
F  +1 415 773 5759

March 9, 2023

*Via E-Mail*

Joseph R. Saveri, Esq.
Joseph Saveri Law Firm
601 California Street, Suite 1000
San Francisco, CA  94108

**Re:**   *Doe 1 v. GitHub et al.*, No. 4:22-cv-06823-JST
         *Doe 3 v. GitHub et al.*, No. 4:22-cv-07074-JST

Dear Mr. Saveri:

Pursuant to paragraph 6.2 of the Protective Order, we hereby challenge Plaintiffs' designation of their names as HIGHLY CONFIDENTIAL as set forth in your letter of March 8.  The basis for the challenge is that Rule 10(a) and the *Advanced Textile* case require extraordinary circumstances for keeping such information a secret, and that no such circumstances are present here.

As we have pointed out in previous correspondence and in Defendants' motions to dismiss, to the extent Plaintiffs wish to proceed under a pseudonym, they have not established that they are entitled to do so.  A party may proceed anonymously only where "special circumstances justify secrecy."  *Does 1 Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  Courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party."  *Id*. at 1068.  Under this balancing test, the Ninth Circuit has identified three situations in which parties may proceed anonymously: (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary to 'preserve privacy in a matter of a sensitive and highly personal nature"; or (3) "when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'"  *Id*. at 1068 (citations omitted).  Under the law and under the process set forth in the Protective Order, to the extent applicable, it is Plaintiffs' burden to meet this standard.

In our many prior discussions, letters, and emails on this topic, Plaintiffs have never identified any factual circumstances requiring secrecy, let alone circumstances that would meet this standard.  Accordingly, we challenge the designation and request that Plaintiffs promptly identify



Joseph R. Saveri, Esq.
March 9, 2023
Page 2

the dates and times when you are available for a lead counsel meet and confer as required by the Protective Order.

Sincerely yours,

Orrick, Herrington & Sutcliffe LLP

Annette L. Hurst

cc:     Michael Jacobs, Esq.