Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                    swilliams@saverilawfirm.com
                    czirpoli@saverilawfirm.com
                    cyoung@saverilawfirm.com
                    eabuchanan@saverilawfirm.com
                    tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>        Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>                                    Defendants. | Case Nos.   4:22-cv-06823-JST<br>                     4:22-cv-07074-JST<br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS FOR PLAINTIFFS' TRUE NAMES PURSUANT TO SECTION 6.3 OF THE STIPULATED PROTECTIVE ORDER (ECF NO. 63)**<br><br>Date:           May 4, 2023<br>Time:          12:30 p.m.<br>Courtroom:  6, 2nd Floor<br>Judge:         Hon. Jon Tigar |

4:22-cv-06823-JST

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS FOR PLAINTIFFS' TRUE NAMES PURSUANT TO SECTION 6.3 OF THE STIPULATED PROTECTIVE ORDER (ECF NO. 63)

## I.    INTRODUCTION

Defendants Microsoft and GitHub's opposition to Plaintiffs' Motion to Maintain Confidentiality Designations for Plaintiffs' True Names (ECF No. 75) (the "Opposition") discounts Plaintiffs' real and serious concerns for their physical safety.[1] The GitHub Defendants minimize the threats Plaintiffs' counsel have received as mere "trolling." How this characterization addresses Plaintiffs' ability to protect themselves from threats is not explained. If what Defendants mean is that these threats are benign or not real, that is incorrect. These are not anonymous participants in online forum jocularity. These are targeted threats. The threats are personalized and use their real names and their real email addresses. The record shows these persons have taken the affirmative steps of searching out direct email addresses not publicly disclosed on filings. This is prima facie evidence of intent and further indicates the possibility that additional steps will be taken. Plaintiffs themselves have found these threats to their attorneys to be dangerous and would have serious concern for their safety had their identities not been protected and they were to receive such threats themselves. Saveri Decl. ¶ 3.

Defendants' claim of prejudice is weak and unsubstantiated. Defendants never answer the point that Defendants' counsel have all the information they need to defend this action. Nothing is preventing the GitHub Defendants from sharing Plaintiffs' names to their experts subject to the procedures set forth in the mutually negotiated and stipulated protective order. ECF No. 63. A lower designation of CONFIDENTIAL would even allow disclosure to employees.

Defendants' assertions regarding Rule 23 class action procedures are similarly misplaced. First, it is not timely because the suitability of this case to proceed as a class action under Rule 23, including adequacy of representation and other Rule 23(a) factors, should be decided upon consideration of a class certification motion, based on a developed factual record. Second, as will be demonstrated at that juncture, there is nothing about Rule 23 that would prevent proceeding

---

[1] Plaintiffs note that while the Opposition was filed only on behalf of Defendants and GitHub, the OpenAI Defendants separately challenge Plaintiffs' ability to proceed pseudonymously in their motion to dismiss brief. *See*, *e.g.*, ECF No. 53 at 6-8 (OpenAI's Motion to Dismiss).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS FOR PLAINTIFFS' TRUE NAMES PURSUANT TO SECTION 6.3 OF THE STIPULATED PROTECTIVE ORDER (ECF NO. 63)

with pseudonymous plaintiffs. This is another example of the fox guarding the chicken house. *In re Diasonics Sec. Litig.,* 599 F. Supp. 447, 451-52 (N.D. Cal. 1984) ("allowing [Defendants] to assist in the determination of whether the representative parties will fairly and adequately protect the interests of the class 'is a bit like permitting a fox, although with pious countenance, to take charge of the chicken house.'") (quoting *Eggleston v. Chi. Journeymen Plumbers' Local 130,* 657 F.2d 890, 895 (7th Cir. 1981)).

## II.    ARGUMENT

### A.    Plaintiffs Have Good Cause to Keep Their Names Confidential

Plaintiffs provided three email messages sent to Plaintiffs' counsel. ECF Nos. 68-1, 68-2, 68-3. These are not mere anonymous threats, two were sent to Plaintiffs' counsel directly (ECF Nos. 68-1, 68-2)—one of those to a personal email address undisclosed in the pleadings (ECF No. 68-2). The individuals making these threats did not post them on a website. They took affirmative steps to determine the names and email addresses of the attorneys and targeted their threats at them. The senders used their personal email addresses, and one even used their real name, demonstrating the seriousness and credibility of the threats.[2] Saveri Decl. ¶ 3. Indeed, only one of the messages is clearly from an anonymous sender. ECF No. 68-3. Even if these specific threats were to be categorized as "trolling," that does not protect them. "Trolling" is serious enough to warrant criminal prosecution. *E.g.*, *United States v. Pillaut*, 783 F.3d 282, 284-85 (5th Cir. 2015) (affirming sentencing of individual who communicated violent threats on the online video game *Runescape*). Plaintiffs found these messages to be threatening and expressed concerned for their safety and their families' safety had the senders known their identities. Saveri Decl. ¶ 3.

Defendants argue these threatening messages do not support Plaintiffs' reasonable concern for their safety because they were not directed at Plaintiffs. But there is good reason why

---

[2] Indeed, the seriousness of Plaintiffs' fears cannot be understated. Certain Plaintiffs have asked to be allowed to resign as named plaintiffs and remain anonymous rather than allow their names to be shared with the public or even Defendants' employees. Saveri Decl. ¶ 3.

there have been no threats directed at Plaintiffs—their identities have not been disclosed and the protection afforded by proceeding pseudonymously has been effective.[3] Apparently, Defendants envision a scenario where, rather than addressing the recipient—Mr. Butterick—the sender merely uses him as a conduit to pass on their threats to his anonymous clients. Mr. Butterick is merely a proxy for Plaintiffs here, and they reasonably based their desire to proceed under pseudonyms in part on the messages sent to and directed at him.

Taking a swipe at Plaintiffs' Counsel, Defendants argue that Mr. Butterick's public participation in this lawsuit—which was already public before any of these messages were sent— suggests Plaintiffs' counsel does not take the threatening messages seriously. Far from it. Indeed, Plaintiffs' counsel have taken appropriate steps to report the threats to the authorities, including reporting it for further investigation with the Federal Bureau of Investigation. Saveri Decl. ¶ 4. In any event, while it is certainly true that attorneys are subject to certain risks as part of the profession, *see*, *e.g.*, Jack Vaughan & Julia Graham, *Risk Management for Law Firms*, 33 No. 12 Legal Mgmt. 6 (2014) ("News headlines provide a constant reminder of the very real and sometimes deadly threat of violence in the workplace. Law firms and lawyers are in some ways especially vulnerable to acts of violence by disgruntled clients and unhappy adversaries. Trial lawyers and divorce attorneys may be the subject of death threats."), that is no reason that *their clients* should be exposed to the dangers of their counsel's chosen profession—especially when those clients are class plaintiffs. The fact that Defendants resent—and want to discourage—the attention of the public and the press to these significant lawsuits vindicating important rights does not permit them to enable threats to the plaintiffs, especially when the threats are serious and actionable and if permitted would discourage assertion of the rights at stake here.

Plaintiffs' fears are especially acute here given that Defendants have acted with laxity towards materials sealed by this Court in this action already. Defendants blithely ignored that the

---

[3] Plaintiffs have uncovered multiple vulgar comments directed specifically at *them*, i.e., Plaintiffs. *See* Saveri Decl., Exs. 2–5. Rule 1 of Reddit's Content Policy prohibits "harassment, bullying, and threats of violence," so without discovery, Plaintiffs do not know what other troubling comments were made and since deleted. *See* https://www.redditinc.com/policies/content-policy.

fact that the threats were directed at Plaintiffs' counsel, Mr. Butterick, was maintained *under seal*.

*See*, *e.g.*, ECF Nos. 68-1 & 68-2 (redacted Exhibits 1 and 2 to the Saveri declaration in support of

Plaintiffs' opposition to motion to dismiss filed under seal redacting among other things, Mr.

Butterick's name and email address indicating him as the recipient of the threats); *see also* ECF

No. 70 (order granting motion to seal Exhibits 1 and 2). Plaintiffs redacted this information for

good reason: that redaction would serve the compelling interests of protecting the privacy and

safety of the litigants and potential witnesses and would not encourage the threat actors by

inflaming their ardor, amongst others. *See* Butterick Decl. ¶¶ 4–7. Indeed, Plaintiffs were careful

**not to specify** who received the threatening emails in order not to invite further escalation. *See*

*id.* ¶¶ 7, 10. Notwithstanding the Court's order, the GitHub Defendants revealed Mr. Butterick's

identity as the recipient of the threatening messages in the very first sentence of their Opposition,

indicating a grave disregard of the Court's Order.[4] *See*, *e.g.*, ECF No. 75 at 1 ("Plaintiffs' counsel

Matthew Butterick received three nasty emails sent in conjunction with his highly public attempts

to solicit plaintiffs for this lawsuit.").

   The GitHub Defendants' counsel cannot claim ignorance about how sealing and

protective orders work in this district. Judge Alsup has admonished counsel once before for

improper cavalier handling of protected material:

> The special handling required by protective orders is not mere
> boilerplate as respondents argue. The special handling is the quid
> pro quo for gaining access to sensitive information. Those who
> need to maintain their information in privacy will resist even court
> orders to allow discovery if the lawyers who want access can brush
> off the special handling as boilerplate. We must honor our word
> that the information will be kept secure.

Order Re Protective Order and Motion for Contempt, *Oracle Am., Inc. v. Google Inc.*, No. C 10-

03561 WHA (N.D. Cal. Sep. 23, 2016), ECF No. 2065 (referring matter to Magistrate Judge to

resolve "balance" of motion for contempt); *see also* Transcript of September 22, 2016

Proceedings, *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA (N.D. Cal. Sep. 27, 2016),

---

[4] Plaintiffs are considering the appropriate redress and will promptly meet and confer with the
GitHub Defendants in due course.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
FOR PLAINTIFFS' TRUE NAMES PURSUANT TO SECTION 6.3 OF THE STIPULATED PROTECTIVE
ORDER (ECF NO. 63)

ECF No. 2068 at 26:2-3 ("THE COURT: A lawyer like [counsel for GitHub Defendants] ought to have known that [counsel] did the wrong thing immediately"). The fact that counsel has once again demonstrated disregard for the Order of the Court and the need for special handling of sensitive information compounds Plaintiffs' concerns here, especially when credible threats to their physical safety exist.

What is more, Defendants' position is undercut by their own behavior with respect to Defendants' own counsel. Defendants took it upon themselves to redact the email address of an Orrick partner[5] in exhibits to the Hurst Declaration filed with the GitHub Defendants' reply in support of their motion to dismiss (ECF Nos. 72-2, 72-4). It is puzzling why Defendants would feel the need to redact counsel's email address contrary to this Court's rules (*see, e.g.*, Civil Local Rule 79-5) and without explanation.[6] Indeed, no threats have been issued against counsel or counsel's safety. This improper and unexplained redaction is particularly remarkable considering Defendants failure to follow this Court's Order regarding the identity of Mr. Butterick.

### B.  Defendants Are Not Harmed by the Confidentiality Designation

Defendants assert they require "the assistance of technical personnel" to investigate their claims.[7] Defendants fail to explain what this means given they have the identities of the Plaintiffs. Likewise, they fail to explain how public disclosure is required to investigate Plaintiffs' claims.

---

[5] Plaintiffs know the identity and will provide it upon request to the Court.

[6] When Plaintiffs filed messages with redactions (ECF Nos. 68-1, 68-2), they also properly filed a Motion to File Under Seal that included unredacted copies of the same messages (ECF Nos. 65, 65-3, 65-4). Defendants did not follow this procedure and have not provided unredacted copies of ECF Nos. 72-2 or 72-4 to Plaintiffs or the Court.

[7] Plaintiffs are also concerned what Defendants' employees might do if they learn Plaintiffs' true names absent the protections of the Stipulated Protective Order. Saveri Decl. ¶ 5. Microsoft employees have already attacked this lawsuit online anonymously and without revealing their connection to Microsoft. *Id*. ¶ 6 & Ex. 1.

1  Defendants' bare generalized assertion that input from technical personnel is necessary to

2  investigate Plaintiffs' claims is insufficient to justify disclosure of Plaintiffs' names to the public.[8]

3       Defendants also claim they must conduct third-party discovery to determine whether

4  Plaintiffs authored and/or own code they have posted publicly on GitHub. But Defendants do not

5  identify what third parties exist that have information bearing on this question nor do they

6  identify what information third parties may have that would require disclosure of Plaintiffs'

7  names to obtain. In any event, should Defendants need to seek information from third parties that

8  requires disclosure of Plaintiffs' names, the Protective Order already provides a mechanism for

9  doing so: a CONFIDENTIAL designation would allow for such disclosures. The vague

10 possibility that such discovery may be necessary is far too unattenuated to justify disclosure in any

11 circumstance, let alone in light of the very real and serious threats of violence here.

12      **C.   Absent Class Members Are Not Harmed by the Confidentiality Designation**

13      The GitHub Defendants' only argument regarding the public's interest in disclosure of

14 Plaintiffs' names is that absent class members require Plaintiffs' true names to evaluate their

15 adequacy and whether to remain in the class. They cite several out-of-circuit district court

16 opinions. But none support Defendants' argument that a putative class representative cannot

17 proceed anonymously.

18      Defendants, relying on *Michael v. Charter Commc'ns, Inc.*, No. 4:17 CV 1242 JMB, 2017

19 WL 2833404, at *4 (E.D. Mo. June 30, 2017), assert that "Courts have . . . recognized that

20 '[p]laintiff's status as the putative named plaintiff requires that he be the *named* plaintiff.'"

21 Opposition at 5 (emphasis in original). *Michael* does not, however, hold that named plaintiffs must

22 *always* be identified. Rather, the court in *Michael* applied a standard balancing test. *Id.* at *3.

23 Indeed, *none* of the cases Defendants cite require class plaintiffs always to be identified.

24

25

26 _____

27 [8] Even if the Court accepts this claim as true, a CONFIDENTIAL designation would be sufficient to allow Defendants' technical personnel to perform their investigations, subject to the terms of the Stipulated Protective Order. ECF No. 64, ¶ 7.2(b).

28

On the contrary, there is substantial authority for class plaintiffs to proceed anonymously. *See, e.g., Does v. City of Indianapolis, Ind.*, No. 1:06-CV-865-RLY-WTL, 2006 WL 2289187, at *3 (S.D. Ind. Aug. 7, 2006) ("The public interest is not in being able to identify any one Plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved."); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *E.B. v. Landry*, No. CV 19-862-JWD-SDJ, 2020 WL 5775148, at *6 (M.D. La. Sept. 28, 2020); *Doe v. City of Apple Valley*, No. 20-CV-499 (PJS/DTS), 2020 WL 1061442, at *3 (D. Minn. Mar. 5, 2020) ("Given the stigma and fear of violence previously mentioned, a rule that class representatives must be publicly identified would likely discourage individuals from stepping forward and seeking redress for their injury. That is antithetical to the purpose of the class action."). Indeed, one of the key principles underlying Rule 23 class actions is the vindication of important public rights. *See Klein v. Dupage Cnty.*, No. 85 C 3430, 1986 WL 13537, at *3 (N.D. Ill. Nov. 19, 1986) ("Class actions are recognized as an important tool for the vindication of legal rights through which a class representative becomes a kind of 'private attorney general' for persons who might not otherwise be able to pursue their claims.") (citing *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338 (1980)). And class actions in many cases provide the only viable means for large groups of victims of illegal conduct to vindicate their legal rights. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (citing *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (7th Cir. 1997)). Given the seriousness of the threats at issue, the Court should protect the identities of the plaintiffs in order to permit the principles underlying Rule 23 to be protected and advanced.

Regarding adequacy, Defendants' counsel—who will certainly investigate and challenge plaintiffs' adequacy—already have Plaintiffs' true names. Surely Defendants' counsel will apprise the Court of any facts they uncover that weigh against a Plaintiff's adequacy at the proper juncture, i.e., when determining whether a class should be certified. *Landry*, 2020 WL 5775148, at *6 ("[A]ny potential prejudice can be alleviated by the disclosure of Plaintiffs' full names to both the Court and Defendants. By doing so, the Court will be able to 'ensur[e] the Plaintiffs are

fair representatives of the proposed classes . . . .'") (quoting *City of Apple Valley*, 2020 WL 1061442). To the extent absent class members may challenge Plaintiffs' adequacy, that is no impediment to establishing adequacy of representation under Rule 23. *See Does 1-10 v. Univ. of Wash.*, 326 F.R.D. 669,682-83 (W.D. Wash. 2018) (finding anonymous plaintiffs "will fairly and adequately protect the interests of the class" and granting class certification) (quoting Fed. R. Civ. P. 24(a)(4)).[9]

## III.    CONCLUSION

For the reasons stated above, Plaintiffs request their true names retain a confidentiality designation of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. In the alternative, Plaintiffs request that the Court amend the confidentiality designation of Plaintiffs' names to CONFIDENTIAL. In the event the Court removes or alters the confidentiality designation for Plaintiffs' names, Plaintiffs respectfully request the Court order that their names retain the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation until such time as Plaintiffs file an amended complaint containing the true names of the remaining Plaintiffs.[10]

---

[9] Plaintiffs here, of course, have every interest in adequately representing absent class members. In the unlikely event however, that they inadequately represent absent class members, those class members are free to bring their own claim. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 853 (9th Cir. 2000) (noting that a final judgment does not have preclusive effect when class representatives inadequately represent absent class members).

[10] As noted above, some Plaintiffs will not continue as named Plaintiffs should the Court remove the confidentiality designation currently protecting their names. At least one would withdraw if the designation were reduced to CONFIDENTIAL. *See* Saveri Decl., ¶ 3.

1    Dated: April 20, 2023                    By:        /s/ Joseph R. Saveri
2                                                      Joseph R. Saveri

3                                             Joseph R. Saveri (State Bar No. 130064)
     Steven N. Williams (State Bar No. 175489)
4    Cadio Zirpoli (State Bar No. 179108)
     Christopher K.L. Young (State Bar No. 318371)
5    Elissa A. Buchanan (State Bar No. 249996)
     Travis Manfredi (State Bar No. 281779)
6    **JOSEPH SAVERI LAW FIRM, LLP**
7    601 California Street, Suite 1000
     San Francisco, California 94108
8    Telephone:     (415) 500-6800
     Facsimile:      (415) 395-9940
9    Email:          jsaveri@saverilawfirm.com
10                   swilliams@saverilawfirm.com
                     czirpoli@saverilawfirm.com
11                   cyoung@saverilawfirm.com
                     eabuchanan@saverilawfirm.com
12                   tmanfredi@saverilawfirm.com

13

14                                            Matthew Butterick (State Bar No. 250953)
15   1920 Hillhurst Avenue, #406
     Los Angeles, CA 90027
16   Telephone:     (323) 968-2632
     Facsimile:     (415) 395-9940
17   Email:         mb@butvericklaw.com

18
                                              *Counsel for Individual and Representative*
19                                            *Plaintiffs and the Proposed Class*

20

21

22

23

24

25

26

27

28
                                              9
     PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
     FOR PLAINTIFFS' TRUE NAMES PURSUANT TO SECTION 6.3 OF THE STIPULATED PROTECTIVE
     ORDER (ECF NO. 63)