Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                    swilliams@saverilawfirm.com
                    czirpoli@saverilawfirm.com
                    cyoung@saverilawfirm.com
                    eabuchanan@saverilawfirm.com
                    tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1 et al.,<br><br>   Individual and Representative Plaintiffs,<br><br>v.<br><br>GITHUB, INC., et al.,<br><br>   Defendants. | Case Nos.  4:22-cv-06823-JST<br>                    4:22-cv-07074-JST<br><br>**REPLY DECLARATION OF MATTHEW BUTTERICK IN SUPPORT OF PLAINTIFFS' MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS FOR PLAINTIFFS' TRUE NAMES PURSUANT TO SECTION 6.3 OF THE STIPULATED PROTECTIVE ORDER (ECF NO. 63)**<br><br>Date:            May 4, 2023<br>Time:           12:30 p.m.<br>Courtroom:  6, 2nd Floor<br>Judge:          Hon. Jon Tigar |

4:22-cv-06823-JST

REPLY DECLARATION OF MATTHEW BUTTERICK IN SUPPORT OF PLAINTIFFS' MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS FOR PLAINTIFFS' TRUE NAMES PURSUANT TO SECTION 6.3 OF THE STIPULATED PROTECTIVE ORDER (ECF NO. 63)

I, Matthew Butterick, declare as follows:

1. I am an attorney licensed to practice in California. I am also an open-source programmer, author, and typographic designer.

2. I am co-counsel of record for Plaintiffs Does 1–4 in this action. I have personal knowledge of the matters stated below and could competently testify about them. I make this declaration under 28 U.S.C. § 1746 in support of Plaintiffs' Motion to Maintain Confidentiality Designations for Plaintiffs' True Names Pursuant to Section 6.3 of the Stipulated Protective Order (ECF No. 63).

3. Because of my public profile, I have years of experience contending with what has sometimes been negative attention from strangers, including cyberstalking and personal threats. I have developed operational practices to protect myself and my family from becoming targets of unwanted attention or worse.

4. A key operational practice is to avoid giving threat actors any encouragement, because attention is often one of their objectives. Inflaming their ardor is never the right choice. Consistent with these operational practices, and with relevant authority in the Ninth Circuit, Plaintiffs' counsel applied the least restrictive means of redacting information that would serve the compelling interests of protecting the privacy and safety of litigants and potential witnesses, including redacting the recipients of the threatening messages, which included my own name and email addresses, including one not used in public filings in this case.

5. For these reasons and others cited in Plaintiffs' Motion and Reply attached hereto, Plaintiffs' counsel believed these redactions to be appropriate:

6. First, I consider that a threat against me (and by proxy against Plaintiffs) is ultimately a threat against everyone involved with this case—not only Plaintiffs and their counsel, but also Defendants and their counsel, and also the Court. Any threat is an attempt to subvert the legal process with intimidation and violence. It is flatly unacceptable. As officers of the court, it is inconceivable that we would not be unified in standing against these efforts.

7. Second, revealing me as the original target of the threats may lead to an undesired outcome: to encourage other threat actors to continue their threats.

8. The Court subsequently granted Plaintiffs' Motion to Seal (ECF No. 70).

9. Notwithstanding the Court's sealing order, Microsoft revealed information including the fact that I personally was the recipient of the threats, a fact that the Court had maintained under seal.

10. I expect that the effect of Microsoft's choice to blithely violate the sealing order will be to stoke exactly the kind of hostility that I sought to avoid by redacting my name and other information indicating that I was the recipient of some of the threats referenced in the Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of April, 2023.

                                                          /s/ *Matthew Butterick*
                                                          Matthew Butterick

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5.1, I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2023.

By:  */s/ Joseph R. Saveri*
     Joseph R. Saveri