# EXHIBIT 4: PUBLIC VERSION OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' CONFIDENTIALITY MOTION (ECF NO. 75)

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

WILLIAM W. OXLEY (SBN 136793)
woxley@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue
Los Angeles, CA 90071
Telephone:    +1 213 629 2020
Facsimile:    +1 213 612 2499

*Attorneys for GitHub, Inc. and Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>　　　　Individual and<br>　　　　Representative Plaintiffs,<br><br>　　v.<br><br>GITHUB, INC., et al.,<br><br>　　　　Defendants.<br><br>AND CONSOLIDATED ACTION | Case No. 4:22-cv-6823-JST<br>Consolidated w/ Case No. 4:22-cv-7074-JST<br><br>**DEFENDANTS GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS FOR PLAINTIFFS' TRUE NAMES (ECF NO. 63)**<br><br>Date:　　　　May 4, 2023<br>Time:　　　　2:00 p.m.<br>Courtroom:　6, 2d Floor<br>Judge:　　　 Hon. Jon S. Tigar<br><br>Complaint Filed:    December 7, 2022 |

**INTRODUCTION**

Plaintiffs' counsel ▮▮▮▮▮▮ received three nasty emails sent in conjunction with ▮ highly public attempts to solicit plaintiffs for this lawsuit. Apparently relying solely on those emails, Plaintiffs' counsel decided to conceal Plaintiffs' identities in violation of Rule 10(a) when filing two class action lawsuits. Despite months of meet and confer, Plaintiffs' counsel refused to reveal their clients' names until they were finally disclosed in a March 8, 2023 letter designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY ("AEO") pursuant to protective order.

An AEO designation pursuant to § 2.8 of the Stipulated Protective Order is intended to cover only "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." ECF No. 63 § 2.8. While truly awful and unfortunate, the emails sent to counsel do not meet this standard. Internet trolling cannot justify treating the identity of named plaintiffs in a putative class action lawsuit as attorneys-eyes-only information. After months of meet and confer there was no indication that ▮▮▮▮ personally felt threatened, or that any threats of violence were directed at the Plaintiffs themselves. Meanwhile, during that same period of time, GitHub and Microsoft have been unable to investigate the case. And, if discovery commences, GitHub and Microsoft will be unable to serve third-party subpoenas to gather information about the Plaintiffs.

While undoubtedly annoying to deal with, the type of emails sent to ▮▮▮▮ do not justify the impairment to GitHub and Microsoft's ability to investigate and defend the case, nor to the public's right of access to the Courts. Plaintiffs' Motion should be denied.

1

GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
FOR PLAINTIFFS' TRUE NAMES
NO. 4:22-CV-6823-JST

**STATEMENT OF FACTS**

About two weeks before the anonymous Complaints were filed in these consolidated proceedings, Plaintiffs' counsel Mr. Butterick began a highly public drive to solicit plaintiffs for this lawsuit. *Compare* ECF No. 1 (dated November 3, 2022), *with* ECF No. 72-1 ¶¶ 2-3 (Hurst Decl.); ECF No. 72-2 (newsletter dated Oct. 17, 2022); ECF No. 72-3 (website published on Oct. 17, 2022). In response to ▓ Copilot Investigation website and newsletter solicitation, ▓ ▓ received one of the emails at issue, reacting negatively to the proposed lawsuit. *See* ECF No. 68-1 (Oct. 27, 2022 email).

Mr. Butterick sent another newsletter on the same day the Complaint was filed, broadcasting that "[t]oday, we've filed a class-action lawsuit in US federal court in San Francisco, CA on behalf of a proposed class of possibly millions of GitHub users." ECF No. 72-4 at 1 (newsletter dated Nov. 3, 2022). Mr. Butterick also authored a website publicizing the litigation. ECF No. 72-5 (website dated Nov. 3, 2022). ▓ then received the two other emails at issue, reacting negatively to the lawsuit. *See* ECF Nos. 68-2 (Nov. 4, 2022 email), 68-3 (Nov. 5, 2022 email). After receiving the emails, ▓ continued to publicize the lawsuit with ▓ websites, by providing quotes to the press, and in a lengthy podcast interview. Decl. of Annette L. Hurst ISO Defs. GitHub and Microsoft's Opp'n to Mot. to Maintain Conf. Designations ("Hurst Decl.") ¶ 6.

Beginning in November and early December 2022, counsel for all Defendants repeatedly raised the issue of Plaintiffs proceeding anonymously. ECF No. 72-1 ¶ 7. Counsel for GitHub and Microsoft proposed a stipulation that the proceedings be consolidated and that Plaintiffs file an amended and consolidated operative complaint in which Plaintiffs would name themselves. *Id.* Although the parties reached an agreement to consolidate the actions, Plaintiffs declined to include their true names. *Id.*; *see* ECF No. 72-6 (Hurst letter to Saveri, dated Jan. 18, 2023) (explaining that Defendants' counsel "continue to view as inappropriate and without legal basis" "plaintiffs' failure to name themselves"). But they refused to explain why. Despite numerous emails, letters, and at least two video conferences, Plaintiffs' counsel did not disclose the fact or

2

GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
FOR PLAINTIFFS' TRUE NAMES
NO. 4:22-CV-6823-JST

1  the contents of the emails that they later provided to the Court in connection with their
2  oppositions to the motions to dismiss.  Hurst Decl. ¶¶ 2, 4-5.  Instead, they simply asserted that
3  they would only disclose Plaintiffs' names under a protective order.  *Id.* ¶¶ 4-5.

4  Following consolidation, Plaintiffs' counsel moved for entry of the Stipulated Protective
5  Order.  ECF No. 49 (original Stipulated Protective Order); ECF No. 63 (revised Stipulated
6  Protective Order).  The Stipulated Protective Order was entered on March 7, 2023.  ECF No. 63.
7  Plaintiffs' counsel served a letter on Defendants' counsel the next day, disclosing the Plaintiffs'
8  names designated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.  Hurst Decl.
9  Ex. 1 (Saveri letter to Hurst, dated Mar. 8, 2023).  Counsel for GitHub and Microsoft sent a letter
10  objecting to the designation the following morning.  *Id.* ¶ 3 & Ex. 2 (Hurst letter to Saveri, dated
11  Mar. 9, 2023).  Later that day, Plaintiffs served their Oppositions to Defendants' Motions to
12  Dismiss, disclosing the ▮▮▮▮ emails for the first time.  Hurst Decl. ¶ 3.  On March 27, the
13  parties met and conferred by video conference about the AEO designation.  *Id.* ¶ 4.  As required
14  by the Protective Order, Plaintiffs now move to retain the designation of their true names as
15  attorneys-eyes-only pursuant to § 2.8 of the Stipulated Protective Order.  ECF No. 71.

16  GitHub and Microsoft have been significantly hampered in their efforts to investigate and
17  defend this case.  The AEO designation means that Plaintiffs' identities cannot be shared with
18  anyone at the Defendant companies other than supervising litigation counsel.  Meanwhile,
19  Plaintiffs' operative Complaint sets forth claims that they are in a contractual relationship with
20  GitHub and Microsoft, and allegedly provided software code that they claim was misused in some
21  way and their privacy violated.  In order to fully investigate these assertions, Defendants' counsel
22  need access to technical employees for assistance.  Hurst Decl. ¶ 7.  Moreover, if discovery
23  proceeds, the AEO designation prevents Defendants from serving subpoenas on third parties to
24  gather information about the Plaintiffs, e.g., subpoenas designed to elicit information about
25  whether they in fact authored and/or own any code they deposited in public GitHub repositories.
26  *Id.* ¶ 8.  The AEO designation thus prevents Defendants' counsel from gaining the assistance of
27  necessary personnel from the clients, and from fully defending this case.
28

3

GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
FOR PLAINTIFFS' TRUE NAMES
NO. 4:22-CV-6823-JST

**ARGUMENT**

**I.    PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR THE AEO DESIGNATION OF THEIR IDENTITIES, NOR HOW IT OUTWEIGHS PREJUDICE TO DEFENDANTS.**

Plaintiffs have not made a showing that there is a substantial risk of serious harm if their true names are disclosed.  Under Rule 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  As the designating party, Plaintiffs "bear[] the burden of" demonstrating good cause, by "showing specific prejudice or harm will result if" the requested protection is not granted.  *Johndrow Vineyards, LLC v. Wine Mktg. Grp.*, LLC, No. 19-cv-02192, 2019 WL 13219414, at *2 (N.D. Cal. July 1, 2019) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)); *see also* ECF No. 63 § 6.3 (burden of persuasion falls on designating party under Stipulated Protective Order).  Designation of confidential materials under an "attorneys' eyes only" protective order requires an "inquir[y] into the specific factual circumstances of [the parties'] conflicting interests," as well as "the nature of the claims and of a party's opportunity to develop its case through alternative discovery procedures."  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470-71 (9th Cir. 1992).

  **A.** **Plaintiffs Fail to Show Good Cause.**

Plaintiffs have not established good cause to designate their names as "highly confidential—attorneys' eyes only."  Under the terms of the Stipulated Protective Order, Plaintiffs must demonstrate that the absence of this designation "would create a substantial risk of serious harm that could not be avoided by less restrictive means."  ECF No. 63 § 2.8.  Plaintiffs have not made such a showing.  The three emails sent to Plaintiffs' counsel, while deplorable, are no substitute for Plaintiffs explaining how they themselves are at a substantial risk of serious harm.  Nor has there been any explanation of how restricting the Plaintiffs' names to attorneys' eyes only would be the least restrictive means of limiting the supposed harm.

It is an unfortunate reality of modern life that the internet has "trolls."  But "people say things anonymously on the internet that they would never say in another context and have no

4

GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS FOR PLAINTIFFS' TRUE NAMES
NO. 4:22-CV-6823-JST

1   intention of carrying out." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d
2   1036, 1045 (9th Cir. 2010); *see* GH/MSFT MTD Reply 14-15.  The messages sent to Plaintiffs'
3   counsel do not threaten harm to the Plaintiffs.  One was signed by the sender, another sent even
4   before this lawsuit was filed.  *See* ECF Nos. 68-1 (Oct. 27, 2022 email), 68-2 (Nov. 4, 2022
5   email).  There is no indication they are directed to the Plaintiffs personally.  Indeed, ▇
6   ▇, to whom they were undoubtedly directed, decided to be listed on public pleadings—▇
7   physical and email addresses included—after receiving these emails.  ▇ has continued to
8   publicize the lawsuit after receiving these communications.  Hurst Decl. ¶ 6.  These actions
9   suggest that ▇ does not feel threatened.

10   Federal Rule of Civil Procedure 23 adds an extra burden to the showing of good cause
11   because Plaintiffs purport to represent a class of "thousands … geographically dispersed
12   throughout the United States."  As such, Plaintiffs must represent the interests of the absent class
13   and Rule 23 dictates that named plaintiffs must be able to "adequately" represent the class.  Fed.
14   R. Civ. P. 23(a)(4).  They are charged with making litigation decisions on the class's behalf and
15   in pursuing absent class members' best interests in attempting to resolve a dispute.  And where, as
16   here, named plaintiffs seek to proceed under Rule 23(b)(3), absent class members are entitled to
17   request "exclusion" (i.e., opt-out).  Absent class members can neither be assured of adequate
18   representation nor make informed choices concerning opt-out rights without knowing the
19   identities of those who purport to represent them.

20   Courts have therefore recognized that "[p]laintiff's status as the putative named plaintiff
21   requires that he be the *named* plaintiff."  *Michael v. Charter Commc'ns, Inc.*, No. 17-cv-1242,
22   2017 WL 2833404, at *4 (E.D. Mo. June 30, 2017) (collecting authorities); *see also Guifu Li v. A*
23   *Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 516-17 (N.D. Cal. 2010) (Koh, J.) (requiring
24   putative class representatives to proceed under their real names since plaintiffs' "fears would be
25   equally present for all similarly situated," making plaintiffs' circumstances "not extraordinary").
26   Plaintiffs' disclosure of their names to Defendants' counsel under seal is not an adequate
27   substitute for public disclosure.  "[T]his unorthodox arrangement still runs against the public's
28

5

GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
FOR PLAINTIFFS' TRUE NAMES
NO. 4:22-CV-6823-JST

traditional right of access to judicial proceedings, and may also preclude potential class members from properly evaluating the qualifications of the class representative." *Michael v. Bloomberg L.P.*, No. 14-cv-2657, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015); *see also In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016) ("[T]here is a compelling public interest in open court proceedings, particularly in the context of a class action, where" putative class members have "a heightened interest in knowing who purports to represent their interests in the litigation."). The interests of the putative class thus raise the possibility of a conflict of interest further counseling against Plaintiffs' motion.

### B. Defendants Are Prejudiced By An AEO Designation.

Balanced against Plaintiffs' assertions, moreover, is the prejudice Defendants are suffering with the requested confidentiality designation. *See Mad Catz Interactive, Inc. v. Razor USA, Ltd.*, No. 13-cv-2371, 2014 WL 4161713, at *6 (S.D. Cal. Aug. 19, 2014) ("the risk of disclosure of confidential information … must be weighed against the risk of actual prejudice") (citing *Brown Bag*, 960 F.2d at 1470). The AEO designation means that the Plaintiffs' identities cannot be shared within GitHub or Microsoft. Counsel for the Defendants require the assistance of other employees to investigate the claims and are unable to proceed because the names of the plaintiffs cannot be shared with anyone other than in-house counsel. Hurst Decl. ¶ 7. Defendants will also be prevented from serving third-party subpoenas about Plaintiffs if discovery proceeds. *Id.* ¶ 8. Defendants are prejudiced by the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation.

### CONCLUSION

The Court should deny Plaintiffs' motion to maintain "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designations for Plaintiffs' true names.

6

GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
FOR PLAINTIFFS' TRUE NAMES
NO. 4:22-CV-6823-JST

1  Dated: April 13, 2023                                Orrick, Herrington & Sutcliffe LLP

3                                                      By:      */s/ Annette L. Hurst*
4                                                              ANNETTE L. HURST
                                                              Attorneys for Defendants
5                                                          GitHub, Inc. and Microsoft Corp.

7

GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
FOR PLAINTIFFS' TRUE NAMES
NO. 4:22-CV-6823-JST