Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              swilliams@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              eabuchanan@saverilawfirm.com
              tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>     Individual and Representative Plaintiffs,<br><br>     v.<br><br>GITHUB, INC., et al.,<br><br>                 Defendants. | Case Nos.   4:22-cv-06823-JST<br>              4:22-cv-07074-JST<br><br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANTS GITHUB AND MICROSOFT'S LOCAL RULE 79-5(f) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

4:22-cv-06823-JST

PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANTS GITHUB AND MICROSOFT'S LOCAL RULE 79-5(f) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

## I.    INTRODUCTION

Pursuant to Local Rule 79-5(f)(3) and ECF No. 79, Plaintiffs submit this statement ("Statement") in support of Defendants GitHub and Microsoft's Local Rule 79-5(f) Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 74) (the "Sealing Motion").[1]

## II.    ARGUMENT

Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quotation marks omitted). Courts have "carved out an exception" to the compelling reasons standard for "materials attached to a . . . motion unrelated to the merits of the case." *Id.* at 1097–99. "[P]ublic access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1101. "Under this exception, a party need only satisfy the less exacting 'good cause' standard. The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Id.* at 1097 (quoting Fed. R. Civ. P. 26(c)) (citations omitted).

Here, the letter containing Plaintiffs' redacted names was attached to the GitHub Defendants' opposition to the Confidentiality Motion. The content of that motion has no bearing on the merits of the case. Even if Plaintiffs' names may eventually be relevant to a dispositive motion, they may be provisionally filed under seal, as ECF No.74-2 was. Additionally, this Sealing Motion is not the final word on the confidentiality of Plaintiffs' names. Shortly after it is decided, the Court will hear and rule on the Confidentiality Motion, which is fully briefed and will be heard less than one week from the date this Statement is filed.

---

[1] To avoid confusion, Plaintiffs note this Statement is only applicable to ECF No. 74. The GitHub Defendants have since filed another Sealing Motion (ECF No. 80), which Plaintiffs will file a statement in support of on or before Monday, May 1, 2023, per Local Rule 79-5(f)(3).

PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANTS GITHUB AND MICROSOFT'S LOCAL RULE 79-5(f) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

The short effective lifespan of the ruling on this Sealing Motion necessarily means no party will be prejudiced by the Court's decision on it before that decision is superseded by the Court's decision on the Confidentiality Motion. None of the harms raised in the GitHub Defendants' opposition to the Confidentiality Motion could impact Defendants or the public before the it is decided.[2]

If Plaintiffs' true names are revealed now, the Confidentiality Motion will become moot, because the public's knowledge of Plaintiffs' names cannot be undone. All the harms Plaintiffs may suffer, as set forth in their filings supporting the Confidentiality Motion will trigger.[3] All the arguments in favor of allowing Plaintiffs to proceed under pseudonyms in the Confidentiality Motion's Memorandum of Points and Authorities, the supporting Reply, and the supporting declaration are hereby incorporated by reference. *See* ECF Nos. 71, 71-1, 77, 77-1, 77-2. Collectively, Plaintiffs' submissions in support of their Confidentiality Motion provide adequate basis to satisfy the more stringent compelling reason standard, let alone the good cause standard applicable here when balanced against the prospective harms identified by Defendants. Thus, the Sealing Motion should be granted.

---

[2] The potential harms Defendants identify are that Defendants will be impeded in investigating Plaintiffs' claims and that the public, specifically members of the class, will be unable to determine whether to remain in the class and evaluate the adequacy of Plaintiffs as representatives of the class. ECF No. 75. Absent class members will have no opportunity or need to make any decisions about remaining in the class or Plaintiffs' adequacy before the Confidentiality Motion is resolved. Defendants will have no need to investigate Plaintiffs while their Motions to Dismiss are still pending, which will almost certainly not be decided prior to the Confidentiality Motion, as they will be heard on the same day and the Motions to Dismiss contain far more complicated issues than the Confidentiality Motion. *Compare* ECF Nos. 71, 75 & 77 *to* ECF Nos. 50, 53, 66, 67, 72 & 73.

[3] As set forth in the Confidentiality Motion, Plaintiffs have reasonable fears of significant potential harms, including for their physical safety and livelihoods. *See*, *e.g.*, ECF No. 71 ("Plaintiffs filed under pseudonyms because they reasonably feared they would be subject to threats of retaliation and violence. Unfortunately, those fears were well-founded. Plaintiffs, though their counsel, have received legitimate and credible threats of physical violence."), 71-1, 77 ("Plaintiffs themselves have found these threats to their attorneys to be dangerous and would have serious concern for their safety had their identities not been protected and they were to receive such threats themselves."), 77-1, 77-2 (describing Plaintiffs' reasonable fears of the consequences of losing AEO designation for their names).

### III.   CONCLUSION

For the reasons stated above, Plaintiffs request the portion of Exhibit 1 to the Hurst Declaration containing Plaintiffs' true names be filed under seal, in accordance with Defendants' Proposed Order (ECF No. 74-1), which was filed in support of the Sealing Motion.

Dated: April 28, 2023

By:      *Joseph R. Saveri*
         Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              swilliams@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              eabuchanan@saverilawfirm.com
              tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@buttericklaw.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*