Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              swilliams@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              eabuchanan@saverilawfirm.com
              tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>      Individual and Representative Plaintiffs,<br><br>      v.<br><br>GITHUB, INC., et al.,<br><br>                  Defendants. | Case Nos.   4:22-cv-06823-JST<br>               4:22-cv-07074-JST<br><br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANTS GITHUB AND MICROSOFT'S LOCAL RULE 79-5(f) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF No. 80)** |

4:22-cv-06823-JST

PLAINTIFFS' STATEMENT ISO DEFS GITHUB AND MICROSOFT'S LOCAL RULE 79-5(f) ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF No. 80)

## I.      INTRODUCTION

Pursuant to Local Rule 79-5(f)(3), Plaintiffs submit this statement ("Statement") in support of Defendants GitHub and Microsoft's Local Rule 79-5(f) Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 80) (the "Sealing Motion"). The Court has already determined that the material identified in the Sealing Motion should be sealed—on March 15, 2023, this Court entered its Order (ECF No. 70) ("Order") granting Plaintiffs' motion to file this same material under seal (ECF No. 65). The GitHub Defendants, however, unilaterally revealed sealed material in connection with certain filings without adequately meeting and conferring or otherwise seeking Court permission to file Plaintiffs' protected material on the public record. Only after Plaintiffs pointed out the GitHub Defendants' laxity with Plaintiffs' protected information did the GitHub Defendants file their tardy sealing motion. Although the damage may have already been done, Plaintiffs now file this Statement in support of the GitHub Defendants' Sealing Motion to limit further disclosure of protected information.

## II.      FACTS

On March 9, 2023, Plaintiffs filed the Messages[1] as Exhibits to the supporting declaration (ECF No. 68) filed with their oppositions (ECF Nos. 66, 67) to Defendants' motions to dismiss (ECF Nos 50, 53). In connection with the declaration, Plaintiffs filed a motion to file portions of the Messages under seal, which included Recipient's[2] name and email. ECF No. 65. In that motion and the supporting declaration (ECF No. 65-1), Plaintiffs set forth their reasons for seeking to file the redacted portions under seal. ECF Nos. 65, 65-1. Defendants offered no objection. Plaintiffs' March 9 sealing motion was granted by this Court's Order shortly thereafter, on March 15, 2023.

On April 6, 2023, the GitHub Defendants filed their reply in support of their motion to dismiss (ECF No. 72) and its supporting declaration (ECF No. 72-1). In the GitHub Defendants' reply, the GitHub Defendants revealed information that had been sealed by the Court's Order. Then, on April 13, 2023, the GitHub Defendants again revealed that same protected material in their opposition to

---

[1] ECF Nos. 68-1 and 68-2 are referred to herein as the "Messages."

[2] The recipient of the Messages is referred to herein as "Recipient."

PLAINTIFFS' STATEMENT ISO DEFS GITHUB AND MICROSOFT'S LOCAL RULE 79-5(f) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF No. 80)

Plaintiffs' motion to retain confidentiality of Plaintiffs' names (ECF No. 75). In Plaintiffs' reply in support of their confidentiality motion, filed on April 20, 2023, Plaintiffs noted the GitHub Defendants had violated the Order by revealing Recipient's name in publicly filed documents.[3] Then, on April 24, 2023, over two weeks after first revealing sealed information, and four days after being explicitly informed of it in Plaintiffs' reply, the GitHub Defendants filed the Sealing Motion at issue here.[4]

### III.   ARGUMENT

This Court has already ordered that this information be sealed. ECF No. 70. Plaintiffs have already provided a sound basis to seal information identified in their sealing motion (ECF No. 65) and its supporting declaration (ECF No. 65-1). Plaintiffs hereby incorporate those arguments and factual assertions by reference. Plaintiffs provided further support for sealing in the reply supporting their confidentiality motion (ECF No. 77) and its supporting declaration by Plaintiffs' counsel (ECF No. 77-1), which Plaintiffs also incorporate by reference. Nothing has changed which would justify lifting the seal except for the GitHub Defendant's unilateral and improper filing of protected information on the public record.

In the Sealing Motion, the GitHub Defendants proceed as if the Order did not exist.[5] They state their reason for filing the Sealing Motion is "because Plaintiffs have asserted that the identity of the

---

[3] Plaintiffs also used Recipient's real name in responding to Defendants' arguments about Recipient, though by that time Defendants' filings containing Recipient's name were already available to the public outside PACER. *See*, *e.g.*, https://www.courtlistener.com/docket/65669506/doe-1-v-github-inc/. However, should the Court allow it, Plaintiffs respectfully request to work with the Court to redact Recipient's name from that reply and declaration in support now that Defendants' public references have been removed from public viewing.

[4] In ECF No. 77, Plaintiffs also informed the GitHub Defendants of their failure to provide a basis or seek leave of the Court to redact an Orrick partner's identifying information from ECF Nos. 72-2, 72-4. The Sealing Motion notably does not address that lapse. The GitHub Defendants' choice to protect their own attorney's information but not Recipient's is particularly frustrating given the circumstances.

[5] Notwithstanding that the GitHub Defendants should have treated protected material with care initially, they could have corrected their error immediately after discovering it. No motion was necessary to request the documents be sealed. Local Rule 79-5(b) ("A party need not file a motion to seal if a federal statute or a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal."). The GitHub Defendants only needed to apprise the Court that it had filed sealed information in publicly available documents on PACER and asked that they removed from public view. This Sealing Motion was thus unnecessary.

1  recipient of certain emails should be under seal," rather than the more pressing reason: that the Court

2  had already ordered Recipient's name be filed under seal and the GitHub Defendants violated that

3  Order. In a chart in the Sealing Motion, the GitHub Defendants list again "Plaintiffs have asserted [the

4  designated information] should be under seal" as their basis for sealing. But in ECF No. 77, where

5  Plaintiffs' "assertion" is contained, Plaintiffs also stated that Recipient's name had been sealed and

6  cited to the Order.[6]

7                                              **IV.    CONCLUSION**

8            For the reasons stated above, the Plaintiffs respectfully request the Court either affirm that the

9  Order sealed Recipient's name or grant the Sealing Motion and order Recipient's name sealed more

10  explicitly.

---

[6] Though not mentioned in the Sealing Motion, in the declaration filed in support of it (ECF No. 80-2), the GitHub Defendants' counsel claims not to have understood the Order. It was plain what was redacted from publicly filed version of Messages. And there is no ambiguity in the Order. If the GitHub Defendants and/or their counsel did not understand why information was redacted in the Messages, they should have sought clarification from the Court, rather than unilaterally disregarded the plain meaning of the Order.

In support of counsel's claimed interpretation of the Order, they attach a chart setting forth "a summary chart of Plaintiffs' prior public disclosures concerning the emails at issue" as Exhibit 1. ECF No. 80-3. Plaintiffs' public statements do not alter this Court's Order. If they did, the chart makes clear Plaintiffs only ever publicly referred to Recipient as their "counsel." This supports the inference Plaintiffs intentionally avoided specifying Recipient's name—not the opposite.

1   Dated: May 1, 2023                          By:      */s/ Joseph R. Saveri*
2                                                        Joseph R. Saveri

3                                               Joseph R. Saveri (State Bar No. 130064)
                                                Steven N. Williams (State Bar No. 175489)
4                                               Cadio Zirpoli (State Bar No. 179108)
                                                Christopher K.L. Young (State Bar No. 318371)
5                                               Elissa A. Buchanan (State Bar No. 249996)
                                                Travis Manfredi (State Bar No. 281779)
6                                               **JOSEPH SAVERI LAW FIRM, LLP**
7                                               601 California Street, Suite 1000
                                                San Francisco, California 94108
8                                               Telephone:     (415) 500-6800
                                                Facsimile:     (415) 395-9940
9                                               Email:         jsaveri@saverilawfirm.com
10                                                             swilliams@saverilawfirm.com
                                                               czirpoli@saverilawfirm.com
11                                                             cyoung@saverilawfirm.com
                                                               eabuchanan@saverilawfirm.com
12                                                             tmanfredi@saverilawfirm.com
13
14                                              Matthew Butterick (State Bar No. 250953)
                                                1920 Hillhurst Avenue, #406
15                                              Los Angeles, CA 90027
                                                Telephone:     (323) 968-2632
16                                              Facsimile:     (415) 395-9940
                                                Email:         mb@butericklaw.com
17
18                                              *Counsel for Individual and Representative*
                                                *Plaintiffs and the Proposed Class*
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' STATEMENT ISO DEFS GITHUB AND MICROSOFT'S LOCAL RULE 79-5(f) ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF No. 80)