UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE 1, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>        Defendants. | Case No. 22-cv-06823-JST<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: ECF No. 80 |

Before the Court is an administrative motion to consider whether another party's material should be sealed filed by Defendants GitHub, Inc. and Microsoft Corporation. ECF No. 80. Plaintiffs filed a statement in support of the motion. ECF No. 83.

This Court previously granted Plaintiffs' motion to file under seal portions of two threatening emails sent to Plaintiffs' counsel because such emails "contain[] the personal identifying information including the name and email address of a nonparty not directly involved in this litigation." ECF No. 70. Plaintiffs redacted the names and contact information of the senders and recipient from the publicly filed versions of these emails. ECF Nos. 68-1, 68-2.

On April 6, 2023, Defendants GitHub and Microsoft referred to the recipient of these emails by name in public filings. ECF Nos. 72, 72-1. On April 20 – two full weeks after Defendants' public disclosure of sealed information – Plaintiffs also repeatedly referred to the recipient of the emails by name in public filings. ECF Nos. 77, 77-1. While Plaintiffs' filings highlighted Defendants' public disclosure of sealed information, Plaintiffs did not attempt to seal their filings or otherwise act to protect the confidentiality of the recipient's name.

On April 24, Defendants GitHub and Microsoft filed the present motion to determine whether the recipient's name should be retroactively sealed. ECF No. 80. Plaintiffs' statement in

1  support of sealing contains a footnote acknowledging Plaintiffs' own disclosure of the recipient's
2  name. ECF No. 83 at 3 n.3 ("Plaintiffs also used Recipient's real name in responding to
3  Defendants' arguments about Recipient, though by that time Defendants' filings containing
4  Recipient's name were already available to the public . . . [S]hould the Court allow it, Plaintiffs
5  respectfully request to work with the Court to redact Recipient's name from that reply and
6  declaration in support now that Defendants' public references have been removed from public
7  viewing.").

8        As the proponent of sealing the recipient's name, Plaintiffs bear the burden with respect to
9  sealing. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). To seal
10 information submitted with a motion that is "more than tangentially related to the merits of the
11 case," like the motion to dismiss at issue here, Plaintiffs must show "compelling reasons" to keep
12 the information under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02
13 (9th Cir. 2016). While "[w]hat constitutes a 'compelling reason' is 'best left to the sound
14 discretion of the trial court,' . . . [e]xamples include when a court record might be used to 'gratify
15 private spite or promote public scandal,' to circulate 'libelous statements, or 'as sources of
16 business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting
17 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

18       In their statement in support of sealing, Plaintiffs argue they "have already provided a
19 sound basis to seal information identified in their sealing motion" and seek to incorporate those
20 arguments by reference. ECF No. 83 at 3. But Plaintiffs' prior sealing motion, ECF No. 65,
21 includes no argument regarding the sealing of the recipient's name; rather, it focuses solely on
22 sealing the identities of non-party senders. *Id.* at 2-3 (citing cases sealing personally identifiable
23 information of third parties unrelated to the litigation); ECF No. 65-1 at 2 (explaining that exhibits
24 should be sealed because they "contain the personally identifiable information about *a* nonparty to
25 this litigation") (emphasis added). Plaintiffs' statement in support advances no other argument
26 regarding the "compelling reasons" that would justify sealing the recipient's name, aside from the
27 fact that such information was previously sealed by this Court.

28       Prior to the public disclosure of the recipient's name, Plaintiffs had already identified the

recipient of the emails as "Plaintiffs' counsel." The names and contact information for each of Plaintiffs' counsel in this case is public information available on the docket. Plaintiffs have not explained how the revelation of *which* of Plaintiffs' lawyers received the emails "might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous statements, or 'as sources of business information that might harm a litigant's competitive standing,'" nor have they offered another compelling reason to seal the recipient's identity. *Ctr. for Auto Safety*, 809 F.3d at 1097.

The Court is not persuaded that compelling reasons exist to keep the recipient's identity under seal. Accordingly, the administrative motion to consider whether another party's material should be sealed, ECF No. 80, is denied.

**IT IS SO ORDERED.**

Dated: May 11, 2023



JON S. TIGAR
United States District Judge