ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:	+1 415 773 5700
Facsimile:	+1 415 773 5759

WILLIAM W. OXLEY (SBN 136793)
woxley@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue
Los Angeles, CA 90071
Telephone:	+1 213 629 2020
Facsimile:	+1 213 612 2499

*Attorneys for GitHub, Inc. and Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>    Defendants.<br><br>AND CONSOLIDATED ACTION | Case No. 4:22-cv-6823-JST<br><br>Consolidated with Case No. 4:22-cv-7074-JST<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS GITHUB AND MICROSOFT'S MOTIONS TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT IN CONSOLIDATED ACTIONS** |

This matter came before the Court upon the Motion to Dismiss Portions of the First Amended Complaint by Defendants GitHub, Inc. ("GitHub") and Microsoft Corporation ("Microsoft"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court, having considered the papers submitted in connection with the motions, including the responses and replies thereto, and all parties having had the opportunity to be heard, concludes as follows.

Requests for damages in the Amended Complaint are dismissed pursuant to Rule 12(b)(1) because Plaintiffs fail to allege that they suffered any actual injury at the hands of either GitHub or Microsoft. The Amended Complaint does not adequately allege that Copilot has ever generated a copy of Plaintiffs' code when Copilot is prompted by normal use, rather than when used specifically to generate litigation-focused outputs. Plaintiffs engineered several examples of Copilot outputs that resemble (but are different from) their code, but they do not allege that any user could or would generate these same outputs. Plaintiffs may not "manufacture standing merely by inflicting harm on themselves." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). In addition, Does 1 and 2 lack standing because their claims of injury rely on facts that post-date the complaint; Plaintiffs may not belatedly amend jurisdictional facts to generate standing where none was present at the time the Complaint was filed. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). Last, Plaintiffs cannot establish standing for their unjust enrichment and negligence claims based on the act of training Copilot alone. The Amended Complaint does not allege any cognizable injury to them that would result from the mere training of a generative AI model based, in part, on code contained in Plaintiffs' repositories. Accordingly, all requests for or assertions of entitlement to monetary relief are dismissed from the case. Plaintiffs' requests for punitive damages are independently dismissed pursuant to Rule 12(b)(6) because Plaintiffs fail to plead the required intentional and "despicable" behavior. Cal. Civ. Code § 3294(a), (c).

On the merits, Plaintiffs' DMCA and state law tort claims must be dismissed. The DMCA claim fails because Plaintiffs have not alleged removal or alteration of CMI from identical copies of their works. Section § 1202(b) of the DMCA applies only when CMI is

removed or altered from an *identical* copy of a copyrighted work, not when the copy from which CMI is allegedly removed is merely an excerpt or modification of the original.  *See, e.g., Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1356, 1359 (N.D. Fla. 2010); *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. CIV. 13-00496, 2015 WL 263556, at *3 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017); *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999).  The Amended Complaint does not allege removal of CMI from identical copies of Plaintiffs' works.  Thus, Plaintiffs' § 1202(b) claims are dismissed.

Plaintiffs' state-law tort claims are preempted by the Copyright Act.  The Copyright Act preempts "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright … and come within the subject matter of copyright." 17 U.S.C. § 301(a); see also *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017).  At core, Plaintiffs state-law tort claims are built on the allegation that Defendants, without authorization, copied, distributed, and created derivative works from code in Plaintiffs' repositories, and thus easily fall within category of claims identified in the Act as preempted.  Copyright preemption precludes Plaintiffs' claims for tortious and negligent interference with economic advantage (counts 4 and 5), unjust enrichment and negligence (counts 6 and 8), and unfair competition to the extent based on state law tort claims (count 7, Am. Compl. ¶ 276(c), (d)).

In addition, Plaintiffs fail to state a claim as to any state-law tort.  To begin with, Plaintiffs have failed to comply with this Court's directive to identify the applicable state law for their common law claims, which his grounds for dismissal.  ECF No. 95 at 4 n.5.  Plaintiffs' claims fail on the merits as well.  Plaintiffs' have replaced their previous claim for tortious interference in contractual relations with claims for intentional and negligent interference with prospective economic relations (counts 4 and 5).  But the Amended Complaint fails to identify any specific business expectancy or third-party relationship with which GitHub and Microsoft allegedly interfered, an essential element of either claim.  *See Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.

5th 1130, 1141 (2020); *Crown Imports, LLC v. Super. Ct.*, 223 Cal. App. 4th 1395, 1404 (2014).

The unjust enrichment claim (count 6) must also be dismissed. In California, an unjust enrichment is "a quasi-contract claim seeking restitution," *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (citation omitted), which requires Plaintiffs to allege "the absence of any applicable and enforceable contract provisions,'" *In re Bang Energy Drink Mktg. Litig.*, No. 18-cv-05758, 2020 WL 4458916, at *10 (N.D. Cal. Feb. 6, 2020) (quoting *City of L.A. v. Sprint Sols., Inc.*, No. 17-cv-00811, 2019 WL 5568879, at *9 (E.D. Cal. Oct. 29, 2019)). The Amended Complaint includes no such allegation. Nor does the Amended Complaint allege facts to establish that Defendants benefited at Plaintiffs' expense.

Plaintiffs lack standing to bring a UCL claim (count 7). UCL standing requires "lost money or property." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 324 (2011); Cal. Bus. & Prof. Code § 17204. But the Amended Complaints' allegations that "Plaintiffs and the Class have suffered economic injury as a result of Defendants' conduct," Am. Compl. ¶ 281, are conclusory and do not establish that critical element of a UCL action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The UCL claim is therefore dismissed.

Finally, Plaintiffs' negligence claim (count 8) must be dismissed because the Amended Complaint fails to identify any pertinent legal duty which Defendants owed Plaintiffs. The sources of duty identified in the Amended Complaint are grounded in the contractual obligations (and rights) that define the terms of users' relationship with GitHub. A duty in tort cannot be derived from obligations in a contract absent some "special relationship" recognized in law— which Plaintiffs do not claim here. *See Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 682-94 (1988). In addition, any alleged violation of duty predicated on training Copilot with code published in public GitHub repositories is expressly foreclosed by GitHub's Terms of Service, which expressly authorize its use of material in public repositories for analysis. *See* Am. Compl. Ex. 1.

Accordingly, Defendants' motion to dismiss is hereby **GRANTED.**

[PROPOSED] ORDER GRANTING
GITHUB AND MICROSOFT'S
MTD AM. COMPL.
No. 4:22-cv-6823-JST

**IT IS SO ORDERED.**

DATED: _____      _____
                                JON S. TIGAR
                                United States District Judge