1  MICHAEL A. JACOBS (SBN 111664)
   MJacobs@mofo.com
2  JOSEPH C. GRATZ (SBN 240676)
   JGratz@mofo.com
3  TIFFANY CHEUNG (SBN 211497)
   TCheung@mofo.com
4  MELODY E. WONG (SBN 341494)
   MelodyWong@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:     (415) 268-7000
7  Facsimile:     (415) 268-7522
   [CAPTION PAGE CONTINUED ON NEXT PAGE]
8
   Attorneys for Defendants OPENAI, INC., a Delaware nonprofit
9  corporation, OPENAI, L.P., a Delaware limited partnership,
   OPENAI OPCO, L.L.C., a Delaware limited liability company,
10 OPENAI GP, L.L.C., a Delaware limited liability company,
   OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited
11 liability company, OPENAI STARTUP FUND I, L.P., a
   Delaware limited partnership, OPENAI STARTUP FUND
12 MANAGEMENT, LLC, a Delaware limited liability company

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16 | J. DOE 1 and J. DOE 2, individually and on | Case No. 4:22-cv-06823-JST
   | behalf of all others similarly situated,   | Case No. 4:22-cv-07074-JST
17 |                                            |
   |                          Plaintiffs,       | Hon. Jon S. Tigar
18 |                                            |
   |          v.                                | **CLASS ACTION**
19 |                                            |
   | GITHUB, INC., a Delaware corporation;      | **DEFENDANTS OPENAI, INC.,**
20 | MICROSOFT CORPORATION, a Washington        | **OPENAI, L.P., OPENAI OPCO,**
   | corporation; OPENAI, INC., a Delaware       | **L.L.C., OPENAI GP, L.L.C., OPENAI**
21 | nonprofit corporation; OPENAI, L.P., a Delaware | **STARTUP FUND GP I, L.L.C.,**
   | limited partnership; OPENAI OPCO, L.L.C., a | **OPENAI STARTUP FUND I, L.P.,**
22 | Delaware limited liability company; OPENAI  | **AND OPENAI STARTUP FUND**
   | GP, L.L.C., a Delaware limited liability company; | **MANAGEMENT, LLC'S MOTION**
23 | OPENAI STARTUP FUND GP I, L.L.C., a         | **TO DISMISS FIRST AMENDED**
   | Delaware limited liability company; OPENAI  | **COMPLAINT**
24 | STARTUP FUND I, L.P., a Delaware limited    |
   | partnership; OPENAI STARTUP FUND           | **[PUBLIC VERSION OF DOCUMENT**
25 | MANAGEMENT, LLC, a Delaware limited         | **SOUGHT TO BE FILED UNDER SEAL]**
   | liability company,                          |
26 |                                            | Date: September 14, 2023
   |                          Defendants.        | Time: 2:00 p.m.
27 |                                            | Dept: Courtroom 6

28

ALLYSON R. BENNETT (SBN 302090)
ABennett@mofo.com
ROSE S. LEE (SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:    (213) 892-5200
Facsimile:    (213) 892-5454

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2023 at 2:00 p.m., or at a different time and date set by the Court, Defendants OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P. AND OPENAI STARTUP FUND MANAGEMENT, LLC (hereinafter "OPENAI"), by and through counsel, will and hereby do move the Court to dismiss the following claims asserted in the First Amended Complaint against OpenAI: (1) violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, *et seq.*; (2) intentional interference with prospective economic relations; (3) negligent interference with prospective economic relations; (4) unjust enrichment under common law; (5) unfair competition under common law and California Business & Professions Code § 17200, *et seq.*; and (6) negligence.

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith, the Proposed Order submitted herewith, all pleadings and papers on file in this action, and such further evidence that may be submitted to the Court or before the hearing.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND.......................................... 1

III.  LEGAL STANDARD ...................................................................................... 5

    A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction.................... 5

    B.    Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6). .................. 6

IV.   ARGUMENT .................................................................................................. 6

    A.    Plaintiffs Lack Article III Standing to Assert Their Claims for Monetary Damages. ........................................................................................ 6

    B.    The Copyright Act Preempts Several State Law Causes of Action. ...................... 8

    C.    Plaintiffs' Common Law Claims Also Fail Because Plaintiffs Have Not Alleged Which State's Laws Apply.......................................................... 10

    D.    Plaintiffs' Claims Fail for Reasons Specific to Each Claim. .......................... 10

        1.    Plaintiffs' DMCA Claim Should Be Dismissed. ............................ 10

            a.    Plaintiffs Have Not Properly Pled a Claim for Removal of CMI. ............................................................................... 11

            b.    Plaintiffs Failed to Allege Revmoval from Identical Copies........ 11

            c.    Plaintiffs Have Failed to Plead a Claim for Distributing Copies of Works from Which CMI Has Been Removed. ............. 14

        2.    Plaintiffs' Claims for Intentional and Negligent Interference with Prospective Economic Relations Fail. ............................................ 14

            a.    Plaintiffs Have Not Sufficiently Pled an Economic Relationship with a Third Party that Has a Probability of Future Economic Benefit. .................................................... 15

            b.    Plaintiffs Have Not Pled OpenAI's Knowledge of an Economic Relationship with Third Parties. .......................... 16

            c.    Plaintiffs Have Not Alleged Actual Disruption to their Prospective Economic Relations.................................... 17

            d.    Plaintiffs Have Not Pled Economic Harm. ................................ 18

            e.    Plaintiffs Have Failed to Plead that OpenAI Engaged in Wrongful Conduct........................................................... 18

            f.    Plaintiffs Have Not Pled the Requisite Intent to Establish their Intentional Interference Claim. .......................... 18

            g.    Plaintiffs Have Not Pled the Requisite Duty of Care Element to Establish a Negligent Interference Claim. ............. 19

        3.    Plaintiffs Fail to State a Claim for Unjust Enrichment. ........................... 19

        4.    Plaintiffs Fail to State an Unfair Competition Claim............................ 20

        5.    Plaintiffs Fail to State a Claim for Negligence. ..................................... 23

V.    CONCLUSION............................................................................................... 25

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics LLC*,
5     No. 22-CV-1186 TWR (BLM), 2023 WL 3366534 (S.D. Cal. May 9, 2023).......................13

6

*AF Holdings, LLC v. Doe*,
    No. C 12-2049 PJH, 2012 WL 3835102 (N.D. Cal. Sept. 4, 2012)........................................10
7

*Agence France Presse v. Morel*,
8     769 F. Supp. 2d 295 (S.D.N.Y. 2011)..................................................................................23

9

*Aghmane v. Bank of Am., N.A.*,
    No. C-13-03698 DMR, 2014 WL 6893866 (N.D. Cal. Dec. 5, 2014),
10     *rev'd on other grounds*, 696 F. App'x 175 (9th Cir. 2017) ....................................................8

11

*AirDefense, Inc. v. AirTight Networks, Inc.*,
12     No. C 05-04615JF, 2006 WL 2092053 (N.D. Cal. Jul. 26, 2006) .........................................15

13

*Alsheikh v. Lew*,
    No. 3:15-CV-03601-JST, 2016 WL 1394338 (N.D. Cal. Apr. 7, 2016) .................................7
14

15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................................6
16

*Astiana v. Hain Celestial Grp., Inc.*,
17     783 F.3d 753 (9th Cir. 2015).................................................................................................19

18

*Baiul-Farina v. Lemire*,
    804 F. App'x 533 (9th Cir. 2020) ........................................................................................19
19

20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................................6
21

*Blazheiev v. Ubisoft Toronto Inc.*,
22     No. 17-cv-07160-EMC, 2018 WL 3417481 (N.D. Cal. July 13, 2018)................................17

23

*Brown v. Allstate Ins. Co.*,
    17 F. Supp. 2d 1134 (S.D. Cal. 1998)..................................................................................15
24

25

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047, 1055 (9th Cir. 2011)....................................................................................22
26

27

*Callahan v. Ancestry.com Inc.*,
    No. 20-CV-08437-LB, 2021 WL 2433893 (N.D. Cal. June 15, 2021)...................................7

28

*Cetacean Cmty. v. Bush*,
  386 F.3d 1169 (9th Cir. 2004)....................................................................................... 5

*Chandler v. State Farm Mut. Auto Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010)....................................................................................... 5

*Chiu v. NBS Default Servs., LLC*,
  No. 14-CV-05261-EDL, 2015 WL 1221399 (N.D. Cal. Mar. 17, 2015)............................ 20

*Coffen v. Home Depot U.S.A. Inc.*,
  No. 16-cv-03302-PJH, 2016 WL 4719273 (N.D. Cal. Sept. 9, 2016) ................................. 25

*Cromwell v. Certified Forensic Loan Auditors*,
  No. 17-CV-02429-DMR, 2019 WL 1095837 (N.D. Cal. Jan. 10, 2019),
  *report and recommendation adopted*, No. C 17-02429 SBA, 2019 WL 2181969
  (N.D. Cal. Feb. 12, 2019)............................................................................................. 10

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003) ...................................................................................................... 23

*Davis v. RiverSource Life Ins. Co.*,
  240 F. Supp. 3d 1011 (N.D. Cal. 2017) ......................................................................... 21

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
  11 Cal. 4th 376 (1995) ............................................................................................ 14, 18

*Dielsi v. Falk*,
  916 F. Supp. 985 (C.D. Cal. 1996) ................................................................................ 10

*Dolls Kill, Inc. v. Zeetop Bus. Co.*,
  No. 2:22-cv-01463-RGK-MAA, 2022 WL 16961477
  (C.D. Cal. Aug. 25, 2022)............................................................................................ 14

*ESG Cap. Partners, LP v. Stratos*,
  828 F.3d 1023 (9th Cir. 2016)....................................................................................... 20

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
  No. CIV. 13-00496 SOM, 2015 WL 263556 (D. Haw. Jan. 21, 2015),
  *aff'd*, 700 F. App'x 674 (9th Cir. 2017)......................................................................... 12

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008).......................................................................................... 6

*Go Daddy Operating Co., LLC v. Ghaznavi*,
  No. 17-CV-06545-PJH, 2018 WL 1091257 (N.D. Cal. Feb. 28, 2018) .................... 16, 17, 18

*Green v. ADT, LLC*,
  No. 16-CV-02227-LB, 2016 WL 5339800 (N.D. Cal. Sept. 23, 2016)................................ 24

*Hameed v. IHOP Franchising LLC*,
    520 Fed. App'x 520 (9th Cir. 2013)..................................................................................... 19

*Ileto v. Glock Inc.*,
    349 F.3d 1191 (9th Cir. 2003).......................................................................................... 23

*Impeva Labs, Inc. v. Sys. Planning Corp.*,
    No. 5:12-CV-00125-EJD, 2012 WL 3647716 (N.D. Cal. Aug. 23, 2012) ........................... 14

*Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*,
    No. C 07-3983JSW, 2007 WL 4532214 (N.D. Cal. Dec. 19, 2007)....................................... 9

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009).......................................................................................... 22

*Kelly v. Arriba Soft Corp.*,
    77 F. Supp. 2d 1116 (C.D. Cal. 1999),
    *aff'd and rev'd in part on other grounds*, 336 F.3d 811 (9th Cir. 2003) ............................... 12

*Kirk Kara Corp. v. W. Stone & Metal Corp.*,
    No.CV 20-1931-DMG (EX), 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) ................. 13, 14

*Klein v. Chevron U.S.A., Inc.*,
    202 Cal. App. 4th 1342 (2012)......................................................................................... 20

*Kokkonen v. Guardian life Ins. Co. of Am.*,
    511 U.S. 375 (1994) .......................................................................................................... 5

*Korea Supply Co. v. Lockheed Martin Co.*,
    29 Cal. 4th 1134 (2003) ................................................................................................... 18

*Lance v. Coffman*,
    549 U.S. 437 (2007) .......................................................................................................... 5

*Langan v. United Servs. Auto. Ass'n*,
    69 F. Supp. 3d 965 (N.D. Cal. 2014) ............................................................................... 23

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...................................................................................................... 6, 7

*Lusinyan v. Bank of Am., N.A.*,
    No. CV-14-9586 DMG, 2015 WL 12803453 (C.D. Cal. Sept. 15, 2015) ............................ 22

*Maloney v. T3Media, Inc.*,
    853 F.3d 1004 (9th Cir. 2017)............................................................................................ 8

*Media.net Advert. FZ-LLC v. NetSeer, Inc.*,
    156 F. Supp. 3d 1052 (N.D. Cal. 2016) .............................................................................. 8

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008)................................................................. 6

*name.space, Inc. v. Internet Corp. for Assigned Names &Numbers*,
   No. CV 12-8676 PA, 2013 WL 2151478 (C.D. Cal. Mar. 4, 2013) ...................... 18

*O'Connor v. Uber Techs., Inc.*,
   58 F. Supp. 3d 989 (N.D. Cal. 2014) ........................................................ 22

*O'Neal v. Sideshow, Inc.*,
   583 F. Supp. 3d 1282 (C.D. Cal. 2022)...................................................... 11

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
   946 F. Supp. 2d 957 (N.D. Cal. 2013) ...................................................... 14

*Rosal v. First Fed. Bank of Cal.*
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ..................................................... 20

*Rosen v. Uber Techs., Inc.*,
   164 F. Supp. 3d 1165 (N.D. Cal. 2016) ..................................................... 15

*Sebastian Brown Prods. LLC v. Muzooka Inc.*,
   No. 15-CV-01720-LHK, 2016 WL 949004 (N.D. Cal. Mar. 14, 2016) ................ 23

*Shade v. Gorman*,
   No. C 08-3471 SI, 2009 WL 196400 (N.D. Cal. Jan. 28, 2009).......................... 9

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
   983 F. Supp. 1303 (N.D. Cal. 1997) ......................................................... 17

*Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*,
   No. SACV 11-01197-CJC, 2012 WL 13028094 (C.D. Cal. Apr. 4, 2012) ............ 21

*Song v. Drenberg*,
   No. 18-CV-06283-LHK, 2019 WL 1998944 (N.D. Cal. May 6, 2019) .......... 15, 16

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020).................................................................. 21

*Sony Comp. Entm't, Inc. v. Connectix Corp.*,
   203 F.3d 596 (9th Cir. 2000).................................................................. 13

*Stevens v. CoreLogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018).................................................................. 11

*Stolz v. Wong Commc'ns Ltd. P'ship*,
   25 Cal. App. 4th 1811 (1994)................................................................. 19

*Sulit v. Sound Choice Inc.*,
  No. C06-00045 MJJ, 2006 WL 8442163 (N.D. Cal. Nov. 14, 2006) ........................................ 9

*SunPower Corp. v. SolarCity Corp.*,
  No. 12-CV-000694-LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ............................. 15

*Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches Ltd.*,
  No. 17-CV-02323-JST, 2017 WL 4805576 (N.D. Cal. Oct. 24, 2017) ................................. 24

*Sybersound Records, Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) ........................................................................................ 17, 23

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*,
  42 Cal. App. 4th 507 (1996) ................................................................................................ 16

*Wilbur v. Locke*,
  423 F.3d 1101 (9th Cir. 2005) ............................................................................................... 7

*Yamada v. Snipes*,
  786 F.3d 1182 (9th Cir. 2015) ............................................................................................... 7

*Yellowcake, Inc. v. Hyphy Music, Inc.*,
  No. 1:20-CV-0988 AWI BAM, 2021 WL 3052535 (E.D. Cal. July 20, 2021) ..................... 21

**Constitution, Statutes, and Rules**

U.S. Const. art. III ........................................................................................................... 5, 6, 7

15 U.S.C. § 1125, *et seq.* (Lanham Act) ........................................................................... 2, 23

17 U.S.C. §§ 1201-1205 (Digital Millennium Copyright Act ("DCMA")) ........................... *passim*

Cal. Bus. & Prof. Code § 17200, *et seq.* ............................................................................. 3, 21

Fed. R. Civ. P.
  9(b) ....................................................................................................................................... 22
  12(b)(1) .................................................................................................................................. 5
  12(b)(6) .................................................................................................................................. 6

1

**STATEMENT OF THE ISSUES TO BE DECIDED**

2

This motion raises the following issues:

3

1.     **Article III Standing.**  Whether Plaintiffs' claims for damages should be dismissed

4

for lack of standing under Article III of the United States Constitution.

5

2.     **Preemption.**  Whether the Copyright Act preempts the state law causes of action

6

for intentional interference with prospective economic relations, negligent interference with

7

prospective economic relations, unjust enrichment, unfair competition, and negligence.

8

3.     **Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201-1205 (Count**

9

**I).**  Whether this claim should be dismissed for failing to allege (i) removal of CMI from identical

10

copies or (ii) distribution of works with removed CMI.

11

4.     **Intentional Interference with Prospective Economic Relations (Count IV).**

12

Whether this claim should be dismissed for failure to plead the existence of an economic

13

relationship between Plaintiffs and a third party with a probability of economic benefit, OpenAI's

14

knowledge of the existence of that relationship, intentional acts on the part of OpenAI designed to

15

disrupt the relationship, actual disruption of the relationship, and economic harm to Plaintiffs as a

16

result.

17

5.     **Negligent Interference with Prospective Economic Relations (Count V).**

18

Whether this claim should be dismissed for failure to plead that OpenAI owed Plaintiffs a duty of

19

care, as well as other required elements.

20

6.     **Unjust Enrichment (Count VI).**  Whether this claim should be dismissed because

21

there is no standalone cause of action for unjust enrichment and Plaintiffs fail to plead the

22

required elements.

23

7.     **Unfair Competition (Count VII)**. Whether this claim should be dismissed for

24

failure to (i) sufficiently plead a lack of an adequate legal remedy or an economic injury for the

25

Unfair Competition Law ("UCL") claim under California Business. & Professions Code § 17200;

26

(ii) plead a predicate violation for the "unlawful" claim; (iii) allege sufficient facts in support of

27

the "unfair" claim; (iv) satisfy the heightened pleading requirements for fraud and allege reliance

28

for the "fraudulent" claim; and (v) identify an actionable basis for a common law claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8.      **Negligence (Count VIII).** Whether this claim should be dismissed for failure to plead that OpenAI owed Plaintiffs a duty of care.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION

3

4

5

6

7

8

This Court previously dismissed all of Plaintiffs' claims for monetary damages because Plaintiffs had not plausibly alleged that any Defendant had reproduced protectible aspects of Plaintiffs' code.  The Court also dismissed Plaintiffs' state law tort claims as preempted by the Copyright Act.  Plaintiffs have amended their complaint, but they have not cured the defects that the Court previously identified with respect to the claims they have re-pled.  Their new claims fare no better.

9

10

11

First, Plaintiffs still have not plausibly alleged that any of their code was output by Codex or Copilot prior to the filing of the original complaint by anyone other than Plaintiffs themselves. They therefore continue to lack standing to bring claims for monetary relief.

12

13

14

15

Second, Plaintiffs' newly pled facts showing the contortions required to cause Copilot to generate approximations of Plaintiffs' code reinforce why Plaintiffs' DMCA claims fail.  The new allegations demonstrate that they cannot plausibly allege removal of CMI from identical copies of Plaintiffs' code.

16

17

18

19

20

21

Third, Plaintiffs' state law tort and unjust enrichment claims fail because they continue to be preempted.  The Court previously found Plaintiffs' unjust enrichment claim preempted by the Copyright Act because Plaintiffs alleged only the unauthorized reproduction of Plaintiffs' code. That's still true of the first amended complaint—for both the unjust enrichment and the tort claims.  Plaintiffs' unjust enrichment and tort claims also suffer from a host of legal deficiencies on the merits.

22

23

24

Fourth, Plaintiffs' unfair competition claim fails because (among other reasons) Plaintiffs still have not pled an inadequate legal remedy, or a predicate violation that caused them an economic injury.

25

Accordingly, Open AI's motion to dismiss should be granted.

26

## II.    FACTUAL AND PROCEDURAL BACKGROUND

27

28

**The Original Complaint.**  This case was originally brought by four named Plaintiffs (proceeding anonymously).  They alleged that materials that they had posted to GitHub under

open-source licenses were used as part of the training set for Codex and Copilot, although they did not allege that any of their copyrighted code had been output by Codex or Copilot.  (*See, e.g.*, Compl. (Dkt. No. 1) ¶¶ 90-91.)  As a result, they brought claims against Microsoft Corporation ("Microsoft"), GitHub, Inc. ("GitHub"), and six OpenAI entities (together with subsequently named defendant OpenAI OpCo, L.L.C., "OpenAI," and, collectively with Microsoft and GitHub, "Defendants").

**The Court's Prior Order.**  On January 26, 2023, Defendants moved to dismiss the complaint, both on standing grounds and on the merits.  (Defs.' Mots. to Dismiss (Dkt. Nos. 50, 53).)  On May 11, 2023, this Court granted in part and denied in part Defendants' motions to dismiss.  (Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss (Dkt. No. 95, "Order").)  The Court denied Defendants' motion with respect to Plaintiffs' claims for (1) breach of contract and (2) declaratory relief under Sections 1201(b)(1) and 1201(b)(3) of the DMCA. But it granted Defendants' motions on all other claims.

With respect to Plaintiffs' claims for monetary relief, the Court found that Plaintiffs lacked standing because "Plaintiffs [did] not identify any instance of Copilot reproducing Plaintiffs' licensed code and therefore failed to plead a particularized injury sufficient to confer standing."  (*Id.* at 7.)  The Court also found that Plaintiffs lacked standing for their privacy-based claims (violations of the CCPA and negligence) and dismissed them. (*Id.*)

On the merits:

1.      Plaintiffs' claims under Section 1202(a) of the DMCA, tortious interference with a contract, false designation of origin, and unfair competition claims under the Lanham Act and common law were dismissed because Plaintiffs had failed to defend them in their opposition.  (*Id.* at 16.)

2.      Plaintiffs' unjust enrichment claim was dismissed as preempted by the Copyright Act.  (*Id.* at 16-18.)

3.      Plaintiffs' UCL claim was dismissed because it was predicated largely on other claims that had been dismissed.  (*Id.* at 22-23.)  The only plausibly surviving predicate claims were violations of Sections 1202(b)(1) and (b)(3), but for those claims, the Court held that

1    Plaintiff failed to show "how Defendants' alleged violations of the DMCA have caused or will

2    cause Plaintiffs economic injury." (*Id.* at 23.)

3        4.      Plaintiffs' civil conspiracy and declaratory relief claims were dismissed because

4    neither is a standalone cause of action. (*Id.* at 24.)

5        5.      Plaintiffs' DMCA claim under Section 1202(b)(2) was dismissed based on

6    Plaintiffs' failure to allege distribution of altered copyright management information ("CMI").

7    (*Id.* at 21.)

8        **The Amended Complaint.**  On June 8, 2023, Plaintiffs filed the FAC, which added both

9    a new OpenAI defendant and a new plaintiff. (First Am. Compl. (Dkt. No. 97-3, "FAC").)  The

10   FAC asserts seven causes of action against Open AI, some of which are new and some of which

11   have been re-pled.  Plaintiffs again assert claims for (1) violation of Sections 1202(b)(1) and

12   (b)(3) of the DMCA, 17 U.S.C. § 1202, *et seq.* (Count I); (2) breach of contract (Count II); (3)

13   unjust enrichment (Count VI); (4) unfair competition under common law and California Business

14   & Professions Code § 17200, *et seq.* (Count VII); and (5) negligence (Count VIII).[1]  (FAC ¶¶

15   183-229, 266-289.)    Plaintiffs added new claims for (1) intentional interference with prospective

16   economic relations (Count III); and (2) negligent interference with prospective economic relations

17   (Count IV).  Plaintiffs did not re-plead their claims for violations of Section 1202(a) and

18   1202(b)(2) of the DMCA, tortious interference with a contract, false designation of origin,

19   violation of the CCPA, civil conspiracy and declaratory relief.

20       Plaintiffs' new factual allegations principally address the Court's finding that the original

21   complaint did not plausibly allege reproduction of Plaintiffs' code. (Order at 8.)  For Does 1, 2,

22   and 5, the FAC now alleges that Copilot output code they allegedly published to GitHub,

23   although they tellingly omit *when* that output supposedly occurred.  Further, Plaintiffs'

24   allegations demonstrate that Plaintiffs themselves went to grant lengths to cause the output that

25   they now complain of.

26   _____

27   [1] Where the complaint refers to common law or state law, OpenAI applies California law for
     purposes of this motion. OpenAI does not concede that California law can be applied to acts
28   occurring outside California.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17    Nowhere do Plaintiffs allege that any of these prompts were provided before the original

18  complaint was filed; nor do they allege that anyone other than Plaintiffs input (or would input)

19  those particular prompts.

20  **III.    LEGAL STANDARD**

21      **A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

22      Federal courts "possess only that power authorized by Constitution and statute."

23  *Kokkonen v. Guardian life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Article III "limits the

24  jurisdiction of federal courts to 'Cases' and 'Controversies.'"  *Lance v. Coffman,* 549 U.S. 437,

25  439 (2007).  If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject

26  matter jurisdiction, and the suit must be dismissed under Rule 12(b)(1).  *Cetacean Cmty. v. Bush*,

27  386 F.3d 1169, 1174 (9th Cir. 2004).  Once a defendant has moved to dismiss under Rule

28  12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction.  *See Chandler v.*

1   *State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

2        **B.**      **Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6).**

3         To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual

4   matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

5   556 U.S. 662, 678 (2009) (cleaned up).  Dismissal is appropriate "where the complaint lacks a

6   cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

7   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, "[f]actual allegations

8   must be enough to raise a right to relief above the speculative level" and "a formulaic recitation of

9   the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

10   (2007).  The Court need not accept as true conclusory allegations or legal characterizations, nor

11   need it accept unreasonable inferences or unwarranted factual deductions. *In re Gilead Scis. Sec.*

12   *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

13   **IV.**    **ARGUMENT**

14        **A.**      **Plaintiffs Lack Article III Standing to Assert Their Claims for Monetary**
15             **Damages.**

16         Plaintiffs' claims for monetary damages must be dismissed because they have again failed

16   to sufficiently plead that they suffered a cognizable injury to satisfy "the irreducible constitutional

17   minimum of standing" under Article III.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

18   (1992).  As this Court previously held, "[a]n increased risk of future harm alone is not sufficiently

19   concrete to confer standing for damages."  (Order at 8-9 (citing *TransUnion LLC v. Ramirez*, 141

20   S. Ct. 2190, 2210-11 (2021)).)   The "mere risk of future harm…cannot qualify as a concrete

21   harm," unless "the exposure to the risk of future harm itself causes a *separate* concrete harm.  (*Id.*

22   (emphasis in original).)  And where plaintiffs "do not allege that they themselves have suffered

23   the injury they describe, they do not have standing to seek retrospective relief for that injury," as

24   there would be "no injury redressable by the monetary damages they seek." (*Id.* at 8 & n.8.)

25         Because Plaintiffs did not "allege that they themselves have suffered the injury" nor had

26   they "alleged any additional, concrete harm associated with [an] increased risk of

27   misappropriation" in their original complaint, this Court concluded that those allegations "cannot

28    

1    provide standing for Plaintiffs' damages claims." (*Id.* at 8-9.)  The FAC attempts to cure that

2    deficiency by offering four "specific examples" where Copilot purportedly output code posted to

3    GitHub by Does 1, 2, and 5.  (FAC ¶¶ 98-126.)  Does 3 and 4 have yet again failed to plead

4    specific instances in which *their* code was output by Copilot.  Because Does 3 and 4 fail to raise

5    any new allegations, as this Court previously determined, their claims for monetary damages must

6    be dismissed.  (*See* Order at 8-9.)  *See also Alsheikh v. Lew*, No. 3:15-CV-03601-JST, 2016 WL

7    1394338, at *2-3 (N.D. Cal. Apr. 7, 2016) (dismissing claim for lack of Article III standing where

8    plaintiff did not "identif[y] any particular injury that he has suffered").

9            Does 1 and 2 also fail to establish standing to seek monetary damages because they have

10   not shown their standing existed at the start of this action.  Despite new allegations asserting that

11   Copilot reproduces their code as output when given highly particularized prompts ████

12   ████████████████████████████████████████████████████████████████████████████████

13   ████████████████████████████, these plaintiffs have not alleged that Copilot generated this

14   output before this action was commenced.  Courts have recognized that "standing is determined

15   as of the *commencement* of the litigation."  *Yamada v. Snipes*, 786 F.3d 1182, 1203 (9th Cir.

16   2015) (emphasis added; cleaned up); *see also Lujan*, 504 U.S. at 569 n.4 ("The existence of

17   federal jurisdiction ordinarily depends on the facts *as they exist* when the complaint is filed.")

18   (emphasis added).  The "party invoking the jurisdiction of the court cannot rely on events that

19   unfolded after the filing of the complaint to establish its standing."  *Wilbur v. Locke*, 423 F.3d

20   1101, 1107 (9th Cir. 2005) (cleaned up).  Their failure to allege that their code was output prior to

21   the filing of the original complaint is therefore fatal to their claims.

22           Nor have Does 1, 2, and 5 alleged that Copilot generated this output for anyone other than

23   Plaintiffs.  Plaintiffs cannot manufacture their own injuries to satisfy standing by themselves

24   prompting Copilot to reproduce their code.  *See Callahan v. Ancestry.com Inc.*, No. 20-CV-

25   08437-LB, 2021 WL 2433893, at *5 (N.D. Cal. June 15, 2021) (finding that plaintiff's research

26   into defendant's use of records to find support for his privacy claims "is not [a] concrete injury"

27   because "no case establishes that investigation untethered to harm reduction is injury in fact.").

28   Accordingly, Plaintiffs lack standing to pursue any claims for monetary damages.

1

**B.     The Copyright Act Preempts Several State Law Causes of Action.**

2      Federal law preempts Plaintiffs' claims for intentional and negligent interference with

3   prospective economic relations, unjust enrichment, unfair competition, and negligence, and

4   accordingly, provides a basis for dismissal.  Preemption under Section 301 of the Copyright Act

5   applies if (1) "the 'subject matter' of the state law claim falls within the subject matter of

6   copyright as described in 17 U.S.C. §§ 102 and 103" and (2) "whether the rights asserted under

7   state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive

8   rights of copyright holders."  *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017)

9   (cleaned up).  This Court previously found that Plaintiffs' unjust enrichment claim was preempted

10  because it was based on "Defendants' reproduction of Plaintiffs' code as output and Defendants'

11  preparation of derivative works, both of which are rights protected under the Copyright Act."

12  (Order at 17-18.)  For similar reasons, the following state law claims alleged in the first amended

13  complaint are preempted:

14      • **Intentional and negligent interference with prospective economic relations.**  Plaintiffs

15  claim that OpenAI has "deprived" and "disrupt[ed]" "the economic benefits of open-source

16  licenses" by reproducing code without the licenses attached.  (FAC ¶¶ 249-52, 257, 261.)  These

17  claims, in essence, boil down to an allegation that OpenAI wrongfully copied Plaintiffs' code.  A

18  claim that is "predicated on [Defendants'] unauthorized copying of [Plaintiffs'] code" is "not

19  qualitatively different from [a] copyright infringement" claim, and is preempted.  *See Media.net*

20  *Advert. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1073-74 (N.D. Cal. 2016) (finding

21  preemption of plaintiff's intentional interference with prospective economic advantage where

22  plaintiff alleged that defendant directly copied plaintiff's code to create its own product and

23  "interfered with [p]laintiff's existing contractual relations with Microsoft"); *see also Aghmane v.*

24  *Bank of Am., N.A.*, No. C-13-03698 DMR, 2014 WL 6893866, at *21 (N.D. Cal. Dec. 5, 2014),

25  *rev'd on other grounds*, 696 F. App'x 175 (9th Cir. 2017) (negligent and intentional interference

26  with prospective economic advantage require the same elements, except instead of proving that

27  the acts were intentional, plaintiffs need to prove only that the defendant was negligent).

28      • **Unjust enrichment.**  Despite Plaintiffs' attempt to recast their unjust enrichment claim as

1    one concerning "unauthorized use of their Licensed Materials to train Codex and Copilot" (FAC ¶

2    271), the Copyright Act still preempts this claim.  At its core, this claim asserts that OpenAI

3    improperly benefitted because it "train[ed] Codex and Copilot without following the licenses."

4    (*Id.* ¶ 269.)  Specifically, Plaintiffs allege that (1) Defendants have "trained Codex and Copilot"

5    to "pretend[] those licenses do not exist," including because Codex "has not been trained to

6    provide Attribution"; and (2) Copilot is itself a derivative work of Plaintiffs' code.  (*Id.* ¶¶ 60,

7    181, 194 n. 34.)

8            Whether based on training or output, Plaintiffs' unjust enrichment claim therefore is one

9    for the unauthorized reproduction of Plaintiffs' code without attribution, and the unauthorized

10   creation of a derivative work.  It is therefore preempted.  *See Jonathan Browning, Inc. v. Venetian*

11   *Casino Resort, LLC*, No. C 07-3983JSW, 2007 WL 4532214, at *9 (N.D. Cal. Dec. 19, 2007)

12   (finding the unjust enrichment claim preempted where plaintiff argued that "the law should

13   impose an obligation on [defendant] to prevent unjust enrichment because [the parties] both

14   understood that [defendant] would not reproduce or copy the sconces unless it accepted

15   [plaintiff's] bid," as the "understanding not to reproduce or copy its sconces is 'equivalent to'"

16   the rights under the Copyright Act); *Shade v. Gorman*, No. C 08-3471 SI, 2009 WL 196400, at *5

17   (N.D. Cal. Jan. 28, 2009) (unjust enrichment claims preempted where the "gravamen of these

18   claims is that defendant surreptitiously copied plaintiff's raw footage and photographs, used those

19   materials to make [a movie] and that defendant has benefitted as a result," which were "the same

20   facts" and "same rights, as plaintiffs' copyright claim").

21   •   **Unfair Competition.**  To the extent Plaintiffs' claims are based on preempted state law

22   claims, the derivative claim must also fail.  *See Sulit v. Sound Choice Inc.*, No. C06-00045 MJJ,

23   2006 WL 8442163, at *7 (N.D. Cal. Nov. 14, 2006) ("State law causes of action for unfair

24   competition based on misappropriation of copyrighted material are preempted.").

25   •   **Negligence.**  Plaintiffs' negligence claim is subject to preemption because allegations that

26   OpenAI breached its duty of care to comply with the open-source licenses is just a copyright

27   infringement claim by another name.  The alleged duty of care is no more than a duty to refrain

28   from what Plaintiffs regard as copyright infringement.  Preemption under the Copyright Act

1   applies when, as here, the complaint "merely recharacterizes a copyright infringement claim as

2   one for negligence." *Dielsi v. Falk,* 916 F. Supp. 985, 992-93 (C.D. Cal. 1996).  *See also AF*

3   *Holdings, LLC v. Doe,* No. C 12-2049 PJH, 2012 WL 3835102, at *2 (N.D. Cal. Sept. 4, 2012)

4   (finding preemption where plaintiff claimed negligence based on a breach of a "duty to secure

5   [one's] Internet connection to prevent infringement of [plaintiff's] copyrighted works");

6   *Cromwell v. Certified Forensic Loan Auditors*, No. 17-CV-02429-DMR, 2019 WL 1095837, at

7   *11 (N.D. Cal. Jan. 10, 2019), *report and recommendation adopted*, No. C 17-02429 SBA, 2019

8   WL 2181969 (N.D. Cal. Feb. 12, 2019) (dismissing negligence where plaintiffs alleged that

9   defendant "published a copyrighted eBook on its website" but had "plead no facts for negligence

10   separate from their copyright infringement claim").  Thus, the negligence claim is preempted by

11   the Copyright Act.

12       **C.    Plaintiffs' Common Law Claims Also Fail Because Plaintiffs Have Not
                Alleged Which State's Laws Apply.**

13           Plaintiffs' common law claims (intentional interference with prospective economic

14   relations, negligent interference with prospective economic relations, unjust enrichment, unfair

15   competition, and negligence) fail for the additional reason that Plaintiffs do not identify which

16   state's law applies.  This Court previously held that "due to variances among state laws, failure to

17   allege which state law governs a common law claim is grounds for dismissal."  (Order at 4 n.5

18   (citing *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018))) (cleaned

19   up).)  Plaintiffs are citizens of New Hampshire, Illinois, Idaho, South Carolina, and

20   Massachusetts.  They assert their claims on behalf of putative nationwide classes.  Yet nowhere

21   does the FAC identify which state's (or states') laws govern Plaintiffs' claims.  Plaintiffs thus fail

22   to provide OpenAI adequate notice of their claims, as ordered by the Court.  (*See* Order, at 4 n.5.)

23       **D.    Plaintiffs' Claims Fail for Reasons Specific to Each Claim.**

24           **1.    Plaintiffs' DMCA Claim Should Be Dismissed.**

25           Although Plaintiffs have dropped their DMCA § 1202(a) claim, they continue to allege

26   that Defendants violated DMCA § 1202(b) by (1) removing or altering CMI from Licensed

27   Materials, and (2) distributing copies of Licensed Materials knowing CMI had been removed or

28

1    altered without authority.  (FAC ¶¶ 184-185.)

2           Plaintiffs' newly pled facts reinforce why Plaintiffs have not plausibly pled that OpenAI

3    has violated the DMCA.  In their original complaint, Plaintiffs were unable to identify specific

4    instances in which Copilot output Plaintiffs' code.  The FAC shows why:  Because Plaintiffs

5    allege only that Copilot will output portions of their code when very specifically prompted to do

6    so, and even then those portions are modified.  Even accepting Plaintiffs' allegations as true, they

7    have not pled the required elements of a claim under Section 1202(b) of the DMCA.

8                    **a.      Plaintiffs Have Not Properly Pled a Claim for Removal of CMI.**

9           To plead a claim for removal of CMI, a plaintiff must plausibly allege: (1) the existence of

10   CMI conveyed in connection with a work, (2) removal or alteration of that information, (3) that

11   the removal or alteration was done intentionally; and (4) the removal or alteration was done

12   knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal

13   copyright infringement.  17 U.S.C. § 1202(b); *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 673 (9th

14   Cir. 2018) (discussing the mental state elements); *O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d

15   1282, 1286-87 (C.D. Cal. 2022) (discussing other elements).

16          The Court found that Plaintiffs had adequately alleged removal because they had pled that

17   Defendants trained Copilot not to output CMI.  (Order at 19.)  But Plaintiffs have now alleged

18   specific examples of what "removal" looks like, and those examples are not enough to state a

19   claim under the DMCA.  In order to get Copilot to output modified copies of portions of

20   Plaintiffs' source code, Plaintiffs had to input very specific and substantial portions of Plaintiffs'

21   source code into Copilot.  For instance, the third example Plaintiffs provide is ███████████

22   ████████████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████████████

28          In this example, Plaintiffs have not shown that Copilot removes CMI from "a work" at all.

1   The example shows that Plaintiffs had to provide Copilot with a significant portion of the code

2   from the work ███████████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████ (*Id.*)  Copilot's

5   suggestion of a modified version of five lines of code does not constitute removal of CMI from

6   Doe 5's "work," when Plaintiffs themselves provided the majority of the work to Copilot (without

7   CMI) as the input.

8          The same is true of all of Plaintiffs' other examples: in each case Plaintiffs needed to

9   provide substantial material from the original in order to get Copilot to suggest a modified version

10  of the following portion of code, and in no case do any of the portions of code in question contain

11  any CMI (either the original or the code suggested by Copilot).  (*See id.* ¶ 101, 106, 114, 122.)

12  Those examples render implausible the allegation that Copilot has removed CMI from their

13  works.

14              **b.      Plaintiffs Fail to Allege Removal from Identical Copies.**

15         Even if they have adequately alleged removal, Plaintiffs' claim under § 1202(b) fails for

16  the additional reason that Plaintiffs do not allege that CMI was removed from identical copies of

17  Plaintiffs' code.  To prevent § 1202 from subsuming every copyright dispute, courts have

18  interpreted "removal" in the § 1202 context to require that there was some *identical* copy of the

19  plaintiff's work made without the plaintiff's CMI.  *See, e.g.*, *Kelly v. Arriba Soft Corp.*, 77 F.

20  Supp. 2d 1116, 1122 (C.D. Cal. 1999) (requiring that CMI was removed from "a plaintiff's

21  product or original work"), *aff'd and rev'd in part on other grounds*, 336 F.3d 811 (9th Cir.

22  2003).  Where a defendant makes a copy of a defendant's work that is substantially similar, but

23  not identical, to the plaintiff's work, and omits CMI from that copy, there may be a claim for

24  copyright infringement, but there cannot be a claim under § 1202.  *See Frost-Tsuji Architects v.*

25  *Highway Inn, Inc.*, No. CIV. 13-00496 SOM, 2015 WL 263556, at *3 (D. Haw. Jan. 21, 2015),

26  *aff'd*, 700 F. App'x 674 (9th Cir. 2017) ("But the drawing by [the defendant] is not identical to

27  the drawing by [the plaintiff], such that this court can say that [the defendant] removed or altered

28  [the plaintiff's] copyright management information from [the drawing]."); *id.* ("basing a drawing

1  on [the plaintiff's] work is not sufficient to support a claim" under § 1202); *Kirk Kara Corp. v. W.*

2  *Stone & Metal Corp.*, No.CV 20-1931-DMG (EX), 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14,

3  2020) (dismissing DMCA claim because "while the works may be *substantially similar*,

4  Defendant did not make *identical* copies of Plaintiff's works and then remove engraved CMI");

5  *Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics LLC*, No. 22-CV-1186 TWR (BLM),

6  2023 WL 3366534, at *12 (S.D. Cal. May 9, 2023) (finding plaintiff had failed to state a claim for

7  a violation of § 1202 of the DMCA because plaintiff had "not plausibly alleged that Defendants

8  distributed identical copies of Plaintiff's comparison").

9      Here, Plaintiffs provide examples that affirmatively demonstrate that Copilot is *not*

10  outputting identical copies:



20      But the mere fact that the (different) code output by Copilot supposedly has the same

21  function as Plaintiffs' code isn't enough to state a DMCA claim. While the code may have the

22  same *function*, it has different expression—and it is expression that is protected by copyright law,

23  not function. *See Sony Comp. Entm't, Inc. v. Connectix Corp.*, 203 F.3d 596, 603 (9th Cir. 2000)

24  ("the Copyright Act protects expression only, not ideas or the functional aspects of a software

25  program"). Section 1202 is no different: A person must remove information conveyed "in

26  connection with *copies* or phonorecords *of a work*," 17 U.S.C. § 1202(c) (defining copyright

27  management information), not a from a different work that conveys the same functional

28

1    information.

2       Because Plaintiffs affirmatively allege that the output at issue is not identical to the

3    allegedly copied material, they have pleaded themselves out of court on the § 1202 claim, and it

4    should be dismissed with prejudice.

5              **c.      Plaintiffs Have Failed to Plead a Claim for Distributing Copies
                         of Works from Which CMI Has Been Removed.**

6

7       Plaintiffs' claim that Defendants have distributed copies of code from which CMI has

8    been removed fails for the same reasons as its claim for removal of CMI.  17 U.S.C.

9    §§ 1202(b)(2), 1202(b)(3); *see Kirk Kara*, 2020 WL 5991503, at *6 (applying same 1202(b)(1)

10   analysis to distribution claims); *Dolls Kill, Inc. v. Zootop Bus. Co.*, No. 2:22-cv-01463-RGK-

11   MAA, 2022 WL 16961477, at *3-4 (C.D. Cal. Aug. 25, 2022) (concluding no DMCA violation

12   for complaint that defendants "are distributing knockoff products" where the works were not

13   identical and only had "certain[] similarities").  The supposed copies are not identical.

14             **2.      Plaintiffs' Claims for Intentional and Negligent Interference with
                         Prospective Economic Relations Fail.**

15

16       The FAC fails to state a claim for intentional or negligent interference with prospective

17   economic advantage.  A cause of action for interference with prospective business advantage

18   requires: "(1) an economic relationship between the plaintiff and some third party, with the

19   probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the

20   relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship;

21   (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately

22   caused by the acts of the defendant." *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,

23   946 F. Supp. 2d 957, 980 (N.D. Cal. 2013).  The acts alleged must have been "wrongful by some

24   legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales,

25   U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995).  A claim for negligent interference differs in that "in

26   place of the intentional conduct requirement, the plaintiff must show that the defendant owed the

27   plaintiff a duty of care which was breached by the defendant's negligent conduct." *Impeva Labs,
     Inc. v. Sys. Planning Corp.*, No. 5:12-CV-00125-EJD, 2012 WL 3647716, at *6 (N.D. Cal. Aug.

28

1    23, 2012).  As explained below, Plaintiffs' claims fail to meet the minimum pleading

2    requirements.

3                        a.        **Plaintiffs Have Not Sufficiently Pled an Economic Relationship
                                   with a Third Party that Has a Probability of Future Economic
4                                  Benefit.**

5           As an initial matter, both of Plaintiffs' interference claims fail because the amended

6    complaint does not sufficiently plead an economic relationship between Plaintiffs and a third

7    party with a probability of future economic benefit.  To establish an economic relationship, "it

8    must be reasonably probable the prospective economic advantage would have been realized but

9    for defendant's interference."  *Song v. Drenberg*, No. 18-CV-06283-LHK, 2019 WL 1998944, at

10   *7-8 (N.D. Cal. May 6, 2019) (cleaned up).  Plaintiffs "must establish an actual economic

11   relationship or a protected expectancy with a third person, *not merely a hope of future*

12   *transaction*s."  *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998); *see also*

13   *Rosen v. Uber Techs., Inc.*, 164 F. Supp. 3d 1165, 1178-79 (N.D. Cal. 2016) (specific

14   relationships must be identified, rather than "hypothetical future relationship[s]").

15          Plaintiffs allege that OpenAI interfered with Plaintiffs' "prospective open-source

16   relationships" with "user communities" by "emitting code subject to open-source licenses without

17   the licenses attached," and that user communities generally create a probability of future

18   economic benefit.  (FAC ¶¶ 245, 250.)  But the FAC does not plead *specific* relationships

19   between Plaintiffs and third parties or existing relationships between Plaintiffs and any

20   programmers or "user communities."  Plaintiffs' failure to plead specific relationships with third

21   parties is fatal to both of its interference claims.  *See SunPower Corp. v. SolarCity Corp.*, No. 12-

22   CV-000694-LHK, 2012 WL 6160472, *15 (N.D. Cal. Dec. 11, 2012) (dismissing claim where

23   plaintiff had not identified specific customer relationships or facts regarding how defendant

24   interfered with those relationships); *AirDefense, Inc. v. AirTight Networks, Inc*., No. C 05-

25   04615JF, 2006  WL 2092053, at *7 (N.D. Cal. Jul. 26, 2006) (dismissing claim where party had

26   not alleged with any specificity "with whom it had economic relationships").

27          In addition, while Plaintiffs allege that they "posted their code on GitHub with the

28   expectation that other programmers would use, modify, copy, or otherwise iterate on their posted

code," and that Codex and Copilot "provide an alternative interface to the same open-source code," (FAC ¶¶ 247, 249), they have not pled facts demonstrating that an economic benefit would have been realized but for OpenAI's alleged interference. Instead, the amended complaint contains vague allegations that "users *sometimes* arrange financial contracts with authors" and that "[t]he exposure from user communities *can* [] bring collateral benefits, like job offers or research grants." (*Id.* ¶ 245 (emphasis added).) These statements, however, do not establish that it would have been reasonably likely for *Plaintiffs* to have realized those benefits from third parties. Plaintiffs' expectation of "prospective open-source relationships" (FAC ¶ 250) rests, at most, on a hope of future transactions. The law precludes recovery for Plaintiffs' speculative expectancies, which lack factual support demonstrating they are reasonably probable. *See Westside Ctr. Assocs. v. Safeway Stores 23, Inc.,* 42 Cal. App. 4th 507, 527 (1996) (finding that plaintiffs could not establish the requisite economic relationship because "[w]ithout an existing relationship with an identifiable buyer, [plaintiff's] expectation of a future sale was 'at most a hope for an economic relationship and a desire for future benefit'") (cleaned up); *Song*, 2019 WL 1998944, at *8 (granting motion to dismiss intentional interference with prospective business relations claim, in part, because plaintiffs impermissibly rested their claim "on a hope of future transactions"). Plaintiffs' interference claims should be dismissed on this ground alone.

### b. Plaintiffs Have Not Pled OpenAI's Knowledge of an Economic Relationship with Third Parties.

Both of Plaintiffs' interference claims also fail because they have not alleged that OpenAI had knowledge of Plaintiffs' speculative "prospective open-source relationships." (FAC ¶ 250.) To plead "knowledge by the defendant of the relationship with which the interference occurred," a defendant must know of "contracts or other 'reasonably probable' prospective economic relationships." *Go Daddy Operating Co., LLC v. Ghaznavi*, No. 17-CV-06545-PJH, 2018 WL 1091257, at *10 (N.D. Cal. Feb. 28, 2018) (cleaned up). Here, Plaintiffs make the conclusory allegation that "Defendants knew that they were interfering with Plaintiffs and Class members' prospective open-source relationships." (FAC ¶ 250.) While Plaintiffs further allege that "Defendants knew that Codex and Copilot were emitting code subject to open-source licenses

1    without the licenses attached" (*id.*), they allege no *facts* demonstrating that OpenAI knew of any

2    reasonable probable economic relationships that would be interfered with.  *See Go Daddy*

3    *Operating Co., LLC*,  2018 WL 1091257, at *11 (dismissing intentional interference with

4    prospective economic advantage claim, in part, because plaintiff "does not identify any particular

5    prospective economic relationship that defendants knew about"); *see also Blazheiev v. Ubisoft*

6    *Toronto Inc.*, No. 17-cv-07160-EMC, 2018 WL 3417481, at *10 (N.D. Cal. July 13, 2018)

7    (dismissing intentional interference with prospective economic advantage claim where the

8    "Plaintiff has only made a conclusory statement in positing that 'Defendants knew of the

9    relationships[]' . . . without any factual allegations in support").

10             **c.       Plaintiffs Have Not Alleged Actual Disruption to their
                           Prospective Economic Relations.**

11            Both of Plaintiffs' interference claims also require a plausible allegation that their

12    relationships with third parties were "actually" disrupted because of OpenAI's conduct.  *See*

13    *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1311 (N.D. Cal. 1997).

14            Here, Plaintiffs have failed to plead facts showing actual disruption to their prospective

15    open-source relationships.  The FAC's generic allegations that "Defendants intentionally

16    prevented Copilot users from becoming part of the user communities that would ordinarily

17    accrete around the open-source projects of Plaintiffs" (FAC ¶ 249) do not establish actual

18    disruption.  Plaintiffs do not allege in what way or how their future relationships with specific

19    third parties were disrupted.  Nor do they allege specific facts in support—for example, that they

20    lost a financial contract, job offer, or research grant because of OpenAI's actions.  *See, e.g.*,

21    *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (dismissing tortious

22    interference claim because the complaint failed to allege that plaintiffs "lost a contract . . . [or]

23    that a negotiation with a Customer failed"); *Silicon Knights*, 983 F. Supp. at 1313 (finding the

24    pleadings insufficient where the complaint alleged only that the misrepresentations induced

25    distributors not to deal with plaintiffs without providing facts alleging an actual disruption to

26    negotiations or potential contracts).

27

28

1

**d.     Plaintiffs Have Not Pled Economic Harm.**

2
        Plaintiffs make only conclusory and speculative allegations regarding the "economic

3
harm" they allegedly sustained as a result of OpenAI's purported interference.  *Korea Supply Co.*

4
*v. Lockheed Martin Co.*, 29 Cal. 4th 1134, 1153 (2003).  Specifically, Plaintiffs allege that they

5
"have been deprived of the economic benefits of open-source licenses," without pleading facts

6
sufficient to show that it was reasonably probable an economic advantage would have been

7
realized.  (FAC ¶ 252.)  For example, Plaintiffs do not identify any prospective contracts, job

8
offers, or research assignments that they allegedly lost as a result of OpenAI's purported

9
interference.  Nor do Plaintiffs set forth allegations related to their alleged monetary or

10
reputational harm.  *See Go Daddy*, 2018 WL 1091257, at *11 ("general reputational harm,

11
unmoored from disrupted relationships" are insufficient to state a claim).  Both of Plaintiffs'

12
interference claims fail for this additional reason.

13

**e.     Plaintiffs Have Failed to Plead that OpenAI Engaged in
        Wrongful Conduct.**

14

15
        In addition, Plaintiffs have not pled that OpenAI "engaged in conduct that was wrongful

16
by some legal measure other than the act of interference itself."  *Della Penna*, 11 Cal.4th at 393.

17
Instead, the FAC makes the conclusory allegation that Defendants collectively have "intentionally

18
and wrongfully interfered with prospective business interests and expectations of Plaintiffs."

19
(FAC ¶ 251.)   While Plaintiffs may point to their other claims against OpenAI as demonstrating

20
wrongful conduct, for the reasons stated elsewhere in this motion, those other claims fail.

21

**f.     Plaintiffs Have Not Pled the Requisite Intent to Establish their
        Intentional Interference Claim.**

22
        To satisfy the intent element of an intentional interference with prospective economic

23
relations claim, a plaintiff must plead "acts by defendant designed to disrupt the relationship."

24
*Korea Supply Co.*, 29 Cal. 4th at 1154.  The FAC doesn't allege any *facts* regarding intentional

25
actions undertaken by OpenAI designed to disrupt Plaintiffs' prospective.  Instead, Plaintiffs

26
make the conclusory allegation that "Defendants have [] intentionally and wrongfully interfered

27
with [Plaintiffs'] prospective business interests and expectations."  (FAC ¶ 251.)  These

28
allegations are insufficient.  *See name.space, Inc. v. Internet Corp. for Assigned Names &*

1    *Numbers*, No. CV 12-8676 PA (PLAx), 2013 WL 2151478, at *8 (C.D. Cal. Mar. 4, 2013)

2    (dismissing claim because "the Complaint does not allege any intentional actions undertaken by

3    [defendant] designed to induce breach of Plaintiff's contracts with its clients or any evidentiary

4    facts, as opposed to conclusory allegations . . . .") (cleaned up).

5                 **g.   Plaintiffs Have Not Pled the Requisite Duty of Care Element to Establish a Negligent Interference Claim.**

6

7         A claim for negligent interference with prospective economic advantage, on the other

8    hand, "arises only when the defendant owes the plaintiff a duty of care." *Stolz v. Wong*

9    *Commc'ns Ltd. P'ship*, 25 Cal. App. 4th 1811, 1825 (1994).  Plaintiffs' negligent interference

10    claim fails because the FAC does not allege that OpenAI owed Plaintiffs a duty of care.  For

11    example, Plaintiffs have not alleged that they are customers of any Defendant or that they had any

12    relationship with any Defendant that would have created a legal duty of care.  At most, the FAC

13    alleges (albeit in connection with Plaintiffs' negligence cause of action) that OpenAI owed

14    Plaintiffs a duty of care based on upon "contractual obligations" and "using open-source code in

15    violation of open-source licenses to train Codex and Copilot."  (FAC ¶¶ 283, 287.)  However, for

16    the reasons discussed below, that's not enough.  (*See infra* IV.C.5.)

17         Because Plaintiffs have failed to plead any of the elements for an intentional or negligent

18    interference claim with prospective economic relations, the claims should be dismissed.

19           **3.   Plaintiffs Fail to State a Claim for Unjust Enrichment.**

20         Plaintiffs' claim for unjust enrichment fails because it is not an independent cause of

21    action.  "[T]here is no[] standalone cause of action for 'unjust enrichment'" under California law,

22    and where it is alleged as such, courts instead "construe [such claims] as a quasi-contract claim

23    for restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *see also*

24    *Baiul-Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) ("Unjust enrichment is not a cause

25    of action under California law.") (cleaned up).  But Plaintiffs cannot recover under a quasi-

26    contract theory "when the parties have a valid contract regarding the same subject matter."

27    *Hameed v. IHOP Franchising LLC*, 520 Fed. App'x 520, 522 (9th Cir. 2013) (affirming dismissal

28    of unjust enrichment claim).  While plaintiffs "may plead inconsistent claims that allege both the

*existence* of an enforceable agreement [for a breach of contract claim] and the *absence* of an

enforceable agreement" for a quasi-contract claim under the theory of unjust enrichment,

plaintiffs are precluded from doing so where "plaintiffs' breach of contract claim plead[s] the

existence of an enforceable agreement and their unjust enrichment claim d[oes] not deny the

existence or enforceability of that agreement." *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th

1342, 1389 (2012). Here, Plaintiffs' claim must be dismissed because they have alleged *only* that

valid "contracts have been formed between Defendants on the one hand and Plaintiffs and the

Class on the other" based on the terms of the open-source licenses. (FAC ¶ 217.) In their unjust

enrichment claim, they do not "deny the existence or enforceability" of the open-source licenses.

(*See id.* ¶¶ 266-74.)

Moreover, even if unjust enrichment may be pled as a separate cause of action, Plaintiffs

must establish that the "defendant received and unjustly retained a benefit at the plaintiff's

expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Plaintiffs rely

only on conclusory allegations that OpenAI "derived profit or other benefits from the use of"

Plaintiffs' code and that it would "be unjust for [OpenAI] to retain those benefits." (FAC ¶¶ 272-

73.) Plaintiffs have not alleged any *facts* to identify what the profit or benefits are, falling short

of their burden to plausibly allege a claim. *See Chiu v. NBS Default Servs., LLC*, No. 14-CV-

05261-EDL, 2015 WL 1221399, at *9 (N.D. Cal. Mar. 17, 2015) (dismissing unjust enrichment

claim where plaintiff's "allegations are conclusory and speculative as to how [d]efendant received

an unjust benefit from [p]laintiff"); *Rosal v. First Fed. Bank of Cal*. 671 F. Supp. 2d 1111, 1133

(N.D. Cal. 2009) (dismissing claim that "merely incorporat[ed] the other facts of the FAC by

reference and ma[de] a conclusory allegation that defendants have been 'unjustly enriched' by

'retaining profits, income and ill-gotten gains at the expense of plaintiff'").

### 4.    Plaintiffs Fail to State an Unfair Competition Claim.

Plaintiffs assert an unfair competition claim under (1) common law and (2) California's

UCL statute, predicated on OpenAI's alleged violations of the DMCA, violations of Plaintiffs'

open-source licenses, tortious interference with Plaintiffs' prospective economic advantage with

users of their code, and failure to attribute Codex and Copilot's output as that of Plaintiffs and the

1   purported Class.  (FAC ¶ 276.)  California's UCL prohibits "any unlawful, unfair or fraudulent

2   business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. &

3   Prof. Code § 17200.  Plaintiffs assert a claim under all three prongs of the UCL.  (FAC ¶¶ 277-

4   79.)  Under either the common law or the UCL, Plaintiffs' unfair competition claim fails.

5         As an initial matter, Plaintiffs' UCL claim fails because Plaintiffs have not established

6   that they lack an adequate legal remedy or that they suffered any economic injury.  "Remedies

7   under the UCL are limited to restitution and injunctive relief, and do not include damages."

8   *Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*, No. SACV 11-01197-CJC (ANx), 2012 WL

9   13028094, at *2 (C.D. Cal. Apr. 4, 2012).  To state a viable claim for "equitable restitution for

10  past harm under the UCL," a plaintiff "must establish that she lacks an adequate remedy at law."

11  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal where

12  plaintiff failed to allege an inadequate legal remedy).  In addition, "a plaintiff bringing suit under

13  any prong of the UCL must . . . show that economic injury was the result of, i.e., caused by, the

14  unfair business practice or false advertising that is the gravamen of the claim."  *Davis v.*

15  *RiverSource Life Ins. Co.*, 240 F. Supp. 3d 1011, 1017 (N.D. Cal. 2017) (cleaned up).  Here,

16  Plaintiffs have not shown that no adequate legal remedy exists.  Nor have Plaintiffs alleged that

17  they were economically injured as a result of OpenAI's conduct.  (*See* FAC ¶ 210.)  As this Court

18  previously held, Plaintiffs' UCL claim predicated on any surviving claim must fail where "no

19  such injury is alleged in the complaint."  (*See* Order at 23.)

20        Plaintiffs' UCL claim under the "unlawful" prong separately fails because there is no

21  predicate violation, given that all of Plaintiffs' other claims should be dismissed for the reasons

22  explained elsewhere in this motion.  When the underlying legal claim that supports a UCL claim

23  fails, "so too will the [] derivative UCL claim."  *Yellowcake, Inc. v. Hyphy Music, Inc.*, No. 1:20-

24  CV-0988 AWI BAM, 2021 WL 3052535, at *13 (E.D. Cal. July 20, 2021).  (*See also* Order, at

25  22-23 (citing *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (If the

26  "plaintiff cannot state a claim under the predicate law … [the UCL] claim also fails.").)

27        Plaintiffs' UCL claim under the "unfair" prong also fails because the amended complaint

28  offers nothing more than a formulaic recitation of the elements of this prong.  (*See* FAC ¶ 278.)

1    The amended complaint lacks allegations about the benefits of Codex and Copilot, weighed

2    against the risks of the products to the public at large, and what more OpenAI could and should

3    have done to mitigate the risks.  Without any such facts, the amended complaint's bare allegations

4    are insufficient to state a claim.  *See Lusinyan v. Bank of Am., N.A.*, No. CV-14-9586 DMG

5    (JCx), 2015 WL 12803453, at *2 (C.D. Cal. Sept. 15, 2015) (finding that plaintiff failed to state a

6    claim where plaintiff did not allege facts showing the consumer injury is substantial, not

7    outweighed by countervailing consumer benefits, and could not have been reasonably avoided

8    (citing *In re Sony Grant Wega KDF-E A/10/A20 Series Rear Projection HDTV Television Litig.*,

9    758 F. Supp. 2d 1077, 1091 (S.D. Cal. 2010))).

10          Plaintiffs' UCL claim under the "fraudulent" prong also fails because their allegations do

11    not satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Rule

12    9(b) requires allegations of fraud, including claims under the UCL's "fraudulent" prong, to be

13    pleaded with particularity.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Rule

14    9(b) demands that the complaint identify "the who, what, when, where, and how of the

15    misconduct charged."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055

16    (9th Cir. 2011) (cleaned up).  Plaintiffs allege that "consumers are likely to be deceived" because

17    "Defendants cause Codex and Copilot's output to be emitted without the proper licensing and

18    attribution required."  (FAC ¶ 279.)  These allegations do not satisfy Rule 9(b)'s pleading

19    standard because nowhere in the amended complaint do Plaintiffs allege that *they* were deceived

20    by Defendants and suffered injury as a result of this deception.  Rather, they point to unspecified,

21    anonymous "consumers" who may have been deceived and claim that they suffered injury in the

22    form of loss of "economic benefits [associated with] the creation of open-source works."  (*See id.*

23    ¶¶ 279, 281.)  Moreover, to state a UCL claim under the "fraudulent" prong, Plaintiffs must also

24    allege reliance on the alleged misrepresentations. *See O'Connor v. Uber Techs., Inc.*, 58 F. Supp.

25    3d 989, 1002 (N.D. Cal. 2014) (dismissing UCL claim with prejudice because plaintiffs failed to

26    allege reliance on the alleged misrepresentation).  Yet Plaintiffs do not allege that they or

27    consumers saw, much less relied on, any representation by OpenAI.

28          Lastly, Plaintiffs' common law unfair competition claim fails as Plaintiffs have not, and

1   cannot, plausibly alleged any factual basis for a false designation of origin claim.  In California,

2   "[t]he common law tort of unfair competition is generally thought to be synonymous with the act

3   of 'passing off' one's goods as those of another."  *Sybersound*, 517 F.3d at 1153 (cleaned up).

4   The Ninth Circuit "has consistently held that state common law claims of unfair competition and

5   actions pursuant to [the UCL] are 'substantially congruent' to [false designation of origin] claims

6   made under the Lanham Act."  *Sebastian Brown Prods. LLC v. Muzooka Inc.*, No. 15-CV-01720-

7   LHK, 2016 WL 949004, at *15 (N.D. Cal. Mar. 14, 2016) (cleaned up).  Plaintiffs' common law

8   unfair competition claim is nothing more than a false designation of origin claim.  Plaintiffs assert

9   that Defendants have "fail[ed] to attribute Codex and Copilot's Output as originating [from]

10  Plaintiffs and the Class rather than from Copilot, GitHub, and/or OpenAI" and "pass[ed] off

11  Codex and Copilot's output without proper attribution," as well as "misappropriated and used

12  [their code] without authorization or consent to, *inter alia*, train and develop Codex and Copilot."

13  (FAC ¶¶ 276, 278, 280.)  These allegations do not support any unfair competition claim here, as a

14  claim for false designation of origin must relate to the origin of tangible goods, not the authorship

15  of an intangible work like computer code.  15 U.S.C. § 1125(a)(1)(A); *Dastar Corp. v. Twentieth*

16  *Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) (concluding that the phrase "origin of

17  goods…refers to the producer of the tangible goods that are offered for sale, and not to the author

18  of any idea, concept or communication embedded in those goods"); *Agence France Presse v.*

19  *Morel*, 769 F. Supp. 2d 295, 307 (S.D.N.Y. 2011) (concluding *Dastar* forecloses Lanham Act

20  claims relating to authorship).  Any claim that Codex and Copilot passed off Plaintiffs' code as

21  that of OpenAI is necessarily foreclosed by these precedents, and accordingly, must be dismissed.

### 5.      Plaintiffs Fail to State a Claim for Negligence.

23          Plaintiffs' claim for negligence fails to plead that OpenAI owes Plaintiffs any duty, and

24  must be dismissed.  To prevail on a negligence claim, a plaintiff must establish: "(1) duty; (2)

25  breach; (3) causation; and (4) damages."  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003).

26  "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing

27  a claim for negligence."  *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 987 (N.D. Cal.

28  2014).  Because Plaintiffs have not alleged any recognizable duty, Plaintiffs cannot state a claim

for negligence.

Plaintiffs claim that "OpenAI owed Plaintiffs and Class members a duty of care by using open-source code in violation of open-source licenses to train Codex and Copilot." (FAC ¶ 287.) But Plaintiffs' remedy for any claimed breach of contract lies in contract, not in tort. While "the same wrongful act may constitute both a breach of contract and [a tort], a plaintiff must still identify a duty to support a claim in tort." *Green v. ADT, LLC*, No. 16-CV-02227-LB, 2016 WL 5339800, at *2 (N.D. Cal. Sept. 23, 2016) (citing *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999)) (cleaned up). Courts generally "enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate social policy that merits the imposition of tort remedies." *Id.* Tort damages have been available for breaches of contract in limited contexts: "(1) where a breach of duty directly causes physical injury; (2) for breach of the covenant of good faith and fair dealing in insurance contracts; (3) for wrongful discharge in violation of fundamental public policy; or (4) where the contract was fraudulently induced." *Id.* (cleaned up). Under these circumstances, "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Id.* (cleaned up). "[O]utside the insurance context, a tortious breach of contract . . . may be found when (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion or; (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages." *Id.* (cleaned up). Plaintiffs have not alleged facts that would show that any of these limited circumstances apply here such that they could recover tort damages for their breach of open-source license claim. *See Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches Ltd.*, No. 17-CV-02323-JST, 2017 WL 4805576, at *9 (N.D. Cal. Oct. 24, 2017) (dismissing negligence claim where plaintiff did not "identif[y] any allegedly tortious conduct outside of the [d]efendants' breach of the parties' contract," and "the challenged conduct [for negligence] occurred within the performance of the contract").

Plaintiffs also generally allege that "Defendants owed a duty of reasonable care towards

Plaintiff and the Class based upon Defendants' relationship to them" and that "[t]his duty is based

upon Defendants' contractual obligations, custom and practice," and right, authority, and exercise

of "control over the information in its possession" as well as "the requirements of California Civil

Code section 1714 requiring all 'persons,' including Defendants, to act in a reasonable manner

towards others."  (FAC ¶ 283.)  But Plaintiffs have not alleged that they are customers of any

OpenAI entity or had any relationship with an OpenAI entity that would have created a duty.

(*See id.* ¶¶ 19-23.)  And, as established above, Plaintiffs' duty cannot solely arise out of the

contractual obligations in the open-source licenses.  *See Coffen v. Home Depot U.S.A. Inc.*, No.

16-cv-03302-PJH, 2016 WL 4719273, at *4 (N.D. Cal. Sept. 9, 2016) (dismissing negligence

claim with prejudice where the alleged duty "arose solely from the contractual relationship

between the parties").  Plaintiffs accordingly have failed to plead the existence of a duty owed by

any OpenAI entity.

## V.    CONCLUSION

For all of these reasons, Plaintiffs' FAC fails to state a claim against OpenAI.  The FAC

should be dismissed in its entirety, except for Plaintiffs' breach of contract claim.

1    Dated: June 29, 2023                    MORRISON & FOERSTER LLP

2

3                                            By:   /s/ Joseph C. Gratz
                                                   Joseph C. Gratz
4
                                             MICHAEL A. JACOBS
5                                            MJacobs@mofo.com
                                             JOSEPH C. GRATZ
6                                            JGratz@mofo.com
                                             TIFFANY CHEUNG
7                                            TCheung@mofo.com
                                             MELODY E. WONG
8                                            MelodyWong@mofo.com
                                             MORRISON & FOERSTER LLP
9                                            425 Market Street
                                             San Francisco, California  94105-2482
10                                           Telephone:    (415) 268-7000
                                             Facsimile:     (415) 268-7522
11
                                             ALLYSON R. BENNETT
12                                           ABennett@mofo.com
                                             ROSE S. LEE
13                                           RoseLee@mofo.com
                                             ALEXANDRA M. WARD
14                                           AlexandraWard@mofo.com
                                             MORRISON & FOERSTER LLP
15                                           707 Wilshire Boulevard
                                             Los Angeles, California 90017-3543
16                                           Telephone:    (213) 892-5200
                                             Facsimile:     (213) 892-5454
17
                                             Attorneys for Defendants OPENAI, INC., a
18                                           Delaware nonprofit corporation, OPENAI,
                                             L.P., a Delaware limited partnership,
19                                           OPENAI OPCO, L.L.C., a Delaware limited
                                             liability company, OPENAI GP, L.L.C., a
20                                           Delaware limited liability company, OPENAI
                                             STARTUP FUND GP I, L.L.C., a Delaware
21                                           limited liability company, OPENAI
                                             STARTUP FUND I, L.P., a Delaware limited
22                                           partnership, OPENAI STARTUP FUND
                                             MANAGEMENT, LLC, a Delaware limited
23                                           liability company

24

25

26

27

28