Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               swilliams@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               lkessler@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| J. DOE 1, et al., <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> GITHUB, INC., et al., <br><br> Defendants. | Case Nos.  4:22-cv-06823-JST <br> 4:22-cv-07074-JST <br><br> **JOINT RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on Friday, June 17, 2023, between counsel for Plaintiffs Does 1 through 5 and the proposed class ("Plaintiffs"); counsel for Defendants GitHub, Inc. and Microsoft Corporation ("GitHub/MS"); and Counsel for Defendants OpenAI, Inc.; OpenAI, LP; OpenAI OpCo, LLC; OpenAI GP, LLC; OpenAI Startup Fund GP I, LLC; OpenAI Startup Fund I, LP; and OpenAI Startup Fund Management, LLC ("OpenAI"; GitHub/MS and OpenAI are collectively referred to as "Defendants"). The Parties, by and through their undersigned counsel, met and conferred concerning the topics set forth in Rule 26(f), and the United States District Court for the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and Guidelines for the Discovery of Electronically Stored Information. Pursuant to Rule 26(f)(2) and Civil Local Rule 16-9(a), the Parties hereby submit this Joint Rule 26(f) Report in advance of the Case Management Conference scheduled for July 11, 2023, at 2:00 p.m. ECF No. 88.

**A.     Jurisdiction & Service**

This Court has subject matter jurisdiction over all of Plaintiffs' claims under 28 U.S.C. 1331 and Defendants do not challenge personal jurisdiction. No parties remain to be served.

Defendants will continue to assert a lack of subject matter jurisdiction on the ground that Plaintiffs have not suffered sufficient actual or threatened injury for Article III purposes.

**B.     Facts and Legal Issues**

On June 8, 2023, Plaintiffs filed their First Amended Complaint, alleging violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201–1205 (the "DMCA"); breach of contract regarding the Suggested Licenses (as defined in the FAC); breach of contract regarding GitHub's policies, including its terms of service; tortious interference with prospective economic relations; California's Unfair Competition law, Cal. Bus. & Prof. Code section 17200, *et seq.*; common law unfair competition; negligence, and unjust enrichment and demanding a trial by jury on all claims for which a jury is permitted.

Plaintiffs are GitHub users that have posted code on GitHub under one or more of the Suggested Licenses. Plaintiffs contend that these licenses contain requirements such as attribution of authorship, inclusion of the copyright notice, and inclusion of the copyright's text as conditions of the code's use.

Defendants develop AI systems. Plaintiffs allege that Defendants violated their rights by using their code to train (i.e., the process by which an AI program can "learn" how to anticipate and provide solutions to coding issues) GitHub Copilot and OpenAI's Codex without following the terms of the applicable open-source licenses and without other permission. Plaintiffs further allege that Defendants continue to violate Plaintiffs' rights through the distribution and operation of Copilot and Codex as well as further unauthorized training on their code if such occurs.

Defendants deny that they have violated any of Plaintiffs' rights, and they have moved to dismiss all of the claims in the FAC, except for Plaintiffs' breach of contract claims.

Defendants summarize the legal issues as follows:

  i. **Article III Standing.**  Whether Plaintiffs' claims should be dismissed for lack of standing under Article III of the United States Constitution.

  ii. **Preemption.**  Whether the Copyright Act preempts the state law causes of action for intentional interference with prospective economic relations, negligent interference with prospective economic relations, unjust enrichment, unfair competition, and negligence.

  iii. **Class Allegations.**  Whether Plaintiffs are proper class representatives.  Whether Plaintiff's claims are typical of the class.

  iv. **Confidentiality of Plaintiffs' Identities and Code at Issue.**  Whether Plaintiffs' identity and code should remain designated AEO, or should be de-designated to CONFIDENTIAL, or be made public to allow GitHub and Microsoft to enlist the assistance of its engineers to prove that Plaintiffs' code will not be suggested by Copilot if used in the normal course, and to allow Defendants to take third-party discovery about Plaintiffs and their code.

  v. **Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-1205 (Count I).** Whether this claim should be dismissed for failing to allege (i) removal of CMI from identical copies, (ii) the requisite intent; or (iii) distribution of works with removed CMI.  Whether any of Plaintiffs' code is entitled to copyright protection. Whether Plaintiffs own the copyright of any code they claim is the subject of this

action. Whether the doctrine of substantial noninfringing uses obviates the required element of scienter. Whether ordinarily applicable copyright defenses obviates the required element of scienter.

    vi. **Breach of Contract, Open Source License Violations (Count II).** Whether training Copilot using code in public GitHub repositories violates Open Source Licenses. Whether Copilot code suggestion outputs violate any Open Source Licenses. Whether failing to identify the source of the code output or copyright notices, if any single source exists, violates any Open Source Licenses.

    vii. **Breach of Contract, Selling material in violation of GitHub's Policies (Count III).** Whether providing Copilot for a subscription fee constitutes selling Plaintiffs' data in violation of GitHub's Privacy Statement, Terms of Service, and GitHub Copilot Terms. Whether Plaintiff's have been harmed by Copilot.

    viii. **Intentional Interference with Prospective Economic Relations (Count IV).** Whether this claim should be dismissed for failure to plead the existence of an economic relationship between Plaintiffs and a third-party with a probability of economic benefit, Defendants' knowledge of the existence of that relationship, intentional acts on the part of the Defendants designed to disrupt the relationship, actual disruption of the relationship, and economic harm to Plaintiffs as a result.

    ix. **Negligent Interference with Prospective Economic Relations (Count V).** Whether this claim should be dismissed for failure to plead that Defendants owed Plaintiffs a duty of care, as well as other required elements.

    x. **Unjust Enrichment (Count VI).** Whether this claim should be dismissed because there is no standalone cause of action for unjust enrichment and Plaintiffs fail to plead the required elements.

    xi. **Unfair Competition (Count VII).** Whether this claim should be dismissed for failure to (i) sufficiently plead a lack of an adequate legal remedy for the Unfair Competition Law ("UCL") claim under California Business. & Professions Code § 17200; (ii) plead a predicate violation for the "unlawful" claim; (iii) allege

sufficient facts in support of the "unfair" claim; (iv) satisfy the heightened pleading requirements for fraud and allege reliance for the "fraudulent" claim; and (v) identify an actionable basis for a common law claim.

  xii. **Negligence (Count VIII).** Whether this claim should be dismissed for failure to plead that Defendants owed Plaintiffs a duty of care.  Whether training Copilot violates any legal obligation of any kind.

**C.** **Motions**

On May 11, 2023, this Court issued its Order Granting in Part and Denying in Part Motions to Dismiss (ECF No. 95) ("MTD Order"). Plaintiffs filed the FAC on June 8, 2023, and Defendants filed partial motions to dismiss on June 29, 2023. The hearing on Defendants' motions is currently set for September 14, 2023 at 2pm.

The Court entered a Stipulated Protective Order (ECF No. 63) and ruled on several Administrative Motions to File Under Seal (ECF Nos. 70, 79, 87, and 94). In the MTD Order, the Court also granted Plaintiffs' Motion to Maintain the Confidentiality Designations for their true names and permitted Plaintiffs to continue to proceed pseudonymously at this time.

Plaintiffs have designated their identities and code as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY.  Defendants believe that that information should at most be designated CONFIDENTIAL, rather than AEO, as the AEO designation inhibits their ability to investigate Plaintiffs' claims and also to serve third-party discovery. The Parties will continue to meet and confer to determine whether a compromise can be reached prior to any motion practice on these issues.

If the case proceeds, the Parties anticipate various discovery motions, a motion for class certification, and summary judgment motions.

**D.** **Amendments to Pleadings**

Plaintiffs filed an amended complaint on June 8, 2023. ECF No. 98. Plaintiffs may file a Second Amended Complaint should the Court dismiss any of its claims with leave to amend or with appropriate leave from the Court.  Defendants do not believe that leave to amend would be warranted, should the Court grant their motions to dismiss.

**E.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the case. Defendants have alerted Plaintiffs to certain upcoming data deletion and the Parties have met and conferred regarding whether Defendants will preserve such data. GitHub/MS has agreed to temporarily increase storage space to avoid deletion of certain data hitting storage limits to allow sixty additional days for meet and confer. At Plaintiffs' request, OpenAI has suspended deletion of prompts and generations for its Codex API. Plaintiffs' have not agreed to deletion of any data generated by the operation of Codex or Copilot. The Parties will continue to meet and confer to ensure other relevant evidence is preserved as necessary.

**F.     Disclosures**

Plaintiffs served their Initial Disclosures as required by Rule 26(a)(1)(A) on June 30, 2023. Defendants will serve their initial disclosures on July 5, 2023. The Parties will supplement Initial Disclosures as necessary, as required by Rule 26(e).

**G.     Discovery**

   **a.     Scope of Discovery**

The Parties agree that discovery is governed by the Federal Rules of Civil Procedure. The Parties anticipate having to account for some discoverable data being too voluminous to produce and have begun to discuss potential alternatives to complete production of such data. The Parties will continue to meet and confer on this topic once requests for production of documents have been propounded.

**Subjects of Discovery from Defendants:** The following is a non-exhaustive list of subjects that Plaintiffs plan to seek discovery on. Plaintiffs reserve all rights to expand upon these subject areas as the case progresses:

- The interactions between Class members (including Plaintiffs) and Defendants.
- GitHub and OpenAI's conduct that caused Codex and/or Copilot to ingest and distribute Licensed Materials without including any associated Attribution, Copyright Notice, or License Terms, including:

- - Defendants' actions in the creation, marketing, alteration, and operation of Codex and/or Copilot;
  - Inter-Defendant and intra-Defendant communications regarding Codex and/or Copilot; and
  - Codex and/or Copilot input and output;
- Defendants' violation of the Licenses governing use of the Licensed Materials, including Defendants' knowledge of the Licenses, decisions regarding which licenses to suggest to GitHub users, and use of Licenses and/or code covered by any of the Licenses.
- Defendants conduct in concealing the License Terms applicable to Class members' (including Plaintiffs') works from GitHub Copilot users, including steps taken during the creation, alteration, and/or operation of Codex and/or Copilot impacting their treatment of Licenses.
- Defendants' organizational structures related to Codex and/or Copilot.
- Contracts or other agreements between Defendants, Defendants and Plaintiffs, and Defendants and third parties that relate to Codex and/or Copilot.
- Defendants' entity structures and corporate documents.
- Information regarding all materials used to train Codex and/or Copilot, including the materials themselves.
- Facts related to affirmative defenses raised by Defendants.
- Defendants' policies regarding any of the Licenses or other usage of copyrighted material.
- Defendants' interactions with government entities regarding Codex and/or Copilot, including document submissions, requests for information or documents, testimony, and correspondence.
- Defendants' participation in other lawsuits or private administrative proceedings regarding Codex and/or Copilot.

Defendants reserve all rights to object to Plaintiffs' efforts to seek discovery into such matters.

**Subjects of Discovery from Plaintiffs:** The following is a non-exhaustive list of subjects regarding which Defendants currently plan to seek discovery from Plaintiffs:

- Plaintiffs' lack of harm
- Plaintiffs' ownership of and copyright interest in the code that is the subject of the FAC
- Plaintiffs' code and where it is published
- Licenses related to Plaintiffs' code
- Plaintiffs' lack of prospective economic relations with third parties
- The authorship and sources of all code in Plaintiffs' public GitHub repositories they assert form any basis for their claims.
- The date of creation of all code in Plaintiffs' public GitHub repositories they assert form any basis for their claims.
- The nature, purpose and functions of all code in Plaintiffs' GitHub repositories they assert form any basis for their claims.
- The licensing and distribution of all code in Plaintiffs' GitHub repositories they assert form any basis for their claims, and all other facts concerning the market for such works.
- Any copyright registrations or applications for registration of any of the Plaintiff's code they assert form any basis for their claims.
- The reason(s) each Plaintiff chose each particular open-source license they used for code they assert form any basis for their claims.
- Plaintiffs' choice to make public their repositories containing code they assert form any basis for their claims.
- All use by Plaintiffs of Codex and/or Copilot.
- All efforts by Plaintiffs or anyone acting on their behalf to prompt Codex and/or Copilot to suggest outputs similar to Plaintiffs' code.

Plaintiffs reserve all rights to object to Defendants' efforts to seek discovery into such matters.

**b.     Discovery Limits**

The Parties have met and conferred regarding the discovery limits set forth in the Federal Rules of Civil Procedure. Plaintiffs have indicated a likelihood that they will require expansion of the limits on the number depositions and interrogatories. Defendants believe any discussion of the expansion of discovery is premature. Should either party believe expansion of the limits on discovery is warranted

after written discovery is served, the parties will meet and confer further on this topic. The Parties have discussed how to account for counting Rule 30(b)(6) depositions and are working toward an agreement on this topic.

### c. Production of Electronically Stored Information

The Parties have met and conferred pursuant to Rule 26(f) and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties will continue to meet and confer on this topic in an attempt to come to agreement on a stipulated order regarding production of ESI. The Parties have discussed the potential need for ESI Liaisons and will meet and confer further on this topic once discovery requests have been served. The Parties have discussed how responsive material will be identified and metadata formatting for ESI and will continue to do so as discovery progresses.

### d. Protective Order

The Court entered a Stipulated Protective Order. ECF No. 63.

### e. Privilege

The Parties have agreed to enter a stipulated Privileged Materials Order under Rule 502(d) and will meet and confer further to determine the details of such.

### f. Deposition Logistics

Plaintiffs believe that in-person depositions are appropriate for all witnesses, either in the Northern District or elsewhere in the United States where they may reside.

Defendants believe it is premature to discuss whether depositions should be taken in-person or remotely.

The Parties will meet and confer should any disputes arise as to location of depositions and/or use of remote depositions.

### g. Discovery Issues and Potential Disputes

The Parties agree that discovery may commence once Initial Disclosures are served. The Parties anticipate discovery disputes regarding production of voluminous data repositories held by Defendants and whether and to what extent Defendants' source code will be produced. The Parties will meet and

confer on these and any other discovery disputes that may arise in an effort to resolve the disputes without court intervention.

The Parties have agreed to electronic service in all instances where service is necessary and will exchange service lists.

## H. Class Action

Plaintiffs bring this class action on behalf of themselves, and all others similarly situated pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons or entities domiciled in the United States that, (1) owned an interest in at least one US copyright in any work; (2) offered that work under one of GitHub's Suggested Licenses; and (3) stored Licensed Materials in any public GitHub repositories at any time between January 1, 2015 and the present.

Plaintiffs believe that the class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact size of the class since that information is within the control of GitHub/MS. However, upon information and belief, Plaintiffs allege that the number of class members is in the hundreds of thousands. The claims asserted by Plaintiffs are typical of the proposed class's claims in that the representative Plaintiffs allege that, like all class members, their open-source code was used to train GitHub Copilot. Plaintiffs allege all member of the proposed class have been similarly injured by Defendants' conduct. Plaintiffs believe there are numerous questions of law or fact common to the class, and those issues predominate over any question affecting only individual class members. The common legal and factual issues include the following:

- Whether Defendants' conduct violated the Class's rights under the DMCA when GitHub and OpenAI caused Codex and Copilot to ingest and distribute Licensed Materials without including any associated Attribution, Copyright Notice, or License Terms.
- Whether Defendants violated the Licenses governing use of the Licensed Materials by using them to train Copilot and for republishing those materials without appending the required Attribution, Copyright Notice, or License Terms.
- Whether Defendants interfered in prospective economic relations between the Class and the public regarding the Licensed Materials by concealing the License Terms.

- Whether Defendants intentionally or negligently interfered with a prospective economic advantage.
- Whether Defendants passed-off the Licensed Materials as its own creation and/or Codex or Copilot's creation.
- Whether Defendants were unjustly enriched by the unlawful conduct alleged herein.
- Whether Defendants' conduct alleged herein constitutes Unfair Competition under California Business and Professions Code section 17200 *et seq*.
- Whether Defendants' conduct alleged herein constitutes unfair competition under the common law.
- Whether this Court should enjoin Defendants from engaging in the unlawful conduct alleged herein. And what the scope of that injunction would be.
- Whether any affirmative defense excuses Defendants' conduct.
- Whether any statutes of limitation limit Plaintiffs' and the Class's potential for recovery.
- Whether any applicable statutes of limitation should be tolled as a result of Defendants' fraudulent concealment of their unlawful conduct.

Defendants dispute that Plaintiffs can meet their burden of establishing that any class can be certified. Defendants further urge the Court to consider class certification and summary judgment at the same time because the factual and legal issues that Plaintiffs assert are common to the class (see above) are the same issues on which Defendants are likely to move for summary judgment. For instance, whether Defendants violated the Plaintiffs' rights under the DMCA when GitHub and OpenAI caused Codex and Copilot to ingest and allegedly distribute Licensed Materials without including Attribution, Copyright Notice, or License Terms is an issue that will be central to both Plaintiffs' motion for class certification and Defendants' motions for summary judgment. Similarly, whether Defendants violated the Licenses governing use of the Licensed Materials by using them to train Copilot and for allegedly republishing those materials without appending Attribution, Copyright Notice, or License Terms will also be briefed in both motions. Further, complete defenses that Defendants will likely raise in their motions for summary judgment, such as copyright ownership and fair use, will also be raised in Defendants' opposition to Plaintiff's class certification motion. As the issues are so intertwined, the

1. Court should at least consider both motions together if not considering summary judgment before class certification. *See, e.g., Authors Guild v. Google, Inc.*, 721 F.3d 132, 134 (2d Cir. 2013) ("resolution of Google's fair use defense in the first instance will necessarily inform and perhaps moot our analysis of many class certification issues.").

The Parties have proposed briefing schedules for class certification in Section P below.

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

The Parties agree that phased discovery will not be necessary in this case. Herewith, the Parties have submitted a proposed schedule that includes dates for the closure of non-expert written and documentary discovery, non-expert depositions, and expert discovery.

**I.     Related Cases**

There are currently no related cases as that term is defined by Civil Local Rule 3-12(a).

**J.     Relief**

Plaintiffs seek two forms of relief. The first is injunctive relief to preclude further harm to them through the operation of GitHub Copilot. The second, damages, would be calculated after discovery enables Plaintiffs to ascertain the number of violations committed during the Class Period and other facts not currently available to Plaintiffs. Depending on the cause of action, damages will either be set by statute or based upon Defendants' profit resulting from the violations alleged by Plaintiffs. Plaintiffs reserve the right to seek attorneys' fees and costs as allowed by statute or otherwise.

Defendants deny that Plaintiffs are entitled to any relief, and reserve the right to seek attorneys' fees and costs if Defendants prevail.

**K.     Consent to Magistrate Judge**

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. *See* ECF No. 25.

**L.     Other References**

The Parties have discussed having discovery disputes heard by a Magistrate Judge. Defendants have proposed having discovery disputes heard by Magistrate Judge Laurel Beeler. Plaintiffs defer to the

Court's ordinary practice for handling discovery disputes. Plaintiffs do not oppose having discovery disputes heard by Magistrate Judge Beeler if the Court is inclined to appoint a discovery magistrate.

**M.      Settlement and ADR**

The Parties have complied with ADR L-R 3.5. The Parties have agreed to discuss settlement in the near term and would ask that the Court refer their case to Magistrate Judge Sallie Kim for a Settlement Conference. Given the complexity associated with settling class actions and the nature of this dispute, an experienced judicial officer is necessary to improve the chances of attaining an appropriate settlement.

**N.      Narrowing of Issues**

No issues have yet been narrowed by agreement or by motion. The Parties will continue to meet and confer about narrowing potential issues should the circumstances of the case change.

**O.      Expedited Trial Procedures**

The Parties agree this case is inappropriate for the Expedited Trial Procedure of General Order 64.

**P.      Scheduling**

The Parties met and conferred regarding the case schedule but have not come to an agreement. The Parties propose the following schedules:

| Case Event | Plaintiffs' Proposal | Defendants' Proposal |
| --- | --- | --- |
| Deadline for initial disclosures | July 5, 2023 | July 5, 2023 |
| Deadline for motions to dismiss re FAC | June 29, 2023 | June 29, 2023 |
| Deadline for opposition to motions to dismiss | July 27, 2023 | July 27, 2023 |
| Deadline for replies in support of motions to dismiss | August 10, 2023 | August 10, 2023 |
| Hearing on motions to dismiss | September 14, 2023 | September 14, 2023 |
| Close of written and documentary fact discovery | April 4, 2024 | -- |
| Close of fact discovery including non-expert depositions | July 3, 2024 | September 30, 2024 |
| Deadline for Plaintiffs' expert reports | August 16, 2024 | December 10, 2024 |
| Deadline for Defendants' expert reports | September 16, 2024 | January 24, 2025 |
| Deadline for Plaintiffs' rebuttal expert reports | October 16, 2024 | February 26, 2025 |
| Close of expert discovery | November 15, 2024 | March 28, 2025 |
| Deadline for motions for class certification, and *Daubert* motions[1] | December 13, 2024 | May 20, 2025 |

---

[1] For clarity, Plaintiffs propose that class certification and *Daubert* motion briefing occur concurrently before briefing motions for summary judgment. Defendants propose that class certification, *Daubert* motions, and motions for summary judgment be briefed concurrently.

| Case Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Deadline for oppositions to class certification, and *Daubert* motions | January 27, 2024 | July 21, 2025 |
| Deadline for replies in support of motions for class certification, and *Daubert* motions | February 26, 2025 | August 20, 2025 |
| Deadline for motions for summary judgment. | April 14, 2025 | May 20, 2025 |
| Deadline for oppositions to motions for summary judgment. | May 29, 2025 | July 21, 2025 |
| Deadline for replies in support of motions for summary judgment. | June 27, 2025 | August 20, 2025 |
| Class certification, summary judgment, and Daubert hearing | To be set by Court | To be set by Court |
| Deadline to M&C re Pretrial Issues and Exchange Exhibits | October 29, 2025 | October 29, 2025 |
| Deadline to file MILs | September 9, 2025 | December 5, 2025 |
| Deadline for joint pre-trial statement | September 12, 2025 | December 5, 2025 |
| Deadline for proposed findings of fact and conclusions of law (if bench trial) | September 12, 2025 | December 5, 2025 |
| Deadline to file Oppositions to MILs | September 16, 2025 | December 19, 2025 |
| Final pre-trial conference | September 19, 2025 | To be set by Court |
| Deadline to submit optional Trial Brief | September 22, 2025 | December 23, 2025 |
| Trial date (estimated 13 trial days) | September 29, 2025 | February 4, 2026 |

**Q.     Trial**

Plaintiffs have proposed a trial date of September 29, 2025, and have requested a trial by jury on all claims allowed. Defendants have proposed a trial date of February 4, 2026. If the Court again dismisses Plaintiffs' damages claims, Defendants believe a bench trial is warranted.

**R.     Length of Trial**

The Parties believe trial will last thirteen (13) trial days, with trial between 8:00 a.m. and 1:30 p.m., Monday through Thursday, pursuant to the Court's calendar schedule. Plaintiffs propose that time be split evenly between Defendants and Plaintiffs.  Defendants believe that it is premature to discuss the division of time, as it is unclear which claims will remain in the case against which parties.

**S.     Disclosure of Non-party Interested Entities or Persons**

The Parties have provided the relevant disclosures of non-party interested entities or persons and will continue to supplement as other non-party interested entities or persons become known. *See* ECF Nos. 38-43, 51-52, 111.

### T. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: July 5, 2023              By:     */s/ Joseph R. Saveri*
                                              Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:       (415) 395-9940
Email:              jsaveri@saverilawfirm.com
                        swilliams@saverilawfirm.com
                        czirpoli@saverilawfirm.com
                        cyoung@saverilawfirm.com
                        lkessler@saverilawfirm.com
                        eabuchanan@saverilawfirm.com
                        tmanfredi@saverilawfirm.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: July 5, 2023

By: _____/s/ *Annette L. Hurst*_____
        Annette L. Hurst

Annette L. Hurst (State Bar No. 148738)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:    415-773-5700
Facsimile:    415-773-5759
Email:    ahurst@orrick.com

*Counsel for GitHub, Inc. and Microsoft Corporation*

Dated: July 5, 2023

By: _____/s/ *Joseph C. Gratz*_____
        Joseph C. Gratz

Joseph C. Gratz (State Bar No. 240676)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone:    415-268-7000
Facsimile:    415-268-7522
Email:    jgratz@mofo.com

*Counsel for OpenAI, Inc., OpenAI, L.P., OpenAI GP, LLC, OpenAI OpCo, L.L.C., OpenAI Startup Fund GP I, L.L.C, OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management LLC*

L.R. 5-1 SIGNATURE ATTESTATION

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: July 5, 2023

                                                    */s/ Joseph R. Saveri*
                                                      Joseph R. Saveri