July 21, 2023

*E-Filed*

The Honorable Jon S. Tigar
United States District Court for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, California 94102

Re:     *Doe 1, et al. v. GitHub, Inc., et al.;* Lead Case No. 4:22-cv-06823-JST

Dear Judge Tigar:

Pursuant to the Court's July 11, 2023 Order (ECF 129), the Parties hereby submit this joint letter brief addressing whether Plaintiffs' names and public source code shall be de-designated from Attorneys' Eyes Only to Confidential.  The parties exchanged proposals but were unable to come to agreement.

<u>**Defendants' Position**</u>

Plaintiffs have designated their names and the contents of *public* source code repositories as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY ("AEO") under the Protective Order (ECF 63).  This designation prohibits Defendants from utilizing non-lawyer client employees to assist in the investigation of and conduct of discovery in this case.  Defendants request that the Court order the lowering of this designation to CONFIDENTIAL.

The Protective Order obligates Plaintiffs to select the AEO designation only where the alleged risk of harm "could not be avoided by less restrictive means."  ECF 63 ¶¶2.8, 2.9.  Plaintiffs' have not explained why the CONFIDENTIAL designation is inadequate to protect their identities from disclosure.  This is not a situation where an AEO designation prevents the competitive harm of an employee learning of confidential technical or other trade secret information that they inadvertently use while performing job duties.  Rather, the alleged harm in this instance is that disclosure of Plaintiffs' identities may subject them to threats and other inappropriate communications.  The CONFIDENTIAL designation in the Court's standard form of protective order is designed to guard against exactly this kind of harm – unauthorized disclosure and/or use.

The CONFIDENTIAL designation limits disclosure only to those persons reasonably necessary to conduct the case.  *Id.* ¶7.2(b).  It requires employees to expressly agree to be bound by the Protective Order, and for Defendants' counsel to maintain written undertakings to that effect.  *Id.* Defendants further offered to maintain records sufficient to identify all persons to whom the identities or source code of Plaintiffs has been disclosed pursuant to Section 7.2(b) of the Protective Order, and, in the event the identities of Plaintiffs become public in a manner that Plaintiffs' counsel believes violates the Protective Order, Plaintiffs' counsel could move the Court for an order, upon good cause shown, requiring Defendants to produce a list of such

The Honorable Jon S. Tigar
July 21, 2023

Page 2

persons.  Plaintiffs refused this offer.  Instead, Plaintiffs insisted that the Protective Order be modified so that all employees be treated like experts, with advance disclosure and a lengthy period for Plaintiffs to object.[1]  Yet Plaintiffs fail to show good cause why the protective order should be modified to impose this extraordinary burden.  *See Corley v. Google, Inc.*, No. 16CV00473LHKHRL, 2016 WL 3421402, at *1 (N.D. Cal. June 22, 2016) (party seeking deviation from presumptively valid terms of model protective order must show good cause and that "specific harm or prejudice" will result if the court denies the request).

Plaintiffs offer no explanation why the CONFIDENTIAL designation is inadequate.  There is no showing that their control of the persons at Defendants to whom the information is disclosed would lessen any risk of disclosure.  Plaintiffs provide no reason to think that any employee of Defendants poses a danger of physical harm to Plaintiffs; every recipient of trade secrets, by contrast, poses a risk of commercial harm to the trade secret holder.  In contrast, granting Plaintiffs control over Defendants' investigation and conduct of the case is an unnecessary invasion of the attorney-client privilege, attorney work product, and an undue interference into the ability of Defendants' counsel to represent their clients.  Under the Protective Order, Defendants are already obliged to limit disclosure to those whom, in their judgment, it is necessary to do so.  Plaintiffs do not have any basis for second-guessing that judgment, and Defendants' counsel should not be required to disclose to their adversaries their thought processes and conclusions about the best way to obtain client assistance.  The opportunity for Plaintiffs to needlessly add complexity to the discovery process is significant.

These problems are illuminated by Plaintiffs' recent discovery requests.  *See, e.g.,* Exhibit C at RFP Nos. 8-9, 13, 49.  For example, RFP Nos. 8 and 9 to GitHub seek all documents related to Plaintiffs' use of GitHub and all documents related to Plaintiffs' use of Copilot.  It is simply not possible for counsel to respond to these requests without the assistance of multiple non-lawyer employees to whom plaintiffs' identities must be disclosed.  GitHub and Microsoft cannot even work on the responses to this discovery at present because of the AEO designation.  To even investigate the potential responses to these requests, Defendants will need the assistance of technical employees who manage the GitHub cloud repository service, employees responsible for large databases of electronic material containing user data, and employees responsible for collecting documents during e-discovery.  Counsel may find upon speaking with one person that indeed there is another who actually has a particular piece of information that is needed.  To follow the information where it leads in an investigation could require months for even simple tasks while counsel sit waiting for Plaintiffs to sign off on each new person to whom counsel wishes to speak.

---

[1] Plaintiffs contend that the expert-related provisions of the Protective Order "were inserted at Defendants' insistence and impose a disclosure regime requiring Plaintiffs to disclose to Defendants any proposed experts who may receive information designated by Defendants as AEO, without regard to whether the individual is a testifying or consulting expert," but in fact these provisions appear in the Court's model order.

The Honorable Jon S. Tigar
July 21, 2023

Page 3

Finally, Defendants would be remiss if they fail to note that even the CONFIDENTIAL designation will substantially impair their ability to litigate this case.  Defendants will be prevented by that designation from serving any third-party discovery about the Plaintiffs and their capability to serve as class representatives, as well as the origins and third-party use of their code, all important subjects in this class action copyright case.  It will take months for Defendants to fully investigate Plaintiffs' code, and then there will be further delay while Defendants are forced to meet and confer, and likely seek a court order, regarding the service of third-party subpoenas.

For these reasons, Defendants request that the Court order re-designation of this material to CONFIDENTIAL and deny Plaintiff's request to modify the Protective Order.[2]

### **Plaintiffs' Position**

Defendants believe protecting trade secrets is more important than Plaintiffs' physical safety. While Plaintiffs acknowledge Defendants may need to share Plaintiffs' true names and source code to select employees to respond to discovery, that information should not be disclosed freely—let alone to unidentified third parties. The risk of disclosure to Plaintiffs here is, as the Court has already acknowledged, plainly severe.[3] *See* ECF No. 95 at 12. Disclosure to unknown third parties is a real risk here—Defendants have repeatedly claimed a need to disclose Plaintiffs' information to third parties without identifying even generally who those third parties are.

Plaintiffs note this dispute is of Defendants' own making—the Protective Order allows for disclosure if it is "permitted in writing by the Designating Party." ECF No. 63 § 12. Defendants have never requested permission, opting instead to litigate a manufactured dispute. Nonetheless, Plaintiffs proposed a framework to accommodate Defendants' asserted needs on July 14, 2023. Plaintiffs proposed to use a parallel process to the Stipulated Protective Order's procedures for disclosure of information designated Highly Confidential – Attorneys' Eyes Only ("AEO")— provisions originally inserted at Defendants' insistence. ECF No. 63 §§ 7.3(c) & 7.4. On July 18, 2023, the Parties met and conferred. Defendants, relying again on a need to disclose Plaintiffs' information to unidentified third parties, proposed redesignating Plaintiffs' true names and source code as Confidential, maintaining records of those who receive Plaintiffs' information and, should Plaintiffs' information be revealed, they may share that information with Plaintiffs to investigate the disclosure. *See* Ex. B (July 18, 2023 Gratz Email to Young). Mere hours before the deadline to file this letter, Defendants shifted the goalposts again, this time proposing in exchanged drafts to re-designate Plaintiffs' names and to require Plaintiffs to move the Court to

---

[2] By seeking the designation of CONFIDENTIAL, Defendants do not waive their position-- previously overruled by the Court--that Plaintiffs' names are not properly the subject of any level of confidentiality in light of Rules 10 and 23.

[3] Notwithstanding the Court's determination, Defendants continue to belittle Plaintiffs' reasonable fears as merely that disclosure may "subject them to threats and other inappropriate communications."

The Honorable Jon S. Tigar
July 21, 2023

Page 4

learn the names of recipients—less than what is even required for unauthorized disclosure. ECF No. 63 § 12.

Plaintiffs' proposal contains provisions mirroring provisions already in the Stipulated Protective Order for the disclosure of other AEO information. *See* Ex. A §§ 7.5(c) & 7.6. This is the same procedure that Defendants insisted on for disclosure of their own AEO information. *See* ECF Nos. 49 & 61. Plaintiffs' proposal is no more an impediment to Defendants' efforts than the procedures already in place for protection of Defendants' materials. Defendants have not explained how following this reciprocal procedure would prejudice them, other than they do not want to tell Plaintiffs who knows their information.[4] Indeed, Defendants had no such objection when it was their commercial information when demanding Plaintiffs disclose even their consulting experts, which ordinarily is not required.[5] *See* Fed. R. Civ. P. 26(b)(4)(D).

Defendants' counterproposal is plainly inadequate because Plaintiffs' information could be provided to anyone, whether it is Defendants' employees, Defendants' experts, or any other unidentified non-party that signs Exhibit A to the Stipulated Protective Order. All without informing Plaintiffs who received their information.[6]

The Stipulated Protective Order, mutually agreed upon by the Parties, defines AEO information as "extremely sensitive 'Confidential Information or Items,' disclosure of which . . . would create a **substantial risk of serious harm** that could not be avoided by less restrictive means." ECF No. 63 § 2.8 (emphasis added). The Protective Order makes no distinction as to whether that harm is physical or competitive. Nonetheless, Defendants assert the position that the AEO designation is only for **trade secrets**.[7] It would be remarkable indeed if under the law, the only

---

[4] Defendants have never once identified even generally which non-parties they may need to subpoena. In any event, Defendants will necessarily reveal the identities of any applicable non-parties when serving their subpoenas on Plaintiffs, so disclosure is not onerous. *See* Fed. R. Civ. Proc. 45(a)(4).

[5] Plaintiffs' proposal is attached hereto as **Exhibit A.** Defendants cite *Corley v. Google, Inc*., No. 16CV00473LHKHRL, 2016 WL 3421402, at *1 (N.D. Cal. June 22, 2016), but Plaintiffs' change is to accommodate *Defendants' request*. In any event, it is hard to imagine a more serious risk than death.

[6] The GitHub Defendants' Counsel have already demonstrated a cavalier attitude towards designated materials. *See, e.g.*, ECF No. 77 at 3-5. Indeed, counsel has done little to demonstrate to Plaintiffs they heeded Judge Alsup's warning. *See* Order re Protective Order and Motion for Contempt, *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA (N.D. Cal. Sep. 23, 2016), ECF No. 2065 (admonishing that "Those who need to maintain their information in privacy will resist even court orders to allow discovery if the lawyers who want access can brush off the special handling as boilerplate.").

[7] Defendants' position is bizarre. Protective Orders are routinely issued to preserve public safety and the "anonymity of those involved in the active litigation." *See, e.g.*, *Astorga v. City of Los Angeles*, Case No. 20-cv-09805, 2021 WL 4434353, at *2 (C.D. Cal. Aug. 12, 2021); *see also*, *e.g.*, *Johnson v. Dye,* No. 3:19-CV-00444-GCS, 2021 WL 4456552, at *4 (S.D. Ill. Sept. 29,

The Honorable Jon S. Tigar
July 21, 2023

Page 5

harm deemed serious is competitive harm.[8] While the revelation of a trade secret can be investigated or compensated, death is not so easily cured.

Respectfully Submitted,

   _/s/ Annette L. Hurst_____
Annette L. Hurst
Orrick, Herrington, and Sutcliffe LLP
Attorneys for Defendants GitHub, Inc. and
Microsoft Corp.

   _/s/ Joseph C. Gratz_____
Joseph C. Gratz
Morrison & Foerster LLP
Attorneys for OpenAI Defendants

   _/s/ Joseph R. Saveri_____
Joseph R. Saveri
Joseph Saveri Law Firm, LLP
Attorneys for Plaintiffs

**Attestation of Concurrence**

I, Annette Hurst, am the ECF User whose identification and password are being used to file the foregoing Joint Letter. Pursuant to Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained.

Dated: July 21, 2023                    ORRICK, HERRINGTON & SUTCLIFFE, LLP

                                        By: _____/s/Annette L. Hurst_____
                                                        Annette L. Hurst

---

2021) (threat of physical harm worthy of AEO designation); *Chasse v. Humphreys*, Case No. CV-07-189-HU, 2007 WL 4165741 at *3, 5 (D. Or. Nov. 19, 2007) (maintaining protective order where "there are safety concerns").
[8] *Cf. Adamson v. California*, 332 U.S. 46, 82 (1947) ("[The Constitution] was aimed at restraining and checking the powers of wealth and privilege. . . . It operates today to protect the rights of property to the detriment of the rights of man.") (Black, J., *dissenting*).

# EXHIBIT A

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICAND CT OF CALIFORNIA**
**OAKLAND DIVISION**

J. DOE 1, et al.,

      Individual and Representative Plaintiffs,

      v.

GITHUB, INC., et al.,

                Defendants.

Case Nos.     4:22-cv-06823-JST
               4:22-cv-07074-JST

**[PROPOSED] ADDENDUM TO
STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE
SECRETS**

17

18

19

20

21

22

23

24

25

26

27

28

On March 7, 2023, the Court entered the Stipulated Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (ECF No. 63, the "Protective Order") in the above-captioned matter. Consistent with the Court's Order (ECF No. 129), the Parties agreed to meet and confer concerning the disclosure of Plaintiffs' true names and Plaintiffs' source code to Defendants' internal employees for the purpose of investigating Plaintiffs' claims and responding to discovery requests. The Parties met and conferred, and are not at impasse.

Plaintiffs therefore submit this [PROPOSED] Addendum to the Protective Order (the "Addendum"):

2.18   Employee: An employee of the Receiving Party.

3.1   SCOPE. This Addendum is meant to be read in conjunction with the Protective Order and is incorporated fully as if stated therein. Unless otherwise indicated, nothing in this Addendum supersedes or otherwise modifies the terms of the Protective Order.

7.5   Disclosure of Plaintiffs' True Names and Plaintiffs' Source Code. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party[1] may disclose Plaintiffs' True Names and Plaintiffs' source code designated as "HIGHLY CONFIDENTIAL"[2] only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" to the Protective Order that is re-attached hereto as Exhibit A;

---

[1] For purposes of Sections 7.5 and 7.6, "Receiving Party" is understood to include any third-party for which disclosure of Plaintiffs' true names and source code may be necessary in order to comply with a duly-issued subpoena under Rule 45 of the Federal Rules of Civil Procedure.

[2] For clarity, "HIGHLY CONFIDENTIAL" as understood in paragraphs 7.5 and 7.6 with reference Plaintiffs' true names or source code means either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b) Designated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order), and (3) as to whom the procedures set forth in paragraph 7.6(a)(2), below, have been followed;

(d) Employees of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order), and (3) as to whom the applicable procedures set forth in paragraph 7.6(a)(2), below, have been followed;

(e) the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order); and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.6     Procedures for Approving or Objecting to Disclosure of Plaintiffs' True Names and Source Code to Designated House Counsel, Employees or Experts.

(a)(1) [Omitted]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert or Employee (as defined in this Order) a Plaintiffs' true name or Plaintiffs' source code that has been designated "HIGHLY CONFIDENTIAL" pursuant to paragraph 7.5(c) or 7.5(d) first must make a written request to the Designating Party that (1) identifies generally the categories of such information that the Receiving Party seeks permission to disclose to the Expert or Employee, (2) sets forth the full name of the Expert or Employee, and the city and state of his or her primary residence, (3)

attaches a copy of the Expert current resume, (4) identifies the Expert or Employee's current

employer(s), (5) identifies each person or entity from whom the Expert has received

compensation or funding for work in his or her areas of expertise or to whom the expert has

provided professional services, including in connection with a litigation, at any time during the

preceding five years, and (6) identifies (by name and number of the case, filing date, and location

of court) any litigation in connection with which the Expert has offered expert testimony,

including through a declaration, report, or testimony at a deposition or trial, during the preceding

five years.

(b) A Party that makes a request and provides the information specified in the preceding

respective paragraphs may disclose the subject Protected Material to the identified Expert or

Employee unless, within 7 days of delivering the request, the Party receives a written objection

from the Designating Party. Any such objection must set forth in detail the grounds on which it is

based.

(c) A Party that receives a timely written objection must meet and confer with the

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within seven days of the written objection. If no agreement is reached, the Party

seeking to make the disclosure to the Expert or Employee may file a motion as provided in Civil

Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission

from the court to do so. Any such motion must describe the circumstances with specificity, set

forth in detail the reasons why the disclosure to the Expert or Employee is reasonably necessary,

assess the risk of harm that the disclosure would entail, and suggest any additional means that

could be used to reduce that risk. In addition, any such motion must be accompanied by a

competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the

extent and the content of the meet and confer discussions) and setting forth the reasons advanced

by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert or Employee shall

bear the burden of proving that the risk of harm that the disclosure would entail (under the

safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert or Employee.

**IT IS SO ORDERED.**

Dated:

_____
Honorable Jon Tigar
United States District Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Northern District of California on [date] in the case of DOE 1, et al.

v. GitHub, Inc., et al., Civil Case No. 4:22-cv-06823-JST. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

[PROPOSED] ADDENDUM TO STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

# EXHIBIT B

| | |
|---|---|
| **From:** | Justice, Daniel <djustice@orrick.com> |
| **Sent:** | Thursday, July 20, 2023 5:29 PM |
| **To:** | Christopher Young; Gratz, Joseph C.; Hurst, Annette L.; Travis Manfredi; Ashleigh Jensen; Joseph Saveri; Lee, Rose S.; Cadio Zirpoli; Louis Kessler; Amara Getzell; Matthew Butterick; Alex Zeng; Schwartz, Amanda; Jacobs, Michael A.; OpenAIDoeLitigation; Copilot_Litigation_OHS |
| **Subject:** | RE: GitHub Meet and Confer |

External (djustice@orrick.com)

<u>Report This Email</u>  <u>FAQ</u>  <u>Skout Email Protection</u>

Microsoft and GitHub agree to mutually exchange portions of our joint letter at 10am PST tomorrow.

---

**From:** Christopher Young <cyoung@saverilawfirm.com>
**Sent:** Tuesday, July 18, 2023 5:13 PM
**To:** Gratz, Joseph C. <JGratz@mofo.com>; Hurst, Annette L. <ahurst@orrick.com>; Travis Manfredi <tmanfredi@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Lee, Rose S. <RoseLee@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Matthew Butterick <mb@but300ericklaw.com>; Alex Zeng <azeng@saverilawfirm.com>; Justice, Daniel <djustice@orrick.com>; Schwartz, Amanda <aschwartz@orrick.com>; Jacobs, Michael A. <MJacobs@mofo.com>; OpenAIDoeLitigation <OpenAIDoeLitigation@mofo.com>
**Subject:** RE: GitHub Meet and Confer

Joe,

It was likewise good speaking to you this afternoon. A few points regarding Defendants' proposal:

- First, we would again reiterate that it was Defendants who wished to impose a disclosure regime for AEO materials in this case, not Plaintiffs. We do not think it is unreasonable to expect a reciprocal regime for Plaintiffs' information that could subject them to substantial risk of serious harm.
- Second, we note that underlying this negotiation seems to be a subtext that Defendants' sensitive commercial information should be afforded more protection than information that the Court has already determined could subject Plaintiffs to risk of severe harm, namely death. *See* ECF No. 95 at 12. We do not think it should be controversial that physical harm is at least as serious as commercial harm.
- Third, to the extent Defendants believe disclosure of Plaintiffs' information is necessary for third-party discovery, we do not think that a disclosure procedure would be too onerous, as under the subpoena process under Rule 45, a subpoena must be served on all parties. Disclosing a few days early which party Defendants wish to reveal our Plaintiffs' information to does not seem to be too grave a burden when weighed against the serious risks of harms in this case.

In the spirit of compromise, Plaintiffs propose amending our previously submitted joint addendum for disclosure of an Employee's name, position and current employer along with signing the Acknowledgement and Agreement to be Bound. Similar provisions would apply to employees of a third-party should Defendants believe it to be necessary to disclose Plaintiffs' information to a third-party. To the extent disclosure may be necessary to an Expert, there are no changes to the provisions thereto.

Finally, in the event the parties are unable to reach agreement, Plaintiffs propose the parties mutually exchange portions of our joint letter at 10am PST this Friday.

Best,
**Christopher**
**T** 415.500.6800 x807



---

**From:** Gratz, Joseph C. <JGratz@mofo.com>
**Sent:** Tuesday, July 18, 2023 3:45 PM
**To:** Christopher Young <cyoung@saverilawfirm.com>; Hurst, Annette L. <ahurst@orrick.com>; Travis Manfredi <tmanfredi@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Lee, Rose S. <RoseLee@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Matthew Butterick <mb@butticklaw.com>; Alex Zeng <azeng@saverilawfirm.com>; Justice, Daniel <djustice@orrick.com>; Schwartz, Amanda <aschwartz@orrick.com>; Jacobs, Michael A. <MJacobs@mofo.com>; OpenAIDoeLitigation <OpenAIDoeLitigation@mofo.com>
**Subject:** RE: GitHub Meet and Confer

Chris,

It was good speaking with you this afternoon.  To resolve this issue, defendants would stipulate to an order providing as follows:

> Counsel for Defendants shall maintain records sufficient to identify all persons to whom the identities or source code of Plaintiffs has been disclosed pursuant to Section 7.2(b) of the Protective Order, ECF No. 63.  In the event the identities of Plaintiffs become public in a manner that Plaintiffs' counsel believes violates the Protective Order, Plaintiffs' counsel may move the Court for an order, upon good cause shown, requiring Defendants to produce a list of such persons.

**Joseph Gratz** (he/him)
Partner
JGratz@mofo.com
+1 (415) 268-6066

**MORRISON FOERSTER**

---

**From:** Christopher Young <cyoung@saverilawfirm.com>
**Sent:** Tuesday, July 18, 2023 5:34 PM
**To:** Hurst, Annette L. <ahurst@orrick.com>; Travis Manfredi <tmanfredi@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Lee, Rose S. <RoseLee@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Matthew Butterick <mb@butticklaw.com>; Alex Zeng <azeng@saverilawfirm.com>; Justice, Daniel <djustice@orrick.com>; Schwartz, Amanda <aschwartz@orrick.com>; Jacobs, Michael A. <MJacobs@mofo.com>
**Subject:** RE: GitHub Meet and Confer

External Email

Can you try this?

https://us06web.zoom.us/j/86252357347

**Christopher**
**T** 415.500.6800 x807

---

**From:** Hurst, Annette L. <ahurst@orrick.com>
**Sent:** Tuesday, July 18, 2023 2:32 PM
**To:** Travis Manfredi <tmanfredi@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; JGratz@mofo.com; Joseph Saveri <jsaveri@saverilawfirm.com>; RoseLee@mofo.com; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Matthew Butterick <mb@butaricklaw.com>; Christopher Young <cyoung@saverilawfirm.com>; Alex Zeng <azeng@saverilawfirm.com>; Justice, Daniel <djustice@orrick.com>; Schwartz, Amanda <aschwartz@orrick.com>; mjacobs@mofo.com
**Subject:** GitHub Meet and Confer

The zoom link does not seem to be working for me

**GitHub Meet and Confer**
Scheduled: Jul 18, 2023 at 2:30 PM to 3:00 PM, PDT
Location: https://us06web.zoom.us/j/86252357347
Invitees: Travis Manfredi, Ashleigh Jensen, Gratz, Joseph C., Joseph Saveri, roselee@mofo.com, Cadio Zirpoli, Louis Kessler, Amara Getzell, Matthew Butterick, Christopher Young, Alex Zeng, Justice, Daniel, Schwartz, Amanda, mjacobs@mofo.com

Annette Hurst
Partner
Orrick Herrington & Sutcliffe

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of

the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.


====================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.


NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT C

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               lkessler@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>        Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>                            Defendants. | Case Nos.  4:22-cv-06823-JST<br>                4:22-cv-07074-JST<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT GITHUB, INC.** |

4:22-cv-06823-JST

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT GITHUB, INC.

operation, conception, design, programming, testing, administration, marketing, OR sale of COPILOT.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS that constitute COPILOT telemetry data.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS memorializing how COPILOT works.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS related to Plaintiffs' use of GitHub, INCLUDING without limitation contents of Plaintiffs' GitHub repositories.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS related to Plaintiffs' use of COPILOT.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS sufficient to show the relationship, integration, or incorporation of CODEX into COPILOT, INCLUDING without limitation, DOCUMENTS reflecting the training of COPILOT through CODEX INCLUDING by any other DEFENDANT.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS sufficient to show changes to COPILOT related to its emission or filtering of output, INCLUDING without limitation license test, attribution and copyright notices.

**REQUEST FOR PRODUCTION NO. 12:**

ALL COMMUNICATIONS related to the altering of COPILOT's emission or filtering of output, INCLUDING without limitation license test, attribution and copyright notices.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS sufficient to show ALL instances of Plaintiffs' code ingested by YOU as training data for CODEX OR COPILOT being emitted as output, INCLUDING matches or near matches, AND the DATE of such emissions.

**REQUEST FOR PRODUCTION NO. 49:**

ALL DOCUMENTS or COMMUNICATIONS related to or mentioning Plaintiffs named in the COMPLAINT (pseudonymously known as Does 1-5).

Dated: July 12, 2023

By:      _/s/ Joseph R. Saveri_
                  Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              lkessler@saverilawfirm.com
              eabuchanan@saverilawfirm.com
              tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@butancklaw.com

_Counsel for Individual and Representative_
_Plaintiffs and the Proposed Class_