UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE 1, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>        Defendants. | Case No. 22-cv-06823-JST<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: ECF Nos. 71, 136 |

Now before the Court is the parties' discovery letter brief, in which the parties dispute the appropriate protective order designation to be applied to materials containing the names of the Plaintiffs in this case. ECF No. 136. Plaintiffs argue that their names, and any documents or other materials revealing those names ("Names Information"), should be designated "Highly Confidential – Attorneys' Eyes Only." *Id.* at 1. Defendants respond that designating Names Information "Confidential" will adequately protect Plaintiffs from the harms of inadvertent or unauthorized disclosure. *Id.*

"To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance." *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554 (C.D. Cal. 2007). "Specifically, the moving party must make a clear showing of a particular and specific need for the order." *Id.* Where confidential information is at issue, the Court must balance the risk of disclosure to unauthorized or inappropriate persons against the risk that a protective order will impair prosecution or defense of the claims. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992). Whether to grant, lift, or modify a protective order is committed to the sound discretion of the district court. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *see Seattle Times Co. v.*

1  *Rhinehart,* 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial
2  court to decide when a protective order is appropriate and what degree of protection is required.").

3        The Court concludes that Names Information should be designated "Confidential" subject
4  to certain additional protections proposed by Defendants.[1]  Specifically, counsel for Defendants
5  shall maintain records sufficient to identify all persons to whom the identities or source code of
6  Plaintiffs has been disclosed pursuant to Section 7.2(b) of the Protective Order, ECF No. 63.  In
7  the event the identities of Plaintiffs become public in a manner that Plaintiffs' counsel believes
8  violates the Protective Order, Plaintiffs' counsel may move the Court for an order, upon good
9  cause shown, requiring Defendants to produce a list of such persons.  The public revelation of
10  Plaintiffs' name or names following the date of this order shall constitute prima facie evidence of
11  good cause.  This framework adequately protects Plaintiffs' interests in confidentiality while not
12  unreasonably encumbering Defendants' investigation and trial preparation efforts.

13        Plaintiffs' proposal, by contrast, is unworkable.  It contemplates that Defendants must
14  disclose to Plaintiffs' counsel in advance the name of any person to whom they wish to provide
15  Names Information; that Plaintiffs will have the right to object to such disclosure; that the parties
16  will then meet and confer; and that Defendants must then file a motion seeking such disclosure if
17  the parties cannot agree.  ECF No. 136 at 10.[2]  Defendants cannot reasonably be expected to
18  undertake such a procedure each time they wish to investigate facts relating to Plaintiffs.  *See THK*
19  *Am., Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 461, 462 (N.D. Ill. 1991) (holding that a request that
20  certain persons be barred from seeing confidential information may be denied if such an order
21  would unreasonably hinder the party affected by the order from preparing for trial).  Accordingly,
22  the Court rejects Plaintiffs' proposal.

23  / / /

24  / / /

---

[1] The Court has modified Defendants' proposal slightly.  *See* ECF No. 136 at 15.

[2] Although Defendants would be required to file any such motion, the burden would be on the party opposing disclosure to demonstrate "that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert or Employee."  *Id.* at 10–11.

Defendants are directed to submit a revised protective order consistent with this order, approved as to form by Plaintiffs, with seven days of this order. Plaintiffs' motion to maintain confidentiality designation, ECF No. 71, is terminated as moot.

**IT IS SO ORDERED.**

Dated: July 26, 2023



JON S. TIGAR
United States District Judge