UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

J. DOE 1, et al.,

    Individual and Representative Plaintiffs,

    v.

GITHUB, INC., et al.,

    Defendants.

Case Nos.    4:22-cv-06823-JST
                4:22-cv-07074-JST

**STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY**

The Parties through their respective counsel of record stipulate to the following regarding the scope of expert discovery in the above-captioned matters and all other matters subsequently consolidated with them (collectively, the "Actions"), subject to approval by the Court. Undefined terms shall have the same meaning as in the Protective Order entered in the Actions. In the event of a conflict with any provision of the Protective Order, the provisions of this Order will control.

1. This Stipulation and Order Concerning Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or any of the deadlines set forth in any subsequent scheduling orders.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the Parties have agreed to those limitations to increase the efficiency of their dealings with experts and to minimize discovery disputes regarding experts. Neither the terms of this Stipulation nor the Parties' agreement to them shall be considered an admission or waiver by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. For purposes of the Actions, the requirements of Fed. R. Civ. P. 26(a)(2)(B)(ii) shall be limited to "the facts, data, and other information *relied on* by the witness in forming [all opinions the witness will express]."

4. For purposes of the Actions, the requirements of Fed. R. Civ. P. 26(b)(4)(C)(ii) shall be limited to "the facts, data or other information that the party's attorney provided and that the expert *relied on* in forming the opinions to be expressed."

5. Any expert or consultant, including but not limited to trial consultants, graphic or audiovisual consultants, industry experts, and economic experts, shall be provided with a copy of the Protective Order and this Order and shall execute a copy of the Acknowledgment and Agreement to Be Bound (Exhibit A to the Protective Order) confirming the expert's or consultant's agreement to be bound by the terms of the Protective Order. Counsel for the Party or Parties retaining such expert or consultant shall retain the original Acknowledgment and Agreement to Be Bound.

6. Except as provided in paragraphs 7 and 8 below, the following types of information shall *not* be the subject of any form of discovery, no request for discovery shall be construed as including a request for such information, and the Parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

 a. the content of written and oral communications solely among and between:

  i. counsel, including any legal assistant, secretary, clerical help, or other person working under the direction of counsel, on the one hand, and the testifying expert and/or the testifying expert's staff, assistants, or clerical help, and/or supporting firms, on the other hand;

  ii. counsel, including any legal assistant, secretary, clerical help, or other person working under the direction of counsel, on the one hand, and any non-testifying expert or consultant and/or the non-testifying expert's or consultant's staff, assistants, or clerical help, and/or supporting firms, on the other hand;

  iii. the testifying expert, on the one hand, and other testifying experts and/or other non-testifying experts or consultants, their staff, assistants, or clerical help, and/or supporting firms, on the other hand;

  iv. testifying experts and their staff, assistants, or clerical help, and/or supporting firms;

  v. non-testifying experts or consultants and their staff, assistants, or clerical help, and/or supporting firms;

  vi. non-testifying experts or consultants, on the one hand, and testifying experts, or non-testifying experts or consultants, their staff, assistants, or clerical help, and/or supporting firms, on the other hand;

  vii. the respective staffs, assistants, or clerical help, and/or supporting firms of testifying experts or non-testifying experts or consultants and the staffs, assistants, or clerical help, and/or supporting firms of other testifying experts, or non-testifying experts or consultants.

        b.      notes, drafts, written communications, preliminary or intermediate calculations, summaries, computations, modeling, or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert or consultant or a non-testifying expert or consultant, including drafts or parts of or whole Fed. R. Civ. P. 26(a)(2)(B) expert reports, affidavits, exhibits or declarations, regardless of the form in which the draft is recorded.

        c.      any comments, whether oral or written, related to a report, declaration, or affidavit or draft report, declaration, or affidavit of a testifying expert prepared in connection with this litigation by (i) counsel for a Party retaining the testifying expert; (ii) counsel working with counsel for a Party retaining the testifying expert; (iii) any testifying expert's staff, assistants, or clerical help, or supporting firms; (iv) a non-testifying expert or consultant; (v) a non-testifying expert's or consultant's staff, assistants, or clerical help, or supporting firms; (vi) any other testifying expert; or (vii) any other testifying expert's staff, assistants, or clerical help, or supporting firms; and

        d.      any information concerning fees paid or to be paid to non-testifying experts or consultants, negotiations over any expert's or consultant's fees, and invoices submitted by experts or consultants. For the avoidance of doubt, the following information regarding a testifying expert are discoverable: (i) the testifying expert's hourly rate, (ii) total hours personally billed by the testifying expert, (iii) the testifying experts' staff members' hourly rate, (iv) total hours personally billed by each of the expert's staff members, and (iii) any other consideration or compensation received or to be received by the expert.

7. The limitations contained in Paragraph 6 above shall not apply to any communications, documents, data sets, data runs, calculations, modeling, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports.

8. The limitations contained in Paragraph 6 above do not affect any obligation under the Federal Rules that an expert might otherwise have to respond to questions regarding: (a) investigations or

modeling (including any regression analyses) that the expert attempted but rejected; (b) the reasons for rejecting any such investigations or modeling; (c) the hourly rates of the expert and his or her staff; (d) the amount of time an expert or that expert's staff has spent on the expert's report and associated work; and (e) the amount of money billed for the report and associated work.

9. Within three days of any Party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the Party or Parties proffering the expert report or declaration shall produce: the data or other information relied upon by the expert witness in forming the expert witness's opinions. "Data or other information relied upon" shall be deemed to include, but will not be limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells), statistical analyses, computerized regression analyses, input and output files, computer code to generate the empirical results, and other sources, reports, schedules, literature, or website content relief upon by the expert as a basis for his or her opinion. Each Party's production must be sufficient to enable the opposing Party and experts to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions, and shall include any instructions and guides necessary to assist in that effort. Documents produced in the case (other than data) need only be identified by Bates number and publicly available information need only be identified by the publication title and/or URL where it can be located, but a list of such documents (and, for publicly available documents, information identifying the source) shall be included in, or as an attachment to, the report. Any exhibits that will be used to summarize or support the expert witness's opinions but not trial demonstratives; any work product (including but not limited to: analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs or computer code that are produced; the expert witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the expert witness has testified as an expert at trial or by deposition; and a statement of the hourly rate to be paid for the expert witness's time in this case.

10. The information required by Paragraph 9 above to be produced shall be produced electronically (via email, HDD, or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of their opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or

modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the Parties, along with any software and instructions required to read them, but no Party need produce computer software that is reasonably and commercially available (*e.g.*, Microsoft Word, Excel). Documents that are publicly available need not be produced absent specific requests if they are identified with sufficient specificity to allow the opposing side to locate and obtain the document. Documents (except for data) that have previously been produced during discovery need not be produced if they are identified by Bates number. Paragraph 9 does not impact or apply to any deadlines, rules, or procedures governing demonstrative exhibits for hearings or trial.

11. Paragraph 9 above is not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during any hearing or trial. The use of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, and any applicable standing order(s) unless otherwise provided by order of the Court. The use of demonstrative exhibits not provided with an expert's report at trial shall be governed by the Final Pretrial Order.

12. No subpoenas (for depositions or documents) shall be served on any testifying expert from whom a report or declaration is provided. Instead, the Party proffering such expert and the expert will, without a subpoena, (a) produce all the materials and information called for in Paragraph 8 above, and (b) make the expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders.

13. Except as provided under Federal Rule of Civil Procedure 26(b)(4)(D), no Party may, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained by another Party in anticipation of this litigation or to prepare for trial in this matter and who is not expected to be called as a witness at trial, without the express written consent and authorization of the Party employing such expert.

14. Nothing in this Stipulation shall permit a Party or a testifying expert to withhold any proposition, fact, belief or other data, information or material on which the expert relies in support of her or his opinion(s) in this matter.

15. The Parties agree to comply with this Stipulation pending the Court's approval.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____

Honorable Jon S. Tigar
United States District Judge

Dated: October 27, 2023          By:     */s/ Joseph R. Saveri*
                                              Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:       (415) 395-9940
Email:             jsaveri@saverilawfirm.com
                       czirpoli@saverilawfirm.com
                       cyoung@saverilawfirm.com
                       eabuchanan@saverilawfirm.com
                       tmanfredi@saverilawfirm.com

*Counsel for Plaintiffs and the Proposed Class*

| | | |
|---|---|---|
| Dated: October 27, 2023 | By: | /s/ Annette L. Hurst |
| | | Annette L. Hurst |

Annette L. Hurst (State Bar No. 148738)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415 773 5700
Facsimile:    415-773-5759
Email:          ahurst@orrick.com

*Counsel for GitHub, Inc. and Microsoft Corporation*

| | | |
|---|---|---|
| Dated: October 27, 2023 | By: | /s/ Joseph C. Gratz |
| | | Joseph C. Gratz |

Joseph C. Gratz (State Bar No. 240676)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone:   415-268-7000
Facsimile:    415-268-7522
Email:          JGratz@mofo.com

*Counsel for OpenAI, Inc.; OpenAI, L.P.; OpenAI OpCo., LLC; OpenAI GP, L.L.C.; OpenAI Startup Fund GP I, L.L.C.; OpenAI Startup Fund I, L.P.; and OpenAI Startup Fund Management, LLC*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: October 27, 2023            By:     */s/ Joseph R. Saveri*
                                               Joseph R. Saveri