MICHAEL A. JACOBS (SBN 111664)
MJacobs@mofo.com
JOSEPH C. GRATZ (SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (SBN 211497)
TCheung@mofo.com
MELODY E. WONG (SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     (415) 268-7000
Facsimile:      (415) 268-7522

[CAPTION PAGE CONTINUED ON NEXT PAGE]

Attorneys for Defendants OPENAI, INC., a Delaware nonprofit
corporation, OPENAI, L.P., a Delaware limited partnership,
OPENAI OPCO, L.L.C., a Delaware limited liability company,
OPENAI GP, L.L.C., a Delaware limited liability company,
OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited
liability company, OPENAI STARTUP FUND I, L.P., a
Delaware limited partnership, OPENAI STARTUP FUND
MANAGEMENT, LLC, a Delaware limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| J. DOE 1 and J. DOE 2, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GITHUB, INC., a Delaware corporation; MICROSOFT CORPORATION, a Washington corporation; OPENAI, INC., a Delaware nonprofit corporation; OPENAI, L.P., a Delaware limited partnership; OPENAI GP, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND I, L.P., a Delaware limited partnership; OPENAI STARTUP FUND MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 3:22-cv-07074-JST<br><br>Consolidated with Case No. 4:22-cv-07074-JST<br><br>**DECLARATION OF ROSE S. LEE IN SUPPORT OF ENTRY OF DEFENDANTS' [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Allyson R. Bennett (SBN 302090)
ABennett@mofo.com
ROSE S. LEE (SBN 294658)
RoseLee@mofo.com
Alexandra M. Ward (SBN 318042)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:    (213) 892-5200
Facsimile:    (213) 892-5454

1    I, Rose S. Lee, hereby declare:

2        1.      I am an attorney at the law firm of Morrison & Foerster LLP, one of counsel of

3    record for Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C.,

4    OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund

5    Management, LLC ("OpenAI") in this action.  I make this declaration in support of entry of

6    Defendants GitHub, Inc. ("GitHub"); Microsoft Corporation ("Microsoft"); and OpenAI's

7    Proposed Order Re: Discovery of Electronically Stored Information.  The statements in this

8    declaration are based on my personal knowledge and, if called and sworn as a witness, I could

9    and would competently testify thereto.

10       2.      Attached as Exhibit 1 is a true and correct copy of Defendants' [Proposed] Order

11   Re: Discovery of Electronically Stored Information ("Defendants' Proposed ESI Order").

12   Defendants' Proposed ESI Order is based on the Northern District of California's "[Model]

13   Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation"

14   ("Patent Model ESI Order").

15       3.      Attached as Exhibit 2 is a true and correct copy of a redline comparing

16   Defendants' Proposed ESI Order with the Northern District of California's Patent Model ESI

17   Order.

18       4.      The caption was amended to include case-identifying information.  Defendants

19   removed "Stipulation" and "for Patent Litigation" from the document title given that parties are

20   submitting competing proposals and that this is not a patent case.

21       5.      In paragraph 2, Defendants removed the timing of jointly submitting modifications

22   within 30 days after the Federal Rules of Civil Procedure 16 Conference because the timing of

23   submitting ESI proposals was otherwise set by the Court during the September 15, 2023 Further

24   Case Management Conference (ECF No. 155).

25       6.      In paragraph 6, Defendants added "or messaging service" to address the fact that

26   one or more of the parties uses messaging services in addition to traditional email.

27       7.      Defendants removed paragraph 8 of the Patent Model ESI Order because it was

28   specific to patent cases (e.g., refers to patents, prior art, and accused instrumentalities).

8.      Defendants added paragraph 9 to address enterprise messaging tools that are being used by one or more of the parties in addition to traditional email.

9.      As set forth in the parties' September 8, 2023 Joint Case Management Statement (ECF No. 152 at 12-13), Plaintiffs and OpenAI dispute which OpenAI entities are actually relevant to the case.  In paragraph 10 of Defendants' Proposed ESI Order, OpenAI clarified that the total of five custodians per producing party applies to all named OpenAI entities collectively, not each named OpenAI entity.  Treating each OpenAI entity separately would result in 35 OpenAI custodians, which would be overly burdensome and contrary to the spirit of the model order's custodian limitation.

10.     Defendants amended paragraph 11 to indicate the timing of identifying search terms (i.e., that search terms per custodian per producing party shall be identified in email production requests upon service).

11.     Defendants added paragraph 13 of Defendants' Proposed ESI Order to specify production format for ESI.  Defendants and Plaintiffs agree that it is useful for the ESI Order to provide some information about production format, although they disagree on substance of what the Order should say.  That said, after meeting and conferring with Plaintiffs, Defendants incorporated Plaintiffs' request that PowerPoint presentations be produced in native format unless redactions are required, as well as Plaintiffs' request that ESI items be processed so as to preserve date/time shown in the document as it was last saved.

12.     Defendants added paragraph 14 and Exhibit A to Defendants' Proposed ESI Order to specify metadata fields to include with productions.  Similar to paragraph 13, Defendants and Plaintiffs agree that it is useful for the ESI Order to contain provisions regarding metadata, although they disagree on what those provisions should say.

13.     Defendants added paragraph 15 of Defendants' Proposed ESI Order to specify timing, procedures, and formats for the parties' privilege logs.  Defendants and Plaintiffs agree that including provisions on privilege logs is appropriate, but disagree on what those provisions should say.

1    14.    After meeting and conferring with Plaintiffs, Defendants added paragraph 16 to

2  incorporate Plaintiffs' provision from their proposed ESI order regarding productions, ESI, or

3  other responses from non-parties in response to subpoenas.

4

5    I declare under penalty of perjury that the foregoing is true and correct to the best of my

6  knowledge.

7    Executed this 27th day of October, 2023 at San Jose, California

8

9

10                    */s/ Rose S. Lee*
                      Rose S. Lee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28