November 15, 2023

*E-Filed*

The Honorable Jon S. Tigar
United States District Court for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Doe 1, et al. v. GitHub, Inc., et al.;* Lead Case No. 4:22-cv-06823-JST

Dear Judge Tigar:

Pursuant to Federal Rule of Civil Procedure 37 and the Court's Standing Order for All Civil Cases Before District Judge Jon S. Tigar, Plaintiffs Does 1-5 ("Plaintiffs") and Defendants OpenAI, Inc.; OpenAI, LP; OpenAI OpCo, LLC; OpenAI GP, LLC; OpenAI Startup Fund GP I, LLC; OpenAI Startup Fund I, LP; and OpenAI Startup Fund Management, LLC. ("OpenAI") (collectively, the "Parties") hereby submit this joint letter brief regarding OpenAI's responses to Plaintiffs' First Set of Interrogatories.

**Plaintiffs' Position**

Plaintiffs seek an order compelling OpenAI to provide complete responses to Interrogatories 2, 5, 8, and 9.[1]

**Background:** Plaintiffs propounded their First Set of Interrogatories on July 19, 2023. Generally, Interrogatory 2 seeks the names of OpenAI's past and present officers and directors and the dates they held such positions. Interrogatories 5, 8, and 9 seek identities of the individuals that created or managed creation of Codex, GPT-3, and GPT-4 (8) and Copilot (9), respectively, as well as individuals that participated in marketing and sales of Copilot (5 & 9). Saveri Decl., Ex. 1 at 6–7.

OpenAI provided partial responses and objections to Plaintiffs' interrogatories on August 25, 2023, following a two-week extension it requested. Saveri Decl., Ex. 2. Counsel for Plaintiffs and OpenAI met and conferred regarding the responses on September 5 & 7, 2023. On September 20, 2023, Plaintiffs sent OpenAI a letter confirming the parties' positions. Saveri Decl., Ex. 3. Plaintiffs requested a response within two weeks. OpenAI promised to provide a substantive response "in short order" on October 3, 2023, but did not provide any response until November 6, 2023 (Saveri Decl., Ex. 4), shortly after Plaintiffs informed OpenAI of their intent to file this joint letter brief. Plaintiffs then responded on November 10, 2023 as to the impasse with respect to Interrogatories 2, 5, 8, and 9. Saveri Decl., Ex. 5.

Interrogatories 2, 5, 8, and 9 seek basic information routinely provided in civil cases. *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 417, 419 (N.D. Ill. 1977) ("*Folding Carton*")

---

[1] Interrogatories 10–14 were misnumbered as Nos. 6–10. Declaration of Joseph R. Saveri, ("Saveri Decl."), Ex. 1 at 7–9. References to Interrogatories 8 and 9 refer to those on page 7.

November 15, 2023
Page 2

("[I]nterrogatories are classic first-wave discovery. They seek information as to the identity of events and the individuals participating in them which is necessary as a prelude to second-wave depositions of the identified individuals."). On November 6, OpenAI raised an additional objection about the breath of the interrogatories, contending they seek every individual who has any knowledge of the models specified, including "junior coders." Ex. 4. This is off base. Plaintiffs limited Interrogatories 2, 5, 8, and 9 to seek identification of senior executives with decision-making power and oversight. *See* Ex 1 at 6–7. Specifically, Plaintiffs seek identification of "directors and officers" and individuals "responsible for, or having oversight or control over the engineering, developing, marketing, or sale of" Codex, GPT-3, GPT-4, and Copilot. *Id.* Beyond this, OpenAI only interposes boilerplate objections with little or no explanation. *See e.g.*, Ex. 2 at 5 ("OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case . . . [and] seeks information not relevant to any claims or defense"). Such vague assertions are inadequate to justify withholding the basic information Plaintiffs request.

**Verifications:** OpenAI failed to verify its responses to Plaintiffs' interrogatories and has since refused to provide a verification until later. "[V]erifications were required at the time the interrogatory responses were served." *Gonzalez v. Cnty. of Alameda*, No. 3:19-CV-07423-JSC, 2023 WL 7164911, at *4 (N.D. Cal. Oct. 31, 2023); Fed. R. Civ. P. 33(b)(5). Plaintiffs request the Court order OpenAI to serve verifications immediately and to void their objections if they don't.

**Interrogatory No. 2:** This interrogatory calls for OpenAI to identify its past and present officers and directors by name and dates in such positions. OpenAI "does not intend to respond to this interrogatory[.]" Plaintiffs are entitled to know the identities of the persons who manage and direct the OpenAI entities, including job titles. This is basic information. OpenAI does not (and cannot) dispute relevance. Indeed, this type of information is routinely requested and produced in response to interrogatories. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2007 WL 2782951, at *2 (N.D. Cal. Sept. 25, 2007) ("*LCD*") (permitting interrogatories seeking the "names, positions, dates of employment/tenure, and addresses" of *inter alia*, directors and officers as an exception to a general discovery stay). OpenAI should answer the interrogatory for the entire relevant period and include dates each individual held each position.

OpenAI interposes generalized burden objections that are not stated with requisite specificity. *See* Fed. R. Civ. P. 33(b)(4). Its generalized objections fail to establish a basis for its burden claims. *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 174–75 (E.D. Cal. 2022). "When a party resists discovery, [it] has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections [and] must state with specificity the facts supporting those objections." *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 2010 WL 11730757, at *3 (N.D. Cal. Nov. 12, 2010) (citation and quotation marks omitted); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018). Third, OpenAI's only basis for its burden objection—that the interrogatory is objectionable because it seeks information regarding all officers and directors—fails. *See Arellano v. City of Santa Ana*, No. SACV1401886JVSDFMX, 2015 WL 13917215, at *3 (C.D. Cal. Oct. 29, 2015). Some or all the officers or directors have management responsibility with respect to the some or all the relevant conduct by OpenAI. The interrogatory will permit Plaintiffs to identify those that do and those that do not. OpenAI's refusal violates basic discovery principles. In this way, this information

November 15, 2023
Page 3

will facilitate managing and organizing other discovery, such as document production and depositions. *Folding Carton*, 76 F.R.D. at 419.

**Interrogatory Nos. 5, 8 and 9:** Interrogatories 5, 8 and 9 generally seek identities of the individuals that created, developed, managed, or had oversight over the creation of Codex, GPT-3, and GPT-4 (8) and Copilot (5 & 9) respectively. Interrogatory 9 also seeks identities of individuals that participated in marketing and sales of Copilot.

Responsive individuals would include not only those employed directly by OpenAI but agents, contractors, vendors, and employees at other entities involved in creating or selling the specified products, as Rule 33 provides. Individuals that participated in the marketing and sales of Copilot will have relevant information regarding numerous relevant issues, including how Copilot, Codex, and GPT-3/4 (their underlying models) were created, developed, commercialized, and used by customers. This would broadly include those responsible for the engineering of the product as well as its marketing and sales. This interrogatory merely seeks the identities of the individuals that can provide this relevant information.

Identities of individuals with knowledge that supports a claim or defense of a party is basic discovery information. Identifying such individuals is mandatory before discovery even begins. Fed. R. Civ. P. 26(a)(1)(A)(i). Identification of witnesses by interrogatories is standard discovery practice. *See Folding Carton*, 76 F.R.D. at 419; *LCD*, 2007 WL 2782951, at *2.

OpenAI's generalized burden objections are unfounded for the reasons stated above. In particular, the burden of providing the names of witnesses is low. *See De Vera v. United Airlines Inc.,* No. C 12-05644 LB, 2013 WL 12182141, at *1 (N.D. Cal. Sept. 9, 2013) ("no burden" to produce "employer name, address, job title and type of work, and dates of employment"). One can reasonably presume that the individuals responsible for creating and selling the key products in this case—released just two years ago—are known to OpenAI.

OpenAI also perplexingly objects that these interrogatories seek "information outside OpenAI's possession." Assuming by "possession" OpenAI means "possession, custody, or control," this is not an objection. To the extent OpenAI lacks possession, custody, or control of the identities of some individuals involved in the creation or sale of any of these products, they merely need to indicate where they lack knowledge. *See* Ex. 1 at 5 ("If the Interrogatory cannot be answered completely, it shall be answered to the extent possible. If You do not have personal knowledge sufficient to respond fully to an Interrogatory, You shall so state.").

OpenAI also refuses to answer because Plaintiffs may obtain some of this information from other Defendants. This is not a basis to withhold discoverable information. *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *4 (N.D. Cal. Sept. 22, 2008) ("A party answering interrogatories must 'furnish the information available to the party' and answer each interrogatory 'separately and fully in writing under oath.'" (quoting Fed. R. Civ. P. 33(b)(1)(B) and (b)(3)). OpenAI is refusing to produce information in its possession, custody, or control merely because it is not the only entity that has it. This has never been a legitimate basis for a party to withhold a discovery response. *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005) ("Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control."). Plaintiffs are entitled to

November 15, 2023
Page 4

responsive information from OpenAI. And without more than generalized assertions of burden, a proportionality analysis is impossible. And the scope and importance of this case would require a high burden to be outweighed.

**OpenAI Defendants' Position**

As OpenAI has been trying to find a compromise to resolve the dispute, OpenAI disagrees that judicial intervention is necessary at this time.  Refusing to engage in further meet and confer with OpenAI, Plaintiffs have prematurely raised this dispute regarding OpenAI's responses to Interrogatories 2, 5, 8, and 9 with the Court.

**The Discovery Requests at Issue**

The interrogatories at issue seek identification of essentially all individuals *associated with* OpenAI (not just OpenAI employees, but all "employees from other businesses, contractors, vendors, and other non-employees") or OpenAI's technology, including technology not at issue in this case.  Almost all of this information is irrelevant to this litigation, and a complete response to each of these interrogatories would be unduly burdensome and not proportional to the needs of this case.  Specifically:

- **Interrogatory No. 2** seeks to identify "all [of OpenAI's] past and present directors and officers."

- **Interrogatory No. 5** seeks to identify "all Persons, including employees from other businesses, contractors, vendors, and other non-employees of [OpenAI]" who have oversight over the engineering and development of Copilot.

- **Interrogatory No. 8** seeks to identify "all Persons, including employees from other businesses, contractors, vendors, and other non-employees of [OpenAI]" who have oversight over the engineering, developing, marketing, or sale of Codex, "including GPT-3 and GPT-4."

- **Interrogatory No. 9** seeks to identify "all Persons, including employees from other businesses, contractors, vendors, and other non-employees of [OpenAI]" who have oversight over the engineering, developing, marketing, or sale of Copilot.

This information is not relevant and not proportional to the needs of the case.

**OpenAI Has Already Produced the Relevant Subset of Information.**

OpenAI has already produced the relevant subset of the requested information.  Specifically, OpenAI has identified six OpenAI employees knowledgeable about technical aspects, financial information, and marketing of Codex, including the three main technical witnesses most knowledgeable about the relevant technical aspects of Codex.  Plaintiffs have not provided any reason why the knowledge of these identified witnesses is insufficient.  OpenAI has also produced organizational charts showing how each of those employees fits into OpenAI's organizational structure.  These organizational charts identify additional OpenAI employees and

November 15, 2023
Page 5

illustrate why other employees would have less or cumulative information and knowledge regarding relevant aspects of this case. The information OpenAI provided therefore more than satisfies Plaintiffs' reasonable need for information. Of course, if it turns out that there are important gaps in those employees' knowledge of relevant facts, OpenAI will work together in good faith with Plaintiffs to identify others who can fill those gaps.

Prior to filing this joint letter, on November 13, 2023, Defendants identified these organizational charts to Plaintiffs by Bates number, and requested a further meet-and-confer to discuss why Plaintiffs felt they needed further information in light of the production of those organizational charts. Plaintiffs declined to meet and confer further.

**The Requests Call for a Variety of Obviously Irrelevant Information.**

The Court should not order OpenAI to respond to the requests as drafted, because they call for a variety of obviously irrelevant information.

For example, Interrogatory No. 2 calls for "*all* … past and present directors and officers," regardless of any involvement in Codex. The other interrogatories also call for the names of all "employees from other businesses, contractors, vendors, and other non-employees of [OpenAI]" who worked on Codex or Copilot, regardless of their role. Requiring OpenAI to provide the "name, residence address, residence telephone number, occupation, title, business address, and business telephone number" of every junior coder or software tester or documentation writer who ever had any responsibility with respect to Codex or Copilot is not proportional, and Plaintiffs have declined to discuss accepting anything less.

Compounding the problem, Interrogatory No. 8 asks not only for everyone who ever had any responsibility with respect to Codex, the code-generation API that is the sole subject of the allegations of the operative complaint directed at OpenAI, but also "GPT-3 and GPT-4," which are the large language models that underlie a variety of OpenAI products and services. So they are, in essence, asking for the "name, residence address, residence telephone number, occupation, title, business address, and business telephone number" of everyone who has ever worked for OpenAI since the development of GPT-3 began. This is not remotely proportional.

And Interrogatory No. 9 asks for everyone with responsibility for Copilot—a product developed by the GitHub and Microsoft defendants, not OpenAI defendants. Any relevant information with respect to Copilot should be provided by Github or Microsoft.

Accordingly, because OpenAI has already produced the relevant subset of information, and given that the full scope of the interrogatories sweeps in obviously irrelevant information (and in some cases, information not in OpenAI's possession), the Court should deny Plaintiffs' requests for additional information in response to these interrogatories.

Respectfully Submitted,

    */s/ Joseph C. Gratz*
Joseph C. Gratz
Morrison & Foerster LLP
Attorneys for Defendants OPENAI, INC., a Delaware nonprofit corporation, OPENAI, L.P., a Delaware limited partnership, OPENAI OPCO, L.L.C., a Delaware limited liability company, OPENAI GP, L.L.C., a Delaware limited liability company, OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited liability company, OPENAI STARTUP FUND I, L.P., a Delaware limited partnership, OPENAI STARTUP FUND MANAGEMENT, LLC, a Delaware limited liability company

    */s/ Joseph R. Saveri*
Joseph R. Saveri
Joseph Saveri Law Firm, LLP
Attorneys for Plaintiffs

## L.R. 5-1 SIGNATURE ATTESTATION

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: November 15, 2023      */s/ Joseph R. Saveri*
    Joseph R. Saveri