# EXHIBIT 1

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               lkessler@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>                          Defendants. | Case Nos.  4:22-cv-06823-JST<br>            4:22-cv-07074-JST<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS OPENAI, INC.; OPENAI, L.P.; OPENAI OPCO, L.L.C.; OPENAI GP, L.L.C.; OPENAI STARTUP FUND GP I, L.L.C.; OPENAI STARTUP FUND I, L.P.; AND OPENAI STARTUP FUND MANAGEMENT, LLC** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | J. Doe 1 |
| **RESPONDING PARTIES:** | OpenAI, Inc.<br>OpenAI, L.P.<br>OpenAI OpCo., L.L.C.<br>OpenAI GP, L.L.C.<br>OpenAI Startup Fund I, L.P.<br>OpenAI Startup Fund GP I, L.L.C.<br>OpenAI Startup Fund Management, LLC |
| **SET NUMBER** | One |

To Defendant and their attorneys of record:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff J. Doe 1 ("Plaintiff") by and through their undersigned counsel, hereby requests that Defendants OpenAI, Inc.; OpenAI GP, L.L.C.; OpenAI OpCo, L.L.C.; OpenAI Startup Fund GP I, L.L.C.; OpenAI Startup Fund I, L.P.; and OpenAI Startup Fund Management, LLC respond to Plaintiff's First Set of Interrogatories (the "Interrogatories"), in writing and under oath, within thirty (30) days and in accordance with the Definitions and Instructions that follow.

## DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1. "ALL," "OR," and "AND" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

2. "COMMUNICATIONS" means oral or written communications of any kind, communicated directly or indirectly, INCLUDING, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail

(e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple messages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "COMMUNICATIONS" INCLUDES instances where one party disseminates information that the other party receives but does not respond to.

3. "COMPLAINT" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative COMPLAINT is Plaintiffs' First Amended Complaint. ECF No. 93.

4. "CONCERNING" refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

5. "COPILOT" refers to the any version of the GitHub Copilot product.

6. "CODEX" refers to the any version of the OpenAI Codex product, including any version integrated into COPILOT.

7. "DEFENDANTS" means ANY Defendants set forth in the COMPLAINT INCLUDING their employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

8. "DOCUMENT" is defined as a "writing" under Evidence Code section 250:

Writing means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, INCLUDING letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This INCLUDES:

- The originals, drafts and ALL non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;

- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and ALL drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, INCLUDING., without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device INCLUDING, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. The term "IDENTIFY" as pertains to PERSONS means to describe each PERSON by name, residence address, residence telephone number, occupation, title, business address, and business telephone number. The term "IDENTIFY" as pertains to DOCUMENTS means to state, to the extent known, the date the DOCUMENT bears, if any; the title of the DOCUMENT; the author(s) of the DOCUMENT; the recipient(s) of the DOCUMENT and the present location(s) or custodian of the DOCUMENT.

10. "INCLUDING" is used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "INCLUDING" shall be construed as if followed by the phrase "but not limited to."

11. "OPENAI" means Defendants OPENAI, INC.; OPENAI, L.P.; OPENAI OPCO, L.L.C.; OPENAI GP, L.L.C.; OPENAI STARTUP FUND GP I, L.L.C.; OPENAI STARTUP FUND I, L.P.; AND OPENAI STARTUP FUND MANAGEMENT, LLC, their respective parents, owners, directors, subsidiaries and any company, business entity or person in which any of them possess an ownership interest greater than five percent.

12. "PERSON" means any natural person or any business, legal, or governmental entity or association.

13. "RELEVANT PERIOD" includes and encompasses all times relevant to the acts and failures to act which are relevant to the COMPLAINT, specifically INCLUDING the date YOU first discussed or conceived of COPILOT.

14. "YOU" or "YOUR" refers to and includes the specific Defendant producing documents in response to these Requests, its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

## INSTRUCTIONS

Solely for the purpose of these Interrogatories, the following instructions shall apply:

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories shall be deemed to be continuing in nature so that, if You, Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or become aware of information that is responsive to these Interrogatories, You shall make such information available to Plaintiffs within seven (7) days of discovering or becoming aware of such information.

2. Unless otherwise noted herein, the relevant time period of these Interrogatories begins on January 1, 2000, and runs through July 30, 2023 (the "Relevant Period").

3. Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the Interrogatory is not objectionable.

4. The answers are to be signed by the person making them and the objections signed by the attorney making them.

5. If the Interrogatory cannot be answered completely, it shall be answered to the extent possible. If You do not have personal knowledge sufficient to respond fully to an Interrogatory, You shall so state, but shall make a reasonable and good faith effort to obtain the information by inquiry to other natural or legal persons or organizations.

6. If only a part of an Interrogatory is objectionable, the remainder of the Interrogatory shall be answered. If an objection is made to an Interrogatory or to a part of an Interrogatory, the specific ground for the objection shall be set forth clearly.

7. If any answer to an Interrogatory, or part thereof, is withheld on a claim of privilege, identify the privilege asserted and state in detail sufficient facts to establish the basis for the privilege. For each interrogatory with respect to which You assert a privilege, state whether the information requested has ever been provided to any governmental entity or any other party other than defendant or its attorneys.

8. If any information requested is withheld based on a claim that such information constitutes attorney work-product, please provide all the information described in Instruction 7 and identify the litigation in connection with which the information was obtained and/or prepared.

9. Your answer to each Interrogatory shall identify each individual who supplied information for or participated in the preparation of Your answers to these Interrogatories, and each document to which You referred or upon which You relied in the preparation of Your answers to these Interrogatories.

# INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all Agreements between and among:

    a.    You and Microsoft Corporation;

    b.    You and GitHub; or

    **c.**    You and directors and officers of Defendants or Related Entities with a more than five percent interest held by directors and officers of Defendants.

**INTERROGATORY NO. 2**

In order of corporate seniority, identify by name and date all Your past and present directors and officers.

**INTERROGATORY NO. 3**

Identify by name all individuals or entities who possess or have possessed stock or ownership interests in You greater than five percent.

**INTERROGATORY NO. 4**

In order of corporate seniority, identify by name, job title, and date, all Persons previously and currently responsible for negotiating Your Agreements or with Defendants, or for changes made thereto.

**INTERROGATORY NO. 5**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over the engineering and development of Copilot and its previous iterations, versions, or forms.

**INTERROGATORY NO. 6**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over regarding the purchase or sale of any interest in GitHub including any communications or negotiations

1  thereof including in regards to financing, whether or not such purchase or sale was
2  consummated.

3  **INTERROGATORY NO. 7**

4  In order of corporate seniority, identify by name, job title, and date, all Persons, including
5  employees from other businesses, contractors, vendors, and other non-employees of Your
6  business, previously and currently responsible for, or having oversight or control over regarding
7  the purchase or sale of any interest in Microsoft including any communications or negotiations
8  thereof including in regards to financing, whether or not such purchase or sale was
9  consummated.

10  **INTERROGATORY NO. 8**

11  In order of corporate seniority, identify by name, job title, and date, all Persons, including
12  employees from other businesses, contractors, vendors, and other non-employees of Your
13  business, previously and currently responsible for, or having oversight or control over
14  engineering, developing, marketing, or sale of Codex and its previous iterations, versions, or
15  forms, including GPT-3 and GPT-4.

16  **INTERROGATORY NO. 9**

17  In order of corporate seniority, identify by name, job title, and date, all Persons, including
18  employees from other businesses, contractors, vendors, and other non-employees of Your
19  business, previously and currently responsible for, or having oversight or control over
20  engineering, developing, marketing, or sale of Copilot.

21  **INTERROGATORY NO. 6**

22  In order of corporate seniority, identify by name, job title, and date, all Persons, including
23  employees from other businesses, contractors, vendors, and other non-employees of Your
24  business, previously and currently responsible for, or having oversight or control over Ethics
25  Teams relating to artificial intelligence ethics including but not limited to Copilot.

26
27
28

**INTERROGATORY NO. 7**

Identify all software, databases, or services previously and currently used by You for maintaining, supervising, managing, analyzing, programming, updating, troubleshooting, diagnosing, testing or modifying Copilot.

**INTERROGATORY NO. 8**

List the contact information of Chris Clark, Brad Lightcap, Mateusz Litwin, Benjamin Mann, Sam McCandlish, Pamela Mishkin, Vedant Misra, Evan Morikawa, Mira Murati, Arvind Neelakantan, Alex Nichol, Alex Paino, Mikhail Pavlov, Michael Petrov, Matthias Plappert, Henrique Ponde de Oliveira Pint, Althea Power, Raul Puri, Alec Radford, Aditya Ramesh, Alex Ray, Nick Ryder, Girish Sastry, William Saunders, Pranav Shyam, Eric Sigler, Melanie Subbiah, Felipe Petroski Such, Ilya Sutskever, Jie Tang, Nikolas Tezak, Phillipe Tillet, Jerry Tworek, Peter Welinder, Clemens Winter, Jeffrey Wu, Qiming Yuan, Wojciech Zaremba, Daniel M. Ziegler, and any other individual identified or disclosed in response to any other Interrogatory including their home addresses, email addresses, social media handles, and telephone numbers.

**INTERROGATORY NO. 9**

Describe in detail the data You have used, since January 1, 2018, to train or otherwise develop GPT-3, GPT-4, Copilot and Codex, including, for each:

  a. How You obtained the data, e.g., by scraping the data, purchasing it from third parties, or by other means;

  b. All sources of Data, including any third parties that provided data sets;

  c. To the extent the data was derived from publicly available websites, a list of all such websites and, for each, the percentage of the data corpus that is derived from that website;

  d. The categories of content included in the data and the extent to which each category is represented in the data corpus (i.e., as a percentage of data used to train the model);

  e. All policies and procedures Related to identifying, assessing, vetting and selecting sources of data for the model.

**INTERROGATORY NO. 10**

Identify all Persons or Related Entities from whom You licensed, purchased or otherwise obtained training data for Copilot. For each licensor of training data, include the name of such person(s), date, amount paid, approximate description and size of data licensed, whether it was used as training data for GPT-3, GPT-4, Codex, Copilot, or some combination.

Dated: July 19, 2023                By:        /s/ Joseph R. Saveri

                                                  Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                lkessler@saverilawfirm.com
                eabuchanan@saverilawfirm.com
                tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:          mb@buttericklaw.com

*Counsel for Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1000, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On July 19, 2023, I caused the following documents to be served by email upon the parties listed on the attached Service List:

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS OPENAI, INC.; OPENAI, L.P.; OPENAI OPCO, L.L.C.; OPENAI GP, L.L.C.; OPENAI STARTUP FUND GP I, L.L.C.; OPENAI STARTUP FUND I, L.P.; AND OPENAI STARTUP FUND MANAGEMENT, LLC**

I declare under penalty of perjury that the foregoing is true and correct. Executed July 19, 2023, at San Francisco, California.

By: _/s/ Amara Getzell_
Amara Getzell

# SERVICE LIST

Annette L. Hurst (State Bar No. 148738)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:     415-773-5700
Facsimile:      415-773-5759
Email:             ahurst@orrick.com
                       Copilot_Litigation_OHS@orrick.com

*Counsel for GitHub, Inc. and Microsoft Corporation*

Joseph C. Gratz (State Bar No. 240676)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone:     415-268-7000
Facsimile:      415-268-7522
Email:             jgratz@mofo.com
                       OpenAIDoeLitigation@mofo.com

*Counsel for OpenAI, Inc., OpenAI, L.P., OpenAI GP, LLC, OpenAI OpCo, L.L.C., OpenAI Startup Fund GP I, L.L.C, OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management LLC*