# EXHIBIT 2

MICHAEL A. JACOBS (SBN 111664)
MJacobs@mofo.com
JOSEPH C. GRATZ (SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (SBN 211497)
TCheung@mofo.com
MELODY E. WONG (SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:	(415) 268-7000
Facsimile:	(415) 268-7522
[CAPTION PAGE CONTINUED ON NEXT PAGE]

Attorneys for Defendants OPENAI, INC., a Delaware nonprofit corporation, OPENAI, L.P., a Delaware limited partnership, OPENAI GP, L.L.C., a Delaware limited liability company, OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited liability company, OPENAI STARTUP FUND I, L.P., a Delaware limited partnership, OPENAI STARTUP FUND MANAGEMENT, LLC, a Delaware limited liability company, OPENAI OPCO, L.L.C., a Delaware limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE 1 and J. DOE 2, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GITHUB, INC., a Delaware corporation; MICROSOFT CORPORATION, a Washington corporation; OPENAI, INC., a Delaware nonprofit corporation; OPENAI, L.P., a Delaware limited partnership; OPENAI GP, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND I, L.P., a Delaware limited partnership; OPENAI STARTUP FUND MANAGEMENT, LLC, a Delaware limited liability company; OPENAI OPCO, L.L.C., a Delaware limited liability company,<br><br>Defendants. | Case No. 4:22-cv-06823-JST<br>Case No. 4:22-cv-07074-JST<br><br>Hon. Jon S. Tigar<br><br>**DEFENDANTS OPENAI, INC., OPENAI, L.P., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND MANAGEMENT, LLC, OPENAI OPCO, L.L.C.'S RESPONSES TO PLAINTIFF DOE 1'S FIRST SET OF INTERROGATORIES TO OPENAI, INC.** |

ALLYSON R. BENNETT (SBN 302090)
ABennett@mofo.com
ROSE S. LEE (SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:   (213) 892-5200
Facsimile:    (213) 892-5454

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants OpenAI, Inc., OpenAI, L.P., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund Management, LLC, and OpenAI OpCo, L.L.C. (collectively, "OpenAI") hereby object and respond to Plaintiff J. Doe 1's ("Doe 1" or "Plaintiff") First Set of Interrogatories. To the extent that OpenAI agrees to respond to these Interrogatories, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

**PRELIMINARY STATEMENT**

The following responses and objections are based upon the facts, documents, and information presently known and available to OpenAI. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations or changes to these responses and objections.

Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, OpenAI reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. OpenAI specifically reserves the right to utilize subsequently discovered facts, documents or other evidence at trial. Given the ongoing investigation, OpenAI reserves the right to serve timely verifications to the responses at a later date.

The general and specific responses and objections set forth below are intended to apply to all information provided pursuant to the Interrogatories. Furthermore, these responses do not in any way waive any objections by OpenAI in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege or admissibility of these response, or the subject matter thereof.

**GENERAL OBJECTIONS**

The following objections to Definitions ("General Objections") are continuing in nature

and shall apply to each Interrogatory and each and every definition by Plaintiff and are hereby incorporated into each response. OpenAI makes each individual response subject to, and without waiver of, the following General Objections:

1. Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, OpenAI counts each discrete subpart as an interrogatory counting toward the total allotted to Doe 1.

2. OpenAI objects to the Interrogatories, including the Definitions and Instructions contained therein, to the extent that any Interrogatory:

    a. seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

    b. is overly broad, unduly burdensome, oppressive, and/or duplicative;

    c. is unrestricted in time;

    d. is vague and/or ambiguous;

    e. calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

    f. calls for the disclosure of information not within OpenAI, Inc.'s possession, custody, or control;

    g. calls for the disclosure of information that is publicly available or to which Doe 1 has equal access; and/or

    h. constitutes an interrogatory beyond the scope of discovery authorized by and/or seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure 26 and 33, the local rules of the Northern District of California, and this Court.

3. In the event that OpenAI produces information or documents that are privileged, work product, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other information or documents or (b) to communications concerning the subject matter of that or any other information or documents. Any such information should be treated in accordance with any protective order and ESI protocol

entered in this action, when they are entered.

4. OpenAI objects to the Interrogatories to the extent that they purport, or may want to be construed, to call for the identification or production of "all" or "any" information, documents, or things pertaining to a specific subject, on the ground that such language is overly broad and unduly burdensome. To the extent that a search is required, OpenAI will perform a reasonable search of files in their possession, custody, or control where there is a reasonable likelihood that responsive documents and information may be located.

5. OpenAI objects to the definition of "OPENAI" to the extent it purports to include each of the OpenAI Defendant's "respective parents, owners, directors, subsidiaries and any company business entity or person in which any of them possess an ownership interest greater than five percent" as overly broad, unduly burdensome, and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI, L.P., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund Management, LLC, and OpenAI OpCo, L.L.C.

6. OpenAI objects to the definition of "YOU" to the extent it purports to include "its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. OpenAI interprets and defines YOU to refer only to OpenAI, Inc.

7. OpenAI objects to the instruction that purports to require OpenAI to "make [subsequently discovered] information available to Plaintiffs within seven (7) days of discovering or becoming aware of such information" as unduly burdensome and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Upon "subsequently discover[ing] or becom[ing] aware of information that is responsive to these Interrogatories," OpenAI agrees to supplement or correct its responses in a timely manner pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

8. OpenAI objects to the instruction that purports to define "the relevant time period of these Interrogatories [as] begin[ning] on January 1, 2000, and run[ning] through July 30, 2023" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.

9. OpenAI objects to each Interrogatory to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI. OpenAI will produce confidential documents and information as set forth herein, subject to the terms of the Amended Stipulated Protective Order entered in this matter on August 7, 2023 and any other relevant agreements.

10. OpenAI objects to each Interrogatory to the extent it purports to require OpenAI to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. OpenAI will not disclose such information without either the consent of the relevant third party or an order by the Court compelling production.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Interrogatories as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify all Agreements between and among:

a. You and Microsoft Corporation;

b. You and GitHub; or

c. You and directors and officers of Defendants or Related Entities with a more than five percent interest held by directors and officers of Defendants.

**RESPONSES TO INTERROGATORY NO. 1:**

Insofar as this interrogatory purports to seek an exhaustive list of "all Agreements" between and among OpenAI, Microsoft Corporation ("Microsoft"), GitHub, and their "directors and officers … with a more than five percent interest" in these entities, OpenAI objects to this as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this interrogatory as compound and counts each subpart as a separate interrogatory. OpenAI

also objects to the extent this interrogatory seeks agreements that are not relevant to any claims or defense in this litigation, including those between and among OpenAI and "directors and officers of Defendants or Related Entities with a more than five percent interest held by directors and officers of Defendants."

Subject to the foregoing general and specific objections, OpenAI responds that pursuant to Federal Rule of Civil Procedure 33(d), it will identify documents sufficient to show its final agreements with Microsoft and/or GitHub related to Codex within its possession, custody, and control, to the extent such documents exist and are located after a reasonable search.

**INTERROGATORY NO. 2:**

In order of corporate seniority, identify by name and date all Your past and present directors and officers.

**RESPONSES TO INTERROGATORY NO. 2:**

OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks to identify "all [of OpenAI's] past and present directors and officers." OpenAI also objects on the grounds that this interrogatory seeks information not relevant to any claims or defense in this litigation.

Based on the foregoing general and specific objections, OpenAI responds that it does not intend to respond to this interrogatory as drafted at this time.

**INTERROGATORY NO. 3:**

Identify by name all individuals or entities who possess or have possessed stock or ownership interests in You greater than five percent.

**RESPONSES TO INTERROGATORY NO. 3:**

OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks to identify "all individuals or entities who possess or have possessed stock or ownership interests" greater than five percent in OpenAI. OpenAI also objects on the grounds that this interrogatory seeks information not relevant to any claims or defense in this litigation.

Based on the foregoing general and specific objections, OpenAI responds that it does not intend to respond to this interrogatory as drafted at this time.

**INTERROGATORY NO. 4:**

In order of corporate seniority, identify by name, job title, and date, all Persons previously and currently responsible for negotiating Your Agreements or with Defendants, or for changes made thereto.

**RESPONSES TO INTERROGATORY NO. 4:**

OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "all Persons previously and currently responsible for negotiating" all agreements. OpenAI also objects to the extent this interrogatory seeks information not relevant to any claim or defense in this litigation.

Based on the foregoing general and specific objections, OpenAI responds that it does not intend to respond to this interrogatory as drafted at this time.

**INTERROGATORY NO. 5:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over the engineering and development of Copilot and its previous iterations, versions, or forms.

**RESPONSES TO INTERROGATORY NO. 5:**

Insofar as this interrogatory purports to seek the identification of "all Persons, including employees from other businesses, contractors, vendors, and other non-employees" responsible for Copilot, OpenAI objects to this as overly broad, unduly burdensome, and as seeking information outside of OpenAI's possession. OpenAI also objects to the extent this interrogatory seeks information that is not relevant to any claim or defense in this litigation and not proportional to the needs of this case.

Subject to the foregoing general and specific objections, OpenAI responds that Alex Paino, Henrique Ponde de Oliveira Pinto, and Nick Ryder are members of OpenAI OpCo, L.L.C.'s technical staff who are likely to have knowledge regarding technical aspects of Codex.

OpenAI's investigation is ongoing, and to the extent there are other technical staff members likely to have non-cumulative knowledge regarding the technical aspects of Codex, OpenAI will supplement its response to this interrogatory. To the extent Plaintiffs seek information regarding persons responsible for "the engineering and development of Copilot," OpenAI further responds that such information likely could be obtained from Microsoft and/or GitHub.

**INTERROGATORY NO. 6:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over regarding the purchase or sale of any interest in GitHub including any communications or negotiations thereof including in regards to financing, whether or not such purchase or sale was consummated.

**RESPONSES TO INTERROGATORY NO. 6:**

Insofar as this interrogatory purports to seek the identification of "all Persons, including employees from other businesses, contractors, vendors, and other non-employees" responsible for "the purchase or sale of any interest in GitHub," OpenAI objects to this as overly broad, unduly burdensome, and as seeking information outside of OpenAI's possession. OpenAI further objects to "date" and "control over regarding" in this interrogatory as vague and ambiguous. OpenAI also objects to the extent this interrogatory seeks information that is not relevant to any claim or defense in this litigation and not proportional to the needs of this case.

Based on the foregoing general and specific objections, OpenAI responds that it does not intend to respond to this interrogatory as drafted at this time.

**INTERROGATORY NO. 7:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over regarding the purchase or sale of any interest in Microsoft including any communications or negotiations thereof including in regards to financing, whether or not such purchase or sale was consummated.

**RESPONSES TO INTERROGATORY NO. 7:**

Insofar as this interrogatory purports to seek the identification of "all Persons, including employees from other businesses, contractors, vendors, and other non-employees" responsible for "the purchase or sale of any interest in Microsoft," OpenAI objects to this as overly broad, unduly burdensome, and as seeking information outside of OpenAI's possession. OpenAI further objects to "date" in this interrogatory as vague and ambiguous. OpenAI also objects to the extent this interrogatory seeks information that is not relevant to any claim or defense in this litigation and not proportional to the needs of this case.

Based on the foregoing general and specific objections, OpenAI responds that it does not intend to respond to this interrogatory as drafted at this time.

**INTERROGATORY NO. 8:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over engineering, developing, marketing, or sale of Codex and its previous iterations, versions, or forms, including GPT-3 and GPT-4.

**RESPONSES TO INTERROGATORY NO. 8:**

Insofar as this interrogatory purports to seek the identification of "all Persons, including employees from other businesses, contractors, vendors, and other non-employees" responsible for "engineering, developing, marketing, or sale of Codex and its previous iterations, versions, or forms," OpenAI objects to this as overly broad, unduly burdensome, and as seeking information outside of OpenAI's possession. OpenAI also objects to this interrogatory as seeking information that is not relevant to any claim or defense in this litigation and not proportional to the needs of this case in that it seeks information concerning GPT-3 and GPT-4.

Subject to the foregoing general and specific objections, OpenAI responds that Alex Paino, Henrique Ponde de Oliveira Pinto, and Nick Ryder are members of OpenAI OpCo, L.L.C.'s technical staff who are likely to have knowledge regarding technical aspects of Codex. OpenAI's investigation is ongoing, and to the extent there are other technical staff members likely

to have non-cumulative knowledge regarding the technical aspects of Codex, OpenAI will supplement its response to this interrogatory.

**INTERROGATORY NO. 9:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over engineering, developing, marketing, or sale of Copilot.

**RESPONSES TO INTERROGATORY NO. 9:**

Insofar as it purports to seek the identification of "all Persons, including employees from other businesses, contractors, vendors, and other non-employees" responsible for the "engineering, developing, marketing or sale of Copilot," OpenAI objects to this interrogatory as overly broad, unduly burdensome, disproportionate to the needs of this case, and as seeking information outside of OpenAI's possession in that it seeks information concerning Copilot. OpenAI also objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in this litigation.

Based on the foregoing general and specific objections, OpenAI responds that it does not intend to respond to this interrogatory as drafted at this time.

**INTERROGATORY NO. 10 ("INTERROGATORY NO. 6")[1]:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over Ethics Teams relating to artificial intelligence ethics including but not limited to Copilot.

**RESPONSES TO INTERROGATORY NO. 10 ("INTERROGATORY NO. 6"):**

Insofar as this interrogatory purports to seek the identification of "all Persons, including employees from other businesses, contractors, vendors, and other non-employees" responsible for

---

[1] Plaintiff Doe 1 misnumbered the interrogatories and labeled interrogatories nos. 9-14 as interrogatories no. 6-10.

the "Ethics Teams relating to artificial intelligence ethics," OpenAI objects to this as overly broad, unduly burdensome, and as seeking information outside of OpenAI's possession in that it seeks information concerning Copilot. OpenAI also objects to the terms "Ethics Teams" and "artificial intelligence ethics" as vague and ambiguous. OpenAI further objects to this interrogatory as seeking information that is not relevant to any claim or defense in this litigation and not proportional to the needs of this case in that it seeks information concerning "artificial intelligence ethics" generally.

Based on the foregoing general and specific objections, OpenAI responds that it does not intend to respond to this interrogatory as drafted at this time.

**INTERROGATORY NO. 11 ("INTERROGATORY NO. 7"):**

Identify all software, databases, or services previously and currently used by You for maintaining, supervising, managing, analyzing, programming, updating, troubleshooting, diagnosing, testing or modifying Copilot.

**RESPONSES TO INTERROGATORY NO. 11 ("INTERROGATORY NO. 7"):**

Insofar as this interrogatory purports to identify an exhaustive list of "all software, databases, or services previously and currently used by [OpenAI]" in connection with Copilot, OpenAI objects to this as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI also objects to this as seeking information outside of its possession in that this interrogatory seeks information concerning Copilot.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding the scope of information sought by this interrogatory. To the extent Plaintiffs seek information regarding the "software, databases, or services" used specifically in connection with Copilot, OpenAI further responds that such information likely could be obtained from Microsoft and GitHub.

**INTERROGATORY NO. 12 ("INTERROGATORY NO. 8"):**

List the contact information of Chris Clark, Brad Lightcap, Mateusz Litwin, Benjamin Mann, Sam McCandlish, Pamela Mishkin, Vedant Misra, Evan Morikawa, Mira Murati, Arvind Neelakantan, Alex Nichol, Alex Paino, Mikhail Pavlov, Michael Petrov, Matthias Plappert,

1  Henrique Ponde de Oliveira Pint, Althea Power, Raul Puri, Alec Radford, Aditya Ramesh, Alex
2  Ray, Nick Ryder, Girish Sastry, William Saunders, Pranav Shyam, Eric Sigler, Melanie Subbiah,
3  Felipe Petroski Such, Ilya Sutskever, Jie Tang, Nikolas Tezak, Phillipe Tillet, Jerry Tworek, Peter
4  Welinder, Clemens Winter, Jeffrey Wu, Qiming Yuan, Wojciech Zaremba, Daniel M. Ziegler,
5  and any other individual identified or disclosed in response to any other Interrogatory including
6  their home addresses, email addresses, social media handles, and telephone numbers.

**RESPONSES TO INTERROGATORY NO. 12 ("INTERROGATORY NO. 8"):**

OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks personal identifying information of its current employees, including "home addresses, email addresses, social media handles, and telephone numbers." OpenAI also objects to this interrogatory as compound, and as seeking information outside of OpenAI's possession in that it seeks the contact information of individuals who are no longer employed at OpenAI. OpenAI further objects to the extent this interrogatory seeks the contact information of current and former employees who lack any knowledge relevant to any claim or defense in this litigation.

Subject to the foregoing general and specific objections, OpenAI responds that Chris Clark, Brad Lightcap, Mateusz Litwin, Pamela Mishkin, Evan Morikawa, Mira Murati, Arvind Neelakantan, Alex Nichol, Alex Paino, Mikhail Pavlov, Michael Petrov, Henrique Ponde de Oliveira Pint, Raul Puri, Alec Radford, Aditya Ramesh, Nick Ryder, Girish Sastry, William Saunders, Eric Sigler, Felipe Petroski Such, Ilya Sutskever, Jie Tang, Nikolas Tezak, Phillipe Tillet, Jerry Tworek, Peter Welinder, Clemens Winter, Jeffrey Wu, Qiming Yuan, and Wojciech Zaremba can be contacted through OpenAI's outside counsel of record.

Benjamin Mann, Sam McCandlish, Vedant Misra, Matthias Plappert, Alethea Power, Alex Ray, Pranav Shyam, Melanie Subbiah, and Daniel M. Ziegler are not current employees of any named OpenAI Defendant. To the extent Plaintiffs seek to contact any former employee of OpenAI, that contact should be initiated through OpenAI's outside counsel of record.

**INTERROGATORY NO. 13 ("INTERROGATORY NO. 9"):**

Describe in detail the data You have used, since January 1, 2018, to train or otherwise develop GPT-3, GPT-4, Copilot and Codex, including, for each:

    a.    How You obtained the data, e.g., by scraping the data, purchasing it from third parties, or by other means;

    b.    All sources of Data, including any third parties that provided data sets;

    c.    To the extent the data was derived from publicly available websites, a list of all such websites and, for each, the percentage of the data corpus that is derived from that website;

    d.    The categories of content included in the data and the extent to which each category is represented in the data corpus (i.e., as a percentage of data used to train the model);

    e.    All policies and procedures Related to identifying, assessing, vetting and selecting sources of data for the model.

**RESPONSES TO INTERROGATORY NO. 13 ("INTERROGATORY NO. 9"):**

OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks to identify "[a]ll sources of Data" and "all [publicly available] websites" used to train and/or develop GPT-3, GPT-4, Copilot and Codex, as well as "[a]ll policies and procedures Related to identifying, assessing, vetting and selecting sources of data for the model." OpenAI also objects to this interrogatory as compound, and as seeking information outside of OpenAI's possession in that it seeks information concerning Copilot. OpenAI further objects to this interrogatory as seeking information not relevant to any claim or defense in this litigation in that it seeks information concerning GPT-3 and GPT-4.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding the scope of information sought by this interrogatory.

**INTERROGATORY NO. 14 ("INTERROGATORY NO. 10"):**

Identify all Persons or Related Entities from whom You licensed, purchased or otherwise obtained training data for Copilot. For each licensor of training data, include the name of such person(s), date, amount paid, approximate description and size of data licensed, whether it was used as training data for GPT-3, GPT-4, Codex, Copilot, or some combination.

**RESPONSES TO INTERROGATORY NO. 14 ("INTERROGATORY NO. 10"):**

OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks to identify "all Persons or Related Entities from whom [OpenAI] licensed, purchased or otherwise obtained training data FOR Copilot." OpenAI also objects to this interrogatory as compound, and as seeking information outside of OpenAI's possession in that it seeks information concerning Copilot. OpenAI further objects to the extent this interrogatory seeks information that is not relevant to any claim or defense in this litigation in that it seeks information concerning GPT-3 and GPT-4.

Subject to the foregoing general and specific objections, OpenAI responds that, pursuant to Federal Rule of Civil Procedure 33(d), it will identify any responsive, non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show licensing of code used as training for Codex.

| | | |
|---|---|---|
| Dated: August 25, 2023 | | MORRISON & FOERSTER LLP |

By:   */s/ Rose Lee*
      Rose Lee

MICHAEL A. JACOBS (SBN 111664)
MJacobs@mofo.com
JOSEPH C. GRATZ (SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (SBN 211497)
TCheung@mofo.com
MELODY E. WONG (SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ALLYSON R. BENNETT (SBN 302090)
ABennett@mofo.com
ROSE S. LEE (SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendants OPENAI, INC., a Delaware nonprofit corporation, OPENAI, L.P., a Delaware limited partnership, OPENAI GP, L.L.C., a Delaware limited liability company, OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited liability company, OPENAI STARTUP FUND I, L.P., a Delaware limited partnership, OPENAI STARTUP FUND MANAGEMENT, LLC, a Delaware limited liability company, OPENAI OPCO, L.L.C., A Delaware limited liability company

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on August 25, 2023, I served a copy of:

**DEFENDANTS OPENAI, INC., OPENAI, L.P., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND MANAGEMENT, LLC, OPENAI OPCO, L.L.C.'s RESPONSES TO PLAINTIFF DOE 1'S FIRST SET OF INTERROGATORIES TO OPENAI, INC.**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California this 25th day of August, 2023.

| Melody E. Wong | */s/ Melody E. Wong* |
|---|---|
| (typed) | (signature) |