# EXHIBIT 5

# JOSEPH SAVERI
## LAW FIRM

601 CALIFORNIA STREET
SUITE 1000
SAN FRANCISCO CA 94108

TEL 415.500.6800
FAX 415.395.9940

**Via Electronic Mail**

November 10, 2023

Allyson R. Bennett
Morrison & Foerster LLP
425 Market Street
San Francisco
California 94105-2482
JGratz@mofo.com

Re:   *Doe 1 v. GitHub, Inc*, Lead Case No. 4:22-cv-06823-JST
OpenAI's Responses to Plaintiffs' First Sets of Requests for Production and Interrogatories

Dear Allyson:

This letter responds to your November 6, 2023 letter regarding OpenAI's Responses and Objections to Plaintiffs' First Sets of Requests for Production and Interrogatories.

Generally, your positions (and letters confirming them) are at odds with fundamentals of modern federal discovery practice and ignore the allegations in this case. It serves no particular purpose to recite them. We address some issues briefly and, given OpenAI's continued failure to meaningfully respond to discovery or to materially alter its positions, believe the Parties are at an impasse. We intend to seek court intervention on all issues in dispute.

### *Global Issues*

Plaintiffs maintain their position regarding OpenAI's involvement with Copilot and the relevance of GPT-3 and GPT-4. Plaintiffs have already provided sufficient responses to the arguments OpenAI reiterates. Nevertheless, there are additional justifications for Plaintiffs' position.

Allyson R. Bennett
November 10, 2023
Page 2

First, Plaintiffs reject OpenAI's repeated assertion it had no involvement in Copilot. As OpenAI admits: "Codex is the model that powers GitHub Copilot, which **we built and launched** in partnership with GitHub a month ago."[1] GitHub also admits OpenAI's involvement in Copilot, as repeated in the FAC: "**We partnered** with OpenAI to create GitHub Copilot . . . ."[2] Moreover, even if OpenAI's present assertions were true, regardless of admissions to the contrary, it would nonetheless be obliged to provide responsive information and documents in its possession, custody, or control.

Second, Plaintiffs have explained how GPT-3 and GPT-4 are relevant. Regarding the FAC specifically, in Paragraph 176, Plaintiffs allege Codex is an outgrowth of GPT-3. And GitHub recently announced "GitHub Copilot is evolving to . . . adopt OpenAI's GPT-4 for a more personalized developer experience."[3] Information regarding OpenAI's GPT-3, GPT-4, and GitHub Copilot are relevant and discoverable.

*Requests for Production*

You have reiterated OpenAI's refusal to provide responsive documents for the same reasons you provided during our meet-and-confer session, which are described in my September 19, 2023 letter. OpenAI's objections primarily are based on vague assertions of burden or assertions it had no involvement in Copilot. The second point is addressed above, and OpenAI's generalized objections on burden fail to establish a basis for those objections. *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 174–75 (E.D. Cal. 2022). "When a party resists discovery, [it] has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections [and] must state with specificity the facts supporting those objections." *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 2010 WL 11730757, at *3 (N.D. Cal. Nov. 12, 2010) (citation and quotation marks omitted); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (describing "well-settled rule" party resisting discovery must provide

---

[1] https://openai.com/blog/openai-codex (emphasis added).

[2] FAC ¶ 51 (ECF No. 98); https://github.blog/2023-03-22-github-copilot-x-the-ai-powered-developer-experience/.

[3] https://github.blog/2023-03-22-github-copilot-x-the-ai-powered-developer-experience/.

"specific and factual" grounds, not "conclusory allegations"). As OpenAI's positions remain unchanged, Plaintiffs' stand by their positions as set forth in my September 19, 2023 letter. As OpenAI has failed to produce any documents and has otherwise failed to meaningfully alter its position consistent with its obligations under the Federal Rules, we are now at an impasse regarding all Requests (1–60).

### *Verifications*

The Rule provides for the answers to be signed and verified by the responding party. Fed. R. Civ. P. 33(b)(3). The same deadline applies to each. OpenAI should so comply.

### *Interrogatories*

As with Plaintiffs' Requests for Production, OpenAI's reasons for its failure to adequately respond to Plaintiffs interrogatories are primarily based on its alleged lack of involvement in Copilot and vague assertions of burden. Neither justify its refusal to provide responses.

OpenAI "must furnish the information available to the party." Fed. R. Civ. Pro. 33(b)(1)(B). GitHub has "a duty to obtain and provide nonprivileged information known to anyone in the entity's employ or over whom it has control. This include information known to the entity's agents or lawyers . . . ." Schwarzer, Tashima, Wagstaffe, *Civ. Proc. Before Trial* § 1147, 1748 ("*Civ. Proc. Before Trial*") (emphasis in original) (citing *Gen. Dynamics Corp. v. Selb. Mfg., Co.*, 481 F.2d 1204, 1210 (8th Cir. 1973)); *see also Huthance v. Dist. of Columbia*, 255 F.R.D. 285, 292 (D.D.C. 2008). If the party has no such information, it should describe the efforts taken to locate responsive information. *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (answer should set forth the efforts used to attempt to obtain the requested information); *U.S. ex rel. Martin-Fleming v. S. Bay Mental Health, Ctr., Inc.*, 332 F.R.D. 1, 6 (D. Mass 2019) (same). Plaintiffs' interrogatories call for material that is relevant to their claims and, like other standard interrogatories used in this type of case, have advantages over other discovery means. *See Civ. Proc. Before Trial* § 11:1661.

Plaintiffs have provided sufficient explanations regarding relevance of the information they seek in these interrogatories. But without any detail of what burden OpenAI may incur in responding, it is impossible for Plaintiffs to assess proportionality. OpenAI's excuses as to its failure to

Allyson R. Bennett
November 10, 2023
Page 4

provide relevant and responsive information nor any information on its alleged burden are not well taken.

Sincerely,

Joseph R. Saveri