Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               lkessler@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>v.<br><br>GITHUB, INC., et al.,<br><br>                                Defendants. | Case Nos.   4:22-cv-06823-JST<br>                     4:22-cv-07074-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   December 20, 2023<br>Time:   1:30 p.m.<br>Judge:  Hon. Jon S. Tigar<br>Ctrm:   6 |

Plaintiffs Does 1 through 5 and the proposed class ("Plaintiffs"); Defendants GitHub, Inc. ("GitHub"); Microsoft Corporation ("Microsoft"); and OpenAI, Inc.; OpenAI, LP; OpenAI OpCo, LLC; OpenAI GP, LLC; OpenAI Startup Fund GP I, LLC; OpenAI Startup Fund I, LP; and OpenAI Startup Fund Management, LLC ("OpenAI") file this Joint Case Management Statement ("CMS") pursuant to ECF No. 170.

## I.      STATUS OF DISCOVERY

### A.      Initial Disclosures

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Plaintiffs served their Initial Disclosures on June 30, 2023. Defendants[1] served their initial disclosures on July 5, 2023. The Parties will supplement Initial Disclosures, when necessary, as required by Rule 26(e).

### B.      Discovery Referral

On November 21, 2023, this Court issued its Order Referring All Discovery Disputes to Magistrate Judge, which directs the parties to bring all future discovery disputes to Magistrate Judge Ryu according to her procedures. (ECF No. 175.) Pursuant to Judge Ryu's standing order,[2] the parties must have last met and conferred within five days of bringing any discovery dispute to the Court by joint letter brief.

### C.      Case Management Orders

On August 7, 2023, the Court entered an Amended Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information AND/OR Trade Secrets (ECF No. 145) ("Protective Order"). On October 30, 2023, the Court entered a Stipulated Order Concerning Expert Discovery (ECF No. 167) ("Expert Discovery Order"). And on November 1, 2023, the Court entered an Order Re Discovery of Electronically Stored Information (ECF No. 168) ("ESI Protocol").

---

[1] GitHub, Microsoft, and OpenAI are collectively referred to as "Defendants."

[2] https://www.cand.uscourts.gov/dmr-revised-standing-order-072022/

D.   **Plaintiffs' Discovery Requests**

1.   **Discovery Propounded by Plaintiffs and Responses from Defendants.**

**Requests for Production of Documents ("RFPs"):**

**Plaintiffs' Position:**  On July 12, 2023, Plaintiffs served First Sets of Requests for Production on GitHub (49 requests), Microsoft (60 requests), and OpenAI (57 requests). Defendants served responses and objections on August 18, 2023. As a general matter, Plaintiffs seek basic information regarding corporate structure; identification of those with management or other responsibility for the conduct alleged; the background and operation of the relevant technologies; the source and use of the training data and datasets; use of and compliance with applicable licenses; matches or near matches of plaintiffs' data; submissions of information to regulators and governmental agencies; public statements regarding these topics; business and financial relationships between and among the parties and their principals; income, revenue and profits from sale or distribution of Copilot; and insurance policies and other materials ordinarily produced in cases of this type.[3] Broadly speaking, Defendants objected to all of Plaintiffs' RFPs. Microsoft and GitHub first produced documents yesterday, December 12, 2023, at 5:28 p.m. The productions consisted of 22 pages by Microsoft documents and approximately 300 GitHub documents. OpenAI has produced 39 documents—almost all publicly available.

Consistent with the principles of cooperation underlying discovery as outlined by the Federal Rules, the Sedona Conference principles, and the Northern District of California's Guidelines for the Discovery of Electronically Stored Information, the Parties have met and conferred with respect to Defendants' responses. Plaintiffs have conducted face-to-face meet and confer sessions with GitHub, Microsoft, and OpenAI on all the discovery requests Plaintiffs have propounded thus far, conferring for approximately 2.5 hours for each Defendant.[4] On September 19 & 20, 2023, Plaintiffs sent letters memorializing the parties' respective positions on all of Plaintiffs' requests for production and interrogatories. Therein, Plaintiffs identified areas of potential compromise and impasse. Microsoft and

---

[3] This description is intended to generally describe the nature and scope of the document discovery sought by Plaintiffs to date. Plaintiffs and Defendants are meeting and conferring on the individual requests. Plaintiffs hope to bring this process to a close as soon as possible.

[4] Plaintiffs met and conferred with respect to Microsoft and GitHub separately and individually for a total of approximately five hours.

1  GitHub have provided brief responses addressing fewer than half the requests that mostly reiterate their

2  refusals to respond and demand Plaintiffs further justify their need for responses—which Plaintiffs had

3  already provided during meet and confer sessions and in their comprehensive letter. The parties have

4  continued to discuss specific requests by letter and Plaintiffs have requested dates for further meet and

5  confer sessions from Defendants. Plaintiffs and OpenAI met and conferred by video call on December

6  13, 2023. Microsoft and GitHub have refused to hold further meet and confer sessions unless Plaintiffs

7  accede to their unilateral demands.

8         Generally, Plaintiffs anticipate Defendants will produce responsive documents through (1)

9  collection of responsive materials within their possession, custody, or control (*i.e.*, "go and get") and (2)

10 implementing search terms for custodial ESI. Pursuant to the ESI Protocol, certain responsive

11 documents will be produced in native form. In the September 8 Joint Case Management Statement (ECF

12 No. 153), Defendants attributed their failure to produce any documents to the lack of an ESI Protocol in

13 this case. Then, Defendants ignored repeated requests to meet and confer on Plaintiffs draft ESI Protocol

14 until shortly before the deadline set by this Court. *See* ECF No. 166. Now, six weeks after this Court

15 entered Defendants' ESI Protocol, Microsoft and GitHub still have not produced any documents, even

16 those promised in their respective responses to Plaintiffs' requests.

17       Many of the promised documents absent from Microsoft's and GitHub's production yesterday

18 are of the "go and get" variety, meaning no search terms or custodians are needed to procure and

19 produce them. They offer no explanation for continuing to withhold these documents. Plaintiffs

20 propounded interrogatories five months ago that will inform its selection of custodians and search terms

21 which Defendants' have largely improperly refused to answer. *See In re Folding Carton Antitrust Litig.*,

22 76 F.R.D. 417, 419 (N.D. Ill. 1977) (describing the types of information requested by Plaintiffs here as

23 "classic first-wave discovery"). Defendants are responsible for Plaintiffs' inability to select custodians

24 and search terms, which must be done with care considering only five of each are presently allowed

25 under the ESI Protocol. And OpenAI has produced only a tiny fraction of the documents requested and

26 few of the documents promised. Considering Defendants' continued refusal to comply with their

27 discovery obligations, Plaintiffs anticipate certain issues will require court resolution, which they will

28 bring to Magistrate Judge Ryu in due course.

1      **Microsoft and GitHub's Position:**  Microsoft and GitHub have undertaken a thorough

2  investigation to locate non-custodial documents responsive to Plaintiffs' requests, have collected a

3  meaningful volume of non-custodial documents, and have begun production.  As of December 12, 2023,

4  Microsoft and GitHub have produced over 330 documents consisting of over 1220 pages, and are

5  continuing to produce non-custodial documents on a rolling basis.  Further, pursuant to the ESI Protocol,

6  Microsoft and GitHub have informed Plaintiffs of the messaging services used by their employees and

7  have asked Plaintiffs to serve custodial discovery and provide specific custodians and search terms, as is

8  their obligation under the ESI Protocol.  Microsoft and GitHub await Plaintiffs' response.  Plaintiffs

9  assert above that they cannot determine custodians for custodial discovery because of Microsoft and

10  GitHub's refusal to respond to vastly overbroad interrogatories, which, for instance, would require

11  Microsoft to list every officer and director it has ever had since 1975.  Not so.  In their initial

12  disclosures, Microsoft and GitHub listed individuals likely to have discoverable information and the

13  nature of the information each is likely to have.  Then, in response to Plaintiffs' interrogatories,

14  Microsoft and GitHub provided the names of the individuals who negotiated relevant agreements with

15  the other Defendants, the names of the individuals responsible for the engineering and development of

16  Copilot, the names of the individuals responsible for marketing Copilot, the name of the individual

17  responsible for selling subscription access to Copilot, and the name of the individual overseeing

18  responsible artificial intelligence practices regarding Copilot.  Indeed, Microsoft and GitHub have

19  provided the names of over 20 employees—far more than the five custodians allowed by the ESI

20  Protocol.

21      As to further meet and confer, Microsoft and GitHub are not refusing to meet and confer.

22  Rather, Microsoft and GitHub served detailed objections and meaningful substantive responses then met

23  for more than 5 hours, with the result of nothing concrete from Plaintiffs in terms of proposals

24  narrowing or limiting the objectionable requests.  Despite repeated requests from Microsoft and GitHub,

25  Plaintiffs' meet and confer letters and communications have been devoid of any basis for relevancy or

26  willingness to narrow objectionable requests.  Accordingly, Microsoft and GitHub have asked Plaintiffs

27  to provide a letter describing any compromises they are willing to make in advance of a further meeting

28  so that such proposals can be evaluated and addressed at any such meeting.  Plaintiffs are seemingly

1   refusing to provide the requested letter, despite the fact that Judge Ryu's standing order expressly

2   requires the parties to explain their final compromise position on each outstanding issue.  It is Microsoft

3   and GitHub's position that Plaintiffs are not complying with their meet and confer obligations, but no

4   Court intervention is required at this time as the matter can be addressed with Judge Ryu in the event of

5   any motions to compel.

6       **OpenAI's Position:**  Notwithstanding the irrelevance and overbreadth of most of Plaintiffs'

7   document requests, OpenAI has served two productions to date.  These productions consist of

8   organizational charts identifying OpenAI witnesses responsible for the technical aspects, financial

9   information, and marketing of Codex and their direct reports and supervisors; an organizational chart of

10  OpenAI's corporate structure; corporate formation documents; technical documents explaining how

11  Codex operates; document retention policies; and insurance policies.  OpenAI has been searching and

12  continues to search for responsive, non-custodial documents, which it intends to produce on a rolling

13  basis, and to meet and confer with Plaintiffs on the appropriate scope of certain requests.

14      Pursuant to the Parties' Stipulated Order Regarding Discovery of Electronically Stored

15  Information ("ESI") on November 1, 2023 (ECF No. 168), the Parties will meet and confer to identify

16  custodians, search terms, and time frame; to negotiate the parameters for collecting messaging data, the

17  format of production, and other unique issues to this type of data; and to discuss reasonable

18  methodologies to query or sample telemetry data, training data, and other data inaccessible within the

19  meaning of Federal Rule of Civil Procedure 26.

20      **Interrogatories:**

21      **Plaintiffs' Position:**  On July 19, 2023, Plaintiffs propounded 14 interrogatories each on GitHub,

22  Microsoft, and OpenAI. The interrogatories, among other things, ask Defendants to identify persons

23  responsible for the subject matter or events relevant to Plaintiffs' claims, description or identification of

24  training data, and identification and location of current and former employees who are likely to possess

25  relevant information. These interrogatories are routine first-wave discovery requests propounded in

26  nearly every case. None of Plaintiffs interrogatories could require disclosure of Plaintiffs' true names to

27  anyone. Following an extension, on August 25, 2023, Defendants provided limited responses to some

28  interrogatories, indicating their investigation was not complete, and objected to others. Initial meet and

1   confer sessions have been conducted for all outstanding interrogatories propounded by Plaintiffs. Since

2   then, the parties have continued to communicate about the interrogatory responses by letter. Magistrate

3   Judge Ryu ordered OpenAI to provide verifications for its interrogatory responses, which it did.

4   Plaintiffs requested the same from Microsoft and GitHub, which they have agreed to provide but have

5   not given a compliance date nor provided them as of the date of this filing. Plaintiffs recently met and

6   conferred with OpenAI and made some progress toward resolving issues raised in their joint letter brief.

7   Plaintiffs have requested further face-to-face meet and confer sessions with Microsoft and GitHub. But

8   they refused, as described above. Defendants have not supplemented or amended their initial responses.

9   Considering Defendants' continued refusal to provide any more than their initial inadequate responses,

10  Plaintiff anticipate bringing disputes regarding their interrogatory responses to Magistrate Judge Ryu in

11  due course.

12        **Microsoft and GitHub's Position:**  Microsoft and GitHub have provided fulsome responses to a

13  reasonable scope of interrogatories.  Microsoft and GitHub proposed that verifications be served closer

14  to the time that depositions be taken, but since Plaintiffs rejected that suggestion, Microsoft and GitHub

15  will be providing verifications to their interrogatory responses shortly.  Other interrogatories are

16  objectionable, such as an interrogatory that would require an investigation into every single GitHub

17  employee's purchase of Microsoft stock.  Another objectionable interrogatory is one that asks Microsoft

18  to identify every person who has served as a director or officer over the course of its nearly 50-year

19  history.  As stated above with regard to Microsoft and GitHub's responses to requests for production,

20  Microsoft and GitHub are not refusing to continue to meet and confer.  Rather, after serving detailed

21  objections and significant responses, talking with Plaintiffs for more than 5 hours, and writing

22  significant meet and confer correspondence, Microsoft and GitHub have asked Plaintiffs to provide their

23  compromise proposals in writing in advance of holding any further meetings.

24        **OpenAI's Position:**  OpenAI responded to Plaintiffs' interrogatories on August 25, 2023, and

25  have met and conferred several times on the scope of the interrogatories.  On November 15, 2023,

26  Plaintiffs and OpenAI filed a joint letter brief regarding OpenAI's responses to Plaintiffs' First Set of

27  Interrogatories.  (ECF No. 173.)  In that letter, Plaintiffs sought to compel OpenAI to identify essentially

28  *all* individuals associated with OpenAI (not just OpenAI employees, but all "employees from other

1   businesses, contractors, vendors, and other non-employees") or OpenAI's technology, including

2   technology not at issue here.  OpenAI argued that judicial intervention was unnecessary because it had

3   already identified six knowledgeable OpenAI employees and provided organizational charts identifying

4   additional employees, thus more than satisfying Plaintiffs' reasonable need for information.  OpenAI

5   also stated that it was willing to meet and confer after Plaintiffs had had time to review OpenAI's

6   production.

7          On November 28, 2023, Judge Ryu denied Plaintiffs' requests for additional names without

8   prejudice, finding that further meet and confer could lead to a compromise. (ECF No. 177.)  Judge Ryu

9   ordered Plaintiffs and OpenAI to file a new joint letter brief by December 22, 2023, if any disputes

10  remain on Plaintiffs' interrogatories to OpenAI.  Judge Ryu also instructed OpenAI to serve verified

11  responses (*Id.* at 1), which OpenAI did on December 5, 2023.

12         On December 13, 2023, Plaintiffs and OpenAI met and conferred on these issues and are

13  working to find a compromise on the outstanding disputes.

14         **2.      Discovery Discussed with Defendants But Not Propounded:**

15         As stated above, Defendants have requested Plaintiffs to identify custodians and search terms

16  and to propound custodial document requests pursuant to the ESI Protocol.  Defendants are awaiting

17  Plaintiffs' response.  Court intervention is not required at this time.

18         **E.     Defendants' Discovery Requests**

19             **1.      Discovery Propounded by Defendants and Responses from Plaintiffs**

20  **Requests for Production of Documents ("RFPs"):**

21         **Plaintiffs' Position:** On July 12, 2023, OpenAI served a separate set of RFPs on each of the five

22  plaintiffs. On August 11, 2023, all Plaintiffs served objections and responses to OpenAI's first sets of

23  RFPs and produced responsive documents (131 pages). Plaintiffs' production is complete. On July 27,

24  2023, GitHub and Microsoft jointly served separate sets of RFPs on each of the five Plaintiffs, broadly

25  seeking material related to threats that Plaintiffs received (the "Joint RFPs"). On August 28, 2023,

26  Plaintiffs served objections and responses to the Joint RFPs. Specifically, Plaintiffs objected and refused

27  to produce in response to Requests 2 through 5 on the grounds that the RFPs seek information protected

28  by attorney client privilege; are duplicative of OpenAI's RFPs and interrogatories; and have been the

subject of law and motion practice and resolved by the Court (*See* ECF Nos. 71, 77, 77-1, 77-2, 77-3, 77-4, 77-5, 77-6, and 77-7). Plaintiffs are prepared to meet and confer on their responses should Defendants ask them to.

To the extent Defendants accuse Plaintiffs of deleting relevant ESI, the relevant material is either preserved or in Defendants' care, custody, and control. After meeting and conferring on this issue, Plaintiffs provided revisions to Defendants' proposed stipulation on this issue but have not received a response.

**Microsoft and GitHub's Position:**  Microsoft and GitHub contest that Plaintiffs' discovery responses meet their discovery obligations and contest that all five Plaintiffs' joint production of 131 pages is a complete production.  Microsoft and GitHub are preparing meet and confer letters regarding Plaintiffs' discovery responses and production.  Intervention by the Court is not required at this time.

Regarding Plaintiffs' deletion of relevant ESI, Plaintiffs refused to unequivocally agree to cease deleting their GitHub repositories.  Microsoft and GitHub therefore moved forward with discovery on the repository deletion issue, including propounding interrogatories on October 11, 2023, and will address Plaintiffs' deletion of their repositories in due course.

**OpenAI's Position:**  In response to OpenAI's First Set of RFPs, Plaintiffs produced documents consisting of unreadable JSON files, a blank HTML file, emails without any metadata that appear irrelevant to the litigation, PNG files that appear to be pictures of Slack, Twitter, and text messages, and excerpted comment sections from a news website.  To date, Plaintiffs still have not supplemented their production to include the documents they agreed to produce or addressed these issues.  OpenAI intends to meet and confer with Plaintiffs regarding Plaintiffs' deficient production.

**Interrogatories:**

**Plaintiffs' Position:**  On July 12, 2023, OpenAI served a separate set of interrogatories on each of the five Plaintiffs. On August 11, 2023, Plaintiffs served objections and complete responses to all of OpenAI's interrogatories. Plaintiffs are prepared to meet and confer on their responses should OpenAI ask them to.

On October 11, 2023, GitHub propounded interrogatories on the Plaintiffs. All Plaintiffs provided complete responses on November 13, 2023. Neither Microsoft nor GitHub have yet requested

that the parties meet and confer regarding Plaintiffs responses. Nor have either informed Plaintiffs that they found the responses to be deficient, other than below. **Microsoft and GitHub's Position**:  On October 11, 2023, GitHub propounded interrogatories on each of the Plaintiffs.  Plaintiffs each provided responses on November 13, 2023, largely improperly incorporating by reference their responses to interrogatories propounded by OpenAI.  GitHub is drafting a meet and confer letter regarding Plaintiffs' inadequate responses.  Court intervention is not required at this time.

**OpenAI's Position:**  On July 12, 2023, OpenAI propounded interrogatories on each of the Plaintiffs.  Plaintiffs each provided responses on August 11, 2023.  OpenAI intends to meet and confer with Plaintiffs regarding the incompleteness of their responses.

### 2.    Discovery Discussed with Plaintiffs But Not Propounded

Defendants have asserted a need to send subpoenas to nonparties. But, at present, Plaintiffs are not aware of any particular nonparties Defendants intend to serve with discovery requests.

### F.    Third-Party Discovery

Plaintiffs served the following entities with subpoenas to produce documents: (1) Morgan Stanley; (2) Hydrazine Capital; (3) Andreesen Horowitz, AH Capital Management LLC; and (4) Sequoia Capital (collectively, "Subpoena Recipients"). The Subpoena Recipients each provided responses and objections to the Subpoenas, which Plaintiffs served on Defendants. Plaintiffs have met and conferred with Morgan Stanley and Andreesen Horowitz, and are working to schedule a meet and confer session with Sequoia Capital. No documents have yet been produced.

Defendants note that Plaintiffs served Defendants with copies of objections and responses to third-party subpoenas only today.

## II.    OTHER ISSUES

### A.    Issues Requiring the Court's Attention

None at this time other than discovery disputes discussed above that will be brought to Magistrate Judge Ryu as appropriate.

### B.    Issues Bearing on the Progress of the Case

#### 1.    OpenAI Global, LLC and Other Unnamed OpenAI-related Entities

1    **Plaintiffs' Position**: Plaintiffs plan to add OpenAI Global, LLC as a defendant at the soonest

2    appropriate time. OpenAI Global, LLC is an entity Plaintiffs recently discovered. It is not identified in

3    any corporate disclosure forms filed in this case nor in OpenAI's Initial Disclosures. However, it is the

4    parent company of Defendant OpenAI OpCo, LLC. Microsoft owns at least 10% of OpenAI OpCo, LLC

5    and it is a key part of OpenAI's corporate structure. Plaintiffs have informed OpenAI's counsel they

6    intend to add this entity as a defendant and asked for an explanation as to why the entity was not

7    identified in any of OpenAI's corporate disclosure forms or Initial Disclosures.

8    OpenAI Global, LLC is the only for-profit entity in the OpenAI organization (other than,

9    perhaps, OpenAI OpCo, LLC). It was incorporated December 26, 2022, over six weeks after this case

10   began. It apparently takes the place in OpenAI's structure previously occupied by Defendant OpenAI,

11   LP, which allegedly became Defendant OpenAI OpCo, LLC sometime after the initial complaints in this

12   case were filed. Plaintiffs are still awaiting a response explaining why this entity was not identified

13   before Plaintiffs discovered its existence. Plaintiffs have since discovered several other entities that

14   comprise a portion of OpenAI's complicated ownership structure and intend to add these entities prior to

15   the deadline to amend to add new parties.

16   **OpenAI's Position**:  To the contrary, on September 8, 2023, OpenAI filed an amended

17   certificate of interested entities pursuant to Federal Rule of Civil Procedure 7.1 that identified OpenAI

18   Global, LLC as OpenAI OpCo, LLC's parent company and that Microsoft has an ownership interest of

19   10% or more in OpenAI Global, LLC.  (ECF No. 150.)  After filing the amended certificate, OpenAI

20   explained to Plaintiffs that the amended disclosure would clarify OpenAI Global, LLC's involvement.

21   Since then, Plaintiffs have not raised any further concerns until now.

22   Plaintiffs' approach appears to be to name and add all OpenAI entities it is aware of, regardless

23   of whether the particular OpenAI entity is in any way involved in Codex or Copilot, or in possession of

24   or has control over relevant documents.  As OpenAI has explained to Plaintiffs during their meet and

25   confers, OpenAI Startup Fund entities do not have any involvement in the claims and defenses at issue

26   in this case.  OpenAI is open to further meeting and conferring with Plaintiffs regarding which OpenAI

27   entities are actually relevant to the case and to narrow the named OpenAI entities.

28

1

### 2.  Settlement Conference

The Parties are preparing for a settlement conference on January 19, 2024 with Magistrate Judge Sallie Kim. (*See* ECF No. 137.)

Dated: December 13, 2023

By:  ___*/s/ Joseph R. Saveri*___
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:    jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
lkessler@saverilawfirm.com
eabuchanan@saverilawfirm.com
tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:    mb@butoricklaw.com

*Counsel for Plaintiffs and the Proposed Class*

1    Dated: December 13, 2023

2                                      By:      */s/ Annette L. Hurst*
                                             Annette L. Hurst

3

4                                      Annette L. Hurst (State Bar No. 148738)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

5                                      The Orrick Building
405 Howard Street

6                                      San Francisco, CA 94105
Telephone:     415-773-5700

7                                      Facsimile:      415-773-5759
Email:           ahurst@orrick.com

8

9                                      *Counsel for GitHub, Inc. and Microsoft Corporation*

10   Dated: December 13, 2023

                                     By:      */s/ Joseph C. Gratz*
11                                              Joseph C. Gratz

12                                      Joseph C. Gratz (State Bar No. 240676)
**MORRISON & FOERSTER LLP**

13                                      425 Market Street
San Francisco, CA 94105

14                                      Telephone:     415-268-7000
Facsimile:      415-268-7522

15                                      Email:           jgratz@mofo.com

16                                      *Counsel for OpenAI, Inc., OpenAI, L.P., OpenAI GP,*
17                                      *LLC, OpenAI OpCo, L.L.C., OpenAI Startup Fund GP*
*I, L.L.C, OpenAI Startup Fund I, L.P., and OpenAI*

18                                      *Startup Fund Management LLC*

19

20

21

22

23

24

25

26

27

28

<u>L.R. 5-1 SIGNATURE ATTESTATION</u>

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: December 13, 2023

<u>/s/ Joseph R. Saveri</u>
Joseph R. Saveri
