December 14, 2023

*E-Filed*

The Honorable Donna M. Ryu
United States District Court for the Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, California 94612

Re:   *Doe 1, et al. v. GitHub, Inc., et al.*, Lead Case No. 4:22-cv-06823-JST-DMR

Dear Judge Ryu:

In response to Plaintiffs' December 13, 2023 letter brief, Defendant GitHub notes, as described more fully below, that it has not refused to meet and confer nor did it refuse or fail to participate in the joint letter briefing process. Rather, Plaintiffs have taken a my-way-or-the-highway approach to discovery, shrugged off further discussions, and filed a unilateral brief despite explicit requests to coordinate the filing of a joint letter. GitHub requests the Court deny Plaintiffs' letter brief outright, or deny it and order Plaintiffs either (1) to engage in further meet and confer, or (2) to cooperate in the filing of a joint letter brief.

**Plaintiffs' Letter Brief Seriously Mischaracterizes GitHub's Meet and Confer Efforts.**

Subsequent to the service of its responses (attached as Exhibit 1 to this letter), GitHub engaged in meet and confer efforts that included multiple in-person meetings. During the in-person meetings, Plaintiffs did not offer compromises regarding the interrogatories at issue (Interrogatories 2, 6, 7 and 14). After the in-person meetings, Plaintiffs sent correspondence but did not offer compromises regarding the interrogatories at issue.

On November 3, Plaintiffs sent an email stating they would move to compel. GitHub responded on November 6 that meet and confer efforts had not been exhausted, and then provided correspondence detailing its continuing concerns and asking for proposed compromises. Plaintiffs refused to offer any, declared an impasse, and on November 20, 2023, sent their portion of a joint letter brief (under Judge Tigar's procedures).

The following day as GitHub was drafting its portion of the brief, Judge Tigar referred discovery matters to this Court. GitHub then wrote to Plaintiffs, asked for further meet and confer to resolve some of the issues, and stated:

> If you refuse further meet and confer, then please advise how you intend to proceed in light of the new format. Clearly the existing letter brief must be withdrawn. We request that you provide us with a newly reformatted motion that is organized on an issue-by-issue basis, and then we will supply our inserts accordingly. Please note in particular the requirement that Plaintiffs identify their *final proposed compromise* as part of the letter brief. (emphasis original).

Plaintiffs ignored this request until December 6, 2023, when Plaintiffs asked GitHub to provide availability for further meet and confer sessions. The next day, GitHub responded:

> Our discussions have not been particularly fruitful in terms of producing compromises. As you know, Judge Ryu's standing order requires each party to identify its final compromise position and proposal. Rather than offering

December 14, 2023
Page 2

> compromises, Plaintiffs have simply continued to insist on the original objectionable scope of their requests. This is not moving us forward. . . . From the beginning we have requested a letter from Plaintiffs explaining the relevance and willingness to narrow the objectionable requests. We have yet to receive such correspondence. We request it again *as a prelude to further meet and confer discussions*. (emphasis added)

Plaintiffs ignored this communication until the afternoon of December 13, 2023, when they provided GitHub with a new unilateral letter that they insisted upon filing by the end of the day.

The new letter brief is substantially different from the one served in November, containing proposed compromises or narrowing interpretations not previously offered. Accordingly, GitHub requested that Plaintiffs engage in further meet and confer efforts, or that Plaintiffs refrain from filing a unilateral letter brief and provide the five days required by the Court's order so that GitHub can prepare its inserts for a joint letter brief.

**Plaintiffs' Letter Brief Seriously Mischaracterizes the Interrogatories At Issue.**

Plaintiffs' letter brief mischaracterizes the scope of the interrogatories at issue.

Interrogatory No. 2 does not ask GitHub to identify persons with relevant information "during the relevant period." Rather, it asks GitHub to identify all past and present directors and officers without time limitation and irrespective of whether they had anything to do with Copilot.

Similarly, Interrogatory No. 6 does not seek the names of individuals responsible for negotiating Microsoft's acquisition of GitHub (which is, in all events, irrelevant to this action). Rather, it seeks the names of anyone responsible for "the purchase or sale of any interest in Microsoft." GitHub has thousands of employees who may have purchased or sold Microsoft stock.

Interrogatory No. 7 does not ask GitHub to disclose whether it has an ownership interest in OpenAI. Rather, it asks GitHub to identify all persons "including employees from other businesses" who have been responsible for "the purchase or sale of any interest in OpenAI." Plaintiffs never previously offered to limit the interrogatory to a capitalization table for OpenAI, nor does that limitation make sense as OpenAI, not GitHub, would have such a document.

Interrogatory No. 14 does not ask for the identities of individuals who participated in acquiring or licensing training data. Rather, it asks to identify all persons "*from whom* You licensed, purchased, or otherwise obtained training data for Copilot." (emphasis added). GitHub made clear in its response that GitHub "did not license, purchase, or otherwise obtain any data used to train the OpenAI models underlying Copilot." In response to Interrogatory 13, GitHub responded that it "did not train the models." Plaintiffs' new offer to accept a list of all training data and the identities of any individual who collected it was never offered to GitHub as a compromise, but in any event does not make sense in light of GitHub's other responses.

Accordingly, for the reasons stated above, the Court should deny Plaintiffs' letter brief outright, or if not should order the Parties either to further meet and confer or to cooperate in the filing of a joint letter brief.

December 14, 2023
Page 3

                          Respectfully Submitted,

                          */s/ Annette L. Hurst*
                          Annette L. Hurst
                          Orrick, Herrington, and Sutcliffe LLP
                          Attorneys for Defendant GitHub, Inc.

**Exhibit 1**

**INTERROGATORY NO. 2:**

In order of corporate seniority, identify by name and date all Your past and present directors and officers.

**RESPONSE TO INTERROGATORY NO. 2:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' Definitions and Instructions set forth above. GitHub objects to this interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks information relating to "all" of GitHub's past and present directors and officers, and because the identities of these individuals have no apparent relevance to any issue in this case. GitHub further objects to the request to list individuals in order of seniority as GitHub does not have a reliable way to rank seniority across different internal organizations.

Subject to the above objections, GitHub states that it will not undertake the investigation necessary to respond to this interrogatory. GitHub also states that a list of its current officers is accessible via its website at https://github.com/about/leadership.

**INTERROGATORY NO. 6:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over regarding the purchase or sale of any interest in Microsoft including any communications or negotiations thereof including in regards to financing, whether or not such purchase or sale was consummated.

**RESPONSE TO INTERROGATORY NO. 6:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' Definitions and Instructions set forth above. GitHub objects to this interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because of its request to identify (1) "all Persons"; (2) employees of third-party entities; and (3) information regarding the purchase or sale of an interest in Microsoft, even if not consummated, which is not relevant to any issue in this action. GitHub further objects that this interrogatory is vague and ambiguous to the extent it asks GitHub to identify Persons by date without any further information regarding what dates the interrogatory seeks. GitHub further objects that the phrase "having oversight" is vague and ambiguous. GitHub will interpret this term to mean having control over. GitHub further objects that the phrase "control over regarding" is vague and ambiguous. GitHub will interpret this phrase to mean having control over. GitHub further objects that this request is nonsensical to the extent it seeks to identify "Persons" "including communications." GitHub objects that this interrogatory is nonsensical when given an ordinary reading. GitHub further objects to the request to list individuals in order

of seniority as GitHub does not have a reliable way to rank seniority across different internal organizations.

Subject to the above objections, GitHub states that the breadth of this interrogatory would require GitHub to investigate whether any of its employees at any time sold or purchased shares in Microsoft on their own behalf. GitHub will not undertake the burdensome investigation necessary to respond to this interrogatory in its current form.

**INTERROGATORY NO. 7:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over regarding the purchase or sale of any interest in OpenAI including any communications or negotiations thereof including in regards to financing, whether or not such purchase or sale was consummated.

**RESPONSE TO INTERROGATORY NO. 6:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' Definitions and Instructions set forth above. GitHub objects to this interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because of its request to identify (1) "all Persons"; (2) employees of third-party entities; and (3) information regarding the purchase or sale of OpenAI, which is not relevant to any issue in this action. GitHub further objects that this interrogatory is vague and ambiguous to the extent it asks GitHub to identify Persons by date without any further information regarding what dates the interrogatory seeks. GitHub further objects that the phrase "having oversight" is vague and ambiguous. GitHub will interpret this term to mean having control over. GitHub further objects that the phrase "control over regarding" is vague and ambiguous. GitHub will interpret this phrase to mean having control over. GitHub further objects that this request is nonsensical to the extent it seeks to identify "Persons" "including communications." GitHub further objects to the request to list individuals in order of seniority as GitHub does not have a reliable way to rank seniority across different internal organizations.

Subject to the above objections, GitHub states that the breadth of this interrogatory would require GitHub to investigate whether any of its employees at any time sold or purchased any interest in OpenAI on their own behalf. GitHub will not undertake the burdensome investigation necessary to respond to this interrogatory in its current form.

**INTERROGATORY NO. 14:**

Identify all Persons or Related Entities from whom You licensed, purchased or otherwise obtained training data for Copilot. For each licensor of training data, include the name of such person(s), date, amount paid, approximate description and size of data licensed, whether it was used as training data for GPT-3, GPT-4, Codex, Copilot, or some combination.

**RESPONSE TO INTERROGATORY NO. 14:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' Definitions and Instructions set forth above.  GitHub objects to the numbering of this interrogatory as "Interrogatory No. 10."  GitHub has corrected the numbering in its response.  GitHub further objects to this interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because it seeks information regarding GPT-3 and GPT-4 which are beyond the scope of the pleadings in this case.  GitHub further objects that the phrase "training data for Copilot" is vague and ambiguous.  GitHub will interpret this phrase to mean data used to train the OpenAI models underlying Copilot.  GitHub further objects to this request to the extent it assumes that GitHub trained the models underlying GPT-3, GPT-4, Codex, or Copilot.  GitHub further objects that "Related Entities" is vague and ambiguous, especially as it is not defined.

Subject to the above objections, GitHub states that it did not license, purchase, or otherwise obtain any data used to train the OpenAI models underlying Copilot.