December 14, 2023

*E-Filed*

The Honorable Donna M. Ryu
United States District Court for the Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, California 94612

Re:    *Doe 1, et al. v. GitHub, Inc., et al.;* Lead Case No. 4:22-cv-06823-JST-DMR

Dear Judge Ryu:

In response to Plaintiffs' December 13, 2023 letter brief, Defendant Microsoft notes, as described more fully below, that it has not refused to meet and confer nor did it refuse or fail to participate in the joint letter briefing process.  Rather, Plaintiffs have taken a my-way-or-the-highway approach to discovery, shrugged off further discussions, and filed a unilateral brief despite explicit requests to coordinate the filing of a joint letter.  Microsoft requests the Court deny Plaintiffs' letter brief outright, or deny it and order Plaintiffs either (1) to engage in further meet and confer, or (2) to cooperate in the filing of a joint letter brief.

**Plaintiffs' Letter Brief Seriously Mischaracterizes Microsoft's Meet and Confer Efforts.**

Subsequent to the service of its responses, Microsoft engaged in meet and confer efforts that included multiple in-person meetings.  During the in-person meetings, Plaintiffs did not offer compromises regarding the interrogatories at issue (Interrogatories 2, 6, 11 and 13).  After the in-person meetings, Plaintiffs sent correspondence but did not offer compromises regarding the interrogatories at issue.

On November 3, Plaintiffs sent an email stating they would move to compel.  Microsoft responded on November 6 that meet and confer efforts had not been exhausted, and then responded with correspondence detailing its continuing concerns and asking for proposed compromises.  Plaintiffs refused to offer any, declared an impasse, and on November 20, 2023, sent their portion of a joint letter brief (under Judge Tigar's procedures).

The following day as Microsoft was drafting its portion of the brief, Judge Tigar referred discovery matters to this Court.  Microsoft then wrote to Plaintiffs, asked for further meet and confer to resolve some of the issues, and stated:

> If you refuse further meet and confer, then please advise how you intend to proceed in light of the new format.  Clearly the existing letter brief must be withdrawn.  We request that you provide us with a newly reformatted motion that is organized on an issue-by-issue basis, and then we will supply our inserts accordingly.  Please note in particular the requirement that Plaintiffs identify their *final proposed compromise* as part of the letter brief. (emphasis original).

Plaintiffs ignored this request until December 6, 2023, when Plaintiffs asked Microsoft to provide availability for further meet and confer sessions.  The next day, Microsoft responded:

> Our discussions have not been particularly fruitful in terms of producing compromises.  As you know, Judge Ryu's standing order requires each party to identify its final compromise position and proposal.  Rather than offering

December 14, 2023
Page 2

> compromises, Plaintiffs have simply continued to insist on the original
> objectionable scope of their requests.  This is not moving us forward. . . . From the
> beginning we have requested a letter from Plaintiffs explaining the relevance and
> willingness to narrow the objectionable requests.  We have yet to receive such
> correspondence.  We request it again *as a prelude to further meet and confer
> discussions*. (emphasis added)

Plaintiffs ignored this communication until the afternoon of December 13, 2023, when they
provided a new unilateral letter that they insisted upon filing by the end of the day.

The new letter brief is substantially different from the one served in November, containing
proposed compromises or narrowing interpretations not previously offered.  Accordingly,
Microsoft requested that Plaintiffs engage in further meet and confer efforts, or that Plaintiffs
refrain from filing a unilateral letter brief and provide the five days required by the Court's order
so that Microsoft can prepare its inserts for a joint letter brief.

**Plaintiffs' Letter Brief Seriously Mischaracterizes the Interrogatories at Issue.**

Plaintiffs' letter brief mischaracterizes the scope of the interrogatories at issue.

Interrogatory No. 2 does not ask Microsoft to identify persons with relevant information "during
the relevant period."  Rather, it asks Microsoft to identify all past and present directors and
officers from its nearly 50-year history and irrespective of whether they had anything to do with
Copilot.

Similarly, Interrogatory No. 6 does not seek the names of individuals responsible for negotiating
Microsoft's acquisition of GitHub (which is, in all events, irrelevant to this action).  Rather, it
seeks the names "of all Microsoft employees" and "employees from other businesses,
contractors, vendors, and other non-employees of [Microsoft]" who engaged in the "purchase or
sale of any interest in GitHub."  Microsoft has more than 220,000 employees.

Interrogatory No. 11 requests all software, databases, or services used for Copilot.  Microsoft
stated in its response that it hosts Copilot on Azure servers.  GitHub—the primary party
responsible for developing Copilot—responded to the same interrogatory with a list of 38
software programs and databases used for Copilot.  GitHub has also agreed to produce the
Copilot source code.  Plaintiffs offer for the first time to narrow the interrogatory to a road map
explaining how Copilot works, which is not what the interrogatory requests and in any event is
unnecessary in light of GitHub's responses.

Interrogatory No. 13 asks Microsoft to describe "the data *You* have used" to train Copilot and
Codex (and other models not at issue in this lawsuit).  Microsoft stated in its response that it did
not train the models underlying Copilot or Codex.  Microsoft has repeatedly informed Plaintiffs
that it did not determine the training dataset nor train the models underlying Copilot and Codex.
Microsoft cannot provide information it does not have.  Plaintiffs' new offer to accept a list of all
training data and the identities of any individual who collected it was never previously offered,
but in any event does not make sense in light of Microsoft's response.

Accordingly, for the reasons stated above, the Court should deny Plaintiffs' letter brief outright,
or if not should order the Parties either to further meet and confer or to cooperate in the filing of
a joint letter brief.

December 14, 2023
Page 3

Respectfully Submitted,

*/s/ Annette L. Hurst*
Annette L. Hurst
Orrick, Herrington, and Sutcliffe LLP
Attorneys for Defendant Microsoft Corp.