Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
William W. Castillo Guardado (State Bar No. 294159)
Holden Benon (State Bar No. 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                      swilliams@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      cyoung@saverilawfirm.com
                      lkessler@saverilawfirm.com
                      eabuchanan@saverilawfirm.com
                      tmanfredi@saverilawfirm.comwcastillo@saverilawfirm.com
                      hbenon@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>    Defendants. | Case Nos.  4:22-cv-06823-JST<br>                    4:22-cv-07074-JST<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SECOND AMENDED COMPLAINT** |

## I.     INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs hereby move the Court to file under seal portions of their Second Amended Complaint ("SAC"). The Court previously determined that Plaintiffs may proceed pseudonymously (*See Doe 1 v. GitHub, Inc.*, ___ F. Supp. 3d ___, 2023 WL 3449131, at *7-9 (N.D. Cal. May 11, 2023)) and previously ordered identical information filed under seal (*see* ECF No. 133). The portions sought to be filed under seal contain information that would allow members of the public to discern the identities of Plaintiffs. Accompanying this Motion is the Declaration of Travis Manfredi in Support of Plaintiffs' Administrative Motion to File Under Seal ("Manfredi Decl.") and a proposed order.

## II.     ARGUMENT

In the Ninth Circuit, when a party seeks to seal portions of a complaint, the compelling reasons standard is typically used. *See, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016); *see also In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, No. ML1902905JAKFFMX, 2020 WL 13688234, at *3 (C.D. Cal. Sept. 7, 2020) ("Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies."). This is because complaint is "the root, the foundation, the basis by which a suit arises and must be disposed of." *NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, at *3.

Compelling reasons "outweigh the public's interest in disclosure and justify sealing court records . . . when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets . . . ." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The party seeking to seal bears the burden of showing compelling reasons apply. *See id.* at 1178.

This Court has already determined Plaintiffs may proceed pseudonymously at this stage of the case under the five-factor test applicable in the Ninth Circuit. *Doe 1*, 2023 WL 3449131, at *7–9 (citing, *inter alia*, *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) & *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). Amongst other things, the Court determined that proceeding pseudonymously at this stage is appropriate because Plaintiffs harbored reasonable fear that threats to their lives may be carried out against them if their identities were to become public. *Id.* at *8.[1] This conclusion is equally applicable here, where distinctive descriptors of Plaintiffs' unique code would enable members of the public to discern Plaintiffs' true identities. This Court ordered identical information filed under seal when it was included in Plaintiffs' First Amended Complaint (ECF No. 135, correcting ECF No. 97). *See* ECF No. 133; Manfredi Decl. ¶ 5. Given Plaintiffs' reasonable fear of physical reprisal, Plaintiffs should be permitted to file under seal information that could lead to the disclosure of their true identities.

### III.   CONCLUSION

For the reasons stated above, the Plaintiffs request the following paragraphs of the SAC be filed under seal:

| SAC Paragraph(s) # | Description of Information | Reason for Sealing |
| --- | --- | --- |
| 19–23 | Each paragraph contains one Plaintiff's name | The Court has already determined it is appropriate for Plaintiffs to proceed pseudonymously at this stage due to Plaintiffs' reasonable fear that credible threats of physical violence may be carried out. *See Doe 1*, 2023 WL 3449131, at *7-9. |
| 110–112 | Examples and descriptions of code Doe 2 made available to the public on GitHub. | To protect Doe 2 from credible threats of physical violence. Doe 2 could easily be identified by searching for this code on GitHub and other public repositories. |

---

[1] The Court also determined that Defendants are not prejudiced because Plaintiffs have already disclosed their true names to them subject to the underlying protective order, and that the public interest factor does not weigh against anonymity at this stage. *Id.* at *8–9.

| | | |
|---|---|---|
| 115–118 & 120 | Examples and descriptions of code Doe 1 made available to the public on GitHub. | To protect Doe 1 from credible threats of physical violence. Doe 1 could easily be identified by searching for this code on GitHub and other public repositories. |
| 123–137 & 131–134 | Examples and descriptions of code Doe 5 made available to the public on GitHub. | To protect Doe 5 from credible threats of physical violence. Doe 5 could easily be identified by searching for this code on GitHub and other public repositories. |

Manfredi Decl. ¶ 4.

| | | |
|---|---|---|
| Dated: January 24, 2024 | By: | /s/ Joseph R. Saveri |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
William W. Castillo Guardado (State Bar No. 294159)
Holden Benon (State Bar No. 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                     swilliams@saverilawfirm.com
                     czirpoli@saverilawfirm.com
                     cyoung@saverilawfirm.com
                     lkessler@saverilawfirm.com
                     eabuchanan@saverilawfirm.com
                     tmanfredi@saverilawfirm.com
                     wcastillo@saverilawfirm.com
                     hbenon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:     (415) 395-9940
Email:          mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*