January 26, 2024

***E-Filed***

The Honorable Donna M. Ryu
United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

Re: *Doe 1, et al. v. GitHub, Inc., et al.*; Lead Case No. 4:22-cv-06823-JST

Dear Judge Ryu:

Microsoft Corp. ("Microsoft"), and GitHub Inc. ("GitHub") (collectively, "Defendants") file this unilateral discovery letter brief on the issue of Plaintiff Does 1–5's ("Plaintiffs") broad-based discovery campaign concerning Microsoft's 2018 acquisition of GitHub (the "Acquisition"). On the Court-ordered deadline (ECF 188), Plaintiffs withdrew their motion to compel and failed to supply their portion of the joint letter brief regarding Defendants cross-motion for protective order. Pursuant to the prior order, Plaintiffs and Defendants met and conferred in person and resolved their disputes as to all issues other than the Acquisition. Defendants' respectfully request that the Court issue a protective order precluding discovery regarding the Acquisition unless and until Plaintiffs make a prima facie showing they are likely to certify a damages class.

**Current Case Deadlines**

(1) Fact Discovery, September 27, 2024; (2) Expert Discovery, February 21, 2025; (3) Dispositive Motion Hearing (not scheduled); (4) Class Certification Motion, March 27, 2025; (5) Pretrial Conference and Trial Dates (not scheduled).

**Nature of the Dispute**

While failing to articulate any relevance of the Acquisition, Plaintiffs have nonetheless served 2 interrogatories, 9 RFPs, 6 subpoenas, and at least two letter briefs seeking to compel on third parties. Exhibit 1. Interrogatory 6 to Microsoft seeks information identifying Defendants' employees and the third parties responsible for, or having oversight or control over, the purchase or sale of any interest in GitHub. Interrogatory 6 to GitHub seeks identification of every person associated with GitHub, including all employees and vendors and others, who has purchased or sold any interest in Microsoft. Plaintiffs' 9 RFPs to Defendants seek every conceivable document related to the Acquisition, including all deal documents, drafts, communications, all due diligence materials, and all governmental filings. Plaintiffs also served at least six separate third-party subpoenas on Hydrazine Capital, Morgan Stanley, Andreesen Horowitz, Sequoia Capital, Roelef Botha, and Michael Moritz concerning the Acquisition. Counsel met and conferred repeatedly on video, in person, and in writing, regarding the relevance of the subject matter of the GitHub Acquisition.

Plaintiffs apparently seek this discovery on the theory that the acquisition valuation of GitHub is somehow a proxy for classwide monetary relief. But the only damages claims remaining in this case are two breach of contract claims seeking compensatory relief pegged to a reputational theory of harm. The breach claims rest upon the factual theory that the GitHub Copilot code completion tool might offer suggested code snippets matching some portion of Plaintiffs' code without giving them credit for writing that code.[1] The elements of a claim for breach of contract are formation, plaintiff's performance, defendant's breach, injury, and damages. *See* CACI 300, 303; BAJI 10.85. Microsoft's acquisition of GitHub in 2018 is not alleged to, nor could it, have resulted in a breach arising from the use of a coding tool that was not released by GitHub until years later in 2021. Nor does that purchase price have any relationship to the harm from a reputational loss to Plaintiffs.

Moreover, the Court has already cast substantial doubt on whether a damages class can ever be certified in this case, holding that only three of the five named plaintiffs have made allegations sufficient to establish standing to bring *any* damages claim. ECF 195. Thus, even were Plaintiffs' GitHub valuation theory somehow relevant to a classwide damages claim (which is hard to fathom given the nature of the injury asserted by Plaintiffs), there is plenty of time to pursue that theory if a damages class is ever certified in this case. The Court has not set a date for summary judgment, let alone pretrial and trial. *See In re REMEC, Inc. Sec. Litig.,* No. CIV 04CV1948 JLS AJB, 2008 WL 2282647 (S.D. Cal. May 30, 2008) (granting defendant's motions for protective order as to third party discovery because requests were outside the scope of the claims).

Thus, the Court should deny the discovery altogether, or at a minimum should use its discretion under Rule 26 to restrict Plaintiffs from engaging in damages class discovery—especially as to third parties—until Plaintiffs provide a *prima facie* case showing that a damages class is appropriate. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), *as amended* (Aug. 27, 1985) ("plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied" and that "a trial court's refusal to allow class discovery is not an abuse of discretion" absent said "prima facie showing"); *Kaminske v. JP Morgan Chase Bank N.A*., No. SACV 09-00918 JVS, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010) ("a court does not abuse its discretion if it decides to require a prima facie showing that class treatment is appropriate before allowing discovery on issues pertaining to class certification.").

A protective order should issue prohibiting Plaintiffs from engaging in discovery regarding the Acquisition unless and until they make a *prima facie* showing that a damages class is likely to be certified in this case.

---

[1] On January 24, Plaintiffs filed a Second Amended Complaint in which they try again to plead a DMCA claim. Defendants will again move to dismiss. In all events, Plaintiffs seek only injunctive relief on the retread claim so it could not provide a basis for damages discovery.

Respectfully Submitted,

*/s/ Annette L. Hurst*

Annette L. Hurst
Orrick, Herrington, and Sutcliffe LLP
Attorneys for Defendant Microsoft Corp. and GitHub, Inc.