January 29, 2024

*E-Filed*

The Honorable Donna M. Ryu
United States District Court for the Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, California 94612

Re:   *Doe 1, et al. v. GitHub, Inc., et al.;* Lead Case No. 4:22-cv-06823-JST

Dear Judge Ryu:

GitHub and Microsoft's letter brief (ECF No. 202) is improper. Defendants have failed to meet and confer with Plaintiffs regarding the third-party discovery issues that are the subject of their letter brief. This is despite the fact that Defendants are already familiar with the Court's Standing Order. Just a month ago, they took the opposite position when Plaintiffs sought to bring a dispute to the Court. (*See* ECF No. 185.) Defendants' motion for a protective order is also defective for additional reasons stated below.[1]

**Defendants Manufactured a Pending Dispute to Prevent Legitimate Third-Party Discovery**
Defendants make an eleventh-hour attempt to attach their motion to a **negotiated resolution** of a dispute regarding Plaintiffs' interrogatories. Those lengthy negotiations, however, had nothing to do with third parties, and are now complete, resulting in an agreement between Plaintiffs and Defendants. By seeking to inject an issue into a separate and resolved dispute, Defendants seek to circumvent this Court's Standing Order. The record shows that Plaintiffs and Defendants have extensively met and conferred in person about the issues previously raised in Plaintiffs' earlier-filed letter brief as the Court ordered. Throughout the hours of discussions and written back-and-forth, Defendants did not raise the issue of pending nonparty subpoenas. Defendants have entirely ignored the requirements of this Court's Standing Order. Further, Defendants have refused to withdraw their motion. Defendants play by their own rules.

**Defendants' Motion is Untimely**
The time for Defendants to move to quash these third-party subpoenas, or object to them, expired months ago. Raising the issue now is untimely, with Rule 45 setting a deadline with respect to the subpoenas that expired months ago. Rule 45(b)(3); *Handloser v. HCL Am., Inc.*, No. 19CV01242LHKVKD, 2020 WL 4700989, at *5 (N.D. Cal. Aug. 13, 2020) ("Although it had advance notice of the subpoena, [defendant] did not move to quash or modify the subpoena before the date of compliance . . . and it did not seek a protective before the date of compliance in this district."); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (motion to quash is required to be filed before the compliance date designated in the subpoena); *Odyssey Reinsurance Co. v. Nagby*, No. 16-CV-3038-BTM(WVG), 2018 WL 1963665, at *2 (S.D. Cal. Apr. 26, 2018) ("Motions to quash under Rule 45(d)(3)(A)(iii) are required to be filed in a 'timely' fashion, which courts have read to mean

---

[1] **Current Case Deadlines:** (1) Fact Discovery Cut-Off: September 27, 2024; (2) Expert Discovery Cut-Off: February 21, 2025; (3) Dispositive Motion Hearing: not scheduled; (4) Class Certification Motion: March 27, 2025; (4) Pretrial Conference and Trial Dates: not scheduled.

Honorable Donna M. Ryu
January 29, 2024
Page 2

before the compliance date designated in the subpoena."). Defendants have had notice of the subpoenas for months, yet sat back, failing to act. Defendants' motion is untimely.

**Defendants Haven't Shown a Personal Right or Privilege Regarding the Documents Sought**
Defendants resorted to these techniques because a motion to quash or object would be meritless. But even assuming *arguendo* Defendants did have standing (they do not), Defendants have not demonstrated any "personal right or privilege with regard to the documents sought." *See In re Perez by Allen*, 2020 WK 70566024, at *2 (N.D. Cal. Dec. 2, 2020) (quoting 9A Charles Alan Wright & Arther R, Miller, Fed. Prac. & Procedure § 2456 (3d ed. 2008 & Supp. Apr. 2020)); *see also Am. Broad. Cos., Inc. v. Aereo, Inc.*, 2013 WL 1508894, at *2 (N.D. Cal. Apr. 10, 2013) (requiring a party to show the subpoena involved confidential proprietary business information). In fact, Defendants have taken the position in their discovery responses that this material obtained by third-party analysts and investors is not in their possession, custody, or control, thereby disclaiming any such claim or interest.

**Defendants' Arguments are Unavailing**
Defendants argue that Plaintiffs seek this information for class damages only. This argument fails. The discovery goes to other issues, including, for instance, how GitHub and Morgan Stanley: (1) contemplated the monetization of Plaintiffs' source code as training data for artificial intelligence models; (2) evaluated the rights and duties set forth in the licenses; (3) interpreted license terms and enforceability; (4) discussed the financial risk of copying and selling or otherwise monetizing the code posted on GitHub in violation of the licenses and terms of service; and (5) assessed the value of the source code hosted on GitHub in the context of Microsoft's acquisition of GitHub. In addition, the materials sought would show whether Defendants acted with the requisite intent for establishing equitable remedies. *See* Restatement (Third) of Restitution and Unjust Enrichment, § 39 (2011) (confirming restitutionary contract remedies where "a **deliberate** breach of contract results in profit to the defaulting promisor . . .") (emphasis added).

**Defendants Engaged in Discovery Abuses**
Because of Defendants' interference in the discovery process, third-party subpoena recipient Morgan Stanley reneged on providing discovery they previously agreed to and were ready to produce. Plaintiffs and Morgan Stanley had a fully-negotiated agreement that required extensive meeting, conferring, and narrowing. In fact, perhaps recognizing their motion is untimely and improper, Defendants contacted Morgan Stanley, and other third-party subpoena recipients involved in Microsoft's acquisition of GitHub, encouraging them to renege on agreements to provide responsive documents to Plaintiffs and otherwise to refuse to comply with Rule 45. Defendants never informed Plaintiffs of these surreptitious efforts and have refused to disclose their efforts or communications in this regard. This is discovery abuse and a violation of local rules. Cal. Rules. Prof. Conduct, Rule 3.4; *Stanley v. Wong,* No. CIV S-95-1500 FCDGGH, 2006 WL 1523128, at *7 (E.D. Cal. May 31, 2006) ("Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.").

For the foregoing reasons, Plaintiffs request that the Court deny Defendants letter brief outright, or otherwise order the Parties to further meet and confer.

Honorable Donna M. Ryu
January 29, 2024
Page 3

        */s/ Joseph R. Saveri*
Joseph R. Saveri
JOSEPH SAVERI LAW FIRM, LLP

*Attorneys for Plaintiffs*