January 30, 2024
The Honorable Donna M. Ryu
United States District Court for the Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

RE:   *J. Doe 1 et al., v. GitHub Inc., et al.,* Case No. 4:22-CV-06823-JST ("Action")

Dear Judge Ryu:

Pursuant to the Court's standing orders,[1] the parties hereby submit this joint discovery letter brief concerning discovery of certain documents in the possession of non-party Andreessen Horowitz ("AH") responsive to a Rule 45 Subpoena ("Subpoena"). Counsel met and conferred regarding the issues discussed herein on January 23, 2024, but are now at an impasse. This letter is filed with the permission of AH's counsel who has submitted "Andreessen Horowitz's Statement."[2]

**PLAINTIFFS' STATEMENT**
Plaintiffs refer the Court to ECF No. 208 for a detailed summary of their claims in this lawsuit. Andreessen Horowitz participated in two rounds of funding of GitHub. GitHub's chief asset were the open-source repositories including plaintiffs' code repositories subject to open-source licenses. In 2012, AH invested $100 million into GitHub. The investment valued GitHub at $750 million and gave AH a 13.3% stake in the company. In 2015, AH participated in another round of funding led by Sequoia Capital thereby increasing AH's stake in GitHub to 17.5%. AH earned a return of nearly $1 billion from its investment into GitHub. In 2018, Microsoft purchased GitHub for $7.5 billion in stock. AH can be reasonably expected to possess documents analyzing the licenses, including rights and obligations attached to them at issue here. AH prepared materials which can reasonably be expected to describe and value the monetization of the licenses, future economic plans, the $750 million valuation, in addition to general background regarding the technologies and market conditions and descriptions of the goals, plans and structure of GitHub, pre- and post-transaction. The materials also likely contain party admissions and other admissible evidence.

**Any Motions to Quash the Subpoena (or for a Protective Order) Would be Untimely**
Under the Federal Rules, a motion to quash must be "timely" filed. Fed. R. Civ. P. 45(d)(3)(A). Some courts have required that a motion to quash the subpoena must be filed within the 14-day deadline for serving objections set by Rule 45(d)(2)(B). *See, e.g., Tutor-Saliba Corp. v. United States*, 30 Fed. Cl. 155, 156 (1993). Other courts, including courts in the district, require a motion to quash to be filed before the return date of the subpoena. *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 n.2 (N.D. Cal. 2022) ("*Twitter*"); *see also Handloser v. HCL Am., Inc.*, 2020 WL 4700989, at *5 (N.D. Cal. Aug. 13, 2020) (stating this rule applies to motions for a protective order). On October 3, 2023, Plaintiffs caused the Subpoena to be served on AH. The subpoena commanded production by October 24, 2023. Plaintiffs agreed to extend AH's deadline to respond to November 15, 2023. AH served objections and responses on November 15, 2023. AH has not moved to quash. None of the

---

[1] Plaintiffs and AH have agreed to follow Judge Ryu's procedures for resolving this dispute.
[2] Current case deadlines are set forth in other discovery letter briefs recently submitted to the Court.

Hon. Donna M. Ryu
January 30, 2024
Page 2 of 7

Defendants objected to the Subpoena nor moved to quash, thereby waiving any objections. A motion to quash would be untimely at this juncture.

**Meet and Confer Efforts and Plaintiffs' Narrowed Requests**
The parties met and conferred regarding the Subpoena on December 5, December 13, and December 14 of 2023. On December 22, 2023, Plaintiffs issued Andreessen Horowitz a letter narrowing their requests. (A copy of those narrowed requests is attached as **Exhibit A**.) The parties met and conferred again on January 16, 2024. AH followed up with a letter to Plaintiffs on January 22, 2024, setting forth AH's positions. On January 23, the parties met and conferred to confirm whether AH would be producing any documents in response to Plaintiffs' narrowed requests. AH stated that it would not produce any documents, necessitating this letter brief. AH is refusing to meet and confer on the substance of the Subpoena in accordance with communications between counsel for Defendants Microsoft and GitHub and AH. This conduct has resulted in prior discovery letter briefs submitted to the Court and is not repeated here.

**The Documents Sought are Relevant to Plaintiffs' Breach of Contract Claims**
Information is relevant if it is "reasonably calculated to lead to admissible evidence." Fed. R. Civ. P. 26(b). The question of relevancy should be construed "liberally and with common sense," and "discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The scope of discovery under a Rule 45 subpoena mirrors the scope of discovery under Rule 34. *Sabre GLBL, Inc. v. Kimpton Hotel & Rest. Grp., LLC*, 2021 WL 1839689, at *1 (N.D. Cal. May 6, 2021).

Courts have permitted non-party discovery in breach-of-contract cases where the information is relevant to the breach-of-contract claims. *See, e.g.*, *Meritage Homes of Tex. et al. v. AIG Specialty Ins. Co.*, 2024 WL 221448, at *6 (W.D. Tex. Jan. 18, 2024) (denying motion for protective order as respects insured's subpoena to non-party brokers for extrinsic evidence of interpretation of insurance policies); *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 404 (E.D.N.Y. 2011) (affirming Magistrate's denial of motion to quash Rule 45 subpoenas served on law firm where requests sought negotiations of an agreement, and observing the subpoenaing party sought such extrinsic evidence to explain the meaning of language contained in that agreement).

Here, the documents Plaintiffs seek are relevant to each element of their breach-of-contract claim. Plaintiffs expect that the materials they seek will provide evidence that go to core issues in the case, including: whether AH contemplated the possible monetization of hosted on GitHub repositories as training data for artificial-intelligence models; how GitHub or AH evaluated the rights and duties set forth in the licenses attached to that source code; interpretation of license terms and enforceability; internal discussions of the risk of copying and monetizing the code in violation of the licenses and terms of service; and how AH assessed the value of the source code hosted on GitHub in the context of Microsoft's proposed acquisition. Each of these topics are aimed directly at acquiring evidence of the meaning of, and evaluation, of the open source license terms. In addition, the material would be relevant to and would inform the amount of damages (reliance and restitutionary), and would also show whether Defendants acted with the requisite intent for establishing equitable remedies. *See* Restatement (Third) of Restitution and Unjust Enrichment, § 39 (2011) (confirming restitutionary contract remedies where "a **deliberate** breach of contract results in profit to the defaulting promisor . . .") (emphasis added).

**The Material Sought is Proportional and Not Unduly Burdensome**
Determining whether a subpoena is unduly burdensome requires an analysis of factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, particularity of which documents are described, and the burden imposed. *Sabre GLBL*, 2021 WL 1839689, at *1. Here, Plaintiffs seek documents in the exclusive care, custody, and control of AH. Specifically, Plaintiffs seek *internal-facing* or external-facing due-diligence materials *within AH's exclusive control* regarding AH's valuation and investment into GitHub. The sought-after material cannot be obtained from the parties to this litigation. And even if some of the materials were in the possession of the parties, that does not excuse third parties from discovery obligations under Rule 45. Plaintiffs have in good faith worked with AH to narrow the scope of the requests. *Id.* There is minimal burden to AH. AH has not substantiated its burden claims, as it must.

**Confidentiality Concerns are Adequately Addressed by the Operative Protective Order**
It is well-settled law that "there is no absolute privilege [against disclosure] for trade secrets and similar confidential information." *DDS, Inc. v. Lucas Aerospace Power Transmission Corp.*, 182 F.R.D. 1, 4 (N.D.N.Y. 1998) (quoting *Fed. Open Mkt. Comm of the Fed. Reserve Sys. V. Merrill*, 443 (U.S. 340, 362, (1979)) (alteration in the original). In fact, courts regularly order production of confidential sensitive information subject to similar protective orders.[3] Here, the operative Protective Order applies on its terms to non-parties and should allay any of AH's concerns.

AH should be compelled to produce documents in response to the narrowed requests contained in Exhibit A.

**ANDREESSEN HOROWITZ'S STATEMENT**

Non-party Andreessen Horowitz (defined above as "AH") is a Silicon Valley-based venture capital firm. AH invested in Defendant GitHub in 2012 and 2015. It ceased having any stake in GitHub in 2018, when Defendant Microsoft acquired GitHub. This case is about GitHub's and other defendants' alleged actions, beginning in 2021, in connection with two AI-related products called CoPilot and Codex. Plaintiffs contend that Copilot, launched by GitHub in 2021, "ignores, violates, and removes the Licenses offered by thousands—possibly millions—of software developers, thereby accomplishing software piracy on an unprecedented scale" (SAC ¶8), and that Codex, also launched in 2021, plays a role in this alleged misconduct (*id*. ¶26). As a result of several rulings by the Court, Plaintiffs' case essentially has been reduced to two claims of breach of contract related to this alleged conduct.[4]

Notwithstanding that AH ceased to have any involvement with GitHub upon Microsoft's acquisition of GitHub in 2018, three years before GitHub and the other defendants launched CoPilot and Codex, Plaintiffs seek to compel AH to search for, review, and produce documents relating to its 2012 and 2015 investments in GitHub, and the sale of its interest in GitHub to Microsoft in 2018. At set out above, Plaintiffs purport to justify their motion by asserting that AH might have "contemplated the possible monetization of [source code] hosted on GitHub

---

[3] *See, e.g.*, *Verisign, Inc. v. XYZ.com, LLC*, No. 15–mc–175–RGA–MPT, 2015 WL 7960976, at *4-5 (D. Del. Dec. 4, 2015) (ordering nonparty to produce documents under designation of "attorney's eyes only"); *Hejamadi v. Midland Funding LLC*, No. 2:18-cv-13203-KSH-CLW, 2020 WL 7867565, at *1 (D.N.J. Nov. 25, 2020) (similar).

[4] Earlier this month, the Court dismissed Plaintiffs' last remaining claim under the Digital Millenium Copyright Act. The Court stated that it was "unlikely" Plaintiffs could amend to preserve the claim, but that it was dismissing without prejudice "out of abundance of caution." Dkt. 189, at 16. As set out in Plaintiffs' portion of this letter brief, Plaintiffs seek to justify their discovery directed to AH based on their breach of contract claims.

repositories as training data for artificial-intelligence models;" and that AH documents might show "how GitHub or AH evaluated the rights and duties set forth in the licenses attached to that source code;" might reflect on the "interpretation of license terms and enforceability;" might include "internal discussions of the risk of copying and monetizing the code in violation of the licenses and terms of service;" and might show how "AH assessed the value of the source code hosted on GitHub in the context of Microsoft's proposed acquisition." Citing the Restatement (Third) of Restitution and Unjust Enrichment, Plaintiffs further assert that the documents they seek from AH "would be relevant to and would inform the amount of damages (reliance and restitutionary), and would also show whether Defendants acted with the requisite intent for establishing equitable remedies."

These arguments are meritless. There is significant burden in responding to discovery of this nature. AH would be required to conduct broad electronic searches for documents that, in some cases, are over twelve years old, devote internal and external legal resources to sifting through and reviewing documents returned in these searches, and then engage with e-discovery professionals for the production of documents. AH should not be required to incur this burden here. In seeking to compel AH to produce documents in this case, Plaintiffs come nowhere near satisfying their obligations to demonstrate relevance and proportionality, and to minimize discovery burden on non-parties. The Court should reject Plaintiffs' motion to compel for three reasons.

*First*, AH understands that Defendants GitHub and Microsoft have filed a motion for protective order that challenges whether *any* discovery related to Microsoft's acquisition of GitHub in 2018 is relevant to this dispute. Dkt. 202. AH respectfully submits that, before addressing whether a *non-party* should be required to search for, review, and produce documents relating to that acquisition--and investments in GitHub that *pre-date* that acquisition by six and three years--the Court should consider and determine the motion for protective order.

*Second*, as Plaintiffs' purported bases for the discovery directed at AH show, this is nothing more than a fishing expedition. Plaintiffs do not cite anything that suggests that AH has any documents that reflect on or even tangentially relate to their purposed bases of relevance. Discovery based on hypothetical speculation is not permitted of *parties*. E.g., *White v. Moore*, 2022 WL 2189645, at *7 (C.D. Cal. Mar. 23, 2022) (rejecting discovery as impermissible "fishing expedition" in which "Plaintiff offers no evidence—or even reason to believe—that any of the Defendants has spoken with any of the persons in their communities about the incidents of this case or the allegations in this lawsuit."). It should not be permitted here against a *non-party*. At a minimum, Plaintiffs should be required to take discovery of the Defendants first and *then*, in the unlikely event that discovery of GitHub and Microsoft shows that AH, which was simply an investor in GitHub years ago, has documents relevant to this dispute, discovery of AH could be appropriate at that time.

*Third*, even if the Court is willing to entertain the kind of speculative assertions of relevance offered by Plaintiffs, the *particular* assertions put forward by Plaintiffs here make no sense:

*Whether and to what extent AH "contemplated the possible monetization of [source code] hosted on GitHub repositories as training data for artificial-intelligence models" has no bearing on this case. AH is not a defendant here and it ceased having any relationship with GitHub three years before the launch of CoPilot and Codex. If early "contemplation" of this subject is at all relevant to this case, presumably it is contemplation *by the defendants*, and Plaintiffs should be

required to seek such information from them. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (granting motion to quash a non-party subpoena because, in part, "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *In re Subpoena to Apple Inc.*, 2014 WL 2798863, at *3 (N.D. Cal. June 19, 2014) (same).

*Whether and to what extent AH "evaluated the rights and duties set forth in the licenses attached to that source code" is irrelevant. If an evaluation of these rights is somehow relevant to this case, it would only be an evaluation *by GitHub*, the party alleged to have breached the licenses, and not that of AH—let alone that of AH *between 2012 and 2018*.

*AH's "interpretation of license terms and enforceability" proves nothing. This could only conceivably have relevance if such documents showed *GitHub's* understanding of the licenses. Plaintiffs should be required to seek such documents from GitHub.

*Whether AH had "internal discussions of the risk of copying and monetizing the code in violation of the licenses and terms of service" between 2012 and 2018 would shed zero light on whether *GitHub* had such discussions in a time period relevant to this case. Again, if documents on this topic are relevant to this case, Plaintiffs should be required to seek them from GitHub.

*Whether and to what extent "AH assessed the value of the source code hosted on GitHub in the context of Microsoft's proposed acquisition" is irrelevant. Microsoft is accused in this case of breaching certain licenses, not AH. If, notwithstanding defendants' motion for protective order, an assessment of the value of source code hosted on GitHub as of 2018 is relevant to this case, it would be *Microsoft's* assessment of that value that would be relevant, not AH's. Any such evaluation, if relevant, should be obtained from Microsoft.

* Plaintiffs assert that documents from AH would be relevant restitution damages and "whether Defendants acted with the requisite intent for establishing equitable remedies." Again, *AH's* "intent"—let alone in the period 2012 to 2018—has nothing to do with this case. Moreover, as the section of the Restatement on which Plaintiffs' rely states, "restitution" as a remedy for breach of contract is for "exceptional" cases only and is "infrequently available." *Restatement (Third) of Restitution and Unjust Enrichment* § 39, cmt. a (2011). At a minimum, before non-party AH is required to search for, review, and produce documents that are, in some cases, more than a decade old, Plaintiffs should be required to make at least some showing that they are even entitled to pursue in this action the "exceptional" and "infrequent" monetary remedy they invoke in justifying this discovery.[5]

AH does not contend that, as a non-party, it is immune from federal civil discovery. But Plaintiffs have no basis for seeking discovery from AH *in this case*. AH ceased having anything to do with GitHub years before the conduct by the defendants that is alleged to have violated Plaintiffs' rights. At a minimum, Plaintiffs should be required to seek discovery of the *parties* before blithely imposing discovery burden on a non-party that, as a simple matter of time and logic, has had nothing to do with the events giving rise to this action.

---

[5] AH does not understand Plaintiffs' assertion re timeliness. As Plaintiffs' acknowledge, AH served timely objections to Plaintiffs' subpoena for documents. AH is under no requirement to file a motion to quash. It is Plaintiffs' burden to move to compel. Fed. R. Civ. P. 45(d)(2)(B)(i).

## CERTIFICATION

The undersigned lead counsel for each party certifies that they met and conferred via video conference regarding this discovery dispute.

| | |
|---|---|
| Respectfully Submitted, | /s/ Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Louis A. Kessler (State Bar No. 243703)
Travis L. Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              lkessler@saverilawfirm.com
              tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

/s/ Douglas A. Winthrop

Douglas A. Winthrop (No. 183532)
Arnold & Porter, Kaye Scholer, LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111
415-471-3174
Douglas.Winthrop@arnoldporter.com

*Counsel for Non-Party AH Capital Management LLC ("Andreessen Horowitz")*

cc: All counsel of record via ECF

Hon. Donna M. Ryu
January 30, 2024
Page 7 of 7

## **ATTESTATION OF FILER**

Pursuant to Civil L.R. 5-1(h)(3), regarding signatures, I, Joseph R. Saveri, attest that concurrence in the filing of this document has been obtained.

Dated: January 30, 2024                              */s/ Joseph R. Saveri*
                                                                    Joseph R. Saveri