# Exhibit 1

**Plaintiffs' Interrogatory No. 6 to GitHub**

**INTERROGATORY NO. 6:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over regarding the purchase or sale of any interest in Microsoft including any communications or negotiations thereof including in regards to financing, whether or not such purchase or sale was consummated.

**RESPONSE TO INTERROGATORY NO. 6:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' Definitions and Instructions set forth above. GitHub objects to this interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because of its request to identify (1) "all Persons"; (2) employees of third-party entities; and (3) information regarding the purchase or sale of an interest in Microsoft, even if not consummated, which is not relevant to any issue in this action. GitHub further objects that this interrogatory is vague and ambiguous to the extent it asks GitHub to identify Persons by date without any further information regarding what dates the interrogatory seeks. GitHub further objects that the phrase "having oversight" is vague and ambiguous. GitHub will interpret this term to mean having control over. GitHub further objects that the phrase "control over regarding" is vague and ambiguous. GitHub will interpret this phrase to mean having control over. GitHub further objects that this request is nonsensical to the extent it seeks to identify "Persons" "including communications." GitHub objects that this interrogatory is nonsensical when given an ordinary reading. GitHub further objects to the request to list individuals in order of seniority as GitHub does not have a reliable way to rank seniority across different internal organizations.

Subject to the above objections, GitHub states that the breadth of this interrogatory would require GitHub to investigate whether any of its employees at any time sold or purchased shares in Microsoft on their own behalf. GitHub will not undertake the burdensome investigation necessary to respond to this interrogatory in its current form.

**Plaintiffs' Interrogatory No. 6 to Microsoft**

**INTERROGATORY NO. 1:**

In order of corporate seniority, identify by name, job title, and date, all Persons, including employees from other businesses, contractors, vendors, and other non-employees of Your business, previously and currently responsible for, or having oversight or control over regarding the purchase or sale of any interest in GitHub including any communications or negotiations thereof including in regards to financing, whether or not such purchase or sale was consummated.

**RESPONSE TO INTERROGATORY NO. 1:**

Microsoft incorporates by reference and reasserts its Objections to Plaintiffs' Definitions and Instructions set forth above. Microsoft objects to this interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because of its request to identify (1) "all Persons"; (2) employees of third-party entities; and (3) information regarding the purchase or sale of GitHub, even if not consummated, which is not relevant to any issue in this action. Microsoft further objects that this interrogatory is vague and ambiguous to the extent it asks Microsoft to identify Persons by date without any further information regarding what dates the interrogatory seeks. Microsoft further objects that the phrase "having oversight" is vague and ambiguous. Microsoft will interpret this term to mean having control over. Microsoft further objects that the phrase "control over regarding" is vague

and ambiguous. Microsoft will interpret this phrase to mean having control over. Microsoft further objects that this request is nonsensical to the extent it seeks to identify "Persons" "including communications." Microsoft objects that this interrogatory is nonsensical when given an ordinary reading. Microsoft further objects to the request to list individuals in order of seniority as Microsoft does not have a reliable way to rank seniority across different internal organizations.

Subject to the above objections, Microsoft states that it will not respond to this interrogatory in its current form.

**Requests for Production of Documents to GitHub Regarding the Acquisition**

**REQUEST FOR PRODUCTION NO. 23:**

ALL contracts, promissory notes, loans, obligations, estoppels, reservations of rights, investment agreements, purchase agreements, shareholder agreements, shareholder rights agreements, OR other agreements between or among YOU and:

   a. ANY other DEFENDANT;

   b. ANY other officer or director of any DEFENDANT; or

   c. ANY entity substantially controlled by ANY officer or director of ANY other DEFENDANT, regardless of whether YOUR role is as a party, third-party beneficiary, OR other interested party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. GitHub objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly insofar as it would require production of agreements that have nothing to do with the products at issue in this case.

Subject to and without waiving the foregoing objections, GitHub states that it will, upon entry of an appropriate ESI agreement, produce agreements between GitHub and OpenAI encompassing the subject matter of the claims.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS that pertain to the acquisition, purchase, or sale of an interest in GitHub, INCLUDING due diligence materials exchanged or placed in data rooms in connection with any such transaction, AND drafts of any contracts or purchase agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. GitHub objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly because the broad scope of the request seeks (1) information irrelevant to any of Plaintiffs' claims, and (2) "all" documents. GitHub further objects to producing due diligence materials as irrelevant and not proportional to the needs of the case. GitHub further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other protection against disclosure. GitHub specifically objects to producing drafts as calling for information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, GitHub states that it will not search for and collect documents responsive to this request in its current form, but it willing to meet and confer with Plaintiffs regarding any asserted relevance of a narrowed request.

///

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS YOU have provided to the United States Department of Justice or the Federal Trade Commission pursuant to 15 U.S.C. § 18a (Hart Scott Rodino Act) in connection with the purchase or acquisition of any interest in GitHub, including any responses to second requests, and any transcripts of interviews testimony or other information or data, whether provided formally or informally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. GitHub objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly because the broad scope of the request seeks (1) information irrelevant to any of Plaintiffs' claims, and (2) "all documents." GitHub further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other protection against disclosure. GitHub further objects to this request to the extent it is duplicative of Request No. 27.

Subject to and without waiving the foregoing objections, GitHub states that it will not search for and collect any documents that it may possess, if any, responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

ALL DOCUMENTS you have filed with the Securities and Exchange Commission in connection with the purchase, acquisition or sale of any interest in GitHub or any other Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

GitHub incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. GitHub objects to this request as overly broad,

unduly burdensome, and disproportionate to the needs of the case, particularly because the broad scope of the request seeks (1) information irrelevant to any of Plaintiffs' claims, and (2) "all documents." GitHub further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other protection against disclosure. GitHub further objects to this request to the extent it is duplicative of Request No. 27.

Subject to and without waiving the foregoing objections, GitHub states that it will not search for and collect any documents that it may possess, if any, responsive to this request.

**Requests for Production of Documents to Microsoft Regarding the Acquisition**

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS that pertain to the acquisition, purchase, or sale of an interest in GITHUB or OPENAI, INCLUDING due diligence materials exchanged or placed in data rooms in connection with any such transaction, AND drafts of any contracts, shareholder agreements, shareholder contracts or purchase agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Microsoft incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. Microsoft objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly because the broad scope of the request seeks (1) information irrelevant to any of Plaintiffs' claims, and (2) "all" documents. Microsoft further objects to producing due diligence materials as irrelevant and not proportional to the needs of the case. Microsoft further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the work product

doctrine, the common-interest privilege, or any other protection against disclosure. Microsoft specifically objects to producing drafts as calling for information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft states that it will not search for and collect documents responsive to this request in its current form, but is willing to meet and confer with Plaintiffs regarding any asserted relevance of a narrowed request.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to IDENTIFY any third parties that participated in ANY acquisition, purchase, or sale of an interest in GITHUB or OPENAI, INCLUDING service providers, lawyers, accountants, investment banks, venture capitalists or consultants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Microsoft incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. Microsoft objects that a document request is not the proper discovery vehicle for seeking this type of information. Microsoft objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly because the broad scope of the request seeks information irrelevant to any of Plaintiffs' claims. Microsoft further objects to producing documents relating to third parties involved in any of Microsoft's transactions with GitHub or OpenAI as irrelevant and not proportional to the needs of the case. Microsoft further objects that this request seeks documents more likely to be in the possession of OpenAI.

Subject to and without waiving the foregoing objections, Microsoft states that it will not search for or collect documents in response to this request, but is willing to meet and confer with

Plaintiffs to understand why they believe this request is relevant to this case and targeted to documents Microsoft, as opposed to GitHub or OpenAI, is likely to possess.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to IDENTIFY any third parties that participated in ANY acquisition, purchase, or sale of an interest in GITHUB or OPENAI, INCLUDING service providers, lawyers, accountants, investment banks, venture capitalists or consultants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Microsoft incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. Microsoft further objects to this request as duplicative of Request No. 29. Microsoft therefore incorporates its response to Request For Production No. 29.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS YOU have provided to the United States Department of Justice or the Federal Trade Commission pursuant to 15 U.S.C. § 18a (Hart Scott Rodino Act) in connection with the purchase or acquisition of any interest in OPENAI or GitHub, including any responses to second requests, and any transcripts of interviews testimony or other information or data, whether provided formally or informally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Microsoft incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. Microsoft objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly because the broad scope of the request seeks (1) information irrelevant to any of Plaintiffs' claims, and (2) "all documents." Microsoft further objects to this request to the extent it is duplicative of

Request No. 31. Microsoft further objects to the extent the information in this request is publicly available and equally accessible to Plaintiffs.

Subject to and without waiving the foregoing objections, Microsoft states that it will not search for and collect any documents that it may possess, if any exist, responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS you have filed with the Securities and Exchange Commission in connection with the purchase, acquisition or sale of any interest in OPENAI or GitHub or any other Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Microsoft incorporates by reference and reasserts its Objections to Plaintiffs' "Definitions" and "Instructions" set forth above. Microsoft objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly because the broad scope of the request seeks (1) information irrelevant to any of Plaintiffs' claims, and (2) "all documents." Microsoft further objects to this request to the extent it is duplicative of Request No. 31. Microsoft further objects to the extent the information in this request is publicly available and equally accessible to Plaintiffs.

Subject to and without waiving the foregoing objections, Microsoft states that it will not search for and collect any documents that it may possess, if any exist, responsive to this request.

**Document Requests in Third Party Subpoenas to Hydrazine Capital, Morgan Stanley, Andreesen Horowitz, Sequoia Capital, Roelef Botha, and Michael Moritz**
**(The Subpoenas Contain Identical Requests)**

**REQUEST NO. 1:**

All Documents or Communications sufficient to Identify the terms of your engagement(s) or retention(s) concerning any actual or potential Offer or any valuation of GitHub.

9

**REQUEST NO. 2:**

All Documents reflecting Communications regarding any actual and/or potential Offer (including, without limitation, the acquisition and/or the sale), including between or among You, Apollo projects, GitHub, Goldman Sachs, Hydrazine Capital, Microsoft and/or Morgan Stanley.

**REQUEST NO. 3:**

All Documents reflecting or relating to any agreements and/or Contracts entered into by You, Apollo projects, Goldman Sachs, Hydrazine Capital, and Morgan Stanley regarding any actual or potential Offer (including, without limitation, the acquisition and/or the sale), including Documents reflecting or relating to (a) the negotiations preceding such agreements, (b) Communications regarding such agreements, and (c) any draft or final Contracts, written agreements, or memoranda of understanding between You, Apollo projects, GitHub, Goldman Sachs, Hydrazine Capital, Microsoft and/or Morgan Stanley.

**REQUEST NO. 4:**

All Documents sufficient to Identify each of Your employees or agents involved in approving or negotiating the terms of any agreement produced in response to Request Nos. 1, 2, or 3.

**REQUEST NO. 5:**

All Documents created or sent by You or by or on behalf of GitHub or received by You from any other person or entity, regarding any actual or potential Offer (including, without limitation, the acquisition and/or sale) or any efforts which You believe could have resulted in an Offer.

**REQUEST NO. 6:**

All Documents given to or otherwise made available to potential purchasers or investors of GitHub regarding the purchase or sale of some or all of GitHub.

**REQUEST NO. 7:**

All financial Due Diligence Documents regarding any actual or potential Offer (including without limitation, the acquisition and or the sale), including any Due Diligence requests made by You to GitHub or Microsoft concerning any actual or potential Offer (including, but not limited to, the acquisition and/or sale) and any Documents discussing or relating to such requests or the responses received thereto. Responsive Documents include all Documents reflecting or relating to financial data, summaries, financial, SWOT or other analyses, white papers, slide decks, materials placed in any data rooms, or other Due Diligence files or records regarding any actual or potential Offer as well as Documents discussing, referring to, or describing the methodology used by You or any advisor or accountant acting on behalf of GitHub, when conducting its Due Diligence review of GitHub.

**REQUEST NO. 8:**

All Documents or Communications reflecting, relating to, or concerning the acquisition, purchase, or sale of an interest in GitHub, Including Due Diligence materials exchanged or placed in data rooms in connection with any such transaction, and drafts of any contracts or purchase agreements.

**REQUEST NO. 9:**

All Documents created, produced, published or issued by You, or third party analysts, including without limitation, reports that analyze or project demand, revenues, income, profits or market share derived from or relating to GitHub.

**REQUEST NO. 10:**

All Documents or Communications to the United States Department of Justice, the Federal Trade Commission, or any state regulatory agency regarding the Offer, including not limited to documents provided pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, reflecting, relating to, or concerning Your policies, practices, guidelines, and training directed to compliance with United States' governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creating of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies.