ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

WILLIAM W. OXLEY (SBN 136793)
woxley@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

*Attorneys for GitHub, Inc. and Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>v.<br><br>GITHUB, INC., et al.,<br><br>    Defendants.<br><br>AND CONSOLIDATED ACTION | Case No. 4:22-cv-6823-JST<br><br>Consolidated with Case No. 4:22-cv-7074-JST<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS GITHUB AND MICROSOFT'S MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT IN CONSOLIDATED ACTIONS** |

This matter came before the Court upon the Motion to Dismiss Portions of the Second Amended Complaint by Defendants GitHub, Inc. ("GitHub") and Microsoft Corporation ("Microsoft"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court, having considered the papers submitted in connection with the motions, including the responses and replies thereto, and all parties having had the opportunity to be heard, concludes as follows.

Plaintiffs fail to state a claim under 17 U.S.C. § 1202.  First, Plaintiffs fail to identify any copyrighted work from which CMI has been or is likely to be removed.  Courts have consistently required plaintiffs to identify copyrighted works from which CMI has been or will be removed. *See Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019) (dismissing DMCA claim where plaintiff failed to plead "any facts to *identify which* photographs had CMI removed") (emphasis added); *see also Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023) (dismissing DMCA claim where there were "no facts to support the allegation that [the Large Language Model Meta AI] ever distributed the *plaintiffs'* books") (citing *Menzel*, 390 F. Supp. 3d at 1175) (emphasis added).  Plaintiffs have not done so.  Plaintiffs also rely on alleged outputs of short snippets of code, and not outputs of a complete work.  Courts have rejected CMI removal liability based on mere excerpts of works, rather than complete works.  *Falkner v. Gen. Motors LLC*, 393 F. Supp. 3d 927, 938-39 (C.D. Cal. 2018); *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1356, 1359 (N.D. Fla. 2010); *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. CIV. 13-00496 SOM, 2015 WL 263556, at *3 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017).

Second, Plaintiffs' DMCA claim fails § 1202(b)'s identicality requirement.  "Even where the underlying works are similar, courts have found that no DMCA violation exists' unless the works are *identical*."  ECF No. 189 at 15 (quoting *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20-1931-DMG, 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020) (emphasis added; and citing *Frost-Tsuji*, 2015 WL 263556, at *3 (finding no § 1202(b) violation where the allegedly infringing drawing was "not identical.")).  Plaintiffs' amended pleadings continue to fail

to plausibly allege that Copilot will suggest output of identical work.

Third, Plaintiffs cannot allege the required likelihood of infringement as articulated in *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018).  *See Tremblay v. OpenAI, Inc*., Nos. 23-cv-03223, 23-cv-03416, 2024 WL 557720, at *4 (N.D. Cal. Feb. 12, 2024) (dismissing § 1202 claim where complaint failed to show that the alleged tampering with CMI "knowingly enable[d] infringement").  Plaintiffs plead threadbare allegations that do not explain how infringement is likely to occur in the context of their DMCA claim.  Because the Second Amended Complaint contains no plausible allegations that Copilot's operation with respect to CMI is likely to result in infringement, the § 1202(b) claims are dismissed.

Finally, Plaintiffs' prayer for unjust enrichment monetary relief and request for punitive damages are dismissed.  Plaintiffs do not plead "'mistake, fraud, coercion, or request,'" as required to support a request for unjust enrichment monetary relief.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting 55 Cal. Jur. 3d Restitution § 2).  And under California law, "punitive damages are never recoverable in routine breach of contract cases." *Oliver v. Astrazeneca Pharms., LP*, No. 10-cv-03073-RGK-AJWX, 2011 WL 13214269, at *10 (C.D. Cal. Mar. 25, 2011) (quoting *Power Standards Lab, Inc. v. Fed. Express Corp.*, 127 Cal. App. 4th 1039, 1047 (2005)); *see Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 698-700 (1988) (no punitive damages available for breach of contract).

Accordingly, Defendants' motion to dismiss is hereby **GRANTED**.

**IT IS SO ORDERED.**


DATED: _____                    _____
                                                JON S. TIGAR
                                                United States District Judge