Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
William W. Castillo Guardado (State Bar No. 294159)
Holden Benon (State Bar No. 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               lkessler@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               wcastillo@saverilawfirm.com
               hbenon@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>v.<br><br>GITHUB, INC., et al.,<br><br>    Defendants. | Case Nos.  4:22-cv-06823-JST<br>             4:22-cv-07074-JST<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (L.R. 7-9)** |

# NOTICE OF MOTION AND
# MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

Please take notice that pursuant to Civil Local Rule 7-9, Plaintiffs Doe 1, Doe 2, Doe 3, Doe 4, and Doe 5 ("Plaintiffs") hereby move this Court for leave to file a motion for reconsideration of this Court's January 3, 2024 Order Granting In Part Denying In Part Motion to Dismiss the First Amended Complaint (ECF No. 189) (hereinafter "Order").

The requirements of Local Rule 7-9(b)(1) and (b)(3) are met here because a material difference in law exists from that which was presented to the Court before entry of the Order, and that in entering the Order, the Court failed to consider material facts and dispositive legal arguments which were presented to the Court before the Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs seek leave to move for reconsideration of the Court's dismissal of Plaintiffs' damages and injunctive relief claims under the Digital Millennium Copyright Act ("DMCA") in the Order. ECF No. 189.

**I.     STATEMENT OF RELEVANT FACTS**

On November 3, 2022, Plaintiffs filed their initial complaint (ECF No. 1, "Initial Complaint") alleging, among other things, that Defendants violated DMCA §§ 1202(b)(1) and (b)(3) by removing or altering Copyright Management Information ("CMI") from Plaintiffs' Licensed Materials and distributing copies of those materials that did not include CMI. Initial Complaint, ¶¶ 138–167. The five named Plaintiffs—Doe 1, Doe 2, Doe 3, Doe 4 and Doe 5—on behalf of a class of similarly situated plaintiffs, alleged claims for injunctive relief and damages under federal statutes, state statutes and the common law. Initial Complaint, Counts I–XII, ECF No. 1.

In their initial motions to dismiss, Defendants argued that DMCA §§ 1202(b)(1) and (b)(3) require that the copy that had its CMI removed or altered and/or that was distributed without CMI must be an identical copy of the work. ECF Nos. 50 at 13 (Microsoft and GitHub Motion to Dismiss Complaint); and 53 at 9-10 (OpenAI Motion to Dismiss Complaint). In opposition,

1  Plaintiffs argued that DMCA §§ 1202(b)(1) and (b)(3) contain no such requirement and
2  distinguished the cases cited by Defendants. ECF Nos. 66 at 7–8 (Opposition to GitHub and
3  Microsoft MTD Complaint); and 67 at 17–19 (Opp. to OpenAI MTD Complaint).

4  After a hearing on the motions, the Court denied Defendants' motions as to DMCA
5  §§ 1202(b)(1) and 1202(b)(3). The Court noted that "Plaintiffs thus plead sufficient facts to
6  support a reasonable inference that Defendants intentionally designed the programs to remove CMI
7  from any licensed code they reproduce as output." ECF No. 95 at 19 (May 11, 2023 order). This
8  Court ruled that Plaintiffs had pleaded facts establishing standing to pursue a claim for injunctive
9  relief under DMCA §§ 1202(b)(1) and (b)(3) but had failed to plead facts to pursue a claim for
10  damages. ECF No. 95 at 10 ("Plaintiffs … have standing to pursue injunctive relief") and 8
11  ("Because Plaintiffs do not allege that they themselves have suffered the injury they describe, they
12  do not have standing to seek retrospective relief for that injury").

13  On June 8, 2023, Plaintiffs filed their First Amended Complaint ("FAC"), seeking both
14  damages and injunctive relief as part of their DMCA claim. ECF No. 97; 102 (corrected FAC); 135
15  (second corrected FAC). The FAC maintained the allegations the Court found sufficient to
16  establish standing for injunctive-relief claims. In order to address the deficiencies with respect to
17  standing to pursue damages claims, the FAC included new facts with respect to Doe 1, Doe 2, and
18  Doe 5. With respect to each, Plaintiffs offered specific examples of the code written by each as well
19  as the output from Copilot. FAC ¶¶ 97-128. Plaintiffs alleged, based on these facts, that the output
20  from Copilot is often a verbatim copy and often a modification. *Id.*  Plaintiffs alleged these facts
21  were sufficient to state a claim by Doe 1, Doe 2, and Doe 5, on their own behalf and on behalf of the
22  class they seek to represent. The allegations with respect to Doe 3 and Doe 4 were undisturbed,
23  thus leaving unaffected the allegations the Court found sufficient for injunctive relief as to them.
24  More generally, the FAC did not change the allegations the Court found sufficient to establish
25  standing for injunctive relief as to any of the named Plaintiffs.

26  With respect to damages, Plaintiffs alleged that Copilot reproduced copies of Doe 5's code
27  verbatim. FAC ¶ 123 ("The first suggestion from Copilot offers . . . a verbatim copy of Doe 5's
28  original code") and ¶ 125 ("Once again, the first suggestion from Copilot offers . . . a verbatim copy

of Doe 5's code (except for small cosmetic variations in line breaks)"). Defendants moved only to dismiss Plaintiffs' damage claims (and not their injunctive-relief claims) and repeated their contention that claims under DMCA §§ 1202(b)(1) and (b)(3) require removal or alteration of CMI from an identical copy of a copyrighted work. ECF No. 108 at 13–15 (Microsoft and GitHub MTD FAC); and 109 at 12–14 (OpenAI MTD FAC).

In opposition, Plaintiffs highlighted that "this argument has been extensively (and exhaustively) briefed," and that the Court had already considered the arguments raised in the prior briefing. ECF Nos. 140 at 13-14; 141 at 14.

In its January 3, 2024 Order (ECF No. 189), the Court granted the Defendants' motions as to DMCA §§ 1202(b)(1) and 1202(b)(3), in their entirety. The Court granted the motion with respect to both injunctive relief and damages, including the injunctive relief claims previously found sufficient and including the damage claims of Doe 5. *See* ECF No. 95. The Court found that Plaintiffs failed to allege sufficient facts of identicality of output. The Court did not acknowledge the allegations that CoPilot emits identical verbatim copies of Doe5's code.

## II. LEGAL ARGUMENT

First, Plaintiffs did not change the allegations with respect to two of the Plaintiffs, Doe 3 and Doe 4, in any way and did not change the allegations found sufficient for injunctive relief as to Doe 1, Doe 2 and Doe 5. Therefore, the facts that the Court found sufficient for injunctive relief remained and would logically continue to be sufficient in the FAC and subsequent amendments.

Second, for that reason, and for the additional reason that Defendants did not challenge them, Plaintiffs did not reiterate the arguments which the Court had previously found persuasive with respect to injunctive relief standing. Plaintiffs understood the issue to have been resolved in their favor in the Court's prior order on those motions. *See* ECF No. 95. Repeating arguments which the Court found persuasive, and which the Defendants did not repeat, was unnecessary. The Court should not have dismissed them.

Third, the Court failed to consider case law which holds that DMCA § 1202(b) applies, contrary to Defendants' arguments, to non-identical collaborative or derivative works. The Court

also disregarded well-pleaded allegations with respect to DOE 5 that Copilot emits verbatim copies of Doe 5's original code. *See* FAC ¶ 123, 125.

### A. By the Court's reasoning in its Order, the DMCA injunctive claims for Does 3 and 4 should have remained intact, but instead they were dismissed.

In its Order, the Court analyzed standing with respect to each plaintiff. The Court stated at the outset that "Does 1, 2, and 5 have standing to pursue claims for both injunctive relief and damages, whereas Does 3 and 4 have standing to pursue only claims for injunctive relief." Order at 9.

Later in the Order, the Court acknowledged that Plaintiffs' FAC makes allegations of identical output from Copilot that are not mutually exclusive with allegations of modified output: "Plaintiffs' amended complaint alleges that '[t]hough Output from Copilot is often a verbatim copy, even more often it is a modification." Order at 15.

Based on code examples added to the FAC for Does 1, 2, and 5, the Court ruled that because "the examples Plaintiffs provide with respect to Does 1, 2, and 5 state that the Copilot output is a 'modified format' … [t]his … is not sufficient for a Section 1202(b) claim." Order at 15 (emphasis added). But Plaintiffs did not make equivalent allegations of code examples for Does 3 and 4, as the Court acknowledged by not mentioning them.

Despite this salient difference in the allegations for Does 3 and 4, at the end of the Order, the Court ruled that "Defendants' motions to dismiss Plaintiffs' claims under Sections 1202(b)(1) and 1202(b)(3) of the DMCA … are granted." Order at 16. That is, the Court dismissed Plaintiffs' DMCA claims in their entirety—as to both damages and injunctive relief—despite the differences in the unchanged allegations for Does 3 and 4 and despite the fact that the Court had previously found them sufficient for purposes of standing to pursue injunctive relief claims.

### B. The Court failed to consider caselaw holding that identical copies are not required to bring a DMCA claim.

With respect to standing for the damages claims by Doe 5, Plaintiffs also move for reconsideration. Plaintiffs understand that "[m]otions for reconsideration are designed to bring to the Court's attention clear instances of missed arguments, not simply to make the very same points

but more loudly." *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, No. 20-CV-04737-RS, 2021 WL 5302525, at *1 (N.D. Cal. Nov. 15, 2021).

In dismissing Plaintiffs' DMCA claim for damages, the Court relied on three district court cases, *Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics, LLC,* No. 22-CV-1186 TWR (BLM), 2023 WL 3366534 (S.D. Cal. May 9, 2023), *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20-1931-DMG, 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020), and *Frost-Tsuji Architects v. Highway Inn, Inc.,* No. CIV. 13-00496 SOM, 2015 WL 263556 (D. Haw. Jan. 21, 2015), aff'd, 700 F. App'x 674 (9th Cir. 2017). Order at 15. In so doing, the Court failed to consider the decision in *GC2 v. Int'l Game Tech.*, 391 F. Supp. 3d 828 (N.D. Ill. 2019), despite its inclusion in Plaintiffs' oppositions to Defendants' first motions to dismiss. *See* ECF Nos. 66 & 67. As Plaintiffs argued, the Court in *GC2* held that DMCA § 1202(b) applies to collaborative or derivative works that are not identical, noting that:

> [None of the] cases cited by the defendants stands for the broad proposition that derivative or collaborative works are categorically excluded from protection under the DMCA's provision for removal of copyright management information. Indeed, the "original work" language on which the defendants precariously rest their entire argument does not even appear in the statute. Rather, it is entirely a product of district court opinions focused on different language in provision.

391 F. Supp. 3d at 843–44; ECF No. 67 at 18. Notably, neither the Court's May 11, 2023 Order nor its January 3, 2024 Order apply the holding of *GC2* to the facts here or otherwise reference the case. *See* ECF Nos. 95 and 189.[1] The decision in *GC2*, unlike those cited by the Court in its January 3, 2024 Order, is directly on point and provides a sound basis for the correct statutory analysis of DMCA § 1202(b).

---

[1] Plaintiffs note the decision in *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 429 (S.D. Tex. 2023). Applying *GC2*, the Court held that "none of the cases Defendants cite support the proposition that Section 1202 requires a plaintiff to plead the allegedly infringing works are identical copies of the plaintiff's works." 667 F. Supp. 3d at 429. Plaintiffs did not cite the decision in any of the prior briefing on the issue of identicality.

### C. Though the Court's Order initially acknowledged allegations in Plaintiffs' FAC regarding verbatim output of Doe 5's code, the Court did not account for these allegations in its ruling.

In addition, the Court overlooked where Plaintiffs specifically alleged identical output of Doe 5's Licensed Materials. Specifically, Plaintiffs alleged, "Once again, the first suggestion from Copilot offers … a verbatim copy of Doe 5's code (except for small cosmetic variations in line breaks)." FAC ¶ 125. The Court even acknowledged another instance of identical output from Doe 5, quoting the FAC's allegation that "Copilot offers to complete the second test with a verbatim copy of Doe 5's original code." Order at 4 (citing to FAC ¶ 122-23).

The Court nevertheless found that Plaintiffs had failed to plead identicality of Output to support their Section 1202(b) claims. *See* ECF No. 189 at 2, 14–16 ("Indeed, the examples Plaintiffs provide with respect to Does 1, 2, and 5 state that the Copilot output is a "modified format," "variation[]," or the "functional[] equivalent" of the licensed code"). This is inconsistent with the well-plead allegations of the complaint. In doing so, the Court failed to construe the allegations in the FAC as true and failed to construe the pleadings in the light most favorable to Plaintiffs. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The Court focused solely on Plaintiffs' examples of near-identical Outputs and failed to consider Plaintiffs' allegations of identical outputs. Thus, even if the Court maintains its ruling that claims under DMCA § 1202 require identicality, Doe 5 met this burden in the FAC and the Court's dismissal of Doe 5's claim for damages should be revoked and their claim reinstated.

## III.   CONCLUSION

As the Court previously held, the allegations with respect to Doe 3 and Doe 4 were sufficient to establish standing injunctive relief. Because these allegations were not changed in the First Amended Complaint, they should not have been dismissed. With respect to Doe 5Plaintiffs' claims under DMCA §§ 1202(b)(1) and (b)(3) were improperly dismissed by this Court. Plaintiffs' claims should not have been dismissed because identicality is not required for claims under DMCA §§ 1202(b)(1) and (b)(3) under existing authority. Even if identicality is required, Plaintiffs' FAC set forth allegations of identical ("verbatim") output of Doe 5's code.

For these reasons, this Court should amend its Order to specify the injunctive relief claims are not dismissed and to deny Defendants' motions to dismiss Plaintiffs' claims for damages as to Doe 5 under DMCA §§ 1202(b)(1) and 1202(b)(3).

Dated: February 28, 2024                    By:      /s/ Joseph R. Saveri
                                                     Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
William W. Castillo Guardado (State Bar No. 294159)
Holden Benon (State Bar No. 325847)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               lkessler@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               wcastillo@saverilawfirm.com
               hbenon@saverilawfirm.com

*Counsel for Plaintiffs and the Proposed Class*