1  ANNETTE L. HURST (SBN 148738)
   ahurst@orrick.com
2  DANIEL D. JUSTICE (SBN 291907)
   djustice@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
4  San Francisco, CA  94105-2669
   Telephone:    +1 415 773 5700
5  Facsimile:    +1 415 773 5759

6  WILLIAM W. OXLEY (SBN 136793)
   woxley@orrick.com
7  ALYSSA CARIDIS (SBN 260103)
   acaridis@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 S. Grand Avenue
9  Los Angeles, CA 90071
   Telephone:    +1 213 629 2020
10 Facsimile:    +1 213 612 2499

11 *Attorneys for GitHub, Inc. and Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al., | Case No. 4:22-cv-6823-JST |
| Individual and Representative Plaintiffs, | Consolidated with Case No. 4:22-cv-7074-JST |
| v. | **DEFENDANTS GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| GITHUB, INC., et al., | |
| Defendants. | |
| AND CONSOLIDATED ACTION | |

**ARGUMENT**

This Court dismissed aspects of Plaintiffs' now-superseded First Amended Complaint at the start of the New Year. Two months, a new operative Second Amended Complaint, and a new motion to dismiss later, Plaintiffs moved for leave to seek reconsideration of certain issues regarding the *superseded* complaint. *See* ECF No. 218 at 4, 7 (Plaintiffs' Motion discussing the 17 U.S.C. §§ 1202(b)(1) and 1202(b)(3) claims); ECF No. 189 at 14-16 (order dismissing § 1202 claims without prejudice). The Motion should be denied for several reasons: it is waived and moot; it is untimely; and it is substantively meritless.

I. **PLAINTIFFS' MOTION FAILS BECAUSE THEY CANNOT SEEK RECONSIDERATION OF WAIVED AND MOOTED ISSUES.**

Plaintiffs' Motion fails straight out of the gate because the filing of the Second Amended Complaint waived and mooted both issues that Plaintiffs want reconsidered: the Court's dismissal of Doe 5's § 1202 claims for damages, and Doe 3's and Doe 4's § 1202 claims for injunctive relief.

As to the first issue, Plaintiffs cannot seek reconsideration of "the damages claims by Doe 5,"[*] because a plaintiff who fails to replead claims after dismissal with leave to amend waives those claims. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013); *see also Mabie v. Hogan*, 698 F. App'x 437, 438 (9th Cir. 2017) ("failure to replead claims after dismissal with leave to amend amounts to waiver"). Courts in this district thus routinely find waived "causes of action … [that] could have been pled in a subsequent complaint but were voluntarily withdrawn." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 398463, at *3 (N.D. Cal. Jan. 12, 2018) (listing cases).

That is exactly what happened here, and it warrants the same result. This Court dismissed, with leave to amend, Doe 5's § 1202 claims. *See* ECF No. 189 at 14-16. Rather than

---

[*] Plaintiffs' motion says they "move for reconsideration … [w]ith respect to *standing* for the damages claims by Doe 5." ECF No. 218 at 5 (emphasis added). But the Court *denied* "Defendants' motions to dismiss Plaintiffs' claims for damages for lack of standing under Article III … as to Doe[] 5." ECF No. 189 at 16.

attempting a legally viable way to replead Doe 5's § 1202 damages claims, Plaintiffs *affirmatively cut them* from the next version of their complaint. *See* ECF No. 201-1 (Second Amended Complaint Redline) at 57, 68-69 (cutting § 1202 claims for damages). Plaintiffs thus waived Doe 5's § 1202 damages claims.

Nor can Plaintiffs seek reconsideration of the Court's decisions dismissing Doe 3's and Doe 4's § 1202 claims for injunctive relief because the Second Amended Complaint mooted reconsideration of those issues. *See* ECF No. 218 at 5. A new complaint supersedes the previous complaint and renders the previous complaint "non-existent." *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citation omitted). For that reason, once a "complaint has been superseded by [an] amended complaint, [a] motion for reconsideration of the Court's order finding the [previous] complaint deficient is [rendered] moot." *Young v. Becerra*, No. 21-cv-03941-PAA-FM, 2021 WL 4228354, at *1 (C.D. Cal. June 9, 2021).

When Plaintiffs filed the Second Amended Complaint, they extinguished the previous one. Plaintiffs nonetheless seek reconsideration of issues pertaining to the *First* Amended Complaint. In these circumstances, courts regularly reject as moot such motions for reconsideration. *See, e.g., Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) (holding that a defendant's motion for reconsideration pertaining to "an Order relating to Plaintiff's original complaint" was mooted by the new complaint); *Foster v. State Bar of Cal.*, No. 17-cv-02122-JSW, 2017 WL 6886194, at *1 (N.D. Cal. Aug. 11, 2017) (same); *Young*, 2021 WL 4228354, at *1 (same). This Court should too.

## II. PLAINTIFFS' MOTION FOR LEAVE IS UNTIMELY.

The Motion is also untimely. To obtain leave to file a motion for reconsideration, "[t]he moving party *must specifically show reasonable diligence* in bringing the motion." *See* Civil L.R. 7-9(b) (emphasis added). Plaintiffs have not made this showing; in fact, they do not even try.

In early January, this Court issued its order dismissing in part the First Amended Complaint. ECF No. 189. Five weeks then went by, during which Plaintiffs drafted a new complaint and agreed to a briefing schedule on Defendants' new motions to dismiss, ECF Nos.

201, 211, saying nothing about their apparent intention to move to reconsider the partial dismissal of the First Amended Complaint. And Plaintiffs still sat on their hands until the day Defendants' motions were due—two months after the Court issued the order Plaintiffs now want reconsidered. That Plaintiffs waited until after Defendants spent significant resources analyzing and drafting motions directed to the Second Amended Complaint—portions of which Plaintiffs are now effectively seeking to disavow—to seek reconsideration makes their delay all the more unreasonable and disruptive of the pleading and briefing schedule that the Court has set. *Cf. Bush v. Klein*, No. 08-cv-3456-JFRS, 2009 WL 189098, at *1 (N.D. Cal. Jan. 23, 2009) (explaining that delayed litigation is prejudicial when it "result[s] in the wasteful expenditure of both Defendants' and [the] Court's time and resources").

Plaintiffs make no effort to show reasonable diligence, much less "specifically show" how their two-month delay here qualifies as such. *See* Civil L.R. 7-9(b). Courts in this district have found delays like Plaintiffs' too long to qualify as "reasonable diligence." *See Cave Consulting Grp., Inc. v. OptumInsight*, Inc., No. 15-cv-03424-JCS, 2016 WL 7475581, at *2 (N.D. Cal. Dec. 29, 2016) (concluding that a delay of "more than two months," from September 12 to November 15, was not reasonably diligent); *Cave Consulting*, Case No. 15-cv-03424-JCS, ECF Nos. 127 (September order) and 155 (November motion). This delay is all the more improper in light of the procedural posture of this case. Again, if Plaintiffs believed this Court overlooked allegations or law in dismissing the First Amended Complaint, good order and basic fairness required them to raise their critiques at least before Defendants filed their third round of motions to dismiss. Plaintiffs' approach instead muddies the issues remaining in the case and hinders the parties' and Court's full and organized consideration of them—precisely the reason the local rules demand diligence in the first place. This Court should follow suit with other courts in this district that have found delays like Plaintiffs' unreasonable and deny Plaintiffs' motion on this basis.

### III. PLAINTIFFS HAVE NO LEGITIMATE BASIS FOR SEEKING RECONSIDERATION.

Even if the Court disagrees on waiver, mootness, and untimeliness, it should still deny

Plaintiffs' motion for leave.  Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The local rules implement that principle by requiring those seeking reconsideration to show that they satisfy one of three limited grounds that warrant reconsideration.  Civil L.R. 7-9(b).  Plaintiffs invoke only two of them here, arguing that "a material difference in law exists from that which was presented to the Court before entry of the [January 2024] Order"—without ever identifying what has changed—and that "in entering the [January 2024] Order, the Court failed to consider material facts and dispositive legal arguments which were presented to the Court before the Order." ECF No. 218 at 2 (citing Civil L.R. 7-9(b)(1) and (b)(3)).  Plaintiffs' arguments fail.

### A. Plaintiffs' Reconsideration Arguments Fail On Doe 3's And Doe 4's § 1202 Claims For Injunctive Relief.

Plaintiffs' first argument concerns whether the Court erred in dismissing Doe 3's and Doe 4's § 1202 claims seeking injunctive relief, and it suffers from a basic doctrinal error: confusing the existence of standing with the existence of a viable claim on the merits.  Plaintiffs theorize that the Court erred when it dismissed Doe 3's and Doe 4's § 1202 claims in their entirety because the Court's order noted that they had plausibly alleged facts to confer *standing* for injunctive relief.  ECF No. 218 at 4-5.  According to Plaintiffs, by deciding in its May 2023 and January 2024 Orders that Does 3 and 4 had standing to seek injunctive relief, the Court also necessarily decided that they had *stated a claim* to seek injunctive relief for their § 1202 claims. And so, Plaintiffs continue, they felt ambushed when the Court's January 2024 Order held they had stated no claim for injunctive relief under § 1202.

There was no ambush.  To say that a plaintiff has plausibly alleged an injury sufficient to seek injunctive relief under Article III is not the same thing as saying that a plaintiff *has stated a claim* for injunctive relief.  That is why Article III standing is addressed via a Rule 12(b)(1) motion, and a "failure to state a claim" is addressed via a Rule 12(b)(6) motion. *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1109 (9th Cir. 2013).  By finding that Plaintiffs had standing to seek injunctive relief, all this Court held was that Plaintiffs had alleged some future

1  likelihood that a snippet of Doe 3's and Doe 4's code could be output by Copilot. It most
2  certainly did not hold that this output would somehow automatically satisfy the elements of a
3  § 1202 claim.
4  Also, Plaintiffs' attempt to play Does 3 and 4 against Does 1, 2, and 5 falls flat. This
5  Court dismissed § 1202 claims against the latter group because they *tried and failed* to allege
6  output of identical copies of works, instead offering only examples showing a "*modified* format,"
7  ECF No. 189 at 15 (emphasis added). That was enough for standing for damages and injunctive
8  relief, but not enough to state a claim. Does 3 and 4, meanwhile, *did not even try* to satisfy the
9  identical copy requirement, offering no allegation or examples to support their claims. This
10 Court's reasoning therefore dictated dismissal of Doe 3's and Doe 4's § 1202 claims *a fortiori*. In
11 any event, when the Court resolved that issue in its most recent order, it concluded that "no
12 DMCA violation exists where the works are not identical" and dismissed Plaintiffs' § 1202
13 claims *without prejudice*. ECF No. 189 at 15-16 (internal citation and quotation marks omitted).
14 Plaintiffs had an opportunity to plead a likelihood that Copilot will output an identical copy of
15 Doe 3's and Doe 4's code—and, as explained in Microsoft and GitHub's Motion to Dismiss
16 Portions of the Second Amended Complaint, have still failed to do so. ECF No. 215 at 11-17.

17 **B.    There Was No Manifest Failure By The Court To Consider Caselaw.**

18 Plaintiffs' second argument, about Doe 5 and the identical-copies requirement, fares no
19 better. Plaintiffs fault the Court for not addressing a case about the identical-copies requirement
20 that they cited in their "oppositions to Defendants' *first motions to dismiss*," ECF No. 218 at 6
21 (emphasis added)—i.e., the oppositions that were filed a year ago—and that Plaintiffs never cited
22 in their most recent oppositions. Plaintiffs seem to think that the Court not addressing that case
23 constitutes a "manifest failure by the Court to consider … dispositive legal arguments [that] were
24 presented to the Court before [its order]." Civil L.R. 7-9(b)(3).
25 The only "manifest failure" here is Plaintiffs'. It is Plaintiffs who failed to raise the
26 argument to the Court in their most recent oppositions, and they forfeited it by not raising it then.
27 *See United States v. Hamilton*, No. 21-cr-00202-WHO-1, 2022 WL 1443251, at *4 (N.D. Cal.
28

May 6, 2022) ("A party forfeits a right when it fails to make a timely assertion of that right and waives a right when it is intentionally relinquished or abandoned.") (internal citation and quotation marks omitted).  Any other rule would shift the burden onto busy district courts to scour their dockets to identify any previously raised issues that might bear on a motion or else face accusations of a "manifest failure" to consider arguments.  But it is not the job of judges to "hunt[]" for arguments "buried in briefs" filed long ago.  *Doyle v. Galderma, Inc.*, No. 19-cv-05678-TSH, 2021 WL 1721069, at *14 (N.D. Cal. Apr. 30, 2021).

At any rate, the case Plaintiffs cite (at ECF No. 218 at 6)—*GC2 Inc. v. Int'l Game Tech.*, 391 F. Supp. 3d 828 (N.D. Ill. 2019)—should not alter this Court's conclusion that Plaintiffs have not stated a § 1202 claim because of the identical-copies requirement.  That case involved the removal of CMI from artwork used "in its entirety," 391 F. Supp. 3d at 843-44.  Plaintiffs, however, allege *snippets*—just like the plaintiffs in cases where courts have found § 1202 claims failed, which this Court relied on in dismissing Doe 5's § 1202 claims.  *See, e.g., Advanta-STAR Auto. Rsch. Corp. of Am. V. Search Optics, LLC*, No. 22-cv-1186 TWR (BLM), 2023 WL 3366534, at *12 (S.D. Cal. May 9, 2023) ("aspects" of car comparisons); ECF No. 189 at 15 (citing *Advanta-STAR*, 2023 WL 3366534, at *12).  Small modified snippets are not "copies … of *a work*."  17 U.S.C. § 1202(c) (emphasis added).

Similarly unavailing is a case Plaintiffs never cited even though it was available to them during the prior round of briefing, *ADR Int'l Ltd. V. Inst. For Supply Mgmt. Inc.*, 667 F. Supp. 3d 411 (S.D. Tex. 2023).  Plaintiffs include the citation in a footnote, conceding that they failed to cite it previously, and thus also conceding it cannot meet the standard for reconsideration.  In any event, the court in *ADR* at most rejected an argument that § 1202 requires literal identicality in a case where defendant made a "copy of [the plaintiff's] training materials on the same subject," merely "chang[ing] the color of a graph here, or the size of a chart there" as a "thin veil over the facially obvious copying."  *Id.* at 418-19.  *ADR* thus involved paradigmatic *copies of a work*, unlike Plaintiffs' modified snippets.

### C. There Was No Manifest Failure By The Court To Consider Doe 5's Allegations.

Plaintiffs' third and final argument is that even if identical copies are required, Plaintiffs alleged identical copies for Doe 5. But as GitHub and Microsoft argued and this Court recognized, § 1202(b) is about identical "copies … of *a work*"—not about stray snippets and adaptations. *See* ECF No. 189 at 14-15; ECF No. 107-3 at 7, 13-15. Courts have thus rejected CMI removal liability based on, for example, the mere "framing" of a photograph to not include CMI, *Falkner v. Gen. Motors LLC*, 393 F. Supp. 3d 927, 938-39 (C.D. Cal. 2018), and excerpting lecture notes and study questions from textbooks without reproducing CMI, *Faulkner Press, LLC. v. Class Notes, LLC.*, 756 F. Supp. 2d 1352, 1356, 1359 (N.D. Fla. 2010). Plaintiffs' allegation about snippets of code that are "[e]ssentially verbatim," ECF No. 134-1 at 28, therefore do not meet the identicality of a *work* requirement.

## CONCLUSION

There is no reason for the parties or the Court to expend resources debating issues relating to a First Amended Complaint that Plaintiffs waived and mooted when they filed the Second Amended Complaint. Nor is there any reason for the Court to excuse the untimeliness of Plaintiffs' motion for leave or Plaintiffs' failure to satisfy a proper basis for reconsideration. This Court should therefore deny Plaintiffs' motion for leave to file a motion for reconsideration.

Dated: March 15, 2024                                    Orrick, Herrington & Sutcliffe LLP


By: */s/ Annette L. Hurst*
ANNETTE L. HURST
Attorneys for Defendants
GitHub, Inc. and Microsoft Corp.