JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
VERA RANIERI (CA SBN 271594)
VRanieri@mofo.com
JOYCE C. LI (CA SBN 323820)
JoyceLi@mofo.com
MELODY ELLEN WONG (CA SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California  94105-2482
Telephone:	(415) 268-7000
Facsimile:	(415) 268-7522
[CAPTION CONTINUED ON NEXT PAGE]

Attorneys for Defendants OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND MANAGEMENT, LLC, OPENAI, L.L.C., OPENAI GLOBAL, LLC, OAI CORPORATION, OPENAI HOLDINGS, LLC, OPENAI HOLDCO, LLC, OPENAI INVESTMENT LLC, OPENAI STARTUP FUND SPV I, L.P., and OPENAI STARTUP FUND SPV GP I, L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., MICROSOFT CORPORATION, OPENAI, INC., et al.,<br><br>    Defendants. | Case No. 4:22-cv-06823-JST<br>Case No. 4:22-cv-07074-JST<br><br>Hon. Jon S. Tigar<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

ALLYSON R. BENNETT (CA SBN 302090)
ABennett@mofo.com
ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (CA SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:    (213) 892-5200
Facsimile:    (213) 892-5454

MAX I. LEVY (CA SBN 346289)
MLevy@mofo.com
MORRISON & FORESTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone:    (650) 813-5600
Facsimile:    (650) 494-0792

ERIC K. NIKOLAIDES (*pro hac vice*)
ENikolaides@mofo.com
MORRISON & FORESTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. Plaintiffs Do Not Meet the Requirements of Civil Local Rule 7-9(b)(3) ..... 1

1. Plaintiffs have not shown a manifest failure by the Court to consider material facts that were presented to the Court ..... 1

a. Does 3 & 4 ..... 1

b. Doe 5 ..... 3

2. Plaintiffs have not shown a manifest failure by the Court to consider dispositive legal arguments that were presented to the Court ..... 3

B. Plaintiffs Do Not Meet the Requirements of Civil Local Rule 7-9(b)(1) ..... 5

1. Plaintiffs have not shown that a material difference in law exists ..... 5

2. Plaintiffs have not shown that in the exercise of reasonable diligence they did not know of such law at the time of the Court's Order ..... 6

III. CONCLUSION ..... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADR International Ltd. v. Institute for Supply Management, Inc.*,
   667 F. Supp. 3d 411 (S.D. Tex. 2023) ................................................................................ 5, 6

*Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics, LLC*,
   No. 22-CV-1186 TWR (BLM), 2023 WL 3366534 (S.D. Cal. May 9, 2023) ..................... 4, 5

*Apotex Inc. v. Gilead Scis., Inc.*,
   No. 18-cv-06475-JCS, 2019 WL 2410468 (N.D. Cal. June 7, 2019) ...................................... 4

*Faulkner Press, LLC v. Class Notes, LLC*,
   756 F. Supp. 2d 1352 (N.D. Fla. 2010) .................................................................................. 4

*Fischer v. Forrest*,
   286 F. Supp. 3d 590 (S.D.N.Y. 2018) .................................................................................... 4

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
   No. CIV. 13-00496 SOM, 2015 WL 263556 (D. Haw. Jan. 21, 2015),
   *aff'd*, 700 F. App'x 674 (9th Cir. 2017) ............................................................................. 4, 5

*GC2 v. Int'l Game Tech.*,
   391 F. Supp. 3d 828 (N.D. Ill. 2019) .................................................................................. 4, 6

*Gonzales v. Apttus Corp.*,
   No. 21-cv-01844-JCS, 2022 WL 3925292 (N.D. Cal. Aug. 30, 2022) .................................... 6

*Kirk Kara Corp. v. W. Stone & Metal Corp.*,
   No. CV 20- 1931-DMG, 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) ............................ 4, 5

*Kona Enters., Inc. v. Est. of Bishop*,
   229 F.3d 877 (9th Cir. 2000) .................................................................................................. 5

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
   571 F.3d 873 (9th Cir. 2009) .................................................................................................. 6

*Pom Wonderful LLC v. Purely Juice, Inc.*,
   277 F. App'x 744 (9th Cir. 2008) ........................................................................................... 4

*Rodriguez v. Barrita, Inc.*,
   No. C 09-04057 RS, 2014 WL 556044 (N.D. Cal. Feb. 10, 2014) ......................................... 6

*Samet v. Procter & Gamble Co.*,
   No. 5:12-CV-1891-PSG, 2014 WL 1782821 (N.D. Cal. May 5, 2014) ................................. 5

*Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*,
    No. 20-CV-04737-RS, 2021 WL 5302525 (N.D. Cal Nov. 15, 2021) ................................. 2, 3

**Other Authorities**

Civil Local Rule 7-9(b)(1) ................................................................................................ 1, 5, 6

Civil Local Rule 7-9(b)(2) ...................................................................................................... 1

Civil Local Rule 7-9(b)(3) ................................................................................................ 1, 2, 3

## I. INTRODUCTION

This Court should deny Plaintiffs' Motion for Leave to File a Motion for Reconsideration (Dkt. No. 218) because the Court has already considered—and rejected—each argument Plaintiffs invoke in their motion. Consequently, Plaintiffs fail to meet the requirements of Civil Local Rule 7-9(b).

## II. ARGUMENT

Plaintiffs do not meet the requirements of either Civil Local Rule 7-9(b)(3) (which forms the bulk of their argument) or Civil Local Rule 7-9(b)(1) (which they also include in passing).[1] (Dkt. No. 218 at 1.)

First, Plaintiffs argue under Rule 7-9(b)(3) that they are entitled to reconsideration because the Court "failed to consider material facts and dispositive legal arguments." (*Id.*) But Plaintiffs' supposed "dispositive legal argument" is a single out-of-circuit district court case that the Court *did* consider—and subsequently rejected. And Plaintiffs' additional accusation that the Court failed to consider material facts is merely a disagreement with the Court's *analysis* of the material facts.

Second, Plaintiffs' sole basis for alleging under Rule 7-9(b)(1) that a "material difference in law exists from that which was presented to the Court before entry of the Order" (*id.*) is once again an out-of-circuit district court case, and one that was readily available to Plaintiffs earlier in the litigation.

Because none of these arguments is an appropriate basis to seek reconsideration under this district's local rules, the Court should deny Plaintiffs' motion.

### A. Plaintiffs Do Not Meet the Requirements of Civil Local Rule 7-9(b)(3)

#### 1. Plaintiffs have not shown a manifest failure by the Court to consider material facts that were presented to the Court

##### a. Does 3 & 4

Plaintiffs have not alleged a manifest failure by the Court to consider material facts related to Does 3 and 4 that were presented to the Court before the order at issue in this motion. Instead,

---

[1] Plaintiffs do not seek to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b)(2).

1  Plaintiffs merely disagree with the Court's application of the law to material facts.  This
2  disagreement is not, however, an appropriate basis under Civil Local Rule 7-9(b)(3) to seek
3  reconsideration.

4      In their motion, Plaintiffs admit that they have not alleged *any* outputs of Does 3 and 4's
5  code, identical or otherwise, as they did for Does 1, 2 and 5.  (Dkt. No. 218 at 4 ("Plaintiffs did
6  not make equivalent allegations of code examples for Does 3 and 4").)  They emphasize that the
7  Court held that these facts were sufficient to state a Section 1202(b) claim in its order granting in
8  part and denying in part Defendants' *first* motion to dismiss.  (*Id*. (referencing Dkt. No. 95).)  But
9  at that point, the Court had not yet considered the identicality requirement.  (Dkt. No. 189 at 8 &
10 n.8 (describing the identicality requirement as "not previously resolved").)  After doing so in its
11 order granting in part and denying in part Defendants' *second* motion to dismiss, the Court found
12 the same facts to be insufficient and accordingly dismissed Does 3 and 4's Section 1202(b)
13 claims.  (*Id.* at 16.)

14     Plaintiffs now seek to ignore the Court's considered application of the law.  (Dkt. No. 218
15 at 4 (arguing that the Court had found the "unchanged allegations" sufficient, prior to addressing
16 the identicality requirement).)  Plaintiffs invoke no unconsidered material facts or "missed
17 arguments" to support this position.  (*See id*. at 4-5 (citing *Sheet Metal Workers Nat'l Pension*
18 *Fund v. Bayer Aktiengesellschaft*, No. 20-CV-04737-RS, 2021 WL 5302525, at *1 (N.D. Cal
19 Nov. 15, 2021)).)  Instead, Plaintiffs focus on a "salient difference" between Does 1, 2, and 5 on
20 the one hand, and Does 3 and 4 on the other: that while the former admittedly pleaded facts that
21 failed to meet Section 1202(b)'s identicality requirement, the latter pleaded no facts about the
22 output of their code at all.  (*Id.* at 4.)  According to Plaintiffs, this absence of facts ought to have
23 been sufficient to state a Section 1202(b) claim.  (*Id*. at 5.)  But the Court expressly considered the
24 absence of facts alleging output of Does 3 and 4's code.  (Dkt. No. 189 at 6 ("Does 3 and 4 have
25 again failed to raise instances in which their code was output by Copilot").)  And, of course,
26 because identifying non-identical code in outputs is insufficient, identifying *no code at all* is even
27 less sufficient.  Thus, Plaintiffs do not even argue that the Court manifestly failed to consider
28 material facts; rather, they appear to argue that the Court wrongly applied the law to material

facts. Plaintiffs' avenue for relief is to bring an appeal before the Ninth Circuit at the appropriate time, not to bring a motion for reconsideration now.

### b. Doe 5

Plaintiffs also argue that the Court failed to consider material facts related to Doe 5's allegations of identical output. Their argument fails for the simple reason that even Plaintiffs admit that the Court did, in fact, consider these facts. (Dkt. No. 218 at 4-6 ("The Court even acknowledged another instance of identical output from Doe 5").) As Plaintiffs' own motion acknowledges, "[m]otions for reconsideration are designed to bring to the Court's attention clear instances of missed arguments, not to simply make the very same points, but more loudly." (*Id.* at 4-5 (citing *Sheet Metal Workers Nat'l Pension Fund*, 2021 WL 5302525, at *1).) Where Plaintiffs cite the Court's specific consideration of the material fact they claim was not considered, there can be no such "missed argument." (*Id.*)

Moreover, after considering Doe 5's allegations, the Court rejected them. (Dkt. No. 189 at 3-4, 15 ("[T]he examples Plaintiffs provide with respect to Does 1, 2, and 5 . . . [are] not sufficient for a Section 1202(b) claim").) The Court was correct to do so because Plaintiffs characterized the copying as non-identical in their Complaint—and, in fact, even as to Doe 5, there was no showing of identical output of any entire work. (Dkt. No. 97-3 ¶¶ 113-120 ("Copilot Outputs the Code of Doe 5 in *Modified* Format") (emphasis added); *id.* ¶¶ 121-128 ("Copilot Outputs the Code of Doe 5 *Essentially* Verbatim") (emphasis added).) Nothing Plaintiffs say in their motion warrants a reconsideration of that conclusion. (Dkt. No. 189 at 15 (noting that the Court "agrees with Defendants that [Doe 5's allegations contain] a 'fundamental defect' 'endemic to Plaintiffs' theory of [Section] 1202(b) liability.'").)

### 2. Plaintiffs have not shown a manifest failure by the Court to consider dispositive legal arguments that were presented to the Court

Plaintiffs incorrectly argue that they meet the requirements of Civil Local Rule 7-9(b)(3) because this Court manifestly failed to consider their legal argument that identical copies are not required to bring a DMCA claim. (Dkt. No. 218 at 4-5.) But the Court considered—and rejected—that argument when it found that "Section 1202(b) claims require that copies be

DEFS. OPP. TO MOT. FOR LEAVE
CASE NO. 4:22-CV-0623-JST

3

identical." (Dkt. No. 189 at 14.)  Plaintiffs even admitted as much in their opposition to OpenAI's motion to dismiss, where they declared that "[g]iven the amount of ink spilled, it is plain that this argument has been considered." (Dkt. No. 141 at 14.)

Plaintiffs' argument appears to be that the Court failed to find persuasive a single out-of-circuit case cited by Plaintiffs. (Dkt. No. 218 at 5 (citing *GC2 v. Int'l Game Tech.*, 391 F. Supp. 3d 828 (N.D. Ill. 2019).)  As a preliminary matter, *GC2* is neither "directly on point" (*id.*) nor dispositive.  That case concerned artwork that was used "in its entirety." *GC2*, 391 F. Supp. 3d at 844.  The court there explicitly distinguished cases—like this one—that allege only reproductions of portions of the protected works.  *Id*. at 843-44 (distinguishing *Fischer v. Forrest*, 286 F. Supp. 3d 590 (S.D.N.Y. 2018), and *Faulkner Press, LLC v. Class Notes, LLC*, 756 F. Supp. 2d 1352 (N.D. Fla. 2010)).

In any event, the Court's choice not to cite *GC2* in its decision is not a basis for reconsideration.  "[A] court's failure to discuss a particular issue in its opinion does not necessarily mean that the court did not consider the question." *Pom Wonderful LLC v. Purely Juice, Inc.*, 277 F. App'x 744, 747 (9th Cir. 2008).  Indeed, courts are "not required to discuss every case that a party cites in support of its position," and a failure to do so "does not demonstrate a failure to consider dispositive legal arguments." *Apotex Inc. v. Gilead Scis., Inc.*, No. 18-cv-06475-JCS, 2019 WL 2410468, at *2 (N.D. Cal. June 7, 2019).  Rather, the Court cited three Ninth Circuit district court cases—one of which was affirmed on appeal—to support its conclusion that a Section 1202(b) claim requires CMI removal or alteration from an identical copy of a copyrighted work. (Dkt. No. 189 at 15 (citing *Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics, LLC*, No. 22-CV-1186 TWR (BLM), 2023 WL 3366534, at *12 (S.D. Cal. May 9, 2023); *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20- 1931-DMG, 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020); and *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. CIV. 13-00496 SOM, 2015 WL 263556, at *3 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017).)

In short, the Court's decision to rely on in-circuit authority "makes clear that the Court did not (and does not) find [the out-of-circuit case] to be dispositive." *See Apotex*, 2019 WL 2410468

at *2. Accordingly, Plaintiffs have not shown a manifest failure to consider a dispositive legal argument.

### B. Plaintiffs Do Not Meet the Requirements of Civil Local Rule 7-9(b)(1)

#### 1. Plaintiffs have not shown that a material difference in law exists[2]

Plaintiffs do not raise any new law in the body of their motion. Plaintiffs do cite, for the first time and in a footnote, *ADR International Ltd. v. Institute for Supply Management, Inc.*, 667 F. Supp. 3d 411 (S.D. Tex. 2023). (*See* Dkt. No. 218 at 5 n.1.) To the extent that this out-of-circuit district court decision is Plaintiffs' attempt to argue a material difference in law from that previously presented to the Court, it too fails.

As a threshold matter, "there must be a change in the '*controlling* law'" to justify a motion for reconsideration. *Samet v. Procter & Gamble Co.*, No. 5:12-CV-1891-PSG, 2014 WL 1782821, at *2 (N.D. Cal. May 5, 2014) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (emphasis added). *ADR* is from a district court in the Fifth Circuit, not the Ninth Circuit, where courts have consistently held that the DMCA has an identicality requirement. (Dkt. No. 189 at 15 (citing *Advanta-STAR Auto. Rsch. Corp. of Am.,* 2023 WL 3366534, at *12; *Kirk Kara Corp.,* 2020 WL 5991503, at *6; and *Frost-Tsuji Architects,* 2015 WL 263556, at *3).) At most, to the extent *ADR* supports Plaintiffs' position here, it is best understood as an out-of-circuit outlier that runs counter to the prevailing Ninth Circuit law and thus is not sufficient to show a material difference in law. The "mere addition of a new voice in the chorus of trial judges does not create such a binding precedent." *See Samet*, 2014 WL 1782821, at *2. If one additional out-of-circuit district court case cited in a footnote were sufficient to justify a motion for reconsideration, "the court and the parties could become so enmeshed in reconsidering things that these cases would never actually get off the ground." *Id.* As such, Plaintiffs have not shown that a material difference in law exists to meet the requirements Civil Local Rule 7-9(b)(1).

---

[2] Plaintiffs' motion does not argue that a material difference in fact exists from that presented to the Court before entry of the Court's Order. Accordingly, this response does not address that portion of Local Rule 7-9(b)(1).

### 2. Plaintiffs have not shown that in the exercise of reasonable diligence they did not know of such law at the time of the Court's Order

Even if the Court finds that *ADR* qualifies as a "material difference of law"—it does not—Plaintiffs also fail to explain why, in the exercise of reasonable diligence, it could not have presented it in its opposition to OpenAI's motion to dismiss. This failure independently dooms Plaintiffs' motion because a "motion for reconsideration may not be used to raise arguments . . . when they could reasonably have been raised earlier in the litigation." *Rodriguez v. Barrita, Inc.*, No. C 09-04057 RS, 2014 WL 556044, at *1 (N.D. Cal. Feb. 10, 2014) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

Here, Plaintiffs had ample opportunity to make the arguments asserted in their current motion earlier in the litigation. Indeed, Plaintiffs admit they expressly chose not to make these arguments. (Dkt. No. 218 at 3 (deeming further argument "unnecessary").) All the law raised in their current motion was readily available when Plaintiffs opposed Defendants' motion to dismiss. Plaintiffs acknowledge that they briefed *GC2* earlier in the litigation. (*See id.* at 5.) And the court in *ADR* entered its decision on March 30, 2023, nearly three months before OpenAI filed its second motion to dismiss in this case (Dkt. No. 109-3) and nearly four months before Plaintiffs filed their opposition (Dkt. No. 141). Because Plaintiffs have not shown that any supposed material difference in law was reasonably outside of their knowledge at the time of the previous order, Plaintiffs' motion does not meet the requirements of Civil Local Rule 7-9(b)(1). *Gonzales v. Apttus Corp.*, No. 21-cv-01844-JCS, 2022 WL 3925292, at *1 (N.D. Cal. Aug. 30, 2022) (denying motion pursuant to Civil Local Rule 7-9 where movant "has not shown that any relevant facts or law were outside her knowledge despite reasonable diligence at the time of the previous order").

### III. CONCLUSION

For the foregoing reasons, OpenAI respectfully requests that this Court deny Plaintiffs' motion for leave to file a motion for reconsideration.

| | | |
|---|---|---|
| 1 | Dated: March 15, 2024 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ Joseph C. Gratz |
| 4 | | |
| 5 | | JOSEPH C. GRATZ |
| | | JGratz@mofo.com |
| 6 | | TIFFANY CHEUNG |
| 7 | | TCheung@mofo.com |
| | | VERA RANIERI |
| 8 | | VRanieri@mofo.com |
| | | MELODY E. WONG |
| 9 | | MelodyWong@mofo.com |
| | | MORRISON & FOERSTER LLP |
| 10 | | 425 Market Street |
| | | San Francisco, CA 94105-2482 |
| 11 | | Telephone:   (415) 268-7000 |
| 12 | | Facsimile:   (415) 268-7522 |
| 13 | | ALLYSON R. BENNETT |
| | | ABennett@mofo.com |
| 14 | | ROSE S. LEE |
| 15 | | RoseLee@mofo.com |
| | | ALEXANDRA M. WARD |
| 16 | | AlexandraWard@mofo.com |
| | | MORRISON & FOERSTER LLP |
| 17 | | 707 Wilshire Boulevard |
| | | Los Angeles, CA 90017-3543 |
| 18 | | Telephone:   (213) 892-5200 |
| 19 | | Facsimile:   (213) 892-5454 |
| 20 | | MAX I. LEVY |
| | | MLevy@mofo.com |
| 21 | | MORRISON & FORESTER LLP |
| 22 | | 755 Page Mill Road |
| | | Palo Alto, CA 94304-1018 |
| 23 | | Telephone:   (650) 813-5600 |
| | | Facsimile:   (650) 494-0792 |
| 24 | | |
| 25 | | ERIC K. NIKOLAIDES (*pro hac vice*) |
| | | ENikolaides@mofo.com |
| 26 | | MORRISON & FORESTER LLP |
| | | 250 West 55th Street |
| 27 | | New York, NY 10019-9601 |
| | | Telephone:   (212) 468-8000 |
| 28 | | Facsimile:   (212) 468-7900 |

DEFS. OPP. TO MOT. FOR LEAVE
CASE NO. 4:22-CV-0623-JST

7

|   |   |
|---|---|
| 1 |   |
| 2 | Attorneys for Defendants OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND MANAGEMENT, LLC, OPENAI, L.L.C., OPENAI GLOBAL, LLC, OAI CORPORATION, OPENAI HOLDINGS, LLC, OPENAI HOLDCO, LLC, OPENAI INVESTMENT LLC, OPENAI STARTUP FUND SPV I, L.P., and OPENAI STARTUP FUND SPV GP I, L.L.C. |

DEFS. OPP. TO MOT. FOR LEAVE
CASE NO. 4:22-CV-0623-JST

8