UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE 1, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>        Defendants. | Case No. 22-cv-06823-JST<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 218 |

Before the Court is Plaintiffs' motion for reconsideration, ECF No. 218, of the Court's prior order, ECF No. 189.  The Court's prior order dismissed Plaintiffs' claims under Sections 1202(b)(1) and 1202(b)(3) of the DMCA with leave to amend.  It also dismissed Plaintiffs' state law claims for intentional and negligent interference with prospective economic relations, unjust enrichment, negligence, and unfair competition with prejudice.  *Id.*  The Court will deny the motion for reconsideration.

The Court possesses the inherent authority to reconsider its interlocutory orders at any point before it enters final judgment.  Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996).  Typically, a motion for reconsideration should be granted only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citations omitted).

In this district, a motion for leave to file a motion for reconsideration must comply with Civil Local Rule 7-9. Thus, the moving party must show reasonable diligence in bringing the motion and one of the following:

    1. That at the time of the motion for leave, a material difference in

fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

2. The emergence of new material facts or a change of law occurring after the time of such order; or

3. A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

First, Plaintiffs argue that "the DMCA injunctive claims for Does 3 and 4 should have remained intact, but instead they were dismissed." ECF No. 218 at 5. The Court stands by its ruling. While the Court found that Plaintiffs had standing to seek injunctive relief, that did not necessarily entail that Plaintiffs stated a Section 1202 claim. As noted by Defendant GitHub, "[t]o say that a plaintiff has plausibly alleged an injury sufficient to seek injunctive relief under Article III is not the same thing as saying that a plaintiff has stated a claim for injunctive relief." ECF No. 228 at 5. In its prior order, the Court found that Plaintiffs failed to allege that output from Copilot was "identical," as their amended complaint alleged that the output is often "a modification." *See* ECF No. 189 at 15 (quoting ECF No. 97-3 ¶ 96). Plaintiffs' motion does not identify a material difference in law or fact, the emergence of new material facts or law, or even a manifest failure by the Court to consider material facts or dispositive legal arguments to support their position. *See* Civ. L.R. 7-9(b). Accordingly, Plaintiffs fail to satisfy the requirements for reconsideration for this argument.

Second, Plaintiffs argue that the the Court failed to consider the decision in *GC2 v. Int'l Game Tech.*, 391 F. Supp. 3d 828 (N.D. Ill. 2019), "despite its inclusion in Plaintiffs' oppositions to Defendants' first motions to dismiss." ECF No. 218 at 6. As a threshold matter, Plaintiffs failed to include this case in their most recent opposition. The Court need not "hunt[]" for arguments "buried in briefs" filed long ago. *Doyle v. Galderma, Inc.*, No. 19-cv05678-TSH, 2021 WL 1721069, at *14 (N.D. Cal. Apr. 30, 2021). But regardless, *GC2* is inapposite as it concerned the removal of CMI from artwork that was copied "in its entirety." 391 F. Supp. 3d at 843–44. In their amended complaint, Plaintiffs only alleged that snippets of code were reproduced, which is distinguishable. Thus, Plaintiffs' argument does not meet the standard for reconsideration.

Finally, Plaintiffs contend that "the Court overlooked where Plaintiffs specifically alleged identical output of Doe 5's Licensed Materials." ECF No. 218 at 7. Not so. The Court considered Doe 5's allegations and rejected them. *See* ECF No. 189 at 3–4, 15 ("[T]he examples Plaintiffs provide with respect to Does 1, 2, and 5 state that the Copilot output is a 'modified format,' 'variation[],' or the 'functional[] equivalent' of the licensed code."). Throughout the amended complaint, there was no showing of identical output of any entire work by Doe 5, and Plaintiffs point to nothing in their present motion that warrants reconsideration of that conclusion.

For the foregoing reasons, Plaintiffs' motion for reconsideration regarding the Court's prior motion to dismiss order is denied.

**IT IS SO ORDERED.**

Dated:  April 15, 2024



JON S. TIGAR
United States District Judge