1  ANNETTE L. HURST (SBN 148738)
   ahurst@orrick.com
2  DANIEL D. JUSTICE (SBN 291907)
   djustice@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
4  San Francisco, CA 94105-2669
   Telephone:  +1 415 773 5700
5  Facsimile:  +1 415 773 5759

6  WILLIAM W. OXLEY (SBN 136793)
   woxley@orrick.com
7  ALYSSA CARIDIS (SBN 260103)
   acaridis@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 S. Grand Avenue
9  Los Angeles, CA 90071
   Telephone:  +1 213 629 2020
10 Facsimile:  +1 213 612 2499

11 *Attorneys for GitHub, Inc. and Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>GITHUB, INC., et al.,<br><br>    Defendants.<br><br>AND CONSOLIDATED ACTION | Case No. 4:22-cv-6823-JST<br><br>Consolidated with Case No. 4:22-cv-7074-JST<br><br>**DEFENDANTS GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND CERTIFY THE COURT'S JUNE 24, 2024 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Date:      September 26, 2024<br>Time:      2:00 p.m.<br>Courtroom: 6, 2d Floor<br>Judge:     Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

Page


INTRODUCTION ................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................... 2

ARGUMENT ........................................................................................................................... 3

PLAINTIFFS FAIL TO MAKE THE EXTRAORDINARY SHOWING REQUIRED FOR
    CERTIFICATION UNDER § 1292(b). .................................................................................. 4

    A.    There is no substantial ground for difference of opinion with respect to
        § 1202(b)'s requirement that CMI be removed from an identical copy. .................. 5

    B.    The Court's order does not present a controlling question of law suitable for
        interlocutory review. ................................................................................................. 9

    C.    An interlocutory appeal will not materially advance this litigation. ...................... 10

CONCLUSION ...................................................................................................................... 13

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*,
  667 F. Supp. 3d 411 (S.D. Tex. 2023) .................................................................................... 8

*Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics, LLC*,
  672 F. Supp. 3d 1035 (S.D. Cal. 2023) ................................................................................... 7

*Andersen v. Stability AI Ltd.*,
  No. 23-cv-00201, 2024 WL 3823234 (N.D. Cal. Aug. 12, 2024) ........................................... 7

*Bennett v. SimplexGrinnell LP*,
  No. 11-cv-01854, 2014 WL 4244045 (N.D. Cal. Aug. 25, 2014) ......................................... 13

*Bluestar Genomics v. Song*,
  No. 21-cv-04507, 2024 WL 54701 (N.D. Cal. Jan. 4, 2024) ................................................ 11

*Coles v. City of Oakland*,
  No. C03-2961, 2005 WL 8177791 (N.D. Cal. Aug. 3, 2005) ............................................... 13

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ..................................................................................... 4, 5, 8, 10

*Design Basics, LLC v. WK Olson Architects, Inc.*,
  No. 17 C 7432, 2019 WL 527535 (N.D. Ill. Feb. 11, 2019) ................................................... 8

*Doe 1 v. GitHub, Inc.*,
  No. 22-cv-6823 (N.D. Cal. Nov. 3, 2022) ............................................................................... 2

*Falkner v. Gen. Motors LLC*,
  393 F. Supp. 3d 927 (C.D. Cal. 2018) ..................................................................................... 8

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*,
  756 F. Supp. 2d 1352 (N.D. Fla. 2010) ................................................................................... 8

*Fischer v. Forrest*,
  286 F. Supp. 3d 590 (S.D.N.Y. 2018) ..................................................................................... 9

*Free Speech Sys., LLC v. Menzel*,
  390 F. Supp. 3d 1162 (N.D. Cal. 2019) ................................................................................ 10

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
  No. 13-00496, 2015 WL 263556 (D. Haw. Jan. 21, 2015) ..................................................... 7

*Getz v. Boeing Co.*,
  No. C 07-06396, 2009 WL 3765506 (N.D. Cal. June 16, 2009) ............................................ 9

*Henley v. Jacobs*,
   No. C 18-2244, 2019 WL 8333448 (N.D. Cal. Oct. 25, 2019) ................................ 4, 6, 10, 13

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002) .................................................................................................. 4

*Kadrey v. Meta Platforms, Inc.*,
   No. 23-cv-03417, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ......................................... 10

*Kelly v. Arriba Soft Corp.*,
   77 F. Supp. 2d 1116 (C.D. Cal. 1999) ..................................................................................... 8

*Kirk Kara Corp. v. W. Stone & Metal Corp.*,
   No. CV 20-1931, 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) ............................................ 7

*Nat. Res. Def. Council v. U.S. Env't Prot. Agency*,
   857 F.3d 1030 (9th Cir. 2017) .................................................................................................. 6

*Rabin v. PricewaterhouseCoopers LLP*,
   No. 16-cv-02276, 2017 WL 11662124 (N.D. Cal. Apr. 17, 2017) .......................................... 4

*S.E.C. v. Schooler*,
   No. 12-cv-2164, 2014 WL 5757086 (S.D. Cal. Nov. 5, 2014) .............................................. 11

*Shurance v. Planning Control Int'l, Inc.*,
   839 F.2d 1347 (9th Cir. 1988) ................................................................................................ 11

*Spears v. Wash. Mut. Bk. FA*,
   No. 08-00868, 2010 WL 54755 (N.D. Cal. Jan. 8, 2010) ........................................................ 8

*Splunk, Inc v. Cribl, Inc.*,
   662 F. Supp. 3d 1029 (N.D. Cal. 2023) ................................................................................... 9

*In re Stanton*,
   766 F.2d 1283 (9th Cir. 1985) ................................................................................................ 11

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ................................................................................................................. 10

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ............................................................................................. 1, 10

*Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*,
   524 F. Supp. 2d 1184 (C.D. Cal. 2007) ................................................................................... 7

*Tremblay v. OpenAI, Inc.*,
   No. 23-cv-03223, 2024 WL 557720 (N.D. Cal. Feb. 12, 2024) ........................................ 7, 10

*Tsyn v. Wells Fargo Advisors, LLC*,
   No. 14-cv-02552, 2016 WL 1718139 (N.D. Cal. Apr. 29, 2016) ....................................... 5, 8

*U.S. Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966) ...................................................................................... 11

**Statutes**

Copyright Act, 17 U.S.C. §§ 101, *et seq.*

    § 101 .................................................................................................................................. 6

    § 1201(d)(2) ....................................................................................................................... 6

    § 1202 .......................................................................................................................*passim*

    § 1202(c) ............................................................................................................................ 5

28 U.S.C. § 1292(b) ............................................................................................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 10

S. Rep. No. 105-190 .................................................................................................................. 6

**INTRODUCTION**

Around the country, content owners seeking to challenge innovative generative AI technology have sought to rely on § 1202(b) claims, ostensibly claiming that the new AI tools fail to include copyright management information. This must have seemed an attractive approach: take advantage of the Copyright Act's statutory damages without actually having to prove copyright infringement. Repeatedly, however, courts have decisively rejected these claims where the CMI at issue is purportedly removed from variations, modifications, excerpts, or thumbnails that bear some resemblance to underlying works, but are not full and identical copies of them. This Court's ruling reflects that broad consensus.

Plaintiffs in this case argue that whether an identical copy is required for a § 1202(b) claim is a "novel and difficult" question that justifies interlocutory review—and potentially years of delay. A question that has come up repeatedly and been resolved the same way virtually every time is not "novel and difficult." Indeed, the only thing "novel" here is Plaintiffs' attempt to manufacture a § 1202(b) claim against a brand new technology that *generates new* output, rather than copies from any original, and certainly does not make identical copies of any Plaintiff's work. As Plaintiffs acknowledge, not a single previous attempt at stating such a claim has made it past the pleading stage. Against the great weight of authority, Plaintiffs point to a single, out-of-circuit district court case seeming to reject the identicality requirement. But that case had nothing to do with generative AI tools; instead, it involved allegations of blatant and direct copying that Plaintiffs cannot come close to alleging. That is nowhere near enough to show the substantial grounds for difference of opinion necessary to justify interlocutory appeal. Part A, *infra*.

Nor would interlocutory appeal present a quick and clean opportunity for the Ninth Circuit to resolve a controlling question of law. Defendants would be entitled to raise alternative grounds for affirmance, including Plaintiffs' lack of Article III standing, their failure to identify copies of works from which CMI was removed, and their failure to show the objective likelihood of future infringement required to sustain a § 1202(b) claim under *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 675 (9th Cir. 2018). These alternative grounds would present case-specific appellate issues that

are inappropriate for interlocutory appeal, and may well prevent that court from even reaching the identicality question.  Part B, *infra*.

Finally, Plaintiffs do not establish any likelihood that interlocutory appeal would materially advance this litigation.  Their argument boils down to the observation that their remaining breach-of-contract claims cannot support a significant damages award—there being minimal, if any, actual damages—and that only a § 1202(b) claim could yield the "billions of dollars" at the "heart of their class case." Mot. 1.  The simple solution for this "problem" is for Plaintiffs to dismiss their remaining and admittedly valueless claims and take an appeal as of right on the one claim they prefer.  And while Plaintiffs claim certification would somehow advance the prospect of settlement, they do not explain how a pleading-stage interlocutory appeal would bridge the delta between the "billions" they seek and Defendants' position that each of Plaintiffs' claims is entirely without merit.  The mere fact that a § 1202(b) claim is Plaintiffs' only vehicle to massive damages does not justify interlocutory appeal.  Part C, *infra*.

Interlocutory review in this case would do nothing but delay this Court's resolution of this dispute.  GitHub and Microsoft have a keen interest in litigating this case efficiently and expeditiously.  And Plaintiffs fail to show that this is among the extraordinary cases where the inefficiencies of piecemeal appellate review are necessary to drive a resolution.  The motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

In their initial Complaint, Plaintiffs raised twelve claims purporting to challenge some aspect of GitHub's Copilot code-completion tool.  Compl., *Doe 1 v. GitHub, Inc.*, No. 22-cv-6823 (N.D. Cal. Nov. 3, 2022), ECF No. 1.  The causes of action included breach of contract claims as well as a host of state law challenges to the generative AI tool at issue in this case—everything from tortious interference with contract to false designation of origin to miscellaneous privacy-statute violations to the DMCA § 1202 claims at issue here*. Id.* ¶¶ 138-239.  Over the course of three motions to dismiss, a combination of standing defects, preemption by the Copyright Act, and a failure to plausibly allege claims has whittled the case to two breach of contract claims.

According to Plaintiffs, their claims under § 1202(b) "are the heart of their class case"

because the possibility of statutory damages means that "damages … would potentially be in the billions of dollars." Mot. 1. This Court has now repeatedly found that these claims are inadequately pled. In January 2024, this Court held that Plaintiffs failed to state a § 1202(b) claim because they did not allege that a defendant made identical copies of their work and then removed CMI from that copy. ECF No. 189 at 15-16 (Order on Motions to Dismiss FAC). It pointed to numerous cases holding that "no DMCA violation exists where the works are not identical," *id.* (internal quotation marks and citation omitted), and found that Plaintiffs had at most alleged only generated outputs that were "modified," a "variation[]," or the "functional[] equivalent" of Plaintiffs' works, *id.* (quoting FAC, ECF No. 97-3 ¶¶ 103, 110, 120).

Plaintiffs first sought reconsideration of that decision, arguing "that identical copies are not required to bring a DMCA claim." ECF No. 218 at 5-6 (Plaintiffs' Motion for Reconsideration). The Court denied Plaintiffs' request, reaffirming that the DMCA requires that identical copies be reproduced with CMI removed and that Plaintiffs failed to meet that requirement because they "only alleged that snippets of code were reproduced." ECF No. 246 at 2 (Order Denying Reconsideration).

Plaintiffs then filed their Second Amended Complaint, and again argued that there is no requirement that the copies from which CMI is allegedly removed be identical to their works. The result was the same. As the Court explained in its June 2024 order, the SAC "again fail[ed] Section 1202(b)'s identicality requirement." ECF No. 253 at 4 (Order on Motions to Dismiss SAC). It failed to "identify even a single example of Copilot producing an identical copy of any work." *Id.* at 5. Accordingly, the Court dismissed the § 1202(b) claims with prejudice. *Id.* at 6.

Having failed to persuade the Court via three rounds of briefing that they have stated viable § 1202(b) claims, Plaintiffs moved the Court to certify its decision on § 1202(b) for interlocutory review under 28 U.S.C. § 1292(b), rehashing the same objections to the Court's decision that have already been raised and rejected.

## ARGUMENT

"[S]ection 1292(b) is to be applied sparingly and only in exceptional cases." *Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-02276, 2017 WL 11662124, at *1 (N.D. Cal. Apr. 17,

2017) (quoting *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1027 (9th Cir. 1981)).  Because § 1292(b) is a "departure from the normal rule that only final judgments are appealable," it "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067-68 n.6 (9th Cir. 2002); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (§ 1292(b) is a "narrow exception to the final judgment rule.").  "A movant seeking an interlocutory appeal has a heavy burden to show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Henley v. Jacobs*, No. C 18-2244, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) (citation omitted).

Under § 1292(b) an interlocutory appeal is permissibly only if the court's "order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] … an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  These requirements "are jurisdictional." *Couch*, 611 F.3d at 633.  If the case "does not present circumstances satisfying the statutory prerequisites for granting certification," this Court may not grant certification and the Court of Appeals "cannot allow the appeal." *Id*.  "[T]he party pursuing the interlocutory appeal bears the burden" of establishing each jurisdictional element. *Id*.  And certification "requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Id*.  Even if a district court certifies an order for interlocutory appeal, "the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James*, 283 F.3d at 1068 n.6 (citing 16 Wright, Miller & Cooper § 3929, at 363).

**PLAINTIFFS FAIL TO MAKE THE EXTRAORDINARY SHOWING REQUIRED FOR CERTIFICATION UNDER § 1292(B).**

"The essence of the plaintiffs' § 1292(b) argument—though framed in the requisite language of the statute ('controlling question of law,' 'substantial grounds for difference of opinion')—simply takes issue with the court's … holding." *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-cv-02552, 2016 WL 1718139, at *4 (N.D. Cal. Apr. 29, 2016) (denying certification).  There are no substantial grounds for disagreement with the Court's decision.  Part A, *infra*.  Even

if there were, several independent grounds foreclose Plaintiffs' claims, such that certification would not cleanly tee up a controlling question of law that could alter this Court's decision. Part B, *infra*. And in all events, interlocutory appeal at this stage will lead to needless inefficiency and delay. Part C, *infra*. Plaintiffs therefore "do not show that this is the sort of 'exceptional' case that should be reviewed now, rather than follow the normal course of full disposition and unitary appeal." *Tsyn*, 2016 WL 1718139, at *4.

### A. There is no substantial ground for difference of opinion with respect to § 1202(b)'s requirement that CMI be removed from an identical copy.

Plaintiffs assert that whether § 1202(b) claims require removal of CMI from an identical copy of a work is a question with a "substantial ground for difference of opinion." Mot. 6. But they do not (and cannot) claim that "the circuits are in dispute" on this point, and they come nowhere close to showing that it presents a "novel and difficult question[] of first impression." *Couch*, 611 F.3d at 633 (citation omitted). Just the opposite: as the case law this Court relies upon readily shows, plaintiffs have repeatedly tried to skirt the identicality requirement by predicating claims on variations, snippets, or other modifications, and courts have repeatedly and correctly rejected those efforts. Plaintiffs' attempts to show substantial grounds for departure are empty.

***Statutory text.*** Instead of addressing the great weight of authority head on, Plaintiffs hang their hat on the fact that the word "identical" does not appear in the statute. Mot. 2. While the statute does not use the word, it does explicitly define CMI as "information conveyed in connection with *copies* … of a *work*," and then creates liability for removing or altering the "information conveyed" from such "copies." 17 U.S.C. § 1202(c) (emphasis added). It makes no sense to speak of removing CMI from the sorts of "variation[s]" or "functional[] equivalent[s]" alleged by Plaintiffs, ECF No. 189 at 15-16 (Order on Motions to Dismiss FAC)—CMI was never "conveyed in connection with copies" of those variations or functional equivalents in the first place.

Plaintiffs note that a neighboring provision addressing entirely different subject matter— § 1201, pertaining to "[c]ircumvention" of "technological measures"—uses the phrase "identical

copy" to define an obscure exemption for "nonprofit libraries, archives, and educational institutions." 17 U.S.C. § 1201(d)(2). From this, they argue that "if Congress wanted to include an 'identicality' element for § 1202 claims, it would have." Mot. 5. The two provisions are far too different to support Plaintiffs' construction-by-negative-implication. And in any event, Congress could just as easily have chosen to use words like "alteration," "modification," "abridgement," "adaptation," "derivative," or any number of others if it wanted to expand a statute aimed at pirated copies into some broad-based attribution right. *See, e.g.*, 17 U.S.C. § 101 ("A 'derivative work' is a work based upon one or more preexisting works," such as an "abridgment" or "adapt[ation]," as by "editorial revisions, annotations, elaborations, or other modifications"). It did not.

The identicality requirement is all the more sensible in when the statutory text is read "in light of the … language and design of the statute as a whole," *Nat. Res. Def. Council v. U.S. Env't Prot. Agency*, 857 F.3d 1030, 1036 (9th Cir. 2017) (citation omitted). Section 1202 is one of two adjoining provisions aimed at thwarting digital piracy. *See* S. Rep. No. 105-190, at 92 ("The purpose of CMI is to facilitate licensing of copyright for use on the Internet and to discourage piracy."). The requirement that CMI be removed from a substantially identical copy properly confines § 1202 to the ill at which it is trained, avoiding a reading that would expand § 1202 so broadly as to swallow copyright infringement claims whole.

In the end, Plaintiffs' argument that the statutory text supports "substantial grounds for difference of opinion" is nothing but its own disagreement with the Court's ruling. *See Henley*, 2019 WL 8333448, at *3 ("disagree[ment] with the Court's ruling … is insufficient to establish a substantial ground for difference of opinion").

**Weight of authority.** Plaintiffs' discussion of the case law also begins on a dubious note. They advance the extraordinary (and new) contention that "the Ninth Circuit has implicitly rejected an 'identicality' standard for the DMCA." Mot. 7. This is so, according to Plaintiffs, because *Friedman v. Live Nation Merchandise, Inc.* observed that a "striking similarity between … works may give rise to a permissible inference of copying"—and thus support an inference that a defendant had "*knowledge* that CMI had been removed" from a work it

1  distributed. 833 F.3d 1180, 1187-88 (9th Cir. 2016) (quotation marks omitted). The basic notion
2  that *Friedman*'s discussion of what creates an inference of *knowledge*—a separate element—
3  somehow "implicitly rejected an 'identicality' standard" teeters towards disingenuous. This
4  paragraph tips it over:

> Here, the fact that the photographs used by Live Nation were exact copies of the images precisely as they appeared on Sony's website and in Friedman's book gives rise to the compelling inference that Live Nation's photographs were directly copied from those sources. Because the *only* material difference in the Live Nation versions was that the CMI was missing, it was necessarily the case that the CMI had been removed on the copied version.

*Id.* at 1188. A case about "exact copies"—identical in every respect except for the presence or absence of CMI—did not and could not have implicitly rejected an identicality requirement.

Nor can Plaintiffs dent the overwhelming weight of authority that actually *did* consider the identicality requirement and embrace it. As this Court recognized, ECF No. 253 at 4-5 (Order on Motions to Dismiss SAC), courts in this circuit unanimously agree that § 1202(b) carries an identicality requirement. *See, e.g.*, *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20-1931, 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020); *Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics, LLC*, 672 F. Supp. 3d 1035, 1057 (S.D. Cal. 2023); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496, 2015 WL 263556, at *3 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017); *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, 2024 WL 557720, at *5 (N.D. Cal. Feb. 12, 2024); *Andersen v. Stability AI Ltd.*, No. 23-cv-00201, 2024 WL 3823234, at *8 (N.D. Cal. Aug. 12, 2024); *see Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp. 2d 1184, 1198 (C.D. Cal. 2007) (§ 1202 meant to address risks associated with the "rapid dissemination of perfect copies" (quoting House Committee Report)).

Meanwhile, a host of related cases have rejected CMI-removal claims based on mere excerpts of works, similarly finding that only removal of CMI from a complete copy suffices. *Falkner v. Gen. Motors LLC*, 393 F. Supp. 3d 927, 938-39 (C.D. Cal. 2018) ("framing" of a photograph); *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1356, 1359 (N.D. Fla. 2010) (excerpts); *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432,

1  2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019) (copying "aspects" of architectural works);

2  *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) (thumbnail versions of

3  images), *rev'd on other grounds*, 336 F.3d 811 (9th Cir. 2003).

4        Against this, Plaintiffs again invoke the out-of-circuit decision in *ADR Int'l Ltd. v. Inst.*

5  *for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411 (S.D. Tex. 2023).  Mot. 7.  It bears remembering that

6  Plaintiffs did not even cite *ADR* until their motion to reconsider this Court's dismissal of their

7  claims on identicality grounds—apparently appreciating how little force it carries.  *See* ECF No.

8  228 at 6 (GitHub and Microsoft's Opposition to Plaintiffs' Motion for Reconsideration) (noting

9  that Plaintiffs failed to cite to *ADR* in opposing their motion to dismiss "even though it was

10  available to them during the prior round of briefing").  Indeed, as a case involving an

11  unquestionable effort to create a copy of an entire work only with superficial modifications as "a

12  thin veil over the facially obvious copying," 667 F. Supp. 3d at 418-19, it is not clear why the

13  *ADR* court felt a need to consider the identicality requirement at all.  But even if *ADR*'s

14  unnecessary discussion were not dicta, it is a single out-of-circuit case arrayed against the weight

15  of authority.  A § 1292(b) appeal is not warranted "simply because another district court reached

16  a different decision." *Tsyn*, 2016 WL 1718139, at *4.  The Ninth Circuit has stressed that it is not

17  enough to "support an interlocutory appeal" for "counsel [to] contend[] that one precedent rather

18  than another is controlling."  *Couch*, 611 F.3d at 633; *see also Spears v. Wash. Mut. Bk. FA*, No.

19  08-00868, 2010 WL 54755, at *3 (N.D. Cal. Jan. 8, 2010) ("[T]hat one district court came to a

20  different conclusion on the same issue is insufficient to establish a substantial ground for

21  difference of opinion.") (citing *In re Cement*, 673 F.2d at 1026); *Getz v. Boeing Co.*, No. C 07-

22  06396, 2009 WL 3765506, at *3 (N.D. Cal. June 16, 2009) ("[T]hat other district courts have

23  interpreted [a particular case] in the manner advocated by Defendants does not provide a

24  substantial ground for difference of opinion on controlling questions of law.") (citations omitted).

25        The remainder of Plaintiffs' rehashed case cites cannot move the needle.  Plaintiffs

26  concede that *Fischer v. Forrest*, 286 F. Supp. 3d 590 (S.D.N.Y. 2018), did not discuss or rule on

27  the issue.  Mot. 7 ("[T]he term 'identical' appears nowhere in that decision.").  In *Bounce Exch.,*

28  *Inc. v. Zeus Enter., Ltd.*, the district court considered whether the plaintiff adequately plead the

1  CMI, and did not rule on identicality; the term "identical" similarly appears nowhere in this
2  decision.  No. 15-cv-3268 (DLC), 2015 WL 8579023, at *2-4 (S.D.N.Y. Dec. 9, 2015).  The same
3  was true in *Splunk, Inc v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1053 (N.D. Cal. 2023).  In *Oracle
4  Int'l Corp. v. Rimini St., Inc.*, a case involving deliberate and direct copying of works, the
5  identical copy argument was not properly raised and therefore never evaluated on its merits.  No.
6  19-cv-01987, 2023 WL 4706127, at *82 (D. Nev. July 24, 2023).  *Software Pricing Partners LLC
7  v. Geisman* was a default judgment where identicality was not raised, No. 19-cv-00195, 2022 WL
8  3971292, at *1-2 (W.D.N.C. Aug. 31, 2022).  Because none of these cases genuinely addressed
9  the identicality requirement, none helps Plaintiffs.

<p style="text-align:center">\*\*\*</p>

11  When Plaintiffs' rhetorical stylings and inapposite filler are swept away, they are left with
12  a single nonbinding case and their own disagreement with the result.  That is not the sort of
13  extraordinary showing that justifies interlocutory appeal.

**B.   The Court's order does not present a controlling question of law suitable for interlocutory review.**

16  Even if there were substantial grounds for disagreement with the Court's decision, an
17  appeal from that decision would not present a single "controlling question of law" suitable for
18  interlocutory appeal.  As Plaintiffs concede, interlocutory review is appropriate only where the
19  appeal will present "legal issues which the court of appeals can resolve quickly and cleanly."
20  Mot. 5; *see Henley*, 2019 WL 8333448, at *2 (interlocutory review is suited only for issues that
21  "can be resolved quickly.").  While the existence of an identicality requirement is a legal
22  question, certification of this Court's order would bring more than just that issue before the Ninth
23  Circuit.  Defendants would be free to assert multiple alternative grounds for dismissal of
24  Plaintiffs' § 1202(b) claims, including a challenge to Plaintiffs' standing.  Certification therefore
25  would not present a single "quick[] and clean[]" legal question.
26  Throughout this litigation, Defendants have raised objections to Plaintiffs' standing to
27  pursue § 1202 claims.  *E.g.*, ECF No. 50 at 14-17 (GitHub and Microsoft's Motion to Dismiss
28  Portions of the Complaint); ECF No. 108 at 15-18 (GitHub and Microsoft's Motion to Dismiss

Portions of the FAC). Standing is jurisdictional, and a court cannot rule on the merits of a claim where it lacks jurisdiction, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998), even in a certified interlocutory appeal, *Couch*, 611 F.3d at 632. So, at a minimum, the Ninth Circuit could not address § 1202(b) identicality requirement before wading into legal questions and parsing Plaintiffs' elaborate attempts to establish injury-in-fact—and ultimately it may never reach Plaintiffs' § 1202(b) issue at all. *Steel Co.*, 523 U.S. at 94 ("[W]ithout jurisdiction" courts "cannot proceed" to the merits.).

In addition, Defendants have raised alternative grounds for dismissal of Plaintiffs' § 1202 claims under Rule 12(b)(6). *See* ECF No. 215 at 11-18 (GitHub and Microsoft's Motion to Dismiss the SAC). The Second Amended Complaint fails to identify any copyrighted work from which CMI was removed, a defect that has led to dismissal by other courts. *E.g.*, *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023); *see* ECF No. 215 at 11-14; 17-18 (GitHub and Microsoft's Motion to Dismiss the SAC). Plaintiffs also fail to allege the required objective likelihood of infringement needed to establish that GitHub or Microsoft acted "having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement," § 1202(b). *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 675 (9th Cir. 2018) (recognizing this requirement); *Tremblay*, 2024 WL 557720, at *4 (applying this rule to a generative AI tool). So, even if the identicality issue were a difficult one (it is not), the Ninth Circuit would not even have to reach it to affirm this Court's result. Certification is therefore not appropriate.

### C.   An interlocutory appeal will not materially advance this litigation.

The Ninth Circuit has stressed that § 1292(b) is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation," *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966), and not "merely to provide review of difficult rulings in hard cases," *Bluestar Genomics v. Song*, No. 21-cv-04507, 2024 WL 54701, at *5 (N.D. Cal. Jan. 4, 2024) (quoting *Wright*, 359 F.2d at 785). Plaintiffs have not shown that this Court's order meets that standard.

As noted, an interlocutory appeal would raise standing problems as well as alternative grounds for dismissal, which would prevent quick resolution of a discrete issue. *Supra* 9-10; *see Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (interlocutory appeal that "delay[s] resolution of th[e] litigation" would not materially advance the ultimate resolution of the litigation). Such a result would not materially advance the litigation.

Instead, interlocutory appeal would only create needless inefficiency. A piecemeal approach to resolving appellate issues would increase the expenditure of party and judicial resources. *See S.E.C. v. Schooler*, No. 12-cv-2164, 2014 WL 5757086, at *4 (S.D. Cal. Nov. 5, 2014) ("All that an interlocutory appeal does is delay the eventual trial of this case and creates the prospect of two separate appeals, one at this time and a second one after the eventual trial.") (denying certification); *cf. In re Stanton*, 766 F.2d 1283, 1287-88 (9th Cir. 1985) (noting that where "two complete trips through the appellate process would result, where otherwise there would have been only one," "the appellate process likely will be much shorter if we decline jurisdiction and await ultimate review on all the combined issues") (citation omitted). And it would delay—potentially by years—Defendants' ability to demonstrate that Plaintiffs' lawsuit is meritless in its entirety.

Plaintiffs' cited cases (at Mot. 9) are inapposite. In *J.B. v. G6 Hospitality, LLC*, the district court found appropriate to certify for interlocutory appeal the sole claim pled against one defendant, because courts had reached conflicting conclusions about the applicable standard for that claim. 2021 WL 6621068, at *1, *4 (N.D. Cal. Dec. 16, 2021). "Rather than litigating the case to the finish under a standard that will be challenged on appeal," the district court found certification appropriate. *Id.* at *4. That is not the case here, where Plaintiffs seek interlocutory review of their dismissed DMCA claims, which are entirely separate from the contract claims. *See* ECF No. 253 at 15 (Order on Motions to Dismiss SAC). Likewise in *In re California Title Insurance Antitrust Litigation*, interlocutory review on whether all claims were preempted "would effectively resolve th[e] litigation." 2010 WL 785798, at *2 (N.D. Cal. Mar. 3, 2010). That is also not the case here.

Plaintiffs next claim that their "DMCA claims are the heart of their class case" because

accumulated statutory "damages … would potentially be in the billions of dollars." Mot. 1; *see id.* at 9 ("Plaintiffs' § 1202 claims … are certainly at the core of this case."). Plaintiffs concede that the DMCA claims represent "the bulk of [their] damages." *Id.* at 2. The argument is admirable for its candor, but the mere fact that a dismissed claim could be lucrative for Plaintiffs does not mean that an interlocutory appeal would materially advance the litigation. If we take Plaintiffs at their word, there is a way to achieve their objectives that is much more direct than an interlocutory appeal. If Plaintiffs are convinced that the Ninth Circuit will see it their way on their key § 1202(b) claims, they can dismiss their remaining concededly valueless claims and pursue an appeal as of right.

Nor should this Court credit Plaintiffs' unexplained assertion that interlocutory appeal would "advance termination of litigation by increasing odds of settlement." Mot. 10. It is hard to see how the mere fact of an appeal now rather than at the conclusion of the case would materially move the needle on settlement. Sure, if the Ninth Circuit were to revive the § 1202(b) claims, Plaintiffs would once again have the leverage of a possible multi-billion-dollar judgment with which to extract a settlement. However, as the briefing on these issues makes clear, GitHub and Microsoft (as well as OpenAI and every other generative AI defendant in other cases) are firm in their view that generative AI tools, in their design and operation, do not implicate any CMI concerns and certainly not any in connection with a reproduction of anyone's copyrighted works. As such, even if these claims survived past the pleading stage, the Defendants' view of their ultimate merit would not change. *See Coles v. City of Oakland*, No. C03-2961, 2005 WL 8177791, at *3 (N.D. Cal. Aug. 3, 2005) (rejecting argument that "an interlocutory appeal" would be "necessary to promote settlement"); *cf. Henley*, 2019 WL 8333448, at *3 ("If the Court were to accept that argument, essentially all 'potentially dispositive interlocutory orders would be automatically appealable.'") (citation omitted).

Finally, Plaintiffs argue that an interlocutory appeal "will materially advance … other[] [cases] like" this one, including "numerous others challenging LLM models under the DMCA across the country," Mot. 9 (capitalization altered). This is legally irrelevant. "The relevant question is not whether the interlocutory appeal would have a positive effect on *other* litigants,

but rather, whether the appeal would materially advance *this* litigation." *Bennett v. SimplexGrinnell LP*, No. 11-cv-01854, 2014 WL 4244045, at *3 (N.D. Cal. Aug. 25, 2014) (emphases added). And in any event, beyond bare assertion, Plaintiffs make no showing that resolving the identicality requirement in the Ninth Circuit would meaningfully advance other cases. Many of these cases are in other circuits. *See* Mot. 1 n.1 (citing only cases outside of this Circuit). And all feature multiple bases for dismissal of the § 1202(b) claims, which will turn on the particular factual allegations in the complaints in those cases.

The best and most efficient way to resolve this case is the usual one. The parties should continue to litigate this case to final judgment, after which the losing side may appeal. Defendants have every interest in proceeding to that final judgment without delay so that they can vindicate the legality of the groundbreaking products Plaintiffs challenge.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for certification under § 1292(b) should be denied.

Dated: August 21, 2024

Orrick, Herrington & Sutcliffe LLP

By: _____*/s/ Annette L. Hurst*_____
ANNETTE L. HURST
Attorneys for Defendants
GitHub, Inc. and Microsoft Corp.