1  JOSEPH C. GRATZ (SBN 240676)
   JGratz@mofo.com
2  TIFFANY CHEUNG (SBN 211497)
   TCheung@mofo.com
3  JOYCE C. LI (SBN 323820)
   JoyceLi@mofo.com
4  MELODY E. WONG (SBN 341494)
   MelodyWong@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:    (415) 268-7000
7  Facsimile:    (415) 268-7522
   [CAPTION PAGE CONTINUED ON NEXT PAGE]
8
   Attorneys for Defendants OPENAI, INC., OPENAI, L.P.,
9  OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI
   STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I,
10 L.P., OPENAI STARTUP FUND MANAGEMENT, LLC,
   OPENAI, L.L.C., OPENAI GLOBAL, LLC, OAI
11 CORPORATION, OPENAI HOLDINGS, LLC, OPENAI
   HOLDCO, LLC, OPENAI STARTUP FUND SPV I, L.P., and
12 OPENAI STARTUP FUND SPV GP I, L.L.C.

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15
   J. DOE 1 et al.,                          | Case No. 4:22-cv-06823-JST
16                                            | Case No. 4:22-cv-07074-JST
                Plaintiffs,
17                                            | Hon. Jon S. Tigar
           v.
18                                            | **CLASS ACTION**
   GITHUB, INC., a Delaware corporation;
19 MICROSOFT CORPORATION, a Washington        | **DEFENDANTS OPENAI, INC.,**
   corporation; OPENAI, INC., a Delaware      | **OPENAI, L.P., OPENAI OPCO,**
20 nonprofit corporation; OPENAI, L.P., a Delaware | **L.L.C., OPENAI GP, L.L.C., OPENAI**
   limited partnership; OPENAI OPCO, L.L.C., a | **STARTUP FUND GP I, L.L.C.,**
21 Delaware limited liability company; OPENAI | **OPENAI STARTUP FUND I, L.P.,**
   GP, L.L.C., a Delaware limited liability company; | **AND OPENAI STARTUP FUND**
22 OPENAI STARTUP FUND GP I, L.L.C., a        | **MANAGEMENT, LLC'S**
   Delaware limited liability company; OPENAI | **OPPOSITION TO PLAINTIFFS'**
23 STARTUP FUND I, L.P., a Delaware limited   | **MOTION TO CERTIFY THE**
   partnership; OPENAI STARTUP FUND           | **COURT'S JUNE 24, 2024 ORDER**
24 MANAGEMENT, LLC, a Delaware limited        | **FOR INTERLOCUTORY APPEAL**
   liability company,                         | **PURSUANT TO 28 U.S.C. § 1292(B)**
25
                Defendants.                   | Date: September 26, 2024
26                                            | Time: 2:00 p.m.
                                              | Dept: Courtroom 6, 2nd Floor
27

28

1    ALLYSON R. BENNETT (SBN 302090)
     ABennett@mofo.com
2    ROSE S. LEE (SBN 294658)
     RoseLee@mofo.com
3    ALEXANDRA M. WARD (SBN 318042)
     AlexandraWard@mofo.com
4    MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
5    Los Angeles, California 90017-3543
     Telephone:    (213) 892-5200
6    Facsimile:    (213) 892-5454

7    MAX I. LEVY (SBN 346289)
     MLevy@mofo.com
8    MORRISON & FOERSTER LLP
     755 Page Mill Road
9    Palo Alto, CA 94304-1018
     Telephone:    (650) 813-5600
10   Facsimile:    (650) 494-0792

11   ERIC K. NIKOLAIDES (*pro hac vice*)
     ENikolaides@mofo.com
12   MORRISON & FOERSTER LLP
     250 West 55th Street
13   New York, NY 10019-9601
     Telephone:    (212) 468-8000
14   Facsimile:    (212) 468-7900

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ......................................... 2

III.    LEGAL STANDARDS ......................................................................................... 3

IV.     ARGUMENT ........................................................................................................ 4

    A.    The Court's Order Involves No Controlling Question Of Law ............................ 4

        1.    The Court's Dismissal Of Plaintiffs' DMCA Claim Turned On The Application Of Law To Fact ...................................................................... 4

        2.    Any Question Of Law Arising Out Of Plaintiffs' DMCA Claim Is Not Controlling ........................................................................................ 6

    B.    There Is No Substantial Ground For A Difference In Opinion .............................. 8

    C.    Interlocutory Appeal Would Not Materially Advance The Litigation .................. 13

V.      CONCLUSION ................................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*ADR Int'l Ltd. v. Inst. for Supply Mgmt., Inc.*,
    667 F. Supp. 3d 411 (S.D. Tex. 2023) ............................................................ 10, 11

6

*Andersen v. Stability AI Ltd.*,
    No. 23-cv-0201-WHO, 2024 WL 3823234 (N.D. Cal. Aug. 12, 2024) ................................ 10

7

*Art Tobias v. City of Los Angeles*,
    No. 17-cv-1076-DSF (ASX), 2018 WL 6003556 (C.D. Cal. June 20, 2018).......................... 6

*Baxter v. MCA, Inc.*,
    812 F.2d 421 (9th Cir. 1987)......................................................................... 8

*Bounce Exch., Inc. v. Zeus Enter., Ltd.*,
    No. 15-cv-3268 (DLC), 2015 WL 8579023 (S.D.N.Y. Dec. 9, 2015)........................... 11, 12

*Canela v. Costco Wholesale Corp.*,
    No. 13-cv-03598-BLF, 2018 WL 3008532 (N.D. Cal. June 15, 2018) ............................ 14

*Casas v. Victoria's Secret Stores, LLC*,
    No. 14-cv-6412-GW, 2015 WL 13446989 (C.D. Cal. Apr. 9, 2015) .............................. 14

*In re Cement Antitrust Litig.*,
    673 F.2d 1020 (9th Cir. 1981).................................................................... 4, 6

*City of Los Angeles v. Citigroup Inc.*,
    No. 13-cv-09009-ODW, 2014 WL 3942457 (C.D. Cal. Aug. 12, 2014)............................. 10

*Couch v. Telescope Inc.*,
    611 F.3d 629 (9th Cir. 2010)..................................................................... 4, 8

*Crowley v. Jones*,
    608 F. Supp. 3d 78 (S.D.N.Y. 2022)............................................................... 12

*DeLuca v. Farmers Ins. Exch.*,
    No. 17-cv-0034-EDL, 2019 WL 4260437 (N.D. Cal. Sept. 9, 2019)................................. 6

*Dolls Kill, Inc. v. Zoetop Bus. Co.*,
    No. 22-cv-1463-RGK-MAA, 2022 WL 16961477 (C.D. Cal. Aug. 25, 2022) ......................... 9

*Enterprise Tech. Holdings, Inc. v. Noveon Sys., Inc.*,
    No. 05-cv-2236 (CAB), 2008 WL 11338356 (S.D. Cal. July 29, 2008) ........................... 12

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*,
    756 F. Supp. 2d 1352 (N.D. Fla. 2010)........................................................ 10, 11

*Fischer v. Forrest*,
    286 F. Supp. 3d 590 (S.D.N.Y. 2018) ................................................................. 10, 12

*Friedman v. Live Nation Merch., Inc.*,
    833 F.3d 1180 (9th Cir. 2016) .................................................................................... 8

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
    700 F. App'x 674 (9th Cir. 2017) ..................................................................... 9, 11, 12

*Hansen Beverage Co. v. Innovation Ventures, LLC*,
    No. 08-cv-1166 IEG (POR), 2010 WL 743750 (S.D. Cal. Feb. 25, 2010) ........................... 13

*Henley v. Jacobs*,
    No. C-18-2244-SBA, 2019 WL 8333448 (N.D. Cal. Oct. 25, 2019) ...................................... 4

*U.S. ex rel Huangyan Imp. & Exp. Corp. v. Nature's Farm Prod., Inc.*,
    370 F. Supp. 2d 993 (N.D. Cal. 2005) .............................................................................. 13

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
    22 F.4th 1125 (9th Cir. 2022) ................................................................................. 4, 13

*James v. Price Stern Sloan, Inc.*,
    283 F.3d 1064 (9th Cir. 2002) ..................................................................................... 4

*Kipp Flores Architects, LLC v. Pradera SFR, LLC.*,
    No. 21-cv-00673, 2022 WL 1105751 (W.D. Tex. Apr. 13, 2022) ...................................... 11

*Kirk Kara Corp. v. W. Stone & Metal Corp.*,
    No. 20-cv-1931-DMG (EX), 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) ..................... 9, 11

*Leite v. Crane Co.*,
    No. 11-cv-00636 JMS/RLP, 2012 WL 1982535 (D. Haw. May 31, 2012) .......................... 15

*Nat. Res. Def. Council v. Cnty. of L.A.*,
    No. 08-cv-1467-AHM, 2011 WL 318543 (C.D. Cal. Jan. 27, 2011) .................................... 10

*O'Neal v. Sideshow, Inc.*,
    583 F. Supp. 3d 1282 (C.D. Cal. 2022) ........................................................................... 10

*Rabin v. PricewaterhouseCoopers LLP*,
    No. 16-cv-02276-JST, 2017 WL 11662124 (N.D. Cal. Apr. 17, 2017) ................................. 7

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ....................................................................................... 8

*Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*,
    202 F.3d 957 (7th Cir. 2000) ....................................................................................... 5

*Rodman v. Safeway Inc.*,
    No. 11-cv-03003-JST, 2015 WL 3863653 (N.D. Cal. June 22, 2015) ......................... 7, 13, 14

*Software Pricing Partners, LLC v. Geisman*,
No. 19-cv-00195-RJC-DCK, 2022 WL 3971292 (W.D.N.C. Aug. 31, 2022) ................. 11, 12

*Splunk, Inc. v. Cribl, Inc.*,
662 F. Supp 3d 1029 (N.D. Cal. 2023) ................................................................. 11

*Steering Comm. v. United States*,
6 F.3d 572 (9th Cir. 1993) .................................................................................. 4

*Tremblay v. OpenAI, Inc.*,
No. 23-cv-03223-AMO, 2024 WL 557720 (N.D. Cal. Feb. 12, 2024) .......................... 10, 12

*United States v. Stanley*,
483 U.S. 669 (1987) .......................................................................................... 5

*Van Meter v. Barr*,
976 F.2d 1 (D.C. Cir. 1992) ................................................................................ 7

*Wallis v. Centennial Ins. Co., Inc.*,
No. 08-cv-2558-WBS-GGH, 2012 WL 1552766 (E.D. Cal. May 1, 2012) ..................... 6

*Wood v. GCC Bend, LLC*,
422 F.3d 873 (9th Cir. 2005) ............................................................................... 13

**Constitution, Statutes, and Rules**

28 U.S.C. § 1292(b) ....................................................................................... *passim*

## I.     INTRODUCTION

In its June 24, 2024 Order Granting in Part and Denying in Part Motions to Dismiss (Dkt. No. 253) ("Third MTD Order"), this Court dismissed Plaintiffs' remaining Digital Millennium Copyright Act ("DMCA") claim on straightforward, fact-specific grounds:  Plaintiffs failed to plausibly allege any of their software code had been or would be reproduced in identical form.  In reaching that conclusion, the Court carefully examined the new facts alleged in Plaintiffs' Second Amended Complaint—including allegations about particular coding tools and the significance of an academic study on large language models—in light of the Court's months-old determination that DMCA violations require proof of identicality.  That analysis relied on, and is consistent with, a host of other district court decisions reaching similar results in analogous circumstances.  The Court's fact-intensive Third MTD Order does not warrant interlocutory review under 28 U.S.C. § 1292(b) because none—let alone all—of the factors supporting that exceptional result is met.

*First*, the Court's order does not involve a controlling question of law.  It is well-settled that an order applying law to fact presents a mixed question ill-suited for interlocutory review.  The Third MTD Order involves precisely such a mixed question:  the application of the DMCA's identicality requirement to the new allegations in the SAC.  Plaintiffs attempt to obscure this reality by focusing on the predicate question of whether the DMCA requires identicality.  But Plaintiffs cannot use this motion to seek review of the Court's earlier determination, made in a different order, regarding the DMCA's requirements.  And even were the Court to accept that end-run, any legal question that may be present here is not controlling because no appeal outcome would avoid protracted and expensive litigation given Plaintiffs' remaining contract claim.

*Second*, Plaintiffs fail to establish a substantial ground for a difference in opinion.  The Court's Third MTD Order reflects a nationwide consensus among district courts that DMCA claims require the removal of a plaintiff's copyright management information ("CMI") from identical

copies of the original work, and that it is not sufficient to show the creation of a new or modified work that never had CMI in the first place.  The smattering of cases Plaintiffs cite do not unsettle that uniformity, as those decisions either did not address this identicality issue or turned on facts distinct from those alleged here.  And while Plaintiffs try to introduce uncertainty by claiming the Ninth Circuit has disagreed with the widespread approach, the Ninth Circuit has in fact endorsed reasoning parallel to this Court's.

*Third*, an interlocutory appeal will not advance the ultimate termination of this (or any other) litigation.  Reversal on appeal would not decrease the time and expense of district court proceedings; rather, allowing litigation to proceed in the ordinary course, with a single appeal following the entry of final judgment, will be more efficient for the parties and all courts. The existence of a few other cases involving DMCA identicality issues does not change that fact, particularly where most of those cases are being litigated outside the Ninth Circuit.

Plaintiffs' motion should be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Despite this case's age, it remains at the pleading stage due to Plaintiffs' repeated, and unsuccessful, attempts to cure their defective claims.  Plaintiffs allege that Copilot, an artificial intelligence-based coding tool released by co-defendant GitHub, output modified portions of Plaintiffs' licensed code without including its CMI.  Plaintiffs' November 2022 complaint raised ten claims against OpenAI, including the alleged violation of various provisions of the DMCA and breach of license.  (Dkt. No. 1 ¶¶ 138-242.)  Ruling on OpenAI's first motion to dismiss in May 2023, the Court permitted Plaintiffs' theories under DMCA Sections 1202(b)(1) and (b)(3) to proceed.  In doing so, it did not address OpenAI's argument that Plaintiffs had failed to allege that CMI had been removed from identical copies of Plaintiffs' works.  (Dkt. No. 95 at 18-21; Dkt. No. 53 at 9-10.)

1
2
3
4
5
6
7
8
9

Plaintiffs' First Amended Complaint brought this threshold identicality requirement to the fore.  Plaintiffs confirmed their position that Copilot was outputting modified portions of Plaintiffs' code, not identical copies of any works.  (Dkt. No. 97-3 ("FAC") ¶¶ 96, 103, 113-20, 121-28.)  The Court agreed with OpenAI that DMCA Section 1202(b) requires identicality and dismissed Plaintiffs' DMCA claim on this basis.  (Dkt. No. 189 ("Second MTD Order") at 14-16.)  Although the Court expressed doubt that Plaintiffs could cure this defect, it gave Plaintiffs a further chance to amend.  (*Id.* at 16.)  Two months later, Plaintiffs asked the Court to reconsider its ruling on the DMCA's identicality requirement; the Court declined.  (Dkt. Nos. 218, 246.)

10
11
12
13
14
15
16
17
18
19
20
21
22

Plaintiffs' Second Amended Complaint continued to allege simply that Copilot outputs Plaintiffs' code in "[m]odified [f]ormat" and creates "modified copies," which are not an "exact match" or are merely "functionally equivalent" to Plaintiffs' code.  (Dkt. No. 200 ("SAC") ¶¶ 115, 120, 124-25, 133.)  Although Plaintiffs included new allegations describing GitHub's code-referencing feature and an unrelated academic study about language models, neither of those allegations plausibly suggested that Copilot would output identical copies of Plaintiffs' works.  (*Id.* ¶¶ 104, 146, 208-09.)  Once again, the Court deemed Plaintiffs' allegations insufficient and dismissed the DMCA claim—this time, with prejudice.  (Dkt. No. 253 ("Third MTD Order") at 4-6.)  The Court observed that some of Plaintiffs' arguments against dismissal focused on whether "identicality is not an element of a Section 1202(b) claim."  The Court explained that "[h]aving twice addressed this issue already, the Court will not revisit it at length."  (*Id.* at 4.)

23

## III.   LEGAL STANDARDS

24
25
26
27
28

A district court may, in its discretion, certify an order for interlocutory review if the order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  The party seeking certification bears the burden

of demonstrating that all three statutory prerequisites are satisfied.  *Couch v. Telescope Inc.*, 611

F.3d 629, 633 (9th Cir. 2010).  Section 1292(b) "must be construed narrowly," *James v. Price Stern

Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and is to be applied "only in exceptional

cases," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1981).

## IV.     ARGUMENT

Plaintiffs have failed to demonstrate that any of the statutory requirements for interlocutory

appeal is satisfied—much less all three.

### A.     The Court's Order Involves No Controlling Question Of Law

#### 1.     The Court's Dismissal Of Plaintiffs' DMCA Claim Turned On The Application Of Law To Fact

Plaintiffs cannot satisfy Section 1292(b)'s threshold requirement:  that the order to be

certified involves a "question of law."  Plaintiffs incorrectly suggest that any order involving an

underlying statutory interpretation question meets this standard.  (Dkt. No. 268 ("Mot.") at 5.)  But

a controlling question of law must be a "*purely* legal one that can be resolved quickly without

delving into a particular case's facts." *Henley v. Jacobs*, No. C-18-2244-SBA, 2019 WL 8333448,

at \*2 (N.D. Cal. Oct. 25, 2019) (emphasis added).  By contrast, the application of a legal "standard

to the facts of [the] case ... is a mixed question of law and fact" that is not appropriate for

interlocutory review.  *Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993); *accord

ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022).

A strong indicator that an order does not involve a question of pure law is that the court "primarily

relied on facts from the record" in reaching its decision.  *ICTSI*, 22 F.4th at 1132.

That principle precludes certification of the Court's Third MTD Order.  In dismissing

Plaintiffs' DMCA claim, the Court applied a legal standard—the DMCA's requirement that

defendants remove CMI from identical copies of a plaintiff's work—to the specific facts of this

case.  And when concluding that Plaintiffs failed to meet that standard, the Court focused on the

unique and specific allegations regarding a prototype software code-referencing feature and an academic study, which showed it implausible that Plaintiffs' software code would be reproduced verbatim in the future.  (Third MTD Order at 2-3, 5-6 (noting that the asserted feature "does not make it more likely that Copilot would ever output an identical copy of Plaintiffs' works" and that "the Carlini Study does nothing to rehabilitate Plaintiffs' own concession that, still, more often, Copilot's suggestions are a modification") (quotation marks omitted).)  Indeed, Plaintiffs tacitly admit the issues presented to the Court were mixed in nature:  in opposing dismissal, they focused on the DMCA's "application to software code in particular."  (Dkt. No. 235 ("Opp. to MTD FAC") at 11.)  That fact-specific application question is not one of "pure law" amenable to resolution on interlocutory appeal.

Seeking to avoid that outcome, Plaintiffs focus on the predicate question of whether the DMCA requires identicality.  (Mot. at 4.)  Plaintiffs' reliance on that question is misplaced because it was the Court's Second MTD Order from January 2024—not the Third MTD Order at issue here—that "adopt[ed] an identicality standard for DMCA violations."  (Opp. to MTD FAC at 13; Second MTD Order at 14-16.)  A Section 1292(b) appeal "is from the certified order, not from any other orders that may have been entered in the case."  *United States v. Stanley*, 483 U.S. 669, 677 (1987).  If Plaintiffs wanted interlocutory review of the district court's interpretation of Section 1202(b), they should have sought certification of the Second MTD Order.  But instead of seeking certification then, Plaintiffs opted to amend their complaint to add new factual allegations—which only underscores the case-specific and fact-intensive nature of the Court's Third MTD Order.

Finally, even assuming Plaintiffs could seek certification of the Court's Second MTD Order, their seventh-month delay in doing so would be reason alone to deny certification.  *E.g.*, *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (Posner, J.) (deeming a two-month delay "an inexcusably dilatory request"); *Wallis v. Centennial Ins. Co., Inc.*, No. 08-

cv-2558-WBS-GGH, 2012 WL 1552766, at *2 (E.D. Cal. May 1, 2012) (denying certification where defendants "provided no reason for their three month delay"); *Art Tobias v. City of Los Angeles*, No. 17-cv-1076-DSF (ASX), 2018 WL 6003556, at *1 n.2 (C.D. Cal. June 20, 2018) ("unreasonable and unexplained delay in seeking certification are grounds to deny certification"); *DeLuca v. Farmers Ins. Exch.*, No. 17-cv-0034-EDL, 2019 WL 4260437, at *8 (N.D. Cal. Sept. 9, 2019) (45-day delay independent reason to deny certification).  Rather than seeking interlocutory review promptly, Plaintiffs have instead sought multiple bites at the apple—amendment, reconsideration, and now a certification motion—that have prolonged this case unnecessarily.  The Court should not countenance their belated attempt to manufacture a purely legal question to seek interlocutory review.

### 2. Any Question Of Law Arising Out Of Plaintiffs' DMCA Claim Is Not Controlling

Even if the Court's Third MTD Order involved a pure question of law about the DMCA, Plaintiffs could not satisfy the first Section 1292(b) requirement for an independent reason:  that legal question will not materially affect the outcome of the litigation as a whole.

A legal question is controlling only if its resolution "could materially affect the outcome of litigation in the district court."  *Cement Antitrust Litig.*, 673 F.2d at 1026.  It is not enough, as Plaintiffs suggest (without more), that reversal would "reviv[e]" a claim they will otherwise appeal later.  (Mot. at 6.)  If true, then every dismissal or summary-judgment ruling would trigger Section 1292(b)'s "exceptional" circumstances.  *Cement Antitrust Litig.*, 673 F.2d at 1027.  Instead, a reversal must "avoid protracted and expensive litigation" that will otherwise occur.  *Id.* at 1026; *see also infra* Part IV.C (explaining that this issue overlaps with the related "materially advance" requirement).

Plaintiffs have not shown that reversal will have that effect here.  Indeed, they have expressed that the trajectory of litigation will be the *same* regardless of whether the DMCA

identicality issue is resolved now or later.  Plaintiffs' remaining breach of contract claim against OpenAI is unaffected by the Court's order dismissing the DMCA claim.  That claim rests on many of the same underlying allegations as their DMCA claim, namely, that OpenAI "fail[ed] to provide attribution to the creator and/or owner of the Licensed Materials"; "fail[ed] to include copyright notices when Copilot Outputs copyrighted OS code"; and "fail[ed] to identify the License applicable to the Work and/or including its text when Copilot Outputs code including a portion of a Work."  (SAC ¶¶ 245-47; *compare id.* ¶¶ 205-06 (alleging OpenAI violated DMCA by removing or altering CMI and distributing copies of code knowing that CMI was removed or altered).)  And Plaintiffs have taken the position that "[m]any (if not all) of the discovery requests relevant to the DMCA claims and the breach of contract claim are co-extensive[.]"  (Declaration of Joseph C. Gratz, Ex. A at 1 (June 25, 2024 letter from W. Castillo Guardado to J. Gratz).)  Thus, according to Plaintiffs, this Court's "narrowing of the claims in this case does not alter the relevance of the discovery sought by Plaintiffs."  (*Id.*)

These positions should doom Plaintiffs' motion.  As this Court has recognized, a legal question is "not controlling" when, as here, "much of the discovery on" that issue "would overlap with the discovery required for" other claims in the case. *Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-02276-JST, 2017 WL 11662124, at *2 (N.D. Cal. Apr. 17, 2017).  In these circumstances, permitting a piecemeal appeal of the DMCA issue alone will not meaningfully "save time for the district court, and time and expense for the litigants." *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2015 WL 3863653, at *2 (N.D. Cal. June 22, 2015) (quoting 16 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3930); *cf. Van Meter v. Barr*, 976 F.2d 1, 1 (D.C. Cir. 1992) (dismissing interlocutory appeal where "the litigation would be conducted in the same way no matter how [the question] were decided").  Thus, any legal question Plaintiffs could excavate would not be "controlling" for purposes of Section 1292(b).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.      There Is No Substantial Ground For A Difference In Opinion

Similarly, Plaintiffs identify no substantial ground for a difference in opinion on the Court's Third MTD Order.   This failure is another independent reason to decline their request for certification. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

"[J]ust because … counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633.   Instead, a substantial ground for difference of opinion exists if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.*   None of those circumstances is present here with respect to the question of whether the DMCA requires identicality.

As Plaintiffs acknowledge (Mot. at 2), no Court of Appeals has explicitly spoken on this question.   That includes the Ninth Circuit, despite Plaintiffs' claim that it "implicitly rejected an identicality standard for the DMCA" in *Friedman v. Live Nation Merchandise, Inc*., 833 F.3d 1180, 1188 (9th Cir. 2016).   (Mot. at 7.)   *Friedman* held nothing of the sort.   In that case, the evidence showed that "the photographs used by [defendant] Live Nation were *exact copies* of the images *precisely* as they appeared on [plaintiff] Sony's website."   833 F.3d at 1188(emphases added).   It is true (Mot. at 7) that *Friedman* referred to the "striking similarity" doctrine (*id.*)—but that doctrine, which is part of the copyright infringement analysis, merely offers "an alternative means of proving 'copying' where proof of access is absent." *Baxter v. MCA, Inc.*, 812 F.2d 421, 424 n.2 (9th Cir. 1987).   In no way does it offer an alternative to satisfying the DMCA's identicality requirement.   *See Friedman*, 833 F.3d at 1188 (applying doctrine to support inference that

"photographs were *directly copied*" from plaintiff's original sources) (emphasis added).[1]

Contrary to Plaintiffs' view, the Ninth Circuit has implicitly *endorsed* imposing an identicality requirement on DMCA claims. In *Frost-Tsuji Architects v. Highway Inn, Inc.*, the district court ruled that a defendant's possession of floor plans "virtually identical" to a plaintiff's was insufficient evidence of a DMCA violation. No. 13-cv-00496-SOM, 2014 WL 5798282, at *5 (D. Haw. Nov. 7, 2014) The court observed that such "[v]irtually identical plans could have been created by redrawing [plaintiff] Frost-Tsuji's plans and not including Frost-Tsuji's copyright management information"—but concluded "that would not involve any removal or alteration of copyright management information from Frost-Tsuji's original work" in violation of the statute. *Id.* On *de novo* review, the Ninth Circuit "affirm[ed]" dismissal of the DMCA claim "for the reasons stated in the district court's order." *Frost-Tsuji Architects v. Highway Inn, Inc.*, 700 F. App'x 674, 675 (9th Cir. 2017). The facts in *Frost-Tsuji* mirror those at issue in this case: Plaintiffs here allege, at most, virtually identical outputs that were created by drawing on their code and not including CMI in that new output. *Supra* Part II. That does not plausibly allege removal of CMI from Plaintiffs' works.

*Frost-Tsuji* is consistent with the long line of cases recognizing that "no DMCA violation exists where the works are not identical." *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. 20-cv-1931-DMG (EX), 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020). Thus, DMCA claims have been dismissed when defendants distributed "knockoff products" with mere "similarities" to the plaintiff's products, *Dolls Kill, Inc. v. Zoetop Bus. Co.*, No. 22-cv-1463-RGK-MAA, 2022 WL

---

[1] Plaintiffs' invocation of the *Russello* principle similarly overreaches. Plaintiffs suggest that by using the phrase "identical copies" elsewhere in the DMCA, Congress could not have intended for Section 1202(b) to require identicality. (Mot. at 4-5.) But as numerous courts have recognized (*infra* at pp. 9-11), Section 1202(b)'s narrow prohibition on the "remov[al]" of CMI (as opposed to the failure to add CMI to a work) is the source of the identicality requirement.

16961477, at *3-4 (C.D. Cal. Aug. 25, 2022); when a defendant modified the "opacity and position" of copyrighted designs, *O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d 1282, 1287 (C.D. Cal. 2022); when "information from" a plaintiff's academic "courses was allegedly copied into a different form and then incorporated into the [defendant's] note packages," *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010); and when a defendant's work "drew upon various materials" provided by a plaintiff, *Fischer v. Forrest*, 286 F. Supp. 3d 590, 610 (S.D.N.Y. 2018) (approvingly citing *Frost-Tsuji* and *Faulkner*).  That line of cases includes recent decisions from this District:  Another district court recently dismissed DMCA claims based on allegations highly similar to those here—that OpenAI's artificial-intelligence tools created "derivative" works based on Plaintiffs' copyrighted books—for lack of identicality.  *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223-AMO, 2024 WL 557720, at *5 (N.D. Cal. Feb. 12, 2024) ("Under the plain language of the statute, liability requires distributing the original 'works' or 'copies of [the] works.'").  And yet another, just days ago, expressly adopted the reasoning in the Court's Second MTD Order, dismissing a Section 1202(b)(1) claim because there were "no allegations that any output from" defendants "was identical to a plaintiff's work."  *Andersen v. Stability AI Ltd.*, No. 23-cv-0201-WHO, 2024 WL 3823234, at *8 (N.D. Cal. Aug. 12, 2024) (citing Second MTD Order).

Plaintiffs attempt to manufacture uncertainty by pointing to a handful of district court decisions that declined to dismiss DMCA claims, including *ADR International Ltd. v. Institute for Supply Management, Inc.*, 667 F. Supp. 3d 411 (S.D. Tex. 2023).  (Mot. at 7-8.)  But this effort fails for several reasons.  To start, as a general matter, "[d]istrict court decisions from outside the Ninth Circuit do not create a substantial ground for difference of opinion."  *City of Los Angeles v. Citigroup Inc.*, No. 13-cv-09009-ODW, 2014 WL 3942457, at *3 (C.D. Cal. Aug. 12, 2014) (collecting cases).  Were it otherwise, "interlocutory appeals likely would be justified on any number of issues in routine cases, rather than only in exceptional cases."  *Nat. Res. Def. Council v.*

*Cnty. of L.A.*, No. 08-cv-1467-AHM (PLAx), 2011 WL 318543, at *1 (C.D. Cal. Jan. 27, 2011) (quotation marks omitted).

Regardless, *ADR* simply stands for the unremarkable proposition that different facts lead to different outcomes.  In allowing the plaintiff's DMCA claim to go forward, *ADR* distinguished another decision, *Kipp Flores Architects, LLC v. Pradera SFR, LLC.  See ADR*, 667 F. Supp. 3d at 428-49; *Kipp Flores*, No. 21-cv-00673, 2022 WL 1105751, at *3 (W.D. Tex. Apr. 13, 2022).  *Kipp Flores* followed *Frost-Tsuji*, *Kirk Kara*, and *Faulkner*, and "interpret[ed] the plain meaning of 'remove'" to conclude that the "DMCA does not apply when the plaintiff alleges CMI was removed from a new work that is a nonidentical or derivative rendition of the plaintiff's copyrighted works because the new work never had the CMI on it to be removed." *ADR*, 667 F. Supp. 3d at 429 (quoting *Kipp Flores*, 2022 WL 1105751, at *3).  But the facts in *ADR* were different.  The plaintiff there pleaded not that the defendant created a new work from the plaintiff's work, but instead that the defendant "reproduced [p]laintiff's training materials" (specifically, PowerPoint slides) "without its CMI and replaced it with" defendant's CMI.  *ADR*, 667 F. Supp. at 428-29.  Here, Plaintiffs' allegations mirror those in *Kipp Flores*, not *ADR*:  they assert that Copilot draws on their software code and outputs new, nonidentical works that never included CMI.  *Supra* Part II.  There is thus no inconsistency between *ADR* and the Court's decision here.

The other district court decisions Plaintiffs cite (at 7-8) reveal no true disagreement either. In most, the identicality question was never pressed or passed upon at all.  *See Splunk, Inc. v. Cribl, Inc.*, 662 F. Supp 3d 1029, 1052-53 (N.D. Cal. 2023) (considering whether plaintiffs pleaded existence of CMI and scienter); *Bounce Exch., Inc. v. Zeus Enter., Ltd.*, No. 15-cv-3268 (DLC), 2015 WL 8579023, at *2-4 (S.D.N.Y. Dec. 9, 2015) (considering whether material constituted CMI); *Software Pricing Partners, LLC v. Geisman*, No. 19-cv-00195-RJC-DCK, 2022 WL

3971292, at *5 (W.D.N.C. Aug. 31, 2022) (not raising identicality).[2]  In others, Plaintiffs ignore the decision's underlying reasoning.  For instance, Plaintiffs (at 8) cite *Oracle International Corp. v. Rimini Street, Inc.*—specifically, its statement that "when a defendant 'modifie[s] source code substantially similar to [p]laintiff's copyrighted source code,' including by replacing the author's name with its own, the defendant is liable under the DMCA."  No. 14-cv-1699-MMD-DJA, 2023 WL 4706127, at *82 (D. Nev. July 24, 2023).  But in the decision *Oracle* quotes, the modifications that supported DMCA liability were changes to "name" and "author" information in source code— *i.e.*, changes to CMI.  *Enterprise Tech. Holdings, Inc. v. Noveon Sys., Inc.*, No. 05-cv-2236 (CAB), 2008 WL 11338356, at *16 (S.D. Cal. July 29, 2008).  And the only time the phrase "substantially similar" appears in *Noveon* is in the discussion of Copyright Act liability.  *Id.* at *14.

Finally, Plaintiffs' reference to the Copyright Act's grant of rights with respect to derivative works fails too.  (Mot. at 8.)  Cases squarely addressing the question have concluded that "a defendant does not violate the DMCA by printing his own name on the derivative work, even if the derivative work is an act of infringement."  *Crowley v. Jones*, 608 F. Supp. 3d 78, 90-91 (S.D.N.Y. 2022) (citing *Park v. Skidmore, Owings & Merrill LLP*, No. 17-cv-4473 (RJS), 2019 WL 9228987, at *11 (S.D.N.Y. Sept. 30, 2019) (Sullivan, J.), and collecting additional cases); *accord Frost-Tsuji*, 2015 WL 263556, at *4 (defendants do not violate DMCA by "creat[ing] derivative work"); *Tremblay*, 2024 WL 557720, at *5.  That is unsurprising:  as these cases recognize, the Copyright

---

[2] Further, the district court's analysis in *Geisman* suggests that the only "alteration" of the plaintiff's work was removing or falsifying CMI.  2022 WL 3971292, at *10 (observing when awarding DMCA damages that defendant "sent an electronic copy of the same [copyrighted] document to VideoMyJob, but … he removed the indications that SPP owned the document and inserted his own name indicating that Geisman owned the document").  Plaintiffs also argue (at 7) that *Fischer* conflicts with this Court's decision because *Fischer* quotes a sentence from *Bounce*'s factual-background recitation that uses the phrase "substantially similar."  *Fischer*, 286 F. Supp. 3d at 609; *see Bounce*, 2015 WL 8579023, at *1.  But *Bounce* did not consider the identicality issue, 2015 WL 8579023, at *2-4, and *Fischer* relied on *Frost-Tsuji* to reject a DMCA claim that alleged a defendant created works that "drew upon" a plaintiff's works, 286 F. Supp. 3d at 610.

Act and DMCA are distinct laws with different scopes, and equating them would wrongly subsume the DMCA.  Whether allegations state an infringement claim says nothing about whether they also state a DMCA claim.

### C.      Interlocutory Appeal Would Not Materially Advance The Litigation

Finally, Plaintiffs cannot (and do not meaningfully attempt to) show that interlocutory appeal would materially advance the litigation.  "[T]he considerations of this factor overlap significantly with the first one."  *Rodman*, 2015 WL 3863653, at *3 (quotation marks omitted).  Namely, the "materially advance prong is satisfied when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings."  *ICTSI*, 22 F.4th at 1131 (quotation marks omitted).  Conversely, "[w]hen litigation will be conducted in substantially the same manner regardless of" the appeal's outcome, "the appeal cannot be said to materially advance the ultimate termination of the litigation."  *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-cv-1166 IEG (POR), 2010 WL 743750, at *4 (S.D. Cal. Feb. 25, 2010).  Thus, for the same reasons Plaintiffs fail to show a "controlling" question, they also fail to show the prospect of material advancement.  *Supra* Part IV.A.2.  Indeed, because Plaintiffs view the dismissed DMCA claim and remaining contract claim as having similar "factual bases," efficiency counsels in favor of a single unified appeal, and not "piecemeal appeals with respect to the same set of facts."  *Cf. Wood v. GCC Bend, LLC*, 422 F.3d 873, 879-80 (9th Cir. 2005) (deeming Rule 54(b) certification inappropriate under similar circumstances).

None of Plaintiffs' arguments fills in this gaping hole in their motion.  (Mot. at 9-12.)  The DMCA count was one of ten asserted against OpenAI in Plaintiffs' original complaint—hardly the "heart" of their case.  (Mot. at 9); *cf. U.S. ex rel Huangyan Imp. & Exp. Corp. v. Nature's Farm Prod., Inc.*, 370 F. Supp. 2d 993, 1005 (N.D. Cal. 2005) (depending on resolution of issues, plaintiffs might have "no claim at all or might be in the wrong court altogether").  Regardless,

whether the DMCA count might drive damages in the case (Mot. at 9) does not support certification—as this Court has recognized.  *See Rodman*, 2015 WL 3863653, at *2 ("amount of damages" sought in dismissed claim did not bear on certification).

For similar reasons, that this case is a putative class action (Mot. at 10) is beside the point. The handful of alleged violations Plaintiffs identify (*supra* Part II) fall far short of establishing that the DMCA claim represents the "substantial majority" of damages.  *Compare Casas v. Victoria's Secret Stores, LLC*, No. 14-cv-6412-GW (VBKX), 2015 WL 13446989, at *3 (C.D. Cal. Apr. 9, 2015).  And while the scope of a potential class claim might bear on settlement in some cases, Plaintiffs do not contend that OpenAI—or any party, for that matter—is willing to settle if the DMCA issue is resolved.  *Compare Canela v. Costco Wholesale Corp.*, No. 13-cv-03598-BLF, 2018 WL 3008532, at *2 (N.D. Cal. June 15, 2018)).  In any event, Plaintiffs' arguments about "class actions" (Mot. at 10) puts the cart before the horse, because no class has been certified in this case.

Nor, finally, have Plaintiffs established that interlocutory appeal will aid in the resolution of "a large number of other cases," as they argue by pointing to four district court cases raising DMCA claims.  (Mot. at 10-11.)[3]  Plaintiffs offer no reason to think that appellate review of this Court's decision will offer meaningful (if any) guidance for the cases they cite.   Three of those four cases are out-of-circuit—and thus will not be controlled by any decision from the Ninth Circuit—and the one case that was transferred to this District does not raise an identicality issue.  *See Concord Music Group, Inc. v. Anthropic PBC*, No. 24-cv-03811 (N.D. Cal.), Dkt. Nos. 41, 55, 67, 79, 89, 92 (injunction and dismissal briefing).  Pointing to a handful of out-of-circuit cases is a far cry from identifying dozens of cases turning on the same *evidence*—which might be relevant to

---

[3] While Plaintiffs list five case names, they cite only four case numbers.  (Mot. at 1 n.1.)

the "materially advance" inquiry. *See Leite v. Crane Co.*, No. 11-cv-00636 JMS/RLP, 2012 WL 1982535, at \*7 (D. Haw. May 31, 2012) (noting that 21 out-of-circuit cases and 11 in-district cases turned on the same or similar "affidavits" as those submitted in the instant case).

## V.    CONCLUSION

Plaintiffs' motion for certification for interlocutory appeal should be denied.

Dated: August 21, 2024                    MORRISON & FOERSTER LLP


                                          By:    */s/ Joseph C. Gratz*
                                                 Joseph C. Gratz

MAX I. LEVY (SBN 346289)          JOSEPH C. GRATZ
MLevy@mofo.com                    JGratz@mofo.com
MORRISON & FOERSTER LLP           TIFFANY CHEUNG
755 Page Mill Road                TCheung@mofo.com
Palo Alto, CA 94304-1018          JOYCE C. LI (CA SBN 323820)
Telephone:    (650) 813-5600      JoyceLi@mofo.com
Facsimile:    (650) 494-0792      MELODY E. WONG
                                  MelodyWong@mofo.com
                                  MORRISON & FOERSTER LLP
                                  425 Market Street
                                  San Francisco, California  94105-2482
                                  Telephone:    (415) 268-7000
                                  Facsimile:    (415) 268-7522

ERIC K. NIKOLAIDES (*pro hac vice*)   ALLYSON R. BENNETT
ENikolaides@mofo.com              ABennett@mofo.com
MORRISON & FOERSTER LLP           ROSE S. LEE
250 West 55th Street              RoseLee@mofo.com
New York, NY 10019-9601           ALEXANDRA M. WARD
Telephone:    (212) 468-8000      AlexandraWard@mofo.com
Facsimile:    (212) 468-7900      MORRISON & FOERSTER LLP
                                  707 Wilshire Boulevard
                                  Los Angeles, California 90017-3543
                                  Telephone:   (213) 892-5200
                                  Facsimile:   (213) 892-5454

*Attorneys for Defendants OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND MANAGEMENT, LLC, OPENAI, L.L.C., OPENAI GLOBAL, LLC, OAI CORPORATION, OPENAI HOLDINGS, LLC, OPENAI HOLDCO, LLC, OPENAI STARTUP FUND SPV I, L.P., and OPENAI STARTUP FUND SPV GP I, L.L.C.*