Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
William W. Castillo Guardado (State Bar No. 294159)
Holden J. Benon (State Bar No. 325847)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                lkessler@saverilawfirm.com
                eabuchanan@saverilawfirm.com
                wcastillo@saverilawfirm.com
                hbenon@saverilawfirm.com
                mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, California 90027
Telephone:      (323) 968-2632
Facsimile:      (415) 395-9940
Email:          mb@butericklaw.com

*Counsel for Plaintiffs and the Proposed Class*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al.,<br><br>　　　Individual and Representative Plaintiffs,<br><br>　　　v.<br><br>GITHUB, INC., et al.,<br><br>　　　　　　　　　　　　Defendants. | Case Nos.　　　4:22-cv-06823-JST<br>　　　　　　　　　　4:22-cv-07074-JST<br><br><br>**PLAINTIFFS' REPLY TO DEFENDANTS GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND CERTIFY THE COURT'S JUNE 24, 2024 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(b)** |

Case No.: 4:22-cv-06823-JST

PLAINTIFFS' REPLY TO DEFENDANTS GITHUB AND MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND AND CERTIFY THE COURT'S JUNE 24, 2024 ORDER

# INTRODUCTION

Despite Defendants Microsoft and GitHub's claim there is "broad consensus" that § 1202(b) of the Digital Millennium Copyright Act ("DMCA") includes an "identicality" requirement, this is plainly not true. Defs' Opp. to Pls' Mot to Amend and Certify the Court's June 24, 2024 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 273) ("Defs' Opp") at 1. Three district court decisions issued in the **last 7 weeks**—including two from the Northern District of California— make clear no such consensus exists. *See Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2024 WL 3823234, at *8 (N.D. Cal. Aug. 12, 2024); *Beijing Meishe Network Tech. Co. v. TikTok Inc.*, No. 23-CV-06012-SI, 2024 WL 3522196, at *9 (N.D. Cal. July 23, 2024); *Real World Media LLC v. Daily Caller, Inc.*, No. CV 23-1654 (JDB), 2024 WL 3835351, at *10 (D.D.C. Aug. 14, 2024).

Within a day of Plaintiffs filing their motion seeking certification for interlocutory appeal, Judge Illston denied a motion to dismiss a § 1202(b) claim brought against TikTok for making copies of unregistered source code. *Meishe*, 2024 WL 3522196, at *9. In that decision, Judge Illston acknowledged a "split in authority" as to § 1202(b)'s alleged "identicality" standard, countering this *Court's* adoption of an "identicality" standard in this action with two recent Ninth Circuit district court cases holding the opposite. *See Meishe*, 2024 WL 3522196, at *9 (comparing this Court's order with *Oracle Int'l Corp. v. Rimini St., Inc.*, No. 2:14-cv-01699-MMD-DJA, 2023 WL 4706127, at *82 (D. Nev July 24, 2023) and *Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1054 (N.D. Cal. 2023). Even though the *Meishe* plaintiffs, much like Plaintiffs here, alleged that the copied source code was only "strikingly similar" to the original works because the copies comprised portions of the original works, and contained minor typographical variations and obviously altered CMI, Judge Illston held that plaintiffs had sufficiently pled a §1202(b) claim. *Meishe*, 2024 WL 3522196, at *9.

Three weeks later, on August 12, Judge Orrick granted a motion to dismiss a DMCA claim involving generative AI technology on the grounds that plaintiffs' allegations failed to satisfy § 1202(b)'s alleged "identicality" standard. *Andersen*, 2024 WL 3823234, at *8. While Judge Orrick "agreed with the reasoning" of this Court regarding the "identicality" standard, he also recognized the very same "split in authority" identified by Judge Illston, describing § 1202(b)'s "identicality" standard as an "issue [that] is unsettled." *Id.*

Two days after Judge Orrick's decision in *Andersen*, 2024 WL 3823234, Judge Bates in the District Court of the District of Columbia, citing *Andersen*, recognized a "nascent district-court split" regarding 1202(b)'s "identicality" requirement. *Real World Media LLC*, 2024 WL 3835351, at *10 (collecting cases). Notably, that court held—contrary to what Defendants claim here—that "nothing in § 1202(b) requires precise equivalence between the work from which CMI is removed and the allegedly infringing work," and that a § 1202(b) action can lie even where a party copies portions of an original work rather than the entire work. *Real World Media LLC,* 2024 WL 3835351, at *10.

The above cases make clear what Defendants hoped to hide by ignoring them: whether § 1202(b) includes an extra-statutory "identicality" standard is a "novel" legal question "on which fair-minded jurists might reach contradictory conclusions" and, indeed, *have* reached contradictory conclusions. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quoting *United States v. RAJMP, Inc.*, No. 17-CV-00515-AJB-WVG, 2019 WL 6134728, at *3 (S.D. Cal. Nov. 19, 2019)). And it presents the very issue for which interlocutory appeals were designed: to enable an appellate court to weigh in on a purely legal question and provide guidance to other courts grappling with it, while helping to materially advance the resolution of this litigation and others. Indeed, § 1202(b)'s alleged "identicality" requirement is uniquely well-suited for interlocutory review. As even Defendants note in their Opposition, content owners around the country are uniformly challenging generative AI technology under this Section of the DMCA. Defs' Opp. at 1. Plaintiffs here were the first to do so and thus have teed up an issue destined for appellate review.

Accordingly, Plaintiffs respectfully move this Court to amend and certify its June 24, 2024 Order Granting in Part and Denying in Part Motions to Dismiss (ECF No. 253) ("Third MTD Order") for interlocutory appeal and allow the Ninth Circuit to be the first appellate court in the nation to weigh in on this novel and timely legal question.

## ARGUMENT

Defendants' Opposition spends more time debating the merits of Plaintiffs' DMCA claims than the merits of whether certification of the "identicality" issue for interlocutory appeal is appropriate under § 1292(b). This is by design. As discussed below, by focusing on alleged pleading deficiencies and other inconsequential issues, Defendants conceal the obvious: whether § 1202(b) requires "identical"

copies of "entire" original works for an action to lie presents the precise sort of discrete legal question ripe for review by the Ninth Circuit: "a legal standard [] in ferment." *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 6115536, at *2 (N.D. Cal. Dec. 10, 2012) (citing *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625–27 (7th Cir.2010) (Posner, J.) (explaining that § 1292(b) certification request regarding application of law to facts was appropriate where the controlling legal standard was in ferment)). Resolution of this question would also materially advance this case and numerous others "by getting a final decision on a controlling legal issue sooner, rather than later." *Lawrence Invs., LLC v. Air Line Pilots Ass'n, Int'l*, No. CV 22-00045 JAO-RT, 2022 WL 1173554, at *2 (D. Haw. Apr. 20, 2022) (internal quotations omitted)).

### A. Recent district court cases further confirm there are substantial grounds for difference of opinion as to § 1202(b)'s alleged "identicality" requirement

Contrary to Defendants' claims, the "overwhelming weight of authority" has not settled on an "identicality" standard for § 1202(b) actions. Defs' Opp. at 12. To take this position is to ignore ***every*** DMCA decision from the last two years to address this legal standard: some courts have adopted it; others have rejected it; the majority have expressly pointed to a clear dispute as to its existence. *See* Third MTD Order at 4–6 (recognizing contrary precedent as to §1202(b)'s "identicality" requirement); *Andersen,* WL 3823234, at *8 (adopting an "identicality" standard but recognizing the issue to be "unsettled"); *Meishe*, 2024 WL 3522196, at *9 (recognizing a "split in authority" in this Circuit regarding §1202(b)'s "identicality" standard); *Tremblay v. OpenAI, Inc.*, No. 23-CV-03223-AMO, 2024 WL 557720, at *5 (N.D. Cal. Feb. 12, 2024) (adopting an "identicality" standard); *Rimini St., Inc.*, 2023 WL 4706127, at *82 (rejecting an "identicality" standard and holding that such a "construction of the DMCA would weaken the statute's intended protections for copyright holders"); *Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics*, 672 F. Supp. 3d 1035, 1057 (S.D. Cal. 2023) (adopting an "identicality" requirement while recognizing no "controlling law" on the issue); *Real World Media LLC*, 2024 WL 3835351, at *10 (recognizing "a nascent district-court split" as to 1202(b)'s "identicality" requirement); *ADR Int'l*, 667 F. Supp. 3d at 427 (refusing to adopt an "identicality" standard based on the plain wording and legislative history of the statute).

1    Not only do Defendants ignore emerging caselaw on this issue, they also ignore the cases on

2  which they rely in their briefing. Nearly all were expressly singled out by a recent district court as either

3  "not requir[ing] a plaintiff to plead allegedly infringing works are identical copies" or "not well

4  reasoned." *Compare ADR Int'l*, 667 F. Supp. 3d at 427 *with* Defs' Opp. at 12. Rather than rebut the *ADR*

5  court's analysis of these cases, Defendants urge this Court to ignore *ADR* because it is an "out-of-

6  circuit" decision and not precedential. Defs' Opp. at 13. But contrary precedent from an "out-of-circuit"

7  case *compels* certification, not the opposite. *ADR* is also the only district court case to date that has

8  examined § 1202(b)'s legislative history and plain language in any detail. That the court held no such

9  "identicality" standard existed under this section of the DMCA is therefore uniquely worthy of

10  consideration.

11    Defendants similarly ignore a district court dispute within the Ninth Circuit regarding this

12  question. *Batterton v. Dutra Grp.*, No. CV 14-7667-PJW, 2015 WL 13752889, at *2 (C.D. Cal. Feb. 6,

13  2015) (recognizing an interlocutory appeal to be appropriate where "there is a split in this circuit among

14  the district courts regarding this issue"). While this Court adopted an "identicality" requirement in this

15  case, the district court in *Rimini St.*—a case similarly involving copies of portions of source code—

16  rejected it, *see id.* 2023 WL 4706127, at *82, and as discussed above, two recent district courts in this

17  circuit have treated the appropriate legal standard as an "unsettled" issue, with differing results, *see*

18  *Andersen*, 2024 WL 3823234, at *8; *Meishe*, 2024 WL 3522196, at *9.

19    This nascent "split in authority" is only primed to evolve given the number of analogous

20  § 1202(b) claims against AI companies currently pending across the United States. In nearly all these

21  cases, defendants are vigorously pushing "identicality" arguments to defeat plaintiffs' DMCA claims

22  and filing notices of supplemental authority that attach favorable "identicality" caselaw from this district

23  to advance their positions. *See, e.g.*, OpenAI Defendants' Notice of Supplemental Authority In Support

24  of Motion to Compel, *The N.Y. Times Co. v. Microsoft Corp.*, *et al*, No. 1:23-cv-11195-SHS-OTW (SDNY

25  June 25, 2024), ECF No. 149; OpenAI Defendants' Notice of Supplemental Authority In Support of

26  Motion to Dismiss, *The N.Y. Times Co. v. Microsoft Corp.*, *et al*, No. 1:23-cv-11195-SHS-OTW (SDNY July

27  12, 2024), ECF No. 160; OpenAI Defendants' Notice of Supplemental Authority In Support of Motion

28  to Dismiss, *The N.Y. Times Co. v. Microsoft Corp.*, *et al*, No. 1:23-cv-11195-SHS-OTW (SDNY Aug. 15,

2024), ECF No. 207; OpenAI Defendants' Notice of Supplemental Authority in Support of Motion to Dismiss, *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-01515-JSR (SDNY Aug. 22, 2024), ECF No. 99. This is unsurprising: defendants in those cases are also defendants in this one. Thus, Defendants' claim that a decision from the Ninth Circuit would not "meaningfully advance" cases outside this circuit is belied by reality. Defs' Opp. at 13.

Courts have found certification for interlocutory appeal warranted where "[n]o court of appeal has ruled on th[e] question[,] and district courts have reached thoroughly-reasoned but conflicting conclusions." *J. B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2021 WL 6621068, at *4 (N.D. Cal. Dec. 16, 2021). Here, fair-minded jurists presiding over district courts in the Ninth, Second, and D.C. Circuits have already reached contradictory conclusions as to § 1202 (b)'s legal standard. Indeed, even fair-minded jurists in the Northern District of California have reached different conclusions. Accordingly, this factor clearly favors Plaintiffs' motion for certification under § 1292(b).

### B. Whether 1202(b) of the DMCA includes an identicality requirement is a controlling question of law

Defendants concede that whether § 1202(b) includes an "identicality" requirement is a pure legal question. Defs' Opp. at 14 ("[T]he existence of an identicality requirement is a legal question"). Knowing they lose on this key factor, they muddy the § 1292(b) analysis by claiming certification should nonetheless be denied because an interlocutory appeal "would bring more than just [the identicality] issue before the Ninth Circuit" since Defendants could freely raise numerous other issues and drag out this litigation. Defs' Opp. at 14-15.

The Ninth Circuit can certainly "address any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court." *Reese*, 643 F.3d at 688–89 (quoting *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004)). But that is hardly reason to deny Plaintiffs' motion. The ability to address issues beyond those certified in an interlocutory appeal motion is a **function** of § 1292(b), not a **ground** for denying certification.

While an appellate court possesses the right to address non-certified issues, Defendants have failed to point to a single case suggesting that appellate courts tend to exercise this discretion except on the rarest of occasions. To the contrary, the Ninth Circuit has admonished parties for urging

interlocutory review of issues beyond those certified, particularly where the appellee did not move for reconsideration of them at the district court. *Reese,* 643 F.3d at 689–90. Thus, even if Defendants would be "free to assert multiple alternative grounds for dismissal" of Plaintiffs' § 1202(b) claims, there is no reason to assume the Ninth Circuit would entertain any of them, nor is it any reason for this Court to deny Plaintiffs' Motion here.

Relatedly, Defendants' claim that certification should be denied because Plaintiffs likely do not possess Article III standing is both incorrect and confounding. Defs' Opp. at 15. First, it is unclear why Defendants believe the Ninth Circuit would dismiss this case on standing grounds before even addressing the certified "identicality" question. Defendants have already moved to dismiss this case on standing grounds twice; they have lost both times. Nor have they moved for reconsideration. If Defendants truly believed they would have greater success before the Ninth Circuit on this issue, presumably they would have sought to certify this Court's Order on standing—or, at the very least, not opposed Plaintiffs' motion for certification under § 1292(b) but silently cheered from the sidelines. And since standing can be raised at any time, Defendants could also file yet another 12(b)(1) motion. They have not. Regardless, whether Plaintiffs have Article III standing is *not* a reason to deny certification here.

Instead, and as is well-established, the proper analysis under this factor is whether there is "a controlling question of law" that can be resolved quickly without delving into a particular case's fact. *See Henley v. Jacobs*, No. C 18-2244 SBA, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) (citing *Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993)). Clarification of a legal standard paradigmatically satisfies this analysis. The Ninth Circuit need not even glance at the pleadings to answer this novel question. Instead, it must do what the *ADR Int'l* court did: apply well-established cannons of statutory interpretation to determine whether Congress intended § 1202(b) to adhere only to "identical" copies of "entire" original works.

If the Ninth Circuit agrees with this Court, Plaintiffs are out of luck on their DMCA claims. But if the Ninth Circuit holds that § 1202(b) does not include an "identicality" requirement, Plaintiffs' DMCA claims will be revived given they already survived the first motions to dismiss. First MTD Order [ECF # 95] at 20–21. Therefore, this factor clearly favors certification under § 1292(b).

**C.  An interlocutory appeal will materially advance this litigation and countless other similar cases pending inside and outside this district.**

Obtaining a "final decision" on the applicable legal standard in § 1202(b) actions "sooner[] rather than later" will also "save the courts and litigants unnecessary trouble and expense." *Adams v. Cnty. of Sacramento*, No. 222CV01499WBSKJN, 2023 WL 3413672, at *2 (E.D. Cal. May 12, 2023). In *J.B. v. G6 Hosp.*, for example, the district court certified an order on a motion to dismiss to settle a legal standard in dispute, recognizing that the parties would "benefit from definitive guidance" at the outset, before time and resources had been expended. *J.B.*, 2021 WL 6621068, at *4; *see also Dukes*, 2012 WL 6115536, at *2. The court also noted—contrary to Defendants' claims—that certification need not have a final dispositive effect on a litigation to materially advance it. *J.B.*, 2021 WL 6621068, at *4. (quoting *Reese*, 643 F.3d at 688).

Reversal from the Ninth Circuit at the end of this litigation would undeniably undermine efficient case management in this class action. *See, e.g.*, *In re Cal. Title Ins. Antitrust Litig.*, No. 08-01341 JSW, 2010 WL 785798, at *2 (N.D. Cal. Mar. 3, 2010). ("Whether an appeal may materially advance the termination of the litigation is linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal by the Ninth Circuit on the management of the case." (internal quotations omitted)). Defendants recognize that Plaintiffs' DMCA claims are "entirely separate from the contract claims." Defs' Opp. at 16. A reversal on the "identicality" standard after the parties have litigated their contract claims through discovery and class action motion practice would thus undercut the undeniable efficiency gains of receiving a decision from the Ninth Circuit earlier in the case, so that the parties may move forward on their claims together and try them before the same jury.

Moreover, while the parties have spent a considerable amount of time briefing and opposing motions to dismiss, virtually no discovery has occurred in this case. Less than 1,200 non-custodial, non-ESI documents have been produced, and a single highly technical deposition has been taken, as noted in the Parties' recently filed Stipulation to extend the discovery cutoff date and subsequent deadlines. *See* Order Granting Proposed Stipulation (ECF No. 276). To pause the case now to allow the Ninth Circuit to issue controlling law on the correct legal standard to apply to § 1202(b) claims would thus not interfere with this case's current pace.

Finally, Defendants are simply wrong that advancing other similarly situated cases is "legally irrelevant" to the interlocutory appeal analysis. Defs' Opp. at 17. Numerous courts have held the opposite. *See, e.g.*, *Leite v. Crane Co.*, No. Civ 11-00636 JMS, 2012 WL 1982535, at *6–7 (D. Haw. May 31, 2012) (citing cases); *Krangel v. Crown*, 791 F. Supp. 1436, 1449 (S.D. Cal. 1992) (recognizing that "[c]ertification for appeal may also materially advance the conclusion of other cases involving this same legal issue."); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 320, 324 (S.D.N.Y.2005) (stating that courts consider, in part, whether the certified issue has precedential value for a large number of cases); *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir.1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court."). And as even Defendants recognize, the legal standard applicable to § 1202(b) actions is currently under consideration by courts in this Circuit and elsewhere in the context of Generative AI technology. Defs' Opp. at 1. While some of these cases are out of circuit, that does not mean a decision from the Ninth Circuit on this "novel and difficult" question would lack impact. It would be the first appellate court on record to fully consider the issue and would therefore be profoundly impactful.

## CONCLUSION

For the reasons discussed above, this Court's Third MTD Order meets all three elements for § 1292(b) certification, presenting the kind of extraordinary circumstance that warrants interlocutory review. This case raises important issues of statutory interpretation on matters of broad public concern pending in judicial districts throughout the country. District courts confronting this exact issue have reached diametrically opposing results. And all litigants, Plaintiffs included, would benefit from guidance on this important issue from the Ninth Circuit.

Dated: September 11, 2024

By:      /s/ Joseph R. Saveri
                Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
William W. Castillo Guardado (State Bar No. 294159)
Holden J. Benon (State Bar No. 325847)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
Email:         jsaveri@saverilawfirm.com
                   czirpoli@saverilawfirm.com
                   cyoung@saverilawfirm.com
                   lkessler@saverilawfirm.com
                   eabuchanan@saverilawfirm.com
                   wcastillo@saverilawfirm.com
                   hbenon@saverilawfirm.com
                   mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, California 90027
Telephone:   (323) 968-2632
Facsimile:    (415) 395-9940
Email:         mb@butericklaw.com

*Counsel for Plaintiffs and the Proposed Class*