Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
William W. Castillo Guardado (State Bar No. 294159)
Holden J. Benon (State Bar No. 325847)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               lkessler@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               wcastillo@saverilawfirm.com
               hbenon@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

*Counsel for Plaintiffs and the Proposed Class*
[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| J. DOE 1, et al., | Case Nos.     4:22-cv-06823-JST |
| Individual and Representative Plaintiffs, | 4:22-cv-07074-JST |
| v. | |
| GITHUB, INC., et al., | **PLAINTIFFS' REPLY TO DEFENDANTS OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND CERTIFY THE COURT'S JUNE 24, 2024 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(b)** |
| Defendants. | |

**INTRODUCTION**

To defeat Plaintiffs' request for certification of whether § 1202(b) of the Digital Millennium Copyright Act ("DMCA") includes an "identicality" requirement, OpenAI advances three factually and legally untenable arguments in its Opposition to Plaintiffs' Motion to Amend and Certify the Court's June 24, 2024 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 274). Each fail.

*First*, OpenAI claims that whether § 1202(b) includes an "identicality" requirement is not a "controlling question of law" because the Court first adopted this standard in its Second MTD Order (ECF No. 189), which Plaintiffs did not seek to certify. Def's Opp. at 4–5. This position ignores the fact that Plaintiffs expressly challenged § 1202(b)'s "identicality" standard in their Opposition to OpenAI's third motion to dismiss (ECF No. 235) ("Pls' Opp. Third MTD"); OpenAI addressed Plaintiffs' arguments in its Reply (ECF No. 244) ("OpenAI's Third Reply"); and so did the Court in its Third MTD Order that Plaintiffs presently seek to certify, *see* Third MTD Order (ECF No. 253) at 4 (addressing Plaintiffs' arguments that "identicality" does not adhere to § 1202(b) action). OpenAI fails to cite a single case suggesting that parties cannot seek interlocutory appeal of issues addressed by a court in more than one order. Nor does the plain language of § 1292(b) support OpenAI's one-shot-only interlocutory rule.

*Second*, OpenAI claims there is "nationwide consensus" that § 1202(b) includes an identicality requirement and thus no substantial grounds for differences of opinion exist on this issue. Def's Opp. At 7. Not so. In the last seven weeks alone, three district courts—including two from the Northern District of California—have made clear that a split in authority exists on this thorny legal issue in part due to a lack of controlling law. *See Real World Media LLC v. Daily Caller, Inc.*, No. CV 23-1654 (JDB), 2024 WL 3835351, at *10 (D.D.C. Aug. 14, 2024) (recognizing a "nascent district-court split" regarding 1202(b)'s "identicality" requirement); *Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2024 WL 3823234, at *8 (N.D. Cal. Aug. 12, 2024) (Orrick, J.) (describing § 1202(b)'s "identicality" standard as an "issue [that] is unsettled"); *Beijing Meishe Network Tech. Co. v. TikTok Inc.*, No. 23-CV-06012-SI, 2024 WL 3522196, at *9 (N.D. Cal. July 23, 2024) (Illston, J.) (acknowledging a "split in authority" as to § 1202(b)'s alleged "identicality" standard). Indeed, each court acknowledged a meaningful divide in authority. And the two cases from the Northern District arrived at different conclusions: while Judge

PLAINTIFFS' REPLY TO OPENAI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND CERTIFY THE COURT'S JUNE 24, 2024 ORDER

1 | Orrick decided to follow this Court in applying an "identicality" requirement, Judge Illston declined to

2 | dismiss on this ground. *Compare Andersen*, 2024 WL 3823234, at *8, *with Meishe*, 2024 WL 3522196, at

3 | *9. These cases, and others, make clear what OpenAI ignores: whether § 1202(b) includes an extra-

4 | statutory "identicality" standard is a "novel" legal question "on which fair-minded jurists might reach

5 | contradictory conclusions" and, indeed, *have* reached contradictory conclusions. *Reese v. BP Exploration*

6 | *(Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quoting *United States v. RAJMP, Inc.*, No. 17-CV-00515-

7 | AJB-WVG, 2019 WL 6134728, at *3 (S.D. Cal. Nov. 19, 2019)).

8 |        *Third*, OpenAI argues that having Plaintiffs wait to appeal their DMCA claims until their contract

9 | claims have made it through discovery, class certification, expert work, and trial is more efficient for the

10 | parties and the courts. This is plainly untrue. The rapidly evolving split in authority on this issue makes

11 | an appeal after final judgment all but inevitable. Thus, after litigating contract claims that conceptually

12 | overlap with Plaintiffs' DMCA claims yet which compel materially different discovery, the parties will

13 | need to return to the table to litigate their § 1202(b) claims and go through discovery, class certification,

14 | expert work, and trial again. This will waste time and judicial resources, and it will also impact the ability

15 | of the parties to meaningfully consider settlement.

16 |        As discussed below, whether § 1202 (b) includes an "identicality" requirement presents the very

17 | issue for which interlocutory appeals were designed: to enable an appellate court to weigh in on a purely

18 | legal question and provide guidance to other courts grappling with it, while helping to materially advance

19 | the resolution of this litigation and others. Indeed, § 1202 (b)'s alleged "identicality" requirement is

20 | uniquely well-suited for interlocutory review given the number of cases currently pending within and

21 | outside this Circuit challenging generative AI technology under the DMCA. Plaintiffs were the first to

22 | raise DMCA challenges to generative AI technology and thus have teed up an issue destined for appellate

23 | review. Accordingly, Plaintiffs respectfully move this Court to certify its Third MTD Order for

24 | interlocutory appeal and allow the Ninth Circuit to be the first appellate court in the nation to weigh in on

25 | this novel and timely legal question.

26 | **ARGUMENT**

27 |        Defendants' Opposition muddies the standards for certifying an order for interlocutory review,

28 | relies on made-up rules, and misreads critical caselaw. This is by design. Whether § 1202(b) requires

PLAINTIFFS' REPLY TO OPENAI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND
CERTIFY THE COURT'S JUNE 24, 2024 ORDER

"identical" copies of "entire" original works for an action to lie presents the sort of question ripe for review by the Ninth Circuit: "a legal standard [] in ferment." *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 6115536, at *2 (N.D. Cal. Dec. 10, 2012) (citing *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625–27 (7th Cir.2010) (Posner, J.)). Resolution of this question would also materially advance this case and numerous others "by getting a final decision on a controlling legal issue sooner, rather than later." *Lawrence Invs., LLC v. Air Line Pilots Ass'n, Int'l*, No. CV 22-00045 JAO-RT, 2022 WL 1173554, at *2 (D. Haw. Apr. 20, 2022) (internal quotations omitted)).

### A. Whether Section 1202(b) includes an "identicality" requirement is a controlling question of law

OpenAI recognizes that whether § 1202(b) includes an "identicality" standard is a "controlling question of law" that can be resolved quickly by the Ninth Circuit without delving into the facts of this case. Opposition at 11; *see also Henley v. Jacobs*, No. C 18-2244 SBA, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) (citing *Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993)). However, OpenAI claims that this "controlling question of law" was settled by the Court in its Second MTD Order, such that Plaintiffs have either moved for certification of the wrong order or their motion for certification is untimely. Def's Opp. at 11.

The sole case on which OpenAI relies in support of its one-shot-only rule is entirely inapposite. In *United States v. Stanley*, 483 U.S. 669, 677 (1987), the Supreme Court merely reiterated that an appellate court can only consider issues raised in a certified order under § 1292(b) and not different issues raised in different orders a party never sought to certify. *Id.* At 677. In *Stanley*, "the 'order appealed from' was an order refusing to dismiss *Bivens* claims"; yet, the Court of Appeals decided to address Federal Tort Claims Act ("FTCA") claims that had been dismissed in a separate, earlier order. *Id.* The Supreme Court held that the Court of Appeals "had no jurisdiction to enter orders relating to . . . long-dismissed FTCA claims," seeing that § 1292(b) is jurisdictional and the party had never moved for interlocutory appeal of that earlier order.

Here, however, the parties extensively briefed the "identicality" issue in their third round of motions to dismiss. *See* Pls' Opp. Third MTD 6–10; OpenAI's Third Reply at 10–12. Indeed, Plaintiffs expressly challenged this standard in a standalone section of their Opposition entitled "Identicality is not

an element of a DMCA § 1202 claim" and asked the Court to "reconsider the caselaw on which it relied in reaching its 'identicality' holding in the Second MTD Order." *See* Pls' Opp. Third MTD at 5–6. In Reply, OpenAI argued that the Court had correctly recognized the DMCA's alleged "identicality" standard. *See id*.at 10–12. Although this Court ultimately sided with OpenAI, it still addressed the parties' "identicality" arguments and held that "identicality" applies to § 1202(b) actions in its Third MTD Order. Third MTD Order at 4–5. Thus, contrary to OpenAI's claims, Plaintiffs have correctly moved to certify a controlling question of law that involves no factual analysis to resolve in this Court's Third MTD Order.

### B. Recent district court cases further confirm there are substantial grounds for difference of opinion as to § 1202(b)'s alleged "identicality" requirement

Next, OpenAI claims that there are no substantial grounds for differences of opinion as to § 1202(b)'s identicality standard. To take this position is to ignore ***every*** DMCA decision from the last two years to address this legal standard: some courts have adopted it; others have rejected it; the majority have expressly pointed to a clear dispute as to its existence. *See* Third MTD Order at 4–6 (recognizing contrary precedent as to §1202(b)'s "identicality" requirement); *Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2024 WL 3823234, at *8 (N.D. Cal. Aug. 12, 2024) (adopting an "identicality" standard but recognizing the issue to be "unsettled"); *Meishe*, 2024 WL 3522196, at *9 (recognizing a "split in authority" in this Circuit regarding §1202(b)'s "identicality" standard); *Tremblay v. OpenAI, Inc.*, No. 23-CV-03223-AMO, 2024 WL 557720, at *5 (N.D. Cal. Feb. 12, 2024) (adopting an "identicality" standard); *Oracle Int'l Corp. v. Rimini St., Inc.*, No. 214CV01699MMDDJA, 2023 WL 4706127, at *82 (D. Nev. July 24, 2023) (rejecting an "identicality" standard and holding that such a "construction of the DMCA would weaken the statute's intended protections for copyright holders"); *Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics, LLC*, 672 F. Supp. 3d 1035, 1057 (S.D. Cal. 2023) (adopting an "identicality" requirement while recognizing no "controlling law" on the issue); *Real World Media LLC*, 2024 WL 3835351, at *10 (recognizing "a nascent district-court split" as to 1202(b)'s "identicality" requirement); *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 427 (S.D. Tex. 2023) (refusing to adopt an "identicality" standard based on the plain wording and legislative history of the statute).

Case No.: 4:22-cv-06823-JST                    4

PLAINTIFFS' REPLY TO OPENAI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND CERTIFY THE COURT'S JUNE 24, 2024 ORDER

Even more strikingly, this position ignores three district court decisions issued in the last seven weeks that have squarely recognized a split in authority, including two from this Circuit. *Andersen*, 2024 WL 3823234, at \*8; *Meishe*, 2024 WL 3522196, at \*9; *Real World Media LLC*, 2024 WL 3835351, at \*10; *see also Batterton v. Dutra Grp.*, No. CV 14-7667-PJW, 2015 WL 13752889, at \*2 (C.D. Cal. Feb. 6, 2015) (recognizing an interlocutory appeal to be appropriate where "there is a split in this circuit among the district courts regarding this issue").

Within a day of Plaintiffs filing their motion for interlocutory appeal, Judge Illston denied a motion to dismiss a § 1202(b) claim brought against TikTok for making copies of unregistered source code. *Meishe*, 2024 WL 3522196, at \*9. In that decision, Judge Illston acknowledged a "split in authority" as to § 1202(b)'s alleged "identicality" standard, countering this Court's *Doe 1 v. GitHub Order* with two recent Ninth Circuit district court cases holding the opposite. *See Meishe*, 2024 WL 3522196, at \*9 (citing *Rimini St., Inc.*, 2023 WL 4706127, at \*82 and *Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1054 (N.D. Cal. 2023). Even though the *Meishe* plaintiffs alleged that the copied source code was only "strikingly similar" to the original works because the copies comprised portions of the original works, and contained minor typographical variations and obviously altered CMI, Judge Illston held that plaintiffs had sufficiently pled a §1202(b) claim. *Meishe*, 2024 WL 3522196, at \*9.

Three weeks later, on August 12, Judge Orrick granted a motion to dismiss a DMCA claim involving generative AI technology on the grounds that plaintiffs' allegations failed to satisfy § 1202(b)'s alleged "identicality" standard. *Andersen*, 2024 WL 3823234, at \*8. While Judge Orrick "agreed with the reasoning" of this Court in *Doe1 v. GitHub* regarding the "identicality" standard, he also recognized the very same "split in authority" identified by Judge Illston, describing § 1202(b)'s "identicality" standard as an "issue [that] is unsettled." *Id.*

Two days after Judge Orrick's decision in *Anderson*, Judge Bates in the District of Columbia, citing *Anderson*, recognized a "nascent district-court split" regarding § 1202(b)'s "identicality" requirement. *Real World Media LLC*, 2024 WL 3835351, at \*10. Notably, that court held—contrary to what Defendants claim here—that "nothing in 1202(b) requires precise equivalence between the work from which CMI is removed and the allegedly infringing work," and that a § 1202(b) action can lie even where a party copies portions of an original work rather than the entire work. *Real World Media LLC*,

1    2024 WL 3835351, at *10. These three cases issued in the last 7 weeks makes clear that substantial

2    grounds for differences of opinion as to § 1202(b)'s "identicality" standard not only exist but are

3    proliferating.

4         OpenAI also ignores the cases on which it relies in its briefing, claiming they all stand for the

5    proposition that "no DMCA violation exists where the works are not identical." Def's Opp. at 15

6    (quoting *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. 20-cv-1931-DMG (EX), 2020 WL 5991503, at *6

7    (C.D. Cal. Aug. 14, 2020). But nearly all these cases were expressly singled out by a 2023 district court as

8    either "not requir[ing] a plaintiff to plead allegedly infringing works are identical copies" or "not well

9    reasoned." *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 427 (S.D. Tex. 2023). Rather

10   than address the *ADR* court's analysis of these cases, OpenAI claims that *ADR* "simply stands for the

11   unremarkable proposition that different facts lead to different outcomes." Def's Opp. at 11. That is

12   incorrect. After examining the cases on which OpenAI relies for its "identicality" standard, as well as the

13   plain language of the statute and its legislative history, the *ADR* court stated that it was "not persuaded

14   that the DMCA includes an 'identical copy' requirement." *ADR International Limited*, 667 F. Supp. 3d at

15   427. This was a legal holding, not factual conclusion.

16        OpenAI also incorrectly contends that the Ninth Circuit has implicitly endorsed § 1202(b)'s

17   "identicality" requirement, citing the appellate court's affirmance on appeal of *Frost-Tsuji Architects v.*

18   *Highway Inn, Inc.*, No. CIV. 13-00496 SOM, 2014 WL 5798282, at *2 (D. Haw. Nov. 7, 2014). *See* Def's

19   Opp. at 15 (citing *Frost-Tsuji Architects v. Highway Inn, Inc.*, 700 F. App'x 674, 675 (9th Cir. 2017)). But

20   *Frost-Tsuji* never even discussed § 1202(b)'s alleged "identicality" standard, let alone held that it adheres

21   to one. Instead, the court focused on whether the plaintiff had adequately proven that Copyright

22   Management Information ("CMI") had been "removed" from a work, as § 1202(b)(1) requires. *Frost-*

23   *Tsuji Architects*, 2014 WL 5798282, at *8 (stating that "[a] defendant who does not actually remove

24   copyright management information cannot be said to have violated § 1202(b)(1)"). Because the

25   defendant had created a drawing "based" on the plaintiff's original work, the court concluded that no

26   CMI had been "removed" since the drawing never contained plaintiff's CMI in the first place. *Frost-Tsuji*

27   *Architects*, 2014 WL 5798282, at *5.

28

In this case, however, Plaintiffs' Second Amended Complaint (ECF No. 200) alleges that OpenAI removed CMI from their licensed code both to train OpenAI's large language models and at the point of Copilot's output. *See, e.g.*, *id.* ¶ 11 ("Defendants stripped Plaintiffs' and the Class's attribution, copyright notice, and license terms from their code in violation of the Licenses and Plaintiffs' and the Class's rights. Defendants used Copilot to distribute the now-anonymized code to Copilot users as if it were created by Copilot); *id.* ¶ 215 ("Defendants intentionally removed or altered CMI from the Licensed Materials after they were uploaded to one or more GitHub repositories."). Unlike in *Frost-Tsuji*, therefore, where a set of drawings were "based" on an original work and never included any CMI to "remove" or "alter," this case involves the mass copying of licensed code from millions of GitHub's repositories that contained CMI; the intentional stripping of that CMI from Plaintiffs' licensed code to train OpenAI's large language model; and then Copilot's regurgitation of outputs of Plaintiffs' licensed code containing no CMI. *Frost-Tsuji* is therefore inapposite, and the Ninth Circuit's affirmance of that decision in no way implicitly ordained an "identicality" standard under the DMCA.

OpenAI's claim that Plaintiffs have manufactured a split in authority as to § 1202(b)'s identicality standard is thus demonstrably false—as cases in the Ninth Circuit standing alone make clear. While this Court adopted an "identicality" requirement, the district court in *Rimini St.*—a case similarly involving copies of portions of source code—rejected it, *see id.* 2023 WL 4706127, at *82, and as discussed above, two recent district courts in this circuit have treated the appropriate legal standard as an "unsettled" issue, *see Andersen*, 2024 WL 3823234, at *8; *Meishe*, 2024 WL 3522196, at *9. Courts have found certification for interlocutory appeal warranted where "[n]o court of appeal has ruled on th[e] question[,] and district courts have reached thoroughly-reasoned but conflicting conclusions." *J. B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2021 WL 6621068, at *4 (N.D. Cal. Dec. 16, 2021). Such is the case here. Moreover, this nascent "split in authority" is only primed to evolve given the number of analogous § 1202(b) claims against AI companies currently pending across the United States.

Because fair-minded jurists presiding in district courts across the Ninth, Second, and D.C. Circuits have already reached contradictory conclusions as to § 1202 (b)'s "identicality" standard, this factor clearly favors Plaintiffs motion for certification under § 1292(b).

**C. An interlocutory appeal will materially advance this litigation and countless other similar cases pending inside and outside this district.**

Obtaining a "final decision" on the applicable legal standard in § 1202(b) actions "sooner[] rather than later" will also "save the courts and litigants unnecessary trouble and expense." *Adams v. Cnty. of Sacramento*, No. 222CV01499WBSKJN, 2023 WL 3413672, at *2 (E.D. Cal. May 12, 2023). In *J. B. v. G6 Hosp.*, for example, the district court certified an order on a motion to dismiss to settle a legal standard in dispute, recognizing that the parties would "benefit from definitive guidance" at the outset, before time and resources had been expended. *J. B.*, 2021 WL 6621068, at *4; *see also Dukes*, 2012 WL 6115536, at *2. The court also noted—contrary to Defendants' claims—that certification need not have a final dispositive effect on a litigation to materially advance it. *J.B.*, 2021 WL 6621068, at *4. (quoting *Reese*, 643 F.3d at 688).

Reversal from the Ninth Circuit at the end of this litigation would clearly undermine efficient case management in this class action. *See, e.g.*, *In re Cal. Title Ins. Antitrust Litig.*, No. 08-01341 JSW, 2010 WL 785798, at *2 (N.D. Cal. Mar. 3, 2010). ("Whether an appeal may materially advance the termination of the litigation is linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal by the Ninth Circuit on the management of the case." (internal quotations omitted)). Citing a June 25 Letter in which Plaintiffs indicated that their DMCA claims and contract claims compelled "co-extensive" discovery, OpenAI argues that this fact "doom[s] Plaintiffs' motion." Def's Opp. at 13. But Plaintiffs have since reviewed their initial Requests for Production and determined that Plaintiffs' remaining contract claims compel broadly different discovery than their DMCA claims. Over the last month, Plaintiffs have greatly streamlined their initial discovery requests to ensure they are "contract" specific and begun the process of reissuing them. In any event, the presence of some overlapping discovery is not dispositive as to whether the § 1202(b) claim is worthy of certification. The claims have different elements and require different analysis. For example, the DMCA claims require analysis of so-called double scienter, whereas a breach of contract claim may not.

Furthermore, while there is certainly overlap between Plaintiffs' DMCA claims and opensource licensing claim with respect to discovery, Plaintiffs' third cause of action focuses exclusively on GitHub's breach of its terms of service and is thus entirely distinct. Thus, resolution from the Ninth Circuit at this

1  juncture would greatly impact the way this litigation is conducted. *See, e.g.*, *Rabin v.*

2  *PricewaterhouseCoopers LLP*, No. 16-CV-02276-JST, 2017 WL 11662124, at *2 (N.D. Cal. Apr. 17, 2017)

3  (stating that "much of the discovery on Plaintiffs' disparate impact claim would overlap with the

4  discovery required for their disparate treatment claim" suggesting an interlocutory appeal would not

5  materially advance the litigation).

6          Relatedly, while the parties have spent a considerable amount of time briefing and opposing

7  motions to dismiss, this case is still in its early phases. Virtually no discovery has occurred in this case.

8  Less than 1,200 non-custodial, non-ESI documents have been produced, and a single highly technical

9  deposition has been taken, as noted in the Parties' recently filed Stipulation to extend the discovery

10  cutoff date and subsequent deadlines. *See* Order Granting Proposed Stipulation (ECF # 276). To pause

11  the case now to allow the Ninth Circuit to issue controlling law on the correct legal standard to apply to §

12  1202(b) claims would thus not interfere with this case's current pace.

13          Finally, OpenAI's claim that resolution from the Ninth Circuit will not offer meaningful guidance

14  to out-of-circuit courts grappling with analogous DMCA claims is both disingenuous and inaccurate.

15  Def's Opp. at 20. OpenAI has routinely filed notices of supplemental authority in analogous DMCA

16  cases pending against it outside this Circuit that have exclusively attached cases decided in this Circuit.

17  *See, e.g.*, OpenAI Defendants' Notice of Supplemental Authority In Support of Motion to Compel, *The*

18  *New York Times Company v. Microsoft Corporation, et al*, No. 1:23-cv-11195-SHS-OTW (SDNY June 25,

19  2024), ECF No. 149; OpenAI Defendants' Notice of Supplemental Authority In Support of Motion to

20  Dismiss, *The New York Times Company v. Microsoft Corporation, et al*, No. 1:23-cv-11195-SHS-OTW

21  (SDNY July 12, 2024), ECF No. 160; OpenAI Defendants' Notice of Supplemental Authority In

22  Support of Motion to Dismiss, *The New York Times Company v. Microsoft Corporation, et al*, No. 1:23-cv-

23  11195-SHS-OTW (SDNY Aug. 15, 2024), ECF No. 207; OpenAI Defendants' Notice of Supplemental

24  Authority in Support of Motion to Dismiss, *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-

25  01515-JSR (SDNY Aug. 22, 2024), ECF No. 99. If OpenAI truly believed out-of-circuit decisions were

26  not impactful, it would not be racing to file these notices within hours of these orders being issued.

27          Second, materially advancing other similarly situated cases clearly favors interlocutory appeal.

28  *See, e.g.*, *Leite v. Crane Co.*, No. CIV. 11-00636 JMS, 2012 WL 1982535, at *6–7 (D. Haw. May 31, 2012)

(citing cases); *Krangel v. Crown*, 791 F.Supp. 1436, 1449 (S.D. Cal. 1992) (recognizing that "[c]ertification for appeal may also materially advance the conclusion of other cases involving this same legal issue."); *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 399 F. Supp. 2d 320, 324 (S.D.N.Y.2005) (stating that courts consider, in part, whether the certified issue has precedential value for a large number of cases); *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir.1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court."). Thus, this factor also favors certification under § 1292(b).

## CONCLUSION

For the reasons discussed above, this Court's Third MTD Order meets all three elements for § 1292(b) certification, presenting the kind of extraordinary circumstance that warrants interlocutory review. This case raises important issues of statutory interpretation on matters of broad public concern pending in judicial districts throughout the country. District courts confronting this exact issue have reached diametrically opposing results. And all litigants, Plaintiffs included, would benefit from guidance on this important issue from the Ninth Circuit.

1

Dated: September 11, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:      /s/ Joseph R. Saveri
          Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
William W. Castillo Guardado (State Bar No. 294159)
Holden J. Benon (State Bar No. 325847)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                 czirpoli@saverilawfirm.com
                 cyoung@saverilawfirm.com
                 lkessler@saverilawfirm.com
                 eabuchanan@saverilawfirm.com
                 wcastillo@saverilawfirm.com
                 hbenon@saverilawfirm.com
                 mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, California 90027
Telephone:    (323) 968-2632
Facsimile:     (415) 395-9940
Email:          mb@butericklaw.com

*Counsel for Plaintiffs and the Proposed Class*