UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GITHUB, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-06823-JST<br><br>**ORDER GRANTING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PENDING APPEAL**<br><br>Re: ECF No. 268 |

    Before the Court is Plaintiffs' motion to certify the Court's June 24, 2024 order dismissing their Section 1202(b) claims. ECF No. 253. The Court will grant the motion.

    The final judgement rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order." *Id.*

    "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Section 1292(b) is a departure from the normal rule that only final judgements are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). To that end, "section 1292(b) is to be applied sparingly and only

in exceptional cases." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983).

Plaintiffs have satisfied the requirements of 28 U.S.C. § 1292(b). Accordingly, Plaintiffs' motion will be granted.

First, the Court's dismissal of Plaintiffs' Section 1202(b) claims involves a "controlling question of law". 28 U.S.C. § 1292(b). A "controlling" question of law may only be found in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. A question of law is controlling if the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id.* at 1026. A controlling question of law "generally is a purely legal one that can be resolved quickly without delving into a particular case's facts." *Henley v. Jacobs*, No. C 18-2244 SBA, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019). The question of law raised by Plaintiffs is whether Sections 1202(b)(1) and (b)(3) of the DMCA impose an identicality requirement. This is a purely legal question of statutory interpretation. *See In re Google Inc. St. View Elec. Commc'ns Litig.*, No. C 10-MD-02184 JW, 2011 WL 13257346, at *1 (N.D. Cal. July 18, 2011) (finding a "controlling question of law" suitable for interlocutory appeal regarding a "novel question of statutory interpretation'). Moreover, if this issue were to be decided in Plaintiffs' favor they would be able to proceed with their DMCA claims, which counsel claims are the "heart of their class case." ECF No. 268 at 8.

Second, the Court finds there is substantial ground for difference of opinion on the question at issue. 28 U.S.C. § 1292(b). To determine whether there is a "substantial ground for difference of opinion," courts examine "to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Id.* (quotation marks omitted). A substantial ground for difference of opinion may exist where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). To this Court's knowledge no

court of appeal has ruled on this issue, and district courts have reached differing conclusions. *See, e.g.*, *Anderson v. Stability AI Ltd.*, No. 23-cv-00201-WHO, 2024 WL 3823234, at *8 (N.D. Cal. Aug. 12, 2024) (finding DMCA Section 1202(b) claims have an identicality requirement); *Beijing Meishe Network Tech. Co., Ltd., v. TikTok Inc.*, No. 23-cv-06012-SI, 2024 WL 3522196, at *9 (N.D. Cal. July 23, 2024) (declining to dismiss on identicality grounds); *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 427 (S.D. Tex. 2023) ("Based on the plain wording of the statute, the Court is not persuaded that the DMCA includes an 'identical copy' requirement."); *Kirk Kara Corp v. W. Stone & Metal Corp.*, No. CV 20-1931-DMG (Ex), 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) (adopting an "identicality" standard); *Oracle Int'l Corp. v. Rimini St., Inc.*, No. 2:14-cv-01699-MMD-DJA, 2023 WL 4706127, at *82 (D. Nev. July 24, 2023) ("The Court also rejects Rimini's argument . . . that a work that removes copyright management information must be an exact copy of the original work. This construction of the DMCA would weaken the statute's intended protections for copy right holders."). "One of the best indications that there are substantial grounds for disagreement on a question of law is that other courts have, in fact, disagreed." *Rollins v. Dignity Health*, No. 13-cv-01450-TEH, 2014 WL 6693891, at *3 (N.D. Cal. Nov. 26, 2014). Given this split in authority the Court finds there are substantial grounds for disagreement on this issue.

Finally, the immediate appeal from the order is likely to materially advance the ultimate outcome of the litigation. 28 U.S.C. § 1292(b). Courts within this Circuit have held "that resolution of a question materially advances the termination of litigation if it 'facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense.'" *Finder v. Leprino Foods Co.*, No. 13-cv-02059-AWI-BAM, 2016 WL 4095833, at *4 (E.D. Cal. Aug. 1, 2016) (citations omitted). The Ninth Circuit resolving this issue would materially advance not only this particular case, but others in the Circuit raising the same issue. "Rather than litigating the case to the finish [without the DMCA claims which] will be challenged on appeal, the Court and the parties will benefit from definitive guidance from the Ninth Circuit at the outset, before time and resources are invested." *J.B. v. G6 Hosp., LLC*, No. 19-cv-07848-HSG, 2021 WL

1   6621068, at *4 (N.D. Cal. Dec. 16, 2021).

2         Having concluded that it is appropriate to certify the order for interlocutory appeal, the
3   Court now addresses Plaintiffs' request for a stay pending appeal. When determining if a stay is
4   appropriate, courts apply a three-factor test derived from *Landis v. North American Co.*, 299 U.S.
5   248 (1936) and consider (1) "the possible damage which may result from the granting of a stay;
6   (2) the hardship or inequity which a party may suffer [if the case is allowed] to go forward; and (3)
7   the orderly course of justice measured in terms of the simplifying or complicating of issues, proof,
8   and questions of law which could be expected to result from a stay." *Kuang v. U.S. Dep't of Def.*,
9   No. 18-CV-03698-JST, 2019 WL 1597495, a *2 (N.D. Cal. Apr. 15, 2019) (quoting *Lockyer v.*
10  *Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

11        With respect to the first *Landis* factor, Defendants do not contend any damage will result
12  from granting a stay or that they will face any hardship. The parties are still in the early stages of
13  discovery. Turning to the second factor, if the Court declines to issue a stay and the Ninth Circuit
14  revives Plaintiffs' DCMA claims, Plaintiffs may have to redo fact discovery, expert testimony,
15  and/or class certification. Accordingly, if the case were to proceed pending Ninth Circuit review,
16  "significant and potentially unnecessary" resources might be invested by both parties. *Gustavson*
17  *v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014).
18  Finally, the Court believes that "judicial economy will be best served" by staying this case as "the
19  Ninth Circuit's decision is likely to provide substantial guidance" that may "materially alter the
20  Court's decisions in the instant case." *Id.*

21        **CONCLUSION**

22        For the foregoing reasons the Court grants Plaintiffs' motion to seek interlocutory appeal.
23  The Court also grants Plaintiffs' request for a stay of trial court proceedings while the order
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

certifying interlocutory appeal is reviewed by the Ninth Circuit.  The parties are ordered to notify the Court within 10 days of the receipt of a decision from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated:  September 27, 2024



JON S. TIGAR
United States District Judge